**ROSEN & ASSOCIATES, P.C.**
*Counsel to Arvind Walia and*
  *Niknim Management Inc.*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>Defendants. | Adv. Proc. No. 20-08049 (AST) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Arvind Walia ("**Mr. Walia**") and Niknim Management Inc. ("**Niknim**" and together with Mr. Walia, "**Defendants**"), through their counsel, Rosen & Associates, P.C., as and for their answer (the "**Answer**") to the *Complaint for Avoidance and Recovery of: (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers; (4) Objection to Claim No. 10067; Pursuant to 11 U.S.C. §§ 502, 544, 547, 548 and 550* dated March 13, 2020 [Adv. Proc. Doc. No. 1] (the "**Complaint**"),[1] filed by Howard M. Ehrenberg, in his

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

capacity as liquidating trustee of the estates of Orion HealthCorp, Inc., *et al.* ("**Plaintiff**"), respectfully represent as follows:

## AS TO THE PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "1" of the Complaint.

2. Defendants admit that Mr. Walia is an individual resident of the state of New York and deny the remaining allegation in paragraph "2" of the Complaint.

3. Defendants admit the allegations contained in paragraph "3" of the Complaint.

4. Defendants deny the allegations contained in paragraph "4" of the Complaint.

## AS TO STANDING

5. To the extent the allegations in paragraphs "5" through "8" purport to cite or summarize publicly filed documents, Defendants respectfully refer the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "5" through "8" of the Complaint.

## AS TO JURISDICTION AND VENUE

6. Defendants neither admit nor deny the allegations contained in paragraphs "9" through "12" of the Complaint, as such allegations are legal conclusions to which no response is required; however, Defendants do not consent to the entry of final orders or judgments by this Court.

## AS TO BASIS FOR RELIEF REQUESTED

7. Defendants admit that Plaintiff purports to have brought this action pursuant to the authority cited in paragraph "13" of the Complaint. To the extent the allegations in paragraph "13" state legal conclusions, no responsive pleading is required. Otherwise, except as expressly admitted herein, Defendants deny the allegations contained in paragraph "13" of the Complaint.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15" and "16" of the Complaint.

10. Defendants admit that, in or about 2015 or earlier, Mr. Walia was the majority shareholder and Chief Executive Officer of Porteck Corporation prior to its acquisition by Physicians Practice Plus, LLC. To the extent the term "Portech Corporation," as used in paragraph "17" of the Complaint, was intended to refer to any entity other than Porteck Corporation, Defendants deny the allegations contained in paragraph "17" of the Complaint.

11. Defendants admit that, on or around March 2015, Porteck Corporation was acquired by Physicians Practice Plus, LLC. To the extent the term "Portech Corporation," as used in paragraph "18" of the Complaint, was intended to refer to any entity other than Porteck Corporation, Defendants deny the allegations contained in paragraph "18" of the Complaint and, except as expressly admitted herein, deny the remaining allegations contained in paragraph "18" of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

13. Defendants admit the allegations contained in paragraphs "20" and "21" of the Complaint.

14. Defendants deny the allegations contained in paragraph "22" of the Complaint.

15. Defendants admit the allegation in paragraph "23" that Mr. Walia filed a claim against the Debtors' estates.

16. To the extent the allegations in paragraph "24" purport to cite or summarize publicly filed documents, Defendants respectfully refer the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "24" of the Complaint.

## AS TO FIRST CLAIM FOR RELIEF

17. Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "24" of the Complaint as if fully set forth herein.

18. Defendants deny the allegations contained in paragraphs "26" through "29" of the Complaint.

## AS TO SECOND CLAIM FOR RELIEF

19. Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "29" of the Complaint as if fully set forth herein.

20. Defendants deny the allegations contained in paragraphs "31" through "33" of the Complaint.

### AS TO THIRD CLAIM FOR RELIEF

21. Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "33" of the Complaint as if fully set forth herein.

22. Defendants deny the allegations contained in paragraphs "35" through "41" of the Complaint.

### AS TO FOURTH CLAIM FOR RELIEF

23. Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "41" of the Complaint as if fully set forth herein.

24. Defendants deny the allegations contained in paragraphs "43" and "44" of the Complaint.

### AS TO FIFTH CLAIM FOR RELIEF

25. Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "44" of the Complaint as if fully set forth herein.

26. Defendants deny the allegations contained in paragraphs "45" through "49" of the Complaint.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

27. Plaintiff's claims and each purported cause of action contained in the Complaint fail to state a claim upon which relief may be granted.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

28. The Complaint should be dismissed on the basis that the transfers referenced in *Exhibit A* of the Complaint are excepted from recovery under 11 U.S.C. § 547(c)(2).

**AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE**

29. The Complaint should be dismissed on the basis that the transfers referenced in *Exhibit A* of the Complaint are excepted from recovery under 11 U.S.C. § 547(c)(4).

**AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE**

30. The Complaint should be dismissed on the basis that the Debtors received reasonably equivalent value and fair consideration in exchange for the transfers referenced in *Exhibit A* of the Complaint, such that they are not voidable under 11 U.S.C. § 548(a)(1)(B) and N.Y. Debt. & Cred. Law § 273.

**AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE**

31. Plaintiff's claims are barred for lack of personal jurisdiction over Defendants in this Court.

**AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE**

32. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims contained in the Complaint.

**AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE**

33. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE**

34. Plaintiff's claims are barred in whole or in part due to insufficiency of process.

**AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are barred in whole or in part due to insufficiency of service of process.

### AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims must be dismissed based upon documentary evidence or lack thereof.

### AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

### AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred in whole or in part by the doctrine of laches and/or unclean hands.

### RESERVATION OF RIGHTS

40. Defendants reserve all rights to amend this Answer, raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

\*     \*     \*

**WHEREFORE**, Defendants respectfully request that this Court enter an order:

(1) dismissing the Complaint with prejudice;
(2) awarding Defendants all costs and expenses incurred in defending this action including attorneys' fees as permitted by law; and
(3) granting such other and further relief as this Court deems just and proper.

[*signature page follows*]

Dated: New York, New York
      June 17, 2020

                    **ROSEN & ASSOCIATES, P.C.**
                    *Counsel to Arvind Walia and*
                      *Niknim Management Inc.*

                    By:  */s/ Sanford P. Rosen*
                         Sanford P. Rosen
                         Paris Gyparakis

                    747 Third Avenue
                    New York, NY 10017-2803
                    (212) 223-1100