**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>               Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS<br>CAPACITY AS LIQUIDATING TRUSTEE OF<br>ORION HEALTHCORP, INC., ET AL.,<br><br>               Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT<br>INC.,<br><br>               Defendants. | Adv. Proc. No. 20-08049 (AST) |

**STIPULATION AND ORDER RE FILING OF FIRST AMENDED COMPLAINT;**
**AND ENTERING OF SCHEDULING ORDER**

       Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc. (the "Plaintiff") and Defendants Arvind Walia and NIKNIM Management, Inc. (the "Defendants"), by and through their undersigned counsel of record (collectively Plaintiff and Defendants are referred to as the "Parties"), submit the following stipulation for the consideration by the Court (the "Stipulation"):

       1.      On March 13, 2020, Plaintiff filed the complaint [Dkt. No. 1] against Defendants.

       2.      On June 17, 2020 Defendant filed its Answer to Affirmative Defenses to the complaint [Dkt. No. 6].

       3.      Pursuant to the October 15, 2020 hearing in this matter, as consented to in the Stipulation Of Counsel, the parties in the above-captioned adversary proceeding (the "Adversary Proceeding"), submitted an Amended Discovery Plan to the Adversary Proceeding.  The Amended Discovery Plan was not entered by the Court [Dkt. No. 10].

4.      On January 21, 2021, Plaintiff and Defendants appeared at a Pretrial Conference in Adversary Proceeding.  At that time, the Parties discussed the Adversary Proceeding and advised the Court Plaintiff would amend the Complaint by Stipulation and the parties would thereafter submit a joint Proposed Scheduling Order for the Court's consideration to be entered. Thereafter, Plaintiff circulated a First Amended Complaint.  The Parties subsequently met and conferred regarding an opposition to the amendment. The Parties have meet and conferred and resolved any issues.

5.      Attached hereto as Exhibit "1" is the First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550 (the "First Amended Complaint"), which is deemed served as of the date of the filing of the Stipulation.

6.      Defendant has twenty days from service to file an answer to the First Amended Complaint.

7.      The Parties hereto agree to the following scheduling order for the expeditious conducting of discovery in accordance with Fed. R. Civ. P. 16(b) and 26(f).

8.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than fourteen (14) days from the date of this Order, to the extent the disclosures have not already been made.

9.      The Parties have met and conferred regarding documents maintained in electronic format.  Plaintiff has identified the issue of the Debtors' servers, some of which have been coded into a searchable format while others which would require additional time

and expenditures.  Defendant has identified no potential issue.  The parties will cooperate to facilitate the exchange of relevant evidence stored in any electronic format.

10.      All <u>fact</u> discovery shall be completed no later than September 20, 2021.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Eastern District of New York ("Local Bankruptcy Rules").  The parties anticipate discovery on the subject transfers, product and services rendered, and the surrounding business dealings.

11.      All <u>expert</u> discovery shall be completed no later than November 30, 2021.

12.      No later than September 30, 2021: (i) the party bearing the burden of proof on any issue (including the issue of solvency, to the extent the Defendant intends to challenge the statutory presumption of insolvency) shall make all disclosures required under Fed. R. Civ. P. 26 (a)(2); and (ii) all rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shall be made no later than thirty (30) days thereafter.

13.      <u>Mediation</u>

If the parties desire and agree to mediate their dispute(s) at any time during pendency of this adversary proceeding, they shall jointly file a stipulation (the "Stipulation") with the Court.

14.      <u>Motions</u>

All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (see Local

Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery (see paragraph 3 hereof).

15.    <u>Trial</u>

The Court will adjourn the Pre-trial Conference to _____, 2021, at which time the Court may set the trial date and deadline to file the Joint Pretrial Order.

16.    This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

Dated: May 21, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
*Counsel to* Plaintiff Howard M. Ehrenberg, in his capacity of Liquidating Trustee of Orion Healthcorp, Inc., *et al*

By: _/s/ Jeffrey P. Nolan_____
    Ilan D. Scharf, Esq.
    Jeffrey P. Nolan, Esq., (Pro Hac Vice)
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel: (212) 561-7700
    Email:  ischarf@pszjlaw.com

Dated: May 21, 2021

**ROSEN & ASSOCIATES, P.C.**
Counsel to Defendants, Arvind Walia and Niknim Management Inc.

By: _/s/ Sanford P. Rosen_____
    Sanford P. Rosen, Esq.
    Paris Gyparakis, Esq.
    747 Third Avenue
    New York, NY 10017-2803
    (212) 223-1100

**SO ORDERED:**

**Exhibit 1**

Ilan D. Scharf
Jeffrey P. Nolan (Pro Hac Vice Pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel for the Plaintiff,*
*Howard M. Ehrenberg in his capacity*
*as Liquidating Trustee of Orion Healthcorp, Inc., et al.,*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC.[1] | : | Case No. 18-71748 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------

| | | |
|---|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : | Adv. Pro. No. 20-08049 (AST) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

**FIRST AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY
OF: (1) FRAUDULENT TRANSFERS; (2) PREFERENTIAL TRANSFERS;
(3) RECOVERY OF AVOIDED TRANSFERS; (4) OBJECTION TO CLAIM NO. 10067;
<u>PURSUANT TO 11 U.S.C. §§ 502, 544, 547, 548 AND 550</u>**

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion

Healthcorp, Inc., et al., (the "<u>Plaintiff</u>" or the <u>Liquidating Trustee</u>"), for the estates of the

above-captioned debtors (the "<u>Debtors</u>") in the above-captioned cases pending under chapter 11

of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), by and through its undersigned

counsel, as and for its *First Amended Complaint For Avoidance And Recovery Of: (1)*

*Fraudulent Transfers;(2) Preferential Transfers; (3) Recovery Of Avoided Transfers; And (4)*

*Objection To Claim No. 1067 Pursuant to 11 U.S.C. §§ 502, 544, 547 548 and 550* (the

"<u>Complaint</u>") against the above-captioned defendants (collectively, the "<u>Defendant</u>"), alleges as

follows:

## <u>THE PARTIES</u>

1.      Plaintiff is the Liquidating Trustee under that certain Liquidating Trust

Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc.

and certain of their affiliates.

2.      Upon information and belief, Defendant Arvind Walia ("<u>Walia</u>") is an

individual currently residing in the State of New York.  Defendant Walia is the former President,

and Chief Executive Officer, of the Debtor Orion Healthcorp, Inc.

3.       Upon information and belief, Defendant Niknim Management Inc. is

("<u>Niknim</u>") is a corporation formed under the laws of the State of New York with its principle

address at 27 Kettlepond Road, Jericho, New York.

4.      Plaintiff is informed and believes and thereon alleges that at all times

mentioned herein there existed a unity of interest in ownership between Defendant, Walia and

Defendant, Niknim such that the individuality and separateness between them ceased and that

Defendant, Niknim is the alter ego of Defendant, Walia in that, among other things: (a) Defendant Walia controlled, dominated, managed and operated Defendant Niknim as his alter ego; (b) Defendant Walia makes all decisions pertaining to Defendant Niknim; (c) there has been a failure to comply with or observe the formalities of corporate formation and/or operation; (d) Defendant Niknim was inadequately capitalized; and (e) that the individuality of said entity should be disregarded pursuant to the doctrine of piercing the corporate veil.

**STANDING**

5.      On March 16, 2018, each of the Debtors except New York Network Management, LLC ("NYNM") filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court")under chapter 11 of the Bankruptcy Code and  NYNM commenced its voluntary petition on July 5, 2018 (collectively, the "Debtors").  The Debtors' cases are jointly administered for administrative purposes only [Docket Nos. 34 and 381].

6.      On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "Plan").

7.      The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date (as that term is defined in the Plan) to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates.  The Effective Date occurred on March 1, 2019.

8.      The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including causes of action.

## JURISDICTION AND VENUE

9.      The Bankruptcy Court has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

10.     This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

11.     Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

12.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

13.     This adversary proceeding is initiated pursuant to Rules 7001(1), (2) and (9) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, pursuant to sections 502, 544, 547, 548 and 550 of the Bankruptcy Code and sections 273, 274, 275 and 276 of the New York Debtor & Creditor Law (the "NY Debt & Cred L"), made applicable herein pursuant to section 544 of the Bankruptcy Code, certain avoidable transfers that were made by the Debtors to the Defendant prior to the Petition Date.

## FACTS

14.     The Debtors are a consolidated enterprise of several companies aggregated through a series of acquisitions, which operate the following businesses: (a) outsourced revenue cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business, which is organized and directed by physicians in private practice to negotiate contracts with

insurance companies on their behalf while such physicians remain independent and which also provides other services to such physician practices.

15.     Parmjit Parmar a/k/a Paul Parmar ("Parmar"), was the former Chief Executive Officer of the Debtor, Constellation Healthcare Technologies, Inc. ("CHT"), Sotirios Zaharis, a/k/a Sam Zaharis ("Zaharis"), was the former Chief Financial Officer of CHT, and Ravi Chivukula ("Chivukula") was the Controller and Secretary of CHT from approximately 2013 to 2017.  Parmar, Zaharis and Chivukula served on the board of directors of CHT.  Parmar, Zaharis and Chivukula, in combination with one another and with others, operating through various Debtors, moved money and established off-balance sheet accounts to redirect monies of the Debtors for their own personal use.  The Debtor, and the aforementioned associates, utilized a Wells Fargo IOLA account overseen by the law firm of Robinson, Brog, Leinwand, Greene, Genovese & Gluck, P.C. ("Robinson Brog").  Upon information and belief, Robinson Brog also represented Parmar, Zaharis and Chivukula personally in their business, litigation and private affairs.

16.     On or about 2018, Parmar, Zaharis and Chivukula were indicted by the United States Attorney's Office, District of New Jersey, for creating fictitious business entities, balance sheets, doctored bank statements, fabricating customers as well as generating fake income streams, and sham acquisitions in an effort to divert monies from the Debtors.  As alleged, Parmar, Zaharis and Chivukula diverted funds to enrich themselves, their friends, family and associates.

17.     In or about 2015 and earlier, Defendant Walia was the majority owner, managing member, and Chief Executive Officer of Portech Corporation, prior to its acquisition by the Debtors.

18.     On or about March 2015, the Debtor, Physicians Practice Plus, LLC, as represented by Robinson Brog, acquired Portech Corporation from Defendant Walia.  Pursuant

to the asset purchase agreement made and entered into as of March, 2015 ("Asset Purchase Agreement"), the sum of $12,800,000 was paid, including the right to subsequent payments and earn-outs over the course of the following years (the "Portech Acquisition").

19.     The Portech Acquisition was orchestrated through the network of entities arranged by Parmar such that funds could be diverted into off-balance sheet accounts.  The off-balance sheet accounts allowed funds to be transferred (a) to entities controlled by Parmar and his confederates, or (b) to commingle funds such that monies could be disbursed in a manner which best allowed Parmar to obfuscate his dealings and continue to maintain an illusion that the Debtors were solvent.

20.     On or about May 1, 2017, the Debtor Orion Healthcorp, Inc. and Defendant Walia, entered into an employment agreement wherein Defendant Walia would act as the President and CEO of the Debtor, Orion Healthcorp, Inc.  Walia would be paid an annual salary of $100,000 as paid in accordance with the Debtor's regular payroll practices.

21.     On or about May 1, 2017, the Debtor Orion Healthcorp, Inc. and Defendant Niknim Management, Inc., as represented by Defendant Walia, as the sole managing member, entered into a consulting agreement wherein Niknim would be paid a monthly fee by the Debtors for the prior month's work as a consultant.

**(A)     The Transfers:**

22.     During the one (1) year period prior to the commencement of the bankruptcy cases, the Debtors transferred property to or for the benefit of Defendants in an amount not less than $1,520,000.00, as identified in particular on Exhibit "A" which is incorporated herein by reference (the "One-Year Transfer").  Defendant Walia was an officer of the Debtors at all pertinent times therein.  During the two (2) year period prior to the commencement of the bankruptcy cases, the Debtors transferred property to or for the benefit of Defendants in an amount not less than $2,500,000.00, as identified in particular on Exhibit "A"

which is incorporated herein by reference (the "Two-Year Transfer")(collectively, the One-Year and Two-Year Transfer are referenced as "the Transfers").

**(B)**        **Amounts Allegedly Owed To Defendant And Defendant's Proofs Of Claim:**

23.      On or about July 5, 2018, Defendant Walia filed a claim in the amount of $61,590.00, which the claims agent designated as claim no. 10067 (the "Filed Claim"), as attached hereto as Exhibit "B".

24.      Defendant Walia alleges in the Filed Claim that the Debtors failed to indemnify Walia for employee-related services.

**FIRST CLAIM FOR RELIEF**
**(For Avoidance and Recovery of Intentionally Fraudulent Transfers Under**
**11 U.S.C. § 548; NY Debt & Cred L § 276, *et al*., Against Defendants)**

25.      Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

26.      The Defendant received the Transfers from the Debtors which were through various concealed means including the off-balance sheet bank accounts as identified in particular on Exhibit "A".

27.      The Transfers were made by the Debtors with actual intent to hinder or delay or defraud their creditors insofar as the Transfers were orchestrated through a scheme to divert and redirect monies of the Debtors for the personal benefit of Parmar, his friends and associates, or in a manner to obfuscate the misuse of the Debtor.

28.      The Transfers were made to or for the benefit of Defendants.

29.      Accordingly, the Transfers are avoidable, and should be avoided, as intentionally fraudulent transfers pursuant to § 548(a)(1)(A) and NY Debt & Cred L § 276, and may be recovered from Defendant pursuant to § 548 and the NY Debt & Cred L.  Plaintiff is entitled to an order and judgment under 11 U.S.C. § 544 that the Transfers be avoided.

## SECOND CLAIM FOR RELIEF
### (To Avoid Constructively Fraudulent Transfers Under
### 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and NY Debt & Cred L
### §§ 273-275, *et seq*., Against Defendants)

30.    Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

31.    Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Debtors:  (a) were insolvent, or became insolvent as a result of the Transfers; (b) were engaged in or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due; or (d) made such Transfers to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

32.    Plaintiff is informed and believes, and thereon asserts, that Defendant did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for obligations incurred for the Transfers. As a result, the Debtors paid and received in value nothing from Defendant and or less than reasonably equivalent value.

33.    At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and NY Debt & Cred L.  Plaintiff is entitled to an order and judgment that the Transfers are avoided.

## THIRD CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers Pursuant To 11 U.S.C. § 547(b)
### Against Defendants)

34.    Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

35.    During one-year prior to the petition, Defendant was a creditor and an insider of one or more of the Debtors.

36.     The One-Year Transfer identified on Exhibit "A" hereto was made to or for the benefit of Defendant.

37.     The Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

38.     The Transfer was made during the One-Year Period in which Defendant Walia was an insider of the Debtor.

39.     The Transfer was made while the Debtors were insolvent.

40.     The Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

41.     The Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## FOURTH CLAIM FOR RELIEF
**(For Recovery of Property -- 11 U.S.C. § 544(b), §550 and
NY Debt & Cred L against Defendants)**

42.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

43.     As the Defendants are the initial, immediate or mediate transferees of the Transfer, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made or (b) any immediate or mediate transferee of such initial transferee pursuant to pursuant to 11 U.S.C. § 550(a)

44.     As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. §§ 542, 547 and 548.  As Defendants are the initial, immediate or mediate transferee

of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the

Transfers under 11 U.S.C. § 550 of the Bankruptcy Code and NY Debt & Cred L.

**FIFTH CLAIM FOR RELIEF**
**(Objection to Claims against Defendant Walia)**

45.    Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

46.    After a thorough review of the Debtors' Books and Records and Claim

No. 10067, the Plaintiff has determined that Claim No. 10067 does not comply with the

Bankruptcy Rules, is without evidentiary support, and is contradicted by the Debtors' books and

records.

47.    As alleged above, each Preferential or Fraudulent Transfer constitutes an

avoidable transfer pursuant to 11 U.S.C. § 547 and/or 548 of the Bankruptcy Code, which is

recoverable pursuant to Bankruptcy Code section 550.

48.    As a result of the above, Plaintiff moves to strike the Claim or

alternatively,  pursuant to Bankruptcy Code section 502(d), Claim No. 10067 must be disallowed

unless and until Defendant pays to the Plaintiff an amount equal to each preferential or

fraudulent Transfer that is avoided including pre- and post-judgment interest on the avoided

amount.

49.    As a result of the above, Plaintiff moves to strike the Claim.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.    For a determination that the Transfers are an avoidable fraudulent

transfer under 11 U.S.C. §§ 544, and 548, of the Bankruptcy Code and Section 273-276 of NY

Debt & Cred L, *et seq*, as applicable, and that the Plaintiff is entitled to recover the Transfers

under 11 U.S.C. § 550 of the Bankruptcy Code;

      b.      For a determination that the One-Year Transfers are avoidable transfers under 11 U.S.C. §§ 544 and 547, as applicable, and that the Plaintiff is entitled to recover the One-Year Transfers under 11 U.S.C. §§ 550 & 551 of the Bankruptcy Code;

      c.      On its Claim for Objection to the Filed Claim, that the Defendant recover nothing by way of the Filed Claim;

      d.      Awarding to the Plaintiff the costs of suit incurred herein, including pre- and post-judgment interest; and

      e.      For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 20, 2021

                                       */s/ Ilan D. Scharf*_____
                                       Ilan D. Scharf, Esquire
                                       Jeffrey P. Nolan, Esquire
                                       PACHULSKI STANG ZIEHL & JONES LLP
                                       780 Third Avenue, 36th Floor
                                       New York, New York 10017
                                       Telephone:    (212) 561-7700
                                       Facsimile:    (212) 561-7777

                                       Counsel for the Plaintiff,
                                       Howard M. Ehrenberg in his capacity
                                       as Liquidating Trustee of Orion Healthcorp, Inc., et al.,

# EXHIBIT A

EXHIBIT A

| Niknim Management, Inc.; Walia | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Posted Date | Doc. Dt. | Location Name | Segment Name | Segment | Curr | Txn Amt. | | Credit (USD) | |
| 1/31/2017 | 1/31/2017 | Orion Healthcorp. Inc. | Corporate | Corp. | USD | $ | 600,000.00 | $ | 600,000.00 |
| 2/28/2017 | 2/28/2017 | Orion Healthcorp. Inc. | Corporate | Corp. | USD | $ | 600,000.00 | $ | 600,000.00 |
| 3/31/2017 | | Orion Healthcorp. Inc. | Corporate | Corp. | USD | $ | 600,000.00 | $ | 600,000.00 |
| 4/28/2017 | 4/28/2017 | Orion Healthcorp. Inc. | Corporate | Corp. | USD | $ | 600,000.00 | $ | 600,000.00 |
| 6/23/2017 | 6/23/2017 | Constellation Health Care, Inc. | Corporate | Corp. | USD | $ | 1,500,000.00 | $ | 1,500,000.00 |
| 6/28/2017 | 6/28/2017 | Constellation Health Care, Inc. | Corporate | Corp. | USD | $ | 20,000.00 | $ | 20,000.00 |
| 5/31/2017 | 5/31/2017 | Orion Healthcorp. Inc. | Corporate | Corp. | USD | $ | 1,000,000.00 | $ | 1,000,000.00 |
| 6/30/2017 | 6/30/2017 | Orion Healthcorp. Inc. | Corporate | Corp. | USD | $ | 1,100,000.00 | $ | 1,100,000.00 |
| | | | | | | Total | | $ | 6,020,000.00 |

Doc No. 336243