UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 8-20-8049 (AST) |
| Plaintiff, | |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | |
| Defendants. | |

---

## DECLARATION OF JEFFREY P. NOLAN WITH REGARD TO STATUS AND COMPLETION OF REMAINING EXPERT DISCOVERY

I, Jeffrey P. Nolan, declare:

1. I am an attorney at law duly licensed to practice before all courts in the State of California and admitted pro hac vice in the Eastern District of New York for the purposes of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

prosecution of the above referenced adversary. I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al., for the estates of the above-captioned debtors, and counsel of record in this adversary proceeding. The facts stated herein are of my own personal knowledge, or from a review of the files and pleadings in this action which are maintained in the ordinary course of business. If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2. I make this Declaration with respect to the status of the litigation and the filing of a stipulation and order to complete remaining expert discovery.

3. The Parties were directed to file a stipulation advising the Court of the status of settlement and agree to deadlines for the expeditious resolution of remaining expert discovery. As of the date of this Declaration, the Parties have not reached a settlement of the above referenced adversary. The Parties have met and conferred in good faith but were not able to agree on the dates for conclusion of remaining expert discovery. For that reason and after discussing with opposing counsel, Plaintiff submits a Declaration, a brief history, the issue, and a proposed Order with the understanding Defendants may also submit a declaration or letter addressing the issue.

4. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Stipulation and Order Re Filing of First Amended Complaint; and Entering of Scheduling Order as entered by the Court on May 26, 2021. [Dkt. No. 20] Under the terms of the Scheduling Order at paragraphs 11 and 12, after issuance of initial expert reports, rebuttal reports were due 30 days thereafter and all expert discovery completed 30 days later, or 60 days from the date of issuance

of initial expert reports. Plaintiff's *Proposed Order* mirrors the language and timing of the original Scheduling Order.

4. Fact discovery closed in this adversary on December 30, 2021. Plaintiff timely designated experts and produced expert reports on January 10, 2022. Thereafter, the Parties engaged in discussions and agreed to attend mediation. On January 28, 2022, the Parties filed a Stipulation to Attend Mediation and Toll Remaining Deadlines. [Dkt No. 31]. (a courtesy copy which is attached hereto as Exhibit B)

5. With the conclusion of mediation, Plaintiff desires to terminate the tolling agreement and reinstate the deadlines under the previously issued Scheduling Order with respect to concluding remaining expert discovery such that the matter can be moved forward to the pre-trial/motion conference set for September 14, 2022.

6. A dispute has arisen with Defendants wherein the Defendants desired to extend expert discovery for a time frame greater than outlined in the previously issued Scheduling Order. While the Trustee was amenable to accommodating a slight delay of a week or two weeks to accommodate vacations, holidays, etc., the issues raised by Defendants to extend remaining deadlines are outside the scope of the original tolling agreement entered into by the Parties, the Court issued Scheduling Order, and could result in the significant further delay of the litigation.

7. The Trustee respectfully requests that the Court enter the Plaintiff's [Proposed] Order terminating the tolling agreement as originally entered into by the Parties such that discovery can be concluded as previously contemplated and the matter set for motion conference and trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of July, 2022 at Los Angeles, California.

_____
Jeffrey P. Nolan