# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS<br>CAPACITY AS LIQUIDATING TRUSTEE OF<br>ORION HEALTHCORP, INC., ET AL.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT<br>INC.,<br><br>　　　　　　　Defendants. | Adv. Proc. No. 20-08049 (AST) |

## STIPULATION AND ORDER RE FILING OF FIRST AMENDED COMPLAINT; AND ENTERING OF SCHEDULING ORDER

Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc. (the "Plaintiff") and Defendants Arvind Walia and NIKNIM Management, Inc. (the "Defendants"), by and through their undersigned counsel of record (collectively Plaintiff and Defendants are referred to as the "Parties"), submit the following stipulation for the consideration by the Court (the "Stipulation"):

1.　　On March 13, 2020, Plaintiff filed the complaint [Dkt. No. 1] against Defendants.

2.　　On June 17, 2020 Defendant filed its Answer to Affirmative Defenses to the complaint [Dkt. No. 6].

3.　　Pursuant to the October 15, 2020 hearing in this matter, as consented to in the Stipulation Of Counsel, the parties in the above-captioned adversary proceeding (the "Adversary Proceeding"), submitted an Amended Discovery Plan to the Adversary Proceeding. The Amended Discovery Plan was not entered by the Court [Dkt. No. 10].

4.      On January 21, 2021, Plaintiff and Defendants appeared at a Pretrial Conference in Adversary Proceeding. At that time, the Parties discussed the Adversary Proceeding and advised the Court Plaintiff would amend the Complaint by Stipulation and the parties would thereafter submit a joint Proposed Scheduling Order for the Court's consideration to be entered. Thereafter, Plaintiff circulated a First Amended Complaint. The Parties subsequently met and conferred regarding an opposition to the amendment. The Parties have meet and conferred and resolved any issues.

5.      Attached to Docket Item 18 as Exhibit "1" is the First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550 (the "First Amended Complaint"), which is deemed served as of the date of the filing of the Stipulation.

6.      Defendant has twenty days from service to file an answer to the First Amended Complaint.

7.      The Parties hereto agree to the following scheduling order for the expeditious conducting of discovery in accordance with Fed. R. Civ. P. 16(b) and 26(f).

8.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than fourteen (14) days from the date of this Order, to the extent the disclosures have not already been made.

9.      The Parties have met and conferred regarding documents maintained in electronic format. Plaintiff has identified the issue of the Debtors' servers, some of which have been coded into a searchable format while others which would require additional time

and expenditures. Defendant has identified no potential issue. The parties will cooperate to facilitate the exchange of relevant evidence stored in any electronic format.

10.    All <u>fact</u> discovery shall be completed no later than September 20, 2021. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Eastern District of New York ("Local Bankruptcy Rules"). The parties anticipate discovery on the subject transfers, product and services rendered, and the surrounding business dealings.

11.    All <u>expert</u> discovery shall be completed no later than November 30, 2021.

12.    No later than September 30, 2021: (i) the party bearing the burden of proof on any issue (including the issue of solvency, to the extent the Defendant intends to challenge the statutory presumption of insolvency) shall make all disclosures required under Fed. R. Civ. P. 26 (a)(2); and (ii) all rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shall be made no later than thirty (30) days thereafter.

13.    <u>Mediation</u>

If the parties desire and agree to mediate their dispute(s) at any time during pendency of this adversary proceeding, they shall jointly file a stipulation (the "Stipulation") with the Court.

14.    <u>Motions</u>

All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (see Local

Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact

discovery (see paragraph 3 hereof).

15.     <u>Trial</u>

The Court will adjourn the Pre-trial Conference to August 5, 2021, at 2:00 P.M. (Eastern),

which time the Court may set the trial date and deadline to file the Joint Pretrial Order.

16.     This ORDER may not be modified or the dates herein extended, except by

further Order of this Court for good cause shown.  Any application to modify or extend any

deadline established by this Order shall be made in a written application no less than five (5)

days prior to the expiration of the date sought to be extended.

Dated: May 21, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
*Counsel to* Plaintiff Howard M. Ehrenberg, in his
capacity of Liquidating Trustee of Orion
Healthcorp, Inc., *et al*

By: */s/ Jeffery P. Nolan*
    Ilan D. Scharf, Esq.
    Jeffery P. Nolan, Esq., (Pro Hac Vice)
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel: (212) 561-7700
    Email: ischarf@pszjlaw.com

Dated: May <u>21</u>, 2021

**ROSEN & ASSOCIATES, P.C.**
Counsel to Defendants, Arvind Walia and
Niknim Management Inc.

By: */s/ Sanford P. Rosen*
    Sanford P. Rosen, Esq.
    Paris Gyparakis, Esq.
    747 Third Avenue
    New York, NY 10017-2803
    (212) 223-1100

**SO ORDERED:**



**Dated: May 26, 2021**
**Central Islip, New York**

         Alan S. Trust
    **Chief United States Bankruptcy Judge**

-4-