**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>Defendants. | Adv. Proc. No. 20-08049 (AST) |

### DECLARATION OF SANFORD P. ROSEN WITH RESPECT TO THE STATUS OF THE LITIGATION AND THE FILING OF PLAINTIFF'S PROPOSED ORDER TO COMPLETE REMAINING EXPERT DISCOVERY AND IN RESPONSE TO THE DECLARATION OF JEFFREY P. NOLAN <u>SUBMITTED IN SUPPORT OF THE ORDER</u>

I, Sanford P. Rosen, declare:

1.   I am an attorney at law duly licensed to practice before the courts of the State of New York and the United States Bankruptcy Court for the Eastern District of New York. I am an attorney with the law firm of Rosen & Associates, P.C., attorneys of record for the defendants in this adversary proceeding.

---

[1] The debtors in these chapter 11 cases are: Orion Healthcorp, Inc.; Constellation Healthcare Technologies, Inc.; NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice Plus Holdings, LLC; Physicians Practice Plus, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Northstar First Health, LLC; Vachette Business Services, Ltd.; Phoenix Health, LLC; MDRX Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; and New York Network Management, LLC.

2.	The facts stated herein are of my own personal knowledge, or from a review of the files and pleadings in this action which are maintained in the ordinary course of business. If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

3.	I make this Declaration with respect to the status of the litigation and the filing of plaintiff's Proposed Order to Complete Remaining Expert Discovery and in response to the Declaration of Jeffrey P. Nolan submitted in support of the order.

4.	Under the *Scheduling Order and Amendment to Case Management and Discovery Plan*, the defendants were required to submit rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26(a)(2) 30 days after the submission of plaintiff's reports and all expert discovery was to be completed 30 days thereafter.

5.	Pursuant to paragraph 1 of the January 25, 2022, Stipulation to Attend Mediation and Toll Remaining Deadlines (the "**Mediation Stipulation**"), the parties stipulated as follows:

> The Parties desire to attend mediation within the next 30 days and to toll any remaining deadlines under the *Scheduling Order and Amendment to Case Management and Discovery Plan* until the conclusion of attending mediation.

6.	The parties thus agreed under the Mediation Stipulation, that upon the failure of mediation, the defendants would have 30 days thereafter to submit rebuttal or responsive expert reports and 30 days thereafter to complete all expert discovery.

7. Plaintiff's proposed Order to Complete Discovery would require the defendants to submit rebuttal or responsive expert reports within 30 days after the entry of the order and complete all expert discovery within 30 days thereafter.

8. I learned for the first time from reading Mr. Nolan's declaration in support of his proposed order that he was of the view that mediation had concluded unsuccessfully. (See Nolan Declaration at Paragraph 5.). While Mr. Nolan is of course free to conclude mediation at any time, he has, in fact, yet to do so, and his recent actions indeed evidence that he has not done so.

9. The parties have been engaged in mediation in good faith since it was authorized. They met for hours with the mediator in New York to reach a resolution, and although the meeting did not yield a settlement, the parties agreed to continue the process. The defendants agreed to provide plaintiff with certain information and documentation, much of which the defendants have provided. Indeed, on July 27, 2022, just days ago, Mr. Nolan wrote me, requesting additional information and documentation, which the defendants intend to provide. And two days later, on July 29, 2022, I expressed a revised settlement proposal to Mr. Nolan, and he responded by saying that he would review it with his client.

10. Assuming mediation is, in fact, ongoing, it would unfairly create an unlevel playing field to simultaneously require the defendants to incur the expense of expert discovery as they continue to negotiate in good faith. In fact, to re-impose such deadlines would violate the terms of the Mediation Stipulation, whereby, as already mentioned, the parties agreed to "toll the deadlines until the conclusion of mediation." While the defendants recognize plaintiff's desire to conclude this adversary proceeding as soon as possible, the defendants have done nothing that would justify such a deviation from the status quo.

11. Separately, I have informed Mr. Nolan that in the event of the failure of mediation, the defendants intend to retain special litigation counsel to assist in the defense of this action. I explained that if mediation failed, such litigation counsel should have the opportunity to (i) analyze plaintiff's expert reports, (ii) determine what steps should be taken in response to those reports by way of rebuttal reports, and (iii) otherwise conclude expert discovery.

12. Under these circumstances, I told Mr. Nolan that if he was intent on establishing expert discovery deadlines while mediation was ongoing, the defendants would require some additional time to complete expert discovery, and I asked Mr. Nolan to agree to October 31, 2022, as the deadline to submit rebuttal or responsive expert reports and 30 days thereafter to complete expert discovery. He refused and submitted plaintiff's proposed Order to Complete Discovery.

13. In light of the foregoing, given that mediation has not concluded, I respectfully request that the Court not enter Mr. Nolan's proposed order. If, however, Mr. Nolan declares the mediation process to be concluded, I respectfully ask that the Court modify Mr. Nolan's proposed order to set October 31, 2022, as the deadline to submit rebuttal or responsive expert reports and 30 days thereafter as the deadline to complete expert discovery. These dates will not unreasonably delay the litigation of this adversary proceeding.

Executed this 1st day of August 2022 at New York, New York.

/s/ Sanford P. Rosen
Sanford Rosen