

**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4400

**NEW YORK**
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777

Jeffrey P. Nolan          October 14, 2022          jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

    Re:    **In re: Orion HealthCorp, Inc., et al.**
               **Howard Ehrenberg v. Arvind Walia, et al**
               **Adv. Proc. No. 20-08049-AST**

Dear Judge Trust:

    Pursuant to 7056-1(a), Howard Ehrenberg, as the duly appointed Trustee, and Plaintiff in the above referenced adversary, moves the court for a pre-motion conference as part of his request to file a motion for summary judgment. Expert discovery closes at the end of this month. With the closure of fact discovery, certain facts and issues are established and capable of determination on summary judgment and/or summary adjudication.

    It is not disputed that on April 15, 2016, the Debtor transferred 2.5MM to Defendant Niknim Management, Inc. at the direction of Paul Parmar for the benefit of its owner, Defendant Arvin Walia. On June 23, 2017, the Debtor at the direction of Paul Parmar transferred a further $1,520,000 to Defendant Niknim Management, Inc. for the benefit of its sole owner Mr. Walia (collectively, the "Transfer") At the time, Mr. Walia was an officer of the Debtors and an insider. The Debtors filed bankruptcy shortly thereafter in March 2018.

    Plaintiff alleges causes of action for intentional and constructive fraudulent conveyance under state and federal law as to the Transfer. Alternatively, Plaintiff asserts the second transfer was a preferential transfer as it occurred within one year of the petition date to an insider.

    Pursuant to an intentional fraud theory, DCL Section §276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law §276;



The Honorable Alan S. Trust
October 14, 2022
Page 2

*Mendelsohn v. Jacobowitz (In re Jacobs)*, 394 B.R. 646, 658 (Bankr. E.D.N.Y. 2008) [I]t is well accepted that intent to hinder or delay creditors is sufficient, and intent to defraud need not be proven." Id citing to *In re MarketXT. Holdings Corp.*, 376 B.R. 390 at 403 (citing *Shapiro v. Wilgus*, 287 U.S. 348, 354, 53 S. Ct. 142, 77 L. Ed. 355 (1932)). Here, the Transfer occurred within two years of filing the Petition for the purpose of the concealment and diversion of the Debtor's funds involving two transactions where it is not disputed the purchase price was overstated or inflated by Parmar with the knowledge of Defendant, resulting in the diversion of funds for illegitimate purposes. No antecedent debt was satisfied by the Transfer.

A constructively fraudulent transfer is one in which the debtor, voluntarily or involuntarily, conveyed to a creditor or other person property for which the debtor received less than "reasonably equivalent value…" No intent of wrongdoing is required. William L. Norton, III and Roger G. Jones, Norton Creditors Possessive Rights Handbook, §11:6, (November 2003). If fair consideration is lacking for the Transfer and a judgment creditor exists who remains unsatisfied, the Transfer is fraudulent per se pursuant to NYDCL §273-a (the insolvency of the Debtor being irrelevant to a finding of liability). Judgment creditors existed before the date of the Transfer and payments to insiders where judgment creditors exist and remain unsatisfied are *per se* not made in good faith.

Lastly, Plaintiff can establish the elements of a prima facie preferential transfer. No defense exists. The second transfer is properly returned to the estate for a pro-rata equitable distribution to all approved unsecured claimants.

The issue(s) are properly addressed on summary judgment or summary adjudication without the need of a costly trial.

                Very truly yours,

                */s/ Jeffrey P. Nolan*

                Jeffrey P. Nolan

JPN:rlm

cc:
    (Counsel for Defendant, Via ECF and email)