# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC[1]. | : | Case No. 8-18-71748 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : | Adv. Pro. No. 8-20-08049 (AST) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARVIND WALIA, NIKNIM MANAGEMENT, INC., | : | |
| | : | |
| Defendant(s) | : | |

**PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS
PROPOUNDED TO DEFENDANT, ARVIND WALIA, SET ONE**

TO:        Defendant, Arvind Walia

FROM:     Plaintiff, Howard M. Ehrenberg, Liquidating Trustee

**PLEASE TAKE NOTICE** that pursuant to Bankruptcy Rule 7034 and Rule 34 of the

Federal Rules of Civil Procedure Plaintiff requests that Defendant respond to Plaintiff's Request

for Production of Documents, Set Two ("Document Production Requests") within thirty (30)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

days of the time of their service and produce all responsive documents at the offices of Pachulski

Stang Ziehl & Jones LLP, attn.: Jeffrey P. Nolan, 10100 Santa Monica Boulevard, Suite 1300,

Los Angeles, California 90067.

## DEFINITIONS AND INSTRUCTIONS

A.     The term "DOCUMENT(S)" means and includes, without limitation, the

following: any and all writings of whatever kind, including the originals and all non-identical

copies, whether different from the originals by reason of any notation made on such copies or

otherwise (including without limitation correspondence, memoranda, notes, diaries, statistics,

letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns,

summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers,

notations of any sort of conversations, telephone calls, meetings or other communications,

bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, and all

drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or

aural records or representations of any kind (including without limitation, photographs, charts,

graphs, microfiche, microfilm, videotape, recordings, motion pictures), and electronic,

mechanical or electric records or representations of any kind (including without limitation tapes,

cassettes, discs, recordings).

B.     "BANKRUPTCY CASES" means case no. 8-18-71748 (AST) and all related

chapter 11 cases filed in the United States Bankruptcy Court, Eastern District of New York.

C.     "CONCERN" or "CONCERNING" means relate to, refer to, describe, evidence

or constitute.

D.     "DEBTOR" shall mean Orion Healthcorp, Inc., Constellation Healthcare

Technologies, Inc. et al., and their affiliates in these chapter 11 cases.

E.       "PLAINTIFF" means the Howard M. Ehrenberg, Liquidating Trustee.

F.       "YOU" or "YOUR" means Arvind Walia, the named defendant in this adversary proceeding, and shall include any other names or alias, his successors, agents, representatives, attorneys, accountants, and all other persons acting on its behalf or under its control.

G.       DEFENDANTS means NIKNIM Management, Inc. and/or Arvind Walia the named defendants in the adversary proceeding 8-20-08049 (AST).

H.       "COMPLAINT" means the First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers; (4) Objection To Claim No. 10067; Pursuant to 11 USC §§ 502, 544, 547, 548 and 550 [Dkt. No. 21], filed in this adversary; # 20-08049-ast on approximately May 26, 2021.

I.       "PERSON" means and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

J.       "COMMUNICATION" means every manner or means of disclosure, transfer, or exchange of information, words, thoughts or ideas, whether orally or by document, whether face-to-face, by telephone, mail, personal delivery, electronic communication or otherwise.

K.       "ACTION" means the legal proceeding commenced with the Complaint filed by DEBTOR against NIKNIM Management, Inc., in the United States Bankruptcy Court for the Eastern District of New York, Adv. No. 20-08049.

L.       "PREFERENCE PERIOD" means one year prior to March 16, 2018, the date on which DEBTOR filed its bankruptcy petition.

M.       "TRANSFERS" means any and all payments identified on Exhibit A to the First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential

Transfers; (3) Recovery of Avoided Transfers; (4) Objection To Claim No. 10067; Pursuant to

11 USC §§ 502, 544, 547, 548 and 550.

N.      "ANSWER" means DEFENDANT's Answer to First Amended Complaint and

Affirmative Defenses [Dkt. No. 23] filed in this adversary on or about June 9, 2021.

O.      PETITION DATE means March 16, 2018, the date the Debtors filed voluntary

petitions in bankruptcy.

P.      OBJECTTECH means Objecttech Holdings, LLC or any other related subsidiary

or business entity which it holds or owns a controlling share.

Q.      In responding to these Document Production Requests, YOU shall provide

DOCUMENTS that are known or available to YOU, YOUR attorneys, YOUR accountants, to

any of YOUR investigators, employees, agents, or other persons serving YOU or YOUR

attorneys.  Reasonable investigation is required of YOU to provide a complete response.  If, after

making such an investigation or having one made, YOU are still unable to fully respond, YOU

are required to respond to the extent possible, and, further, to explain what investigative steps

were undertaken, and how and why YOU are unable to provide a complete response.

R.      Throughout these Document Production Requests, the use of the masculine,

feminine or neuter is to be understood to include each of the others, where that is necessary to a

reasonable understanding of the Document Production Request.  Similarly, the use of the plural

is to be understood to include the singular, and vice versa.

S.      If YOU contend that any DOCUMENT called for by any of these Document

Production Requests is privileged, in whole or in part, or if YOU otherwise object to any part of

any Document Production Request, state the reasons for each objection, claim of privilege and/or

ground for refusal to produce, and identify each person having knowledge of the factual basis, if

any, on which each objection, claim of privilege and/or other ground(s) for refusal to produce is asserted.

T.      If any DOCUMENTS requested herein have been lost or destroyed, the DOCUMENTS so lost or destroyed shall be identified by author, date, and subject matter. In addition, the date of disposal, the manner of disposal, the reason for disposal, the PERSON authorizing disposal, and the PERSON disposing of the DOCUMENTS shall be identified.

U.      All DOCUMENTS produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph of this request to which they are primarily responsive.

V.      These Document Production Requests are of a continuing nature. If YOU acquire additional DOCUMENTS responsive to these Document Production Requests after the service of YOUR responses thereto, YOU shall promptly furnish such DOCUMENTS to the undersigned attorneys.

## DOCUMENT PRODUCTION REQUESTS

**DOCUMENT REQUEST NO. 1:**

If YOU contend that the DEBTOR'S assets had a value higher than the amount listed on the DEBTOR'S schedules, please produce all DOCUMENTS to support such claim.

**DOCUMENT REQUEST NO. 2:**

If YOU contend that the DEBTOR'S liabilities were less than those listed on the DEBTOR'S schedules, please produce all DOCUMENTS to support such claim.

**DOCUMENT REQUEST NO. 3:**

All DOCUMENTS which support, form the basis of or document any service or product

owed by YOU as evidenced in proof of claim number 10067 filed in Case Number 18-71753.

**DOCUMENT REQUEST NO. 4:**

All DOCUMENTS YOU contend evidence that the DEBTOR was solvent at any time from January 1, 2016 to the PETITION DATE.

**DOCUMENT REQUEST NO. 5:**

Any and all DOCUMENTS that memorialize or record any COMMUNICATIONS between DEFENDANTS and DEBTOR, or any executive or employee, from January 2016 to the PETITION DATE CONCERNING debts owed to the DEFENDANTS.

**DOCUMENT REQUEST NO. 6:**

Any and all DOCUMENTS that constitute, relate, or refer in any way to the product or services rendered by DEFENDANTS for which the payments identified on Exhibit "A" attached to the COMPLAINT in this ACTION were received.

**DOCUMENT REQUEST NO. 7:**

Any and all DOCUMENTS memorializing the receipt of any payments between DEFENDANTS and DEBTOR from July 1, 2015 to the PETITION DATE.

**DOCUMENT REQUEST NO. 8:**

Any and all account DOCUMENTS which reflect account reconciliations generated by YOU for TRANSFERS with DEBTOR from July 1, 2016 to the PETITION DATE.

**DOCUMENT REQUEST NO. 9:**

Any and all DOCUMENTS, which YOU forwarded to DEBTOR regarding payment to collect any debt or sum from January 1, 2015 to the PETITION DATE.

**DOCUMENT REQUEST NO. 10:**

All DOCUMENTS reflecting or memorializing any communication(s) between

DEFENDANTS in 2016, 2017, or 2018 memorializing or referencing the status of any debt or payment from the DEBTOR.

**DOCUMENT REQUEST NO. 11:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the First Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 12:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Second Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 13:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Third Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 14:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Fourth Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 15:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Fifth Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 16:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Sixth Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 17:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Seventh Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 18:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Eighth Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 19:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Ninth Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 20:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Tenth Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 21:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Eleventh Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 22:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Twelfth Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 23:**

Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Thirteenth Affirmative Defense asserted within the ANSWER.

**DOCUMENT REQUEST NO. 24:**

Any and all DOCUMENTS, which memorialize any COMMUNICATION between Defendants and Paul Parmar from January 1, 2016 to the PETITION DATE.

**DOCUMENT REQUEST NO. 25:**

Any and all DOCUMENTS, which YOU forwarded to DEBTOR evidencing the

operations of OBJECTTECH from January 1, 2015 to the PETITION DATE.

**DOCUMENT REQUEST NO. 26:**

Any and all DOCUMENTS, which YOU forwarded to DEBTOR evidencing the

valuation of OBJECTTECH.

**DOCUMENT REQUEST NO. 27:**

Any and all DOCUMENTS, which memorialize, identify or otherwise constitute the

corporate documents governing the formation and/or governance of OBJECTTECH.

**DOCUMENT REQUEST NO. 28:**

ALL invoices issued by YOU to the DEBTOR from January 1, 2016 to the PETITION

DATE.

**DOCUMENT REQUEST NO. 29:**

Any and all COMMUNICATIONS between YOU and Paul Parmar from January 1,

2015, to the PETITION DATE.

**DOCUMENT REQUEST NO. 30:**

For any new value YOU contend was provided to the DEBTOR in the PREFERENCE

PERIOD, please produce any and all supporting DOCUMENTS for the services or product upon

which the services were rendered, including all bills, invoices, work sheets, correspondence and

memorialization of when product shipped or services rendered.

**DOCUMENT REQUEST NO. 31:**

Any and all DOCUMENTS that constitute the Federal and/or State tax records of

OBJECTTECH from January 1, 2015 to the January 1, 2019.

**DOCUMENT REQUEST NO. 32:**

Any and all COMMUNICATIONS between YOU and Sotirios Zaharis, a/k/a Sam Zaharis, from January 1, 2015, to the PETITION DATE.

**DOCUMENT REQUEST NO. 33:**

Any and all DOCUMENTS which support any services rendered by YOU for non-debtor Orion Health Corp. from January 1, 2015 to the PETITION DATE.

**DOCUMENT REQUEST NO. 34:**

Any and all DOCUMENTS, which memorialize any COMMUNICATION between YOU and Sage Group from January 1, 2015 to the PETITION DATE.

**DOCUMENT REQUEST NO. 35:**

Any and all DOCUMENTS that constitute the Federal and/or State tax records, including schedules, of AllRad Direct from January 1, 2015 to the January 1, 2019.

**DOCUMENT REQUEST NO. 36:**

Any and all DOCUMENTS, which memorialize any COMMUNICATION between YOU and Ravi Chivukula from January 1, 2015, to the PETITION DATE.

**DOCUMENT REQUEST NO. 37:**

Any and all DOCUMENTS, which reflect the ownership and formation of Orion Health Corp.

**DOCUMENT REQUEST NO. 38:**

Any and all DOCUMENTS that constitute the Federal and/or State tax records of Orion

Health Corp. from January 1, 2015 to the January 1, 2019.

Dated: August 4, 2020

_____
Ilan D. Scharf, Esquire
Jeffrey P. Nolan, Esquire (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:     (212) 561-7700
Facsimile:     (212) 561-7777

*Counsel for the Plaintiff,*
*Howard M. Ehrenberg in his capacity*
*as Liquidating Trustee of Orion Healthcorp, Inc., et al.*

## **PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               )
COUNTY OF LOS ANGELES          )

      I, Rolanda Mori, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100.

      On <u>August 4, 2021</u>, I caused to be served the **PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, ARVIND WALIA, SET ONE** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

Sanford P. Rosen
Paris Gyparakis
**ROSEN & ASSOCIATES, P.C.**
747 Third Avenue
New York, NY 10017-2803

☑   (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☐   (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐   (BY OVERNIGHT DELIVERY) By sending by           to the addressee(s) as indicated on the attached list.

      I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

      Executed on <u>August 4, 2021</u>, at Los Angeles, California.

_____
                Rolanda Mori

DOCS_LA:339145.1 65004/003