# EXHIBIT 3

*CONFIDENTIAL*
*ATTORNEY-CLIENT PRIVILEGE*
*ATTORNEY WORK PRODUCT*

**ROSEN & ASSOCIATES, P.C.**
*Counsel to Arvind Walia and*
  *Niknim Management Inc.*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>  Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>  Plaintiff,<br>v.<br><br>ARVIND WALIA, NIKNIM MANAGEMENT INC.,<br><br>  Defendants. | Adv. Proc. No. 20-08049 (AST) |

**DEFENDANTS' FIRST SET OF RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Arvind Walia ("**Defendant**"), through his counsel, Rosen & Associates, P.C., as and for his first set of responses and objections (the "**Responses**") to *Plaintiff's Request for Production of Documents Propounded to Defendant, Arvind Walia, Set One* (the "**Document Request**"), propounded by Howard M. Ehrenberg, in his capacity as liquidating trustee of the estates of Orion HealthCorp, Inc., et al. ("**Plaintiff**"), respectfully represents as follows:

Exhibit 0030

## RESERVATION OF RIGHTS

A.     Defendant expressly reserves all rights to supplement, amend, or correct any of the responses and objections herein, as well as all rights to object to the admissibility of any part of any document produced in response to any request or information contained in any such document into this proceeding on the grounds of competency, relevancy, materiality, privilege, hearsay or any other proper ground, to the use of any such information for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action and/or proceeding.

B.     Any document subject to any privilege that is inadvertently produced shall not constitute or be deemed to constitute a waiver of such privilege and Defendant reserves all rights to demand the return of any inadvertently produced documents.

C.     In the following objections and responses, a statement that Defendant "will produce," means that, subject to any applicable General Objections (defined herein), Defendant will conduct a reasonable search for reasonably accessible documents in his possession, custody and control, if any, and will produce such non-privileged documents as may be found. Such statement shall not be deemed or construed as a representation that any such documents exist or do not exist, are or are not reasonably accessible or in Defendant's possession, custody and control, that Defendant performed any of the acts described in the request, or that Defendant acquiesces in the characterization of the conduct or activities contained in the request, or definitions and/or instructions applicable to such request.

## GENERAL OBJECTIONS

The following general objections (the "**General Objections**") apply to the Document Request and should be understood and read as applicable to each enumerated

request for production of documents contained therein (collectively, the "**Requests**," and individually, a "**Request**"):

  D. Defendant objects to each Request insofar as it seeks discovery of information or documents that are not in Defendant's possession, custody or control, or are already in Plaintiff's possession, custody or control or which is equally or more available to Plaintiff through public sources or records or sources other than Defendant.

  E. Defendant objects to each Request insofar as it seeks disclosure of information or documents which are protected by any applicable privilege, including, without limitation, the attorney-client privilege and/or are otherwise protected from disclosure.

  F. Defendant objects to each Request insofar as it seeks disclosure of information or documents that contain attorney work-product.

  G. Defendant objects to each Request insofar as it seeks disclosure of information or documents prepared in anticipation of litigation or that contain the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

  H. Defendant objects to each Request insofar as it seeks documents related to experts.

  I. Defendant objects to each Request insofar as it seeks documents or information that may be protected from disclosure by a confidentiality agreement, protective order or similar document.

  J. Defendant objects to each Request to the extent such request is overly broad, unduly burdensome and disproportionate to the needs of the case.

K. Defendant objects to each Request insofar as it seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, will cause Defendant to incur unnecessary and unreasonable expense and/or do not set forth individual items or categories with reasonable particularity.

L. Defendant objects to each Request insofar as it seeks disclosure of information or documents that are irrelevant, immaterial or not reasonably calculated to lead to discovery of admissible evidence.

M. Defendant objects to each Request insofar as it seeks documents from non-parties.

N. Defendant objects to each Request insofar as it contains no limitation on the time period for which responsive information or documents are sought and/or contains a time period that is inordinately long as unduly burdensome, vague and/or ambiguous or not material and necessary in the prosecution or defense of this action.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** *If YOU contend that the DEBTOR'S assets had a value higher than the amount listed on the DEBTOR'S schedules, please produce all DOCUMENTS to support such claim.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK000001—AWNK003017.

**REQUEST FOR PRODUCTION NO. 2:** *If YOU contend that the DEBTOR'S liabilities were less than those listed on the DEBTOR'S schedules, please produce all DOCUMENTS to support such claim.*

>RESPONSE: *See* annexed document production bearing bates-numbers AWNK000001—AWNK003017 and AWNK003317—AWNK003392.

**REQUEST FOR PRODUCTION NO. 3:** *All DOCUMENTS which support, form the basis of or document any service or product owed by YOU as evidenced in proof of claim number 10067 filed in Case Number 18-71753.*

>RESPONSE: Subject to and without waiving any of the General Objections set forth herein, Defendant will produce any non-privileged documents responsive to this Request that is in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:** *All DOCUMENTS YOU contend evidence that the DEBTOR was solvent at any time from January 1, 2017 to the PETITION DATE.*

>RESPONSE: Subject to and without waiving any of the General Objections set forth herein, Defendant will produce any non-privileged documents responsive to this Request that is in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5:** *Any and all DOCUMENTS that memorialize or record any COMMUNICATIONS between DEFENDANTS and DEBTOR, or any executive or employee, from January 2016 to the PETITION DATE CONCERNING debts owed to the DEFENDANTS.*

>RESPONSE: *See* annexed document production bearing bates-numbers AWNK003036 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 6:** *Any and all DOCUMENTS that constitute, relate, or refer in any way to the product or services rendered by DEFENDANT for which the payments identified on Exhibit "A" attached to the COMPLAINT in this ACTION were received.*

> RESPONSE: Defendant objects to this Request to the extent it implies a legal conclusion that the payments identified on Exhibit "A" of the Complaint were received.
>
> *See* annexed document production bearing bates-numbers AWNK003019—AWNK003036, AWNK003210—AWNK003225, ARNK003316 and AWNK003317—AWNK003392.

**REQUEST FOR PRODUCTION NO. 7:** *Any and all DOCUMENTS memorializing the receipt of any TRANSFERS between DEFENDANT and DEBTOR from July 1, 2015 to the PETITION DATE.*

> RESPONSE: Defendant objects to this Request to the extent it implies a legal conclusion that the payments identified on Exhibit "A" of the Complaint were received.
>
> *See* annexed document production bearing bates-numbers AWNK003036 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 8:** *Any and all account DOCUMENTS which reflect account reconciliations generated by DEFENDANT for TRANSFERS with DEBTOR from July 1, 2016 to the PETITION DATE.*

> RESPONSE: Defendant objects to this Request to the extent it implies a legal conclusion that the payments identified on Exhibit "A" of the Complaint were received.
>
> *See* annexed document production bearing bates-numbers AWNK003010—AWNK003017, AWNK003036 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 9:** *Any and all DOCUMENTS, which YOU forwarded to DEBTOR regarding payment to collect any debt or sum from January 1, 2016 to the PETITION DATE.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003010—AWNK003017, AWNK003036 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 10:** *All DOCUMENTS reflecting or memorializing any communication(s) between DEFENDANTS in 2017 or 2018 memorializing or referencing the status of the DEBTOR'S payments.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003010—AWNK003017, AWNK003036 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 11:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the First Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Subject to and without waiving any of the General Objections set forth herein, Defendant will produce any non-privileged documents responsive to this Request that is in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 12:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Second Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Subject to and without waiving any of the General Objections set forth herein, Defendant will produce any non-privileged documents responsive to this Request that is in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 13:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Third Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Subject to and without waiving any of the General Objections set forth herein, Defendant will produce any non-privileged documents responsive to this Request that is in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 14:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Fourth Affirmative Defense asserted within the ANSWER.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003019—AWNK003036, AWNK003210—AWNK003225 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 15:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Fifth Affirmative Defense asserted within the ANSWER.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003019—AWNK003036, AWNK003210—AWNK003225 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 16:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Sixth Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 17:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Seventh Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 18:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Eighth Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 19:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Ninth Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 20:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Tenth Affirmative Defense asserted within the ANSWER.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003019—AWNK003036, AWNK003210—AWNK003225 and ARNK003316. Subject to and without waiving any of the General Objections set forth herein, Defendant will produce any additional non-privileged documents responsive to this Request that is in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 21:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Eleventh Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 22:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Twelfth Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 23:** *Any and all DOCUMENTS, which memorialize, identify or otherwise support YOUR contentions within the Thirteenth Affirmative Defense asserted within the ANSWER.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 24:** *Any and all DOCUMENTS, which memorialize any COMMUNICATION between YOU and Paul Parmar from January 1, 2016 to the PETITION DATE.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 25:** *Any and all DOCUMENTS, which YOU forwarded to DEBTOR evidencing the operations of OBJECTTECH from January 1, 2015 to the PETITION DATE.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK002789—ARNK003316.

**REQUEST FOR PRODUCTION NO. 26:** *Any and all DOCUMENTS, which YOU forwarded to DEBTOR evidencing the valuation of OBJECTTECH.*

> RESPONSE: Defendant objects to this Request in its entirety as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to discovery of admissible evidence.
>
> the discovery of relevant, admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:** *Any and all DOCUMENTS, which memorialize, identify or otherwise constitute the corporate documents governing the formation and/or governance of OBJECTTECH.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003019—AWNK003036, AWNK003210—AWNK003225 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 28:** *ALL invoices issued by YOU to the DEBTOR from January 1, 2016 to the PETITION DATE.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003036 & ARNK003316.

**REQUEST FOR PRODUCTION NO. 29:** *Any and all DOCUMENTS which YOU contend memorialize the terms for payment of product or services rendered by YOU to the DEBTOR in 2016 and/or 2017, including any contract or master agreement.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003019—AWNK003036, AWNK003210—AWNK003225 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 30:** *For any new value YOU contend was provided to the DEBTOR in the PREFERENCE PERIOD, please produce any and all supporting DOCUMENTS for the services or product upon which the services were rendered, including all bills, invoices, work sheets, correspondence and memorialization of when product shipped or services rendered.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 31:** *Any and all DOCUMENTS that constitute the Federal and/or State tax records of OBJECTTECH from January 1, 2015 to the January 1, 2019.*

> RESPONSE: Defendant objects to this Request in its entirety as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to discovery of admissible evidence.
>
> the discovery of relevant, admissible evidence.

**REQUEST FOR PRODUCTION NO. 32:** *For any of the TRANSFERS that you contend are not avoidable by the Debtor by virtue of the ordinary course defense of 11 U.S.C. section 547(c)(2), please produce all DOCUMENTS that YOU contend supports the defense.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK003019—AWNK003036, AWNK003210—AWNK003225 and ARNK003316.

**REQUEST FOR PRODUCTION NO. 33:** *Any and all DOCUMENTS which support any services rendered by YOU for non-debtor Orion Health Corp.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 34:** *Any and all DOCUMENTS, which memorialize any COMMUNICATION between YOU and Sage Group regarding AllRad Direct.*

> RESPONSE: Defendant does not have possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 35:** *Any and all DOCUMENTS that constitute the Federal and/or State tax records of AllRad Direct from January 1, 2015 to the January 1, 2019.*

**REQUEST FOR PRODUCTION NO. 36:** *Any and all DOCUMENTS, which memorialize any COMMUNICATION between YOU and Ted Brindamour from January 1, 2016 to the PETITION DATE.*

> RESPONSE: *See* annexed document production bearing bates-numbers AWNK002789—ARNK003316.

Dated: New York, New York
      September 11, 2021

                        **ROSEN & ASSOCIATES, P.C.**
                        *Counsel to Arvind Wallia*

                        By: */s/ Sanford P. Rosen*
                              Sanford P. Rosen
                              Paris Gyparakis

                        747 Third Avenue
                        New York, NY 10017-2803
                        (212) 223-11001