# EXHIBIT 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC[1]. | : | Case No. 18-71748 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : | Adv. Pro. No. 20-08049 (AST) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | : | |
| | : | |
| Defendant. | : | |

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT INC.

The Court, having considered the *Motion for Summary Judgment, or in the Alternative Summary Adjudication as Against Defendants Arvind Walia and Niknim Management Inc.*, ("the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

**Motion**") [Docket No. \_\_] dated January \_\_, 2023 of Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., (the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendants Arvind Walia and Niknim Management Inc. (the "**Defendant**"); the accompanying *Joint Statement Of Uncontroverted Facts; Plaintiff's Statement Of Additional Uncontroverted Facts In Support Of Motion For Summary Judgment* [Docket No. \_\_]*; Affidavit Of Jeff Nolan In Support Of Plaintiff's Motion For Summary Judgment* [Docket No. \_\_]*; Affidavit Of Edith Wong In Support Of Plaintiff's Motion For Summary Judgment* [Docket No. \_\_]*; Request For Judicial Notice In Support Of Plaintiff's Motion For Summary* [Docket No. \_\_]; and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the relief requested in the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor as stated on the record at the Hearing to Issue Ruling on Plaintiff's Motion [Docket No. \_\_] (the "**Ruling Hearing**"); and upon sufficient cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted with respect to the Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276 as stated in particular on the record at the Ruling Hearing. The evidence indicates the $4,020,000.00 Transfer ("Transfer") was an interest of the Debtors in property made by the Debtors to Defendants with actual fraudulent intent to misstate the transactions and thereby place those funds beyond the reach of legitimate creditors of the Debtors.

2.	The Motion is granted with respect to the Plaintiff's Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, as against Defendants, as the Transfers of $4,020,000.00 to Defendants was not made in good faith or for fair consideration to the Debtors as stated in particular on the record of the Ruling Hearing.

3.	Judgment is issued in favor of Plaintiff against Defendants *Arvind Walia and Niknim Management Inc*. jointly and individually, in the total amount of $4,020,000.00, plus post judgment interest in accordance with the federal rate.

4.	The Bankruptcy Court retains jurisdiction to enforce and implement the respective terms and provisions of this judgment and any request for fees or costs.