UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC.[1], | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08049 (AST) |
| | [Filed Concurrently with Plaintiff's Response to Defendants' Separate Statement of Facts and Plaintiff's Additional Facts] |
| Plaintiff, | |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT, INC., | |
| Defendants. | |

**OPPOSITION TO MOTION OF DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT INC. FOR PARTIAL SUMMARY JUDGMENT DISMISSING <u>CLAIMS ASSERTED IN THE COMPLAINT UNDER 11 U.S.C. §544</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

**TABLE OF CONTENTS**

**Page**

I. SUMMARY OF ARGUMENT ON OPPOSITION ................................................................1

    A. THE COMPLAINT STATES FACTS MEMORIALIZING THE TRUSTEE'S POSITION FOR THE BENEFIT OF NUMEROUS UNSECURED CLAIMANTS AND THE EVIDENCE CONFIRMS THE EXISTENCE OF NUMEROUS LEGITIMATE UNSECURED CREDITORS ............................................................................................................2

II. CONCLUSION.....................................................................................................................7

# TABLE OF AUTHORITIES

**Page**

## Cases

*45 John Lofts, LLC v. Meridian Capital Grp., LLC* (*In re 45 John Lofts, LLC*)
　　599 B.R. 730 (Bankr. S.D.N.Y. 2019)..................................................................................4

*9281 Shore Rd. Owners Corp. v. Seminole Realty Corp. (In re 9281 Shore Rd. Owners Corp.)*
　　187 B.R. 837 (Bankr. E.D.N.Y. 1995)..................................................................................3

*Babitt v. Schwartz (In re Lollipop, Inc.)*
　　205 B.R. 682 (Bankr. E.D.N.Y., 1997)................................................................................3

*Geron v. Schulman* (*In re Manshul Constr. Corp*.)
　　2000 U.S. Dist. LEXIS 12576, 2000 WL 1228866, at *44 (S.D.N.Y. Aug. 30, 2000)...........5

*Global Crossing Estate Rep. v. Winnick*
　　2006 U.S. Dist. LEXIS 53785, 2006 WL 2212776, at *11 (S.D.N.Y. Aug. 3, 2006)..............4

*In re Leonard*
　　125 F.3d 543 (7th Cir. 1997) ................................................................................................3

*In re RCM Global Long Term Cap. Appreciation Fund, Ltd*.
　　200 B.R. 514 (Bankr. S.D.N.Y. 1996)..................................................................................5

*Leibowitz v. Parkway Bank & Trust Co. (In re Image Worldwide*)
　　139 F. 3d 574 (7th Cir. 1998) ................................................................................................4

*Mendelsohn v. Kovalchuk* (*In re* APCO *Merch. Servs*.),
　　585 B.R. 306 (Bankr. E.D.N.Y. 2018)..............................................................................4, 5

*Musicland Holding Corp. v. Best Buy Co*. (*In re Musicland Holding Corp.*)
　　398 B.R. 761 (Bankr. S.D.N.Y. 2008)..................................................................................4

*Picard v. Avellino (In re Bernard L. Madoff Inv. Sec. LLC*),
　　557 B.R. 89 (Bankr. S.D.N.Y. 2016)....................................................................................4

*Picard v. Estate of Chais* (*In re Bernard L. Madoff Inv. Sec. LLC*)
　　445 B.R. 206 (Bankr. S.D.N.Y. 2011)..................................................................................4

*Picard v. Madoff* (*In re Bernard L. Madoff Inv. Sec. LLC*)
　　458 B.R. 87 (Bankr. S.D.N.Y. 2011)....................................................................................4

*Smith v. George* (*In re RCK Modular Homes S*ys.)
　　402 B.R. 463 (Bankr. D. N.H. 2008) ...................................................................................5

*Young v. Paramount Communications. Inc. (In re Wingspread Corp.)*
　　178 B.R. 938 (Bankr. S.D.N.Y.)...........................................................................................3

**Statutes**

11 U.S.C. §544 ............................................................................................................................. 1, 3, 4

**Other Authorities**

N.Y. Debt & Cred. Law §273 ............................................................................................................ 3

N.Y. Debt. & Cred. Law §276 ........................................................................................................... 3

COMES NOW, Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.* (the "Plaintiff" or the "Liquidating Trustee"), for the estates of the above-captioned Debtors in opposition (the "Opposition") to *Motion of Defendants Arvind Walia and Niknim Management Inc.* (the "Defendants") (collectively Plaintiff and Defendants are the "Parties") *For Partial Summary Judgment Dismissing Claims Asserted in the Complaint Under 11 U.S.C. §544* (the "Motion") [Dkt. No. 51].[2]

## I.

## SUMMARY OF ARGUMENT ON OPPOSITION

1.  Neither the law, the facts, nor the equity of the circumstances support Defendants' Motion. Defendants Arvind Walia ("Walia") and his solely controlled company, NIKNIM Management, Inc., with the assistance of Paul Parmar ("Parmar"), absconded with millions of dollars of the Debtor's funds in 2016 and 2017 based off acquisition agreements intentionally designed to misrepresent the facts, acquire shell entities of no value and conceal kick-backs of funds to Parmar and Walia. In this chapter, Parmar required the cooperation of an accomplice to divert millions of dollars away from creditors, so he installed Walia as an Officer of Orion and CHT in 2015. Together, the two executives transferred millions of dollars out of the estate.

2.  The Trustee sets forth seventy-six (76) Undisputed Facts wherein Defendants admit Parmar and Walia misstated and concealed the true terms of the acquisitions and payments. (*See* Joint Statement of Undisputed Facts ("JSOF"), Dkt. No. 54). The underlying transactional documents confirm the Debtors received nothing in return for the payments. Similarly, the Debtors' books and records do not support either transfer as a payment of a legitimate corporate debt or record any consideration for the payments. During the time frame of

---

[2] Defined terms are given the same meaning as utilized in the Plaintiff's Motion for Summary Judgment (Docket No. 53 (hereinafter "Dkt. No. 53")).

2015-2017, numerous unsecured creditors existed who were not paid and were forced to sue the Debtors while the executives diverted $4,020,000 to the Defendants (the "<u>Transfers</u>").  The allegations of Plaintiff are supported by documents and evidence produced during discovery. Defendants admitted these facts during the course of discovery and stipulated to the facts for the purposes of summary judgment.

3. There is no cognizable defense to shield officers and/or insiders who divert monies of a debtor to one-another for no consideration while ignoring payment obligations to legitimate creditors.  Rather than file a motion to dismiss at the pleading stage, Defendants file a summary judgment motion at the close of discovery asserting a pleading standard to claim no triggering creditor is identified in the complaint.  Remarkably, Defendants do <u>not</u> dispute the existence of valid unsecured creditors, just that no creditor was identified by name in the First Amended Complaint ("<u>FAC</u>").  The Motion misstates the standard on a motion to dismiss.  A complaint is not required to identify a specific creditor but rather reference a fact pattern which establishes the existence of unsecured creditors.  The FAC adequately pleads facts supporting the existence of triggering creditors and identifies unsecured claimants who were recognized as having allowed unsecured claims in the bankruptcy case in excess of $100MM.  Framed as a motion for summary judgment, the Motion is without evidentiary support.  The evidence clearly establishes the existence of numerous unsatisfied judgment creditors, any of which can act as triggering creditors.  The creditors of the estate will benefit from any recovery in the present adversary.  Defendants' Motion is properly denied.

A. **THE COMPLAINT STATES FACTS MEMORIALIZING THE TRUSTEE'S POSITION FOR THE BENEFIT OF NUMEROUS UNSECURED CLAIMANTS AND THE EVIDENCE CONFIRMS THE EXISTENCE OF NUMEROUS LEGITIMATE UNSECURED CREDITORS**

4. Despite the fact the Trustee produced documents during discovery evidencing

numerous unsecured claimants who hold valid claims, and in fact held judgments, Defendants file in essence an untimely motion to dismiss. Defendants claim the Trustee's complaint is flawed as he must identify a single specific creditor by name in the FAC. The argument of law in the Motion is incorrect and procedurally flawed on summary judgment. Under Rule 56, on summary judgment, the question centers on "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Plaintiff has produced evidence during the course of discovery of the existence of multiple claimants, the legitimacy of their claims, and in fact Defendants stipulated to the existence of such predicate creditors. (*See* Plaintiff's JSOF, Dkt. No. 54, #23-24, 74-76)

5. Even at the motion to dismiss phase, Defendant's citation to the legal standard is erroneous. The Parties agree that pursuant to 11 U.S.C. §544(b), the Trustee may utilize state fraudulent conveyance law to avoid a transfer if there exists an actual unsecured creditor who could void the transfer under applicable law. *Babitt v. Schwartz (In re Lollipop, Inc.)*, 205 B.R. 682, 687 (Bankr. E.D.N.Y., 1997) citing to *Young v. Paramount Communications. Inc. (In re Wingspread Corp.)*, 178 B.R. 938, 945 (Bankr. S.D.N.Y.), aff'd, 186 Bankr. 803 (S.D.N.Y. 1995). To establish a predicate creditor, "the creditor need not have reduced his claim to a lien or judgment." *9281 Shore Rd. Owners Corp. v. Seminole Realty Corp. (In re 9281 Shore Rd. Owners Corp.),* 187 B.R. 837, 852 (Bankr. E.D.N.Y. 1995); N.Y. Debt. & Cred. Law §§273 and 276 are clearly applicable.

6. The existence of filed unsecured claims is sufficient to allow the Trustee to assume the position of any one of them. *See In re Leonard,* 125 F.3d 543, 544 (7th Cir. 1997).

The Motion cites to *Leibowitz v. Parkway Bank & Trust Co. (In re Image Worldwide)*, 139 F. 3d 574 (7th Cir. 1998) for the proposition the Trustee must name a single creditor in the complaint. (*See* Motion ¶41). However, in *In re Image Worldwide,* the court held that pursuant to the strong-arm provision of the Bankruptcy Code, 11 U.S.C. §544(b), "*the trustee need not identify the creditor, so long as the unsecured creditor exists*." *Id.* at 577. Similarly, in New York, at the motion to dismiss stage, the Trustee need not identify in the complaint a single unsecured claimant, but rather, must only plead facts from which it can be plausibly concluded there is at least one legitimate creditor of the estate. *Mendelsohn v. Kovalchuk* (*In re* APCO *Merch. Servs.*), 585 B.R. 306, fn. 11 (Bankr. E.D.N.Y. 2018). Plaintiff pled facts in the FAC wherein it cannot reasonably be disputed as to the existence of allowed unsecured claimants.

7. A plaintiff is not required in its complaint to identify a specific unsecured creditor holding an allowed claim. *45 John Lofts, LLC v. Meridian Capital Grp., LLC* (*In re 45 John Lofts, LLC*), 599 B.R. 730, 742 (Bankr. S.D.N.Y. 2019) citing to *Picard v. Avellino (In re Bernard L. Madoff Inv. Sec. LLC*), 557 B.R. 89, 120 (Bankr. S.D.N.Y. 2016) ("The Defendants' second challenge suggests that the Trustee must identify a specific unsecured creditor holding an allowed claim. The Defendants' position [is] contrary to the law of this District.") (citing *Global Crossing Estate Rep. v. Winnick*, 2006 U.S. Dist. LEXIS 53785, 2006 WL 2212776, at *11 (S.D.N.Y. Aug. 3, 2006); *Picard v. Madoff* (*In re Bernard L. Madoff Inv. Sec. LLC*), 458 B.R. 87, 109 (Bankr. S.D.N.Y. 2011); *Picard v. Estate of Chais* (*In re Bernard L. Madoff Inv. Sec. LLC*), 445 B.R. 206, 234 (Bankr. S.D.N.Y. 2011); *Musicland Holding Corp. v. Best Buy Co.* (*In re Musicland Holding Corp.*), 398 B.R. 761, 780 (Bankr. S.D.N.Y. 2008); *In re RCM Global*

*Long Term Cap. Appreciation Fund, Ltd*., 200 B.R. 514, 523-24 (Bankr. S.D.N.Y. 1996)). Indeed, there is ample authority to suggest that consideration of the qualifying creditor question be left until motions for summary judgment, if not later. *Id*. at 743.  *See Geron v. Schulman* (*In re Manshul Constr. Corp*.), 2000 U.S. Dist. LEXIS 12576, 2000 WL 1228866, at *44 (S.D.N.Y. Aug. 30, 2000) (considering the existence of qualifying creditors post-trial); *In re APCO*, 585 B.R. at 315 (same); *Smith v. George* (*In re RCK Modular Homes S*ys.), 402 B.R. 463, 469-70 (Bankr. D. N.H. 2008) (considering the existence of qualifying creditors on a motion for summary judgment).

8. The FAC alleges Plaintiff is the Liquidating Trustee under the Liquidation Trust Agreement created according to the Plan in the bankruptcy case. (FAC, ¶¶1, 5, Dkt No. 22). The Liquidation Trust was created specifically to make distributions to Allowed Claims and Allowed Interests (FAC, ¶5, Dkt No. 22) and pursue causes of action for their benefit (Complaint ¶6, Dkt No. 22).  Section 4.1(e) of the Plan confirmed the existence of General Unsecured Claims which specifically included allowed secured lender deficiency claims in the amount of $108,287,223. (*See* RJN, Ex. 1, p. 3).  It is clear that not only general unsecured creditors exist as identified, but that such claims are allowed.  Monies recovered by the Trustee will inure to their benefit and in fact a distribution has already been made.  Defendants' claim that the Adversary Action is being prosecuted apparently to benefit equity holders such as Parmar is curious.

9. During the course of discovery in August 2021, the Trustee produced documents to Defendants evidencing various judgment creditors who the Trustee had the right to prosecute the Adversary Action for their benefit.  The Trustee produced to Defendants the Final Judgment

of unsecured creditors Jack McBride and Alan Nottingham dated December 16, 2015, the Abstract of Judgment and the filed proof of claim in the Debtors' bankruptcy case. (*See* Plaintiff's Additional Statement of Fact ("<u>ASOF</u>"), #24). The Trustee produced Schedule 10, Summary of Legal Actions against the Debtors, which identified thirteen (13) separate lawsuits filed against the Debtors. (*See* Plaintiff's ASOF, #25) As part of the meet and confer process and the filing of the Plaintiff's Motion for Summary Judgment, it was not disputed that the creditor Criterion, LLC's litigation resulted in a valid judgment against various Debtors including CHT. (*See* JSOF, Dkt. No. 54, ##74-76) It was not disputed that the litigation by the creditor Cockerell Dermatopathology was pending and stayed by the Debtors following the filing of the Petition. (*See* JSOF, Dkt. No. 54, ##71, 72) Each of the judgments against the Debtors were unsatisfied as of the Petition Date. (*See* JSOF, Dkt. No.54, ##72, 73, 76). The facts are not in dispute that numerous unsecured claimants exist to act as a triggering creditor for the Adversary Proceeding and that Defendants' Motion is divorced from reality.

10.    Lastly, during the course of discovery the Trustee produced to Defendants the January 30, 2017 Credit Agreement which was executed by all of the Debtors as part of the Go-Private Transaction. (*See* Plaintiff's ASOF, #26). As part of the meet and confer process and the filing of the Plaintiff's Motion For Summary Judgment, it was not disputed by Defendants that the Credit Agreement with BOFA was between BOFA and all the Debtors as secured by all of the Debtors' assets. (JSOF, Dkt. No. 54, ##23, 24) It cannot be reasonably disputed that BOFA is yet another valid creditor.

## II.

## **CONCLUSION**

11. The Trustee has identified creditors and produced the documents to support the legitimacy of the claims. Any monies recovered will inure to the benefit of unsecured creditors as opposed to equity holders such as Parmar & Company. The Motion filed by Defendants is properly denied.

Dated: February 22, 2023

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Jeffrey P. Nolan*
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777

Counsel for Plaintiff, Howard M. Ehrenberg in his capacity as the Liquidating Trustee of Orion Healthcorp, Inc., *et al.*