and (vi) pay Professional Fees of professionals retained in the Chapter 11 Cases which are Allowed pursuant to any order of the Bankruptcy Court, whether such Professional Fees were incurred before or after the Effective Date. Other rights and duties of the Liquidating Trustee shall be set forth in the Liquidating Trust Agreement.

      c.     ***Compensation of Liquidating Trustee.*** The Liquidating Trustee shall be reasonably compensated out of the Liquidating Trust for his services and reimbursed out of the Liquidating Trust for his reasonable expenses in accordance with the compensation schedule attached the Liquidating Trust Agreement as Exhibit B.

      d.     ***Appointment of Liquidating Trust Oversight Board.*** On the Effective Date, an oversight committee comprised of seven (7) members– five (5) of whom shall be designated by the Secured Lenders and two (2) of whom shall be designated by the Committee – shall be appointed (the "***Liquidating Trust Oversight Board***"). The Liquidating Trustee shall consult with the Liquidating Trust Oversight Board with respect to, among other matters described in the Liquidating Trust Agreement, (i) settlements of any Cause of Action over Two Hundred and Fifty Thousand Dollars ($250,000.00), (ii) commencement or abandonment of any litigation or other Asset on behalf of the Liquidating Trust, and (iii) the retention or termination of any Liquidating Trust Professional. The Liquidating Trust Oversight Board shall have such other rights and obligations as set forth in the Liquidating Trust Agreement.

      e.     ***Treatment.*** It is intended that the Liquidating Trust be classified for federal income tax purposes as a "liquidating trust" within the meaning of Treasury Regulations Section 301.7701-4(d) and as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue Code, with no objective to continue or engage in the conduct of a trade or business. In furtherance of this objective, the Liquidating Trustee shall, in his business judgment, make continuing best efforts not to prolong unduly the duration of the Liquidating Trust. All Liquidating Trust Assets on the Effective Date shall be deemed for federal income tax purposes (i) to have been distributed (subject to any obligations relating to such assets) by the Debtors to the Beneficiaries (other than the Liquidating Trusts Assets allocable to the Liquidating Trust Reserve and any reserves created with respect to any Disputed Claims) in partial satisfaction of Allowed Claims and (ii) immediately thereafter contributed by such Beneficiaries to the Liquidating Trust in exchange for their respective beneficial interests. The Beneficiaries will be treated as the deemed owners of the Liquidating Trust (other than the assets allocable to any Liquidating Trust Reserve and any reserves created with respect to Disputed Claims). The Liquidating Trust will be responsible for filing information on behalf of the Liquidating Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a).

      Subject to contrary definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee may (i) timely elect to treat any disputed claims reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B9 and (ii) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes. All parties (including the Liquidating Trustee, the Debtors and the Beneficiaries) shall report for U.S. federal, state and local income tax purposes consistently with the foregoing.

EHREN-WALIA 003437

The Liquidating Trustee may withhold and pay to the appropriate taxing authority all amounts required to be withheld pursuant to the Internal Revenue Code or any provision of any foreign, state or local tax law with respect to any payment or distribution to the Beneficiaries. All such amounts withheld and paid to the appropriate taxing authority shall be treated as amounts distributed to such Beneficiaries for all purposes of the Liquidating Trust Agreement. The Liquidating Trustee shall be authorized to collect such tax information from the Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) and forms (including without limitation IRS Form W-8 and IRS Form W-9) as he, in his sole discretion, reasonably deems necessary to effectuate the Plan, the Confirmation Order and the Liquidating Trust Agreement in accordance with the tax laws of the United States and any state, commonwealth or territory thereof (any such information or forms, "***Beneficiary Tax Information***"). In order to receive Distributions under the Plan, all Beneficiaries shall identify themselves to the Liquidating Trustee and provide tax information and the specifics of their holdings, to the extent the Liquidating Trustee reasonably deems appropriate in his sole discretion. The Liquidating Trustee may refuse to make a Distribution to any Beneficiary that fails to furnish such information within sixty (60) days of any request therefor by the Liquidating Trustee, until such information is delivered; *provided, however*, that, upon the delivery of such information by a Beneficiary, the Liquidating Trustee shall make such Distribution to which the Beneficiary is entitled, without interest; and, provided, further, that, if the Liquidating Trustee fails to withhold in respect of amounts received or distributable with respect to any such Beneficiary and the Liquidating Trustee is later held liable for the amount of such withholding, such Beneficiary shall reimburse the Liquidating Trustee for such liability. The Liquidating Trustee shall reserve all Distributions due to any Beneficiary that does not timely provide Beneficiary Tax Information (any such Distribution collectively, the "***Beneficiary Tax Reserve***") until the earlier of (a) such time that the Beneficiary provides the Beneficiary Tax Information and (b) the final Distribution Record Date. Any Beneficiary that does not timely provide Beneficiary Tax Information to the Liquidating Trustee as of the final Distribution Record Date shall not be entitled to receive any Distributions from the Liquidating Trust. Any funds that remain in the Beneficiary Tax Reserve as of the final Distribution Record Date shall be distributed Pro Rata to the Beneficiaries of the Liquidating Trust in accordance with the terms of the Liquidating Trust Agreement.

The Liquidating Trust shall be responsible for filing all federal, state, and local tax returns for the Debtors and the Liquidating Trust. The Liquidating Trust shall comply with all withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions made by the Liquidating Trust shall be subject to any such withholding and reporting requirements.

   f. ***Liquidating Trust Assets***. On the Effective Date, pursuant to section 1123(b)(3) of the Bankruptcy Code and by operation of the Plan, the Liquidating Trust Assets shall be transferred by the Debtors (and deemed transferred) to the Liquidating Trust, free and clear of all Claims, Liens, charges, encumbrances, rights, and interests, without the need for any Person to take any further action or obtain any approval. On the Effective Date, and by operation of the Plan and in furtherance of the Standing Motion Settlement embodied in the Plan, in the event that each of the Holders of the Allowed Secured Lender Claim in Class 3 has voted to approve the Plan, each Secured Lender shall be deemed to have assigned, without recourse, representation or warranty, to the Liquidating Trust, free and clear of all Claims, Liens, charges, encumbrances, rights and interests, any and all Causes of Action they may have against any Person

EHREN-WALIA 003438

who is not a Debtor, related directly or indirectly to the Debtors and their Estates, whether arising before or after the Petition Date, which assigned Causes of Action shall be deemed Assigned Causes of Action without the need for any Person to take any further action or obtain any approval. The Assigned Causes of Action shall exclude any action released or settled by the Debtors (or other Releasing Parties) pursuant to this Plan or an order of the Bankruptcy Court.

The Liquidating Trust may pursue any Assigned Causes of Action in accordance with the best interests of the Liquidating Trust. **No Person may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against them as any indication that the Liquidating Trust will not pursue any and all available Causes of Action.** The Plan expressly reserves for the Liquidating Trust all rights to prosecute any and all Assigned Causes of Action against any Person, except as otherwise provided in the Plan. Unless any Assigned Causes of Action against any Person are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Bankruptcy Court, the Liquidating Trust expressly reserves all Assigned Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Assigned Causes of Action upon, after, or as a consequence of confirmation or consummation of the Plan.

g.    *Claims Reconciliation Process.*  From and after the Effective Date, the Liquidating Trust shall be solely responsible for objecting to Claims which are not otherwise Allowed, for all related aspects of the claims reconciliation process, and for the payment of all costs and expenses incurred by the Liquidating Trust in connection with such process.

h.    *Preservation of Right to Conduct Investigations.*  Any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 held by the Debtors or the Committee prior to the Effective Date shall vest with the Liquidating Trust upon the Effective Date and shall continue in effect until dissolution or termination of the Liquidating Trust.

i.    *Preservation of Privilege and Defenses.*  No action taken by the Debtors in connection with this Plan shall be (or be deemed to be) a waiver of any privilege or immunity of the Debtors, as applicable, including any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral). The Confirmation Order shall provide that notwithstanding the Debtors providing any privileged information to the Liquidating Trustee, the Liquidating Trust, or any party or Person associated with the Liquidating Trust, such privileged information shall be without waiver in recognition of the joint and/or successorship interest in prosecuting any Claim or Cause of Action on behalf of the Estates and shall remain privileged.

j.    *Indemnification and Exculpation.*  The Liquidating Trustee, the Liquidating Trust Professionals, the Liquidating Trust Oversight Board, the members of the Liquidating Trust Oversight Board and any professionals retained by the Liquidating Trust Oversight Board or its members, shall not be liable for actions taken or omitted in such capacities, except those acts arising out of its or their own willful misconduct or gross negligence, and each shall be entitled to indemnification and reimbursement by the Liquidating Trust for fees and expenses in defending any and all of its actions or inactions in such capacities, except for any

31

EHREN-WALIA 003439

actions or inactions involving willful misconduct or gross negligence. Any indemnification claim of the Liquidating Trustee (and any other parties entitled to indemnification under this subsection) shall be satisfied first from the Liquidating Trust Reserve and, then, to the extent the Liquidating Trust Reserve is exhausted, from the Liquidating Trust Distributable Cash.

            k.     ***Liquidating Trust Agreement Controlling***. In the event of any conflict between this summary or any other provision of the Plan and the Liquidating Trust Agreement, then the terms and provisions of the Liquidating Trust Agreement shall control. In the event of any conflict between the Confirmation Order and the Liquidating Trust Agreement, then the terms of the Confirmation Order shall control. These descriptions of the Liquidating Trust and the scope and terms of the Liquidating Trust Agreement are qualified in their entirety by reference to the specific terms and conditions of the Liquidating Trust Agreement.

         6.4     ***The Shell Debtors***. The Debtors' equity interests in NEMS Acquisition, Physician Practice Plus Holdings, NYNM Acquisition, Northstar FHA, Phoenix Health, MDRX and Vega Medical Professionals (collectively, the "***Shell Debtors***") shall be retained and transferred to the Liquidating Trust.

## SECTION 7.   DISTRIBUTIONS

         7.1     ***Distribution Record Date***. As of the close of business on the Distribution Record Date, the various transfer registers for each of the Classes of Claims or Interests as maintained by the Debtors or their agents shall be deemed closed, and there shall be no further changes in the record Holders of any of the Claims or Interests, except for death and by operation of law. The Liquidating Trustee shall have no obligation to recognize any ownership transfer of the Claims or Interests occurring after the Distribution Record Date unless specifically notified in writing of a transfer by death or by operation of law. The Debtors, the Liquidating Trustee, or any party responsible for making Distributions shall be entitled to recognize and deal for all purposes hereunder only with those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date, to the extent applicable.

         7.2     ***Date of Distributions***. Except as otherwise provided in this Plan, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim is not an Allowed Claim on the Effective Date, on the date that such a Claim becomes an Allowed Claim or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim against the Debtors shall receive the full amount of the Distributions that this Plan provides for Allowed Claims in the applicable Class and in the manner provided herein. Distributions made after the Effective Date to Holders of Allowed Claims (other than Distributions to Holders of the Allowed Secured Lender Claim) shall be deemed to have been made on the Effective Date and, except as otherwise provided in this Plan, no interest shall accrue or be payable with respect to such Claims or any Distribution related thereto. In the event that any payment or act under this Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date. If and to the extent that there are Disputed Claims, Distributions on account of any such Disputed Claims shall be made pursuant to the provisions set forth in this Plan. Except as otherwise provided in this Plan, Holders of Claims

EHREN-WALIA 003440

shall not be entitled to interest, dividends or accruals on the Distributions provided for herein, regardless of whether such Distributions are delivered on or at any time after the Effective Date.

7.3    ***Disbursing Agent***.    Except as otherwise provided in this Plan, all Distributions under this Plan shall be made by the Debtors or Liquidating Trustee as disbursing agent or such other Person designated by the Liquidating Trustee as a disbursing agent on the Effective Date (the "***Disbursing Agent***").

7.4    ***Rights and Powers of Disbursing Agent***.    The Disbursing Agent shall be empowered to: (a) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under this Plan; (b) make all Distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to this Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions of this Plan.

7.5    ***Delivery of Distributions in General***.    Except as otherwise provided in this Plan, Distributions to Holders of Allowed Claims shall be made to Holders of record as of the Distribution Record Date by the Disbursing Agent.  Distributions to Holders of Allowed Claims will be made at the address of each such Holder as set forth in the Debtors' books and records, except that, in the case of Holders of the Allowed Secured Lender Claim and Allowed Secured Lender Deficiency Claim, the Administrative Agent shall be deemed to be the Holder of the Allowed Secured Lender Claim and Allowed Secured Lender Deficiency Claim, for purposes of Distributions to be made hereunder, and all Distributions on account of such Claims shall be made to or at the direction of the Administrative Agent.  As soon as practicable, the Administrative Agent shall arrange to deliver such distributions to or on behalf of the Holders of the Allowed Secured Lender Claim and Allowed Secured Lender Deficiency Claim, as provided for and pursuant to the terms of the applicable Prepetition Credit Agreement.  None of the Debtors or the Liquidating Trustee shall incur any liability whatsoever on account of any Distributions under this Plan except for gross negligence, willful misconduct or fraud.

7.6    ***Payments and Distributions on Disputed Claims***.    Distributions made after the Effective Date to Holders of Disputed Claims that are not Allowed Claims as of the Effective Date but which later become Allowed Claims shall be deemed to have been made on the Effective Date.  Notwithstanding any provision otherwise in this Plan and except as may be agreed to by the Debtors or the Liquidating Trustee, on the one hand, and the Holder of a Disputed Claim, on the other hand, no partial payments and no partial Distributions shall be made with respect to any Disputed Claim until all Disputed Claims held by the Holder of such Disputed Claim have become Allowed Claims or have otherwise been resolved by settlement or Final Order.

7.7    ***Manner of Payment***.    Any Distributions to be made by or on behalf of the Debtors or the Liquidating Trustee, as applicable, pursuant to this Plan shall be made by checks drawn on accounts maintained by the Debtors or the Liquidating Trustee, respectively, or by wire transfer if circumstances justify, at the option of the Debtors or the Liquidating Trustee, as applicable; *provided, however*, all Distributions to the Administrative Agent shall be made by wire.

EHREN-WALIA 003441

7.8    ***Undeliverable Distributions and Unclaimed Property***.  In the event that any Distribution to any Holder is returned as undeliverable, no Distribution to such Holder shall be made unless and until the Disbursing Agent has determined the then current address of such Holder, at which time such Distribution shall be made as soon as practicable after such Distribution has become deliverable; *provided, however*, that such Distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and forfeited at the expiration of six months from the date of the Distribution. After such date, all "unclaimed property" or interests in property shall revert to the Liquidating Trust (notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary), and the Claim of any Holder to such property shall be discharged and forever barred.

7.9    ***Withholding and Reporting Requirements***.  In connection with this Plan and all instruments issued in connection therewith, the Disbursing Agent shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all Distributions under this Plan shall be subject to any such withholding or reporting requirements.

7.10    ***Surrender Instruments***.  Pursuant to Bankruptcy Code section 1143, as a condition precedent to receiving any Distribution under the Plan, each holder of a certificated instrument or note (other than the Administrative Agent and the Secured Lenders) must surrender such instrument or note (other than the Administrative Agent and the Secured Lenders) held by it to the Disbursing Agent or its designee.  Any holder of such instrument or note that fails to (i) surrender the instrument or note or (ii) execute and deliver an affidavit of loss and/or indemnity reasonably satisfactory to the Disbursing Agent, as applicable, before the fifth anniversary of the Confirmation Date shall be deemed to have forfeited all rights and claims and may not participate in any Distribution hereunder.  Any Distribution so forfeited shall become property of the Liquidating Trust.

7.11    ***Setoffs***.  The Debtors and the Liquidating Trustee may, but shall not be required to, set off against any Claim (for purposes of determining the Allowed amount of such Claim on which a Distribution shall be made), any claims of any nature whatsoever that the Debtors and the Liquidating Trustee may have against the Holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors and the Liquidating Trustee of any such claim the Debtors and the Liquidating Trustee may have against the Holder of such Claim.

7.12    ***Insurance Claims***.  Notwithstanding anything to the contrary contained herein, to the extent that the Debtors have Insurance Policies applicable and providing coverage for any particular Allowed General Unsecured Claim(s), no Distribution under this Plan shall be made on account of any such particular insured Allowed General Unsecured Claim(s) until the Holder of such Allowed General Unsecured Claim has exhausted all remedies with respect to the Debtors' Insurance Policies.  To the extent that one or more of the Debtors' insurers agrees to satisfy in full any such insured Allowed General Unsecured Claim, then immediately upon such insurers' agreement, such Allowed General Unsecured Claim may be expunged without a Claims objection having to be filed and without further notice to or action, order or approval of the Bankruptcy Court. To the extent that the Debtors have Insurance Policies applicable and providing insurance coverage with respect to any Allowed General Unsecured Claim, the Holder of such

34

EHREN-WALIA 003442

Allowed General Unsecured Claim shall (a) be paid an amount from the proceeds of such Insurance Policies to the extent that such Allowed General Unsecured Claim is insured, and (b) solely for the portion of such Allowed General Unsecured Claim that is not covered by and paid on account of such applicable Insurance Policies, receive the treatment provided for Allowed General Unsecured Claims in the Plan. Nothing in this Plan shall prevent the Debtors' insurers from pursuing subrogation claims against third parties.

7.13    ***Applicability of Insurance Policies***. Except as otherwise provided in this Plan, Distributions to Holders of Allowed Claims shall be made in accordance with the provisions of any applicable Insurance Policy. Nothing contained in this Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtors, Liquidating Trustee or any Person may hold against any insurers under any of the Debtors' Insurance Policies, nor shall anything contained herein constitute or be deemed a waiver by such insurers of any defenses, including coverage defenses, held by such insurers.

7.14    ***No Post-petition Interest***. Unless otherwise specifically provided for herein or in the Confirmation Order, or required by applicable bankruptcy law, post-petition interest shall not accrue or be paid on any Claims or Interests, and no Holder of a Claim or Interest shall be entitled to interest accruing on or after the Petition Date or NYNM Petition Date, as applicable, on such Claim.

7.15    ***Distributions Free and Clear***. Except as may be otherwise provided herein, all Distributions under this Plan shall be free and clear of any Liens, Claims, encumbrances, and other interests.

7.16    ***Fractional Dollars; De Minimis Distributions***. Notwithstanding any other provision of this Plan, Cash payments of fractions of dollars shall not be made. Whenever any Distribution to a Holder of a Claim would otherwise call for Distribution of Cash in a fractional dollar amount, the actual Distribution of such Cash shall be rounded to the nearest whole dollar (up or down), with half dollars (or less) being rounded down. Neither the Debtors nor the Liquidating Trustee shall be required to make any Cash payment of less than five hundred dollars ($500.00) with respect to any Claim or Interest unless and until a request therefor is made in writing to the Debtors or the Liquidating Trustee, as applicable; *provided, however*, that neither the Debtors nor the Liquidating Trustee shall have any obligation to make any Distribution, whether final or not, unless and until the total amount of such Distribution to a specific Holder of an Allowed Claim or Interest is equal to or greater than one hundred dollars ($100.00).

## SECTION 8.    PROCEDURES FOR DISPUTED CLAIMS

8.1    ***Allowance of Claims and Interests***. Except as expressly provided herein, or in any order entered in the Debtors' Chapter 11 Cases prior to the Effective Date, including the Confirmation Order, no Claim or Interest shall be deemed Allowed unless and until such Claim or Interest is deemed Allowed under this Plan or the Bankruptcy Code or Allowed by the Bankruptcy Court by entry of a Final Order allowing such Claim or Interest. Following the Effective Date, the Liquidating Trust shall be vested with any and all rights and defenses the Debtors had with respect to any Claim or Interest immediately prior to the Effective Date.

EHREN-WALIA 003443

8.2    ***Objections to Claims***.  Upon the Effective Date, the Liquidating Trustee shall have the exclusive authority to file, settle, compromise, withdraw or litigate to judgment any objections to Claims as permitted under this Plan.  Any objections to Claims shall be filed and served on or before the later of (i) one hundred eighty (180) days after the Effective Date or (ii) such date as may be fixed by the Bankruptcy Court upon request of the Liquidating Trustee.  From and after the Effective Date, the Liquidating Trustee may settle or compromise any Disputed Claim without approval of the Bankruptcy Court upon consultation or consent of the Liquidating Trust Oversight Board in accordance with the terms of the Liquidating Trust Agreement; *provided, however*, that nothing herein shall prohibit the Liquidating Trustee from seeking approval for any matter in a court of competent jurisdiction, including the Bankruptcy Court.

8.3    ***Estimation of Claims***.  The Debtors, the Committee, the Secured Lenders (before the Effective Date) or the Liquidating Trustee (on or after the Effective Date) may, at any time, and from time to time, request that the Bankruptcy Court estimate any Contingent Claim or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code for any reason, regardless of whether an objection was previously filed with the Bankruptcy Court with respect to such Claim, or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to such objection.  In the event that the Bankruptcy Court estimates any Contingent Claim or Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court.  If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Debtors, the Committee, the Secured Lenders or the Liquidating Trustee may pursue supplementary proceedings to object to the allowance of such Claim; *provided, however*, the Liquidating Trustee may elect not to pursue such supplementary proceedings, instead electing to treat such maximum amount as the Allowed amount of such Claim.

8.4    ***No Distribution Pending Allowance***.  Notwithstanding any other provision of this Plan, if any portion of a Claim is Disputed, no payment or distribution provided hereunder shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

8.5    ***Distributions After Allowance***.  At such time as a Contingent Claim or a Disputed Claim becomes an Allowed Claim, a Distribution shall be made to the Holder of such Allowed Claim in accordance with the provisions of this Plan as soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing any Contingent Claim or Disputed Claim becomes a Final Order.  To the extent that all or a portion of a Contingent Claim or a Disputed Claim is disallowed, the Holder of such Claim shall not receive any Distribution on account of the portion of such Claim that is disallowed.

8.6    ***Preservations of Rights to Settle Claims***.  In accordance with section 1123(b) of the Bankruptcy Code, the Liquidating Trustee shall have the discretion to retain and enforce, sue on, settle, or compromise all claims, rights, causes of action, suits, and proceedings, whether in law or in equity, whether known or unknown, that the Debtors or their Estates may hold against any Person without the approval of the Bankruptcy Court, subject to the terms of this Plan, the Confirmation Order, the Liquidating Trust Agreement, and any contract, instrument, release,

EHREN-WALIA 003444

indenture, or other agreement entered into in connection herewith. The Liquidating Trustee may pursue such retained claims, rights, or causes of action, suits, or proceedings, as appropriate.

8.7    **Disallowed Claims.** All Claims held by persons or entities against whom or which the Debtors or Liquidating Trustee has commenced a proceeding asserting a cause of action under sections 542, 543, 544, 545, 547, 548, 549, and/or 550 of the Bankruptcy Code shall be deemed Disallowed Claims pursuant to section 502(d) of the Bankruptcy Code and Holders of such Claims shall not be entitled to vote to accept or reject the Plan. Disallowed Claims pursuant to this Section shall continue to be Disallowed Claims for all purposes until the avoidance action against such party has been settled or resolved by Final Order and any sums due to the Debtors or Liquidating Trustee from such party have been paid.

## SECTION 9.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

9.1    **Assumption and Rejection of Executory Contracts and Unexpired Leases.** Except as otherwise provided in this Plan, or in any contract, instrument, release, indenture or other agreement or document entered into in connection with this Plan, including, but not limited to, the MTBC APA and HealthTek APA entered into by the Debtors in connection with the Sales, each of the Executory Contracts and Unexpired Leases of the Debtors shall be deemed rejected as of the Effective Date, unless such Executory Contract or Unexpired Lease: (i) was assumed or rejected previously by the applicable Debtor; (ii) expired or terminated pursuant to its own terms before the Effective Date; or (iii) is the subject of a motion to assume or reject filed on or before the Effective Date. Nothing herein shall be deemed to reject any insurance policy of the Debtors that provides insurance coverage to or for the benefit of the Debtors as of the Effective Date; *provided, however*, that nothing herein shall obligate the Liquidating Trustee to pay any premiums allegedly due under such policies.

9.2    **Inclusiveness.** Unless otherwise specified, each Executory Contract and Unexpired Lease assumed or rejected by the Debtors shall include any and all modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Executory Contract or Unexpired Lease.

9.3    **Rejection Claims.** Except as otherwise provided in orders entered by the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court and served on counsel to the Debtors or the Liquidating Trustee on or before the date that is thirty (30) days after the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection; *provided, that* any such Claims shall be subject to the cap on rejection damages imposed by Bankruptcy Code section 502(b). Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed with the Bankruptcy Court within such time will be automatically disallowed, forever barred from assertion and shall not be enforceable against the Debtors or the Liquidating Trustee, the Debtors' Estates or their property without the need for any objection by the Debtors or the Liquidating Trustee or further notice to, or action, order or approval of the Bankruptcy Court. All Allowed Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims against the applicable Debtor and shall be treated in accordance with this Plan.

EHREN-WALIA 003445

9.4    ***Full Release and Satisfaction***.  Assumption of any Executory Contract or Unexpired Lease pursuant to this Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before the effective date of the assumption.

9.5    ***Reservation of Rights.***    Nothing contained in this Plan or the Plan Supplement shall constitute an admission by the Debtors or the Liquidating Trustee that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that the Debtors or the Liquidating Trustee have any liability thereunder.

## SECTION 10. CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE

10.1    ***Conditions Precedent to Confirmation***.  Confirmation of this Plan shall not occur, and the Confirmation Order shall not be entered, until each of the following conditions precedent have been satisfied or waived pursuant to the provisions of this Plan:

(a)    The Bankruptcy Court shall have entered an order, which shall not be subject to any stay or subject to an unresolved request for revocation under section 1144 of the Bankruptcy Code, in form and substance reasonably acceptable to the Debtors, the Secured Lenders and the Committee, approving the Disclosure Statement with respect to this Plan and the solicitation of votes thereon as being in compliance with section 1125 of the Bankruptcy Code and applicable non-bankruptcy law;

(b)    The Secured Lenders shall have unanimously accepted the Plan;

(c)    The proposed Confirmation Order shall be in form and substance reasonably satisfactory to the Debtors, the Secured Lenders and the Committee; and

(d)    The Plan and the Plan Supplement, including any schedules, documents, supplements and exhibits thereto shall be, in form and substance, acceptable to the Debtors, the Secured Lenders and the Committee and filed in accordance with Bankruptcy Rule 3019.

10.2    ***Conditions Precedent to the Effective Date***.  The Effective Date shall not occur until each of the following conditions precedent have been satisfied or waived pursuant to the provisions of this Plan:

(a)    The Bankruptcy Court shall have entered the Confirmation Order, in form and substance acceptable to the Debtors, the Secured Lenders and the Committee, and such Confirmation Order shall not be subject to any stay or an unresolved request for revocation under section 1144 of the Bankruptcy Code; and

(b)    All actions, documents, certificates, and agreements necessary to implement this Plan, including, without limitation, the Liquidating Trust Agreement, shall have

EHREN-WALIA 003446

been effected or executed and delivered to the required parties and, to the extent required, filed with the applicable governmental units in accordance with applicable laws.

        10.3    ***Effect of Failure of Conditions.***  If the consummation of this Plan does not occur, this Plan shall be null and void in all respects and nothing contained in this Plan or the Disclosure Statement shall: (i) constitute a waiver or release of any claims by or Claims against the Debtors; (ii) prejudice in any manner the rights of the Debtors, any Holders of Claims or Interests or any other Person; or (iii) constitute an admission, acknowledgment, offer or undertaking by the Debtors, any Holders or any other Person in any respect.

## SECTION 11.  EFFECT OF CONFIRMATION

        11.1    ***Immediate Binding Effect.***  Notwithstanding Bankruptcy Rules 3020(e), 6004(h) or 7062 or any other Bankruptcy Rule, upon the occurrence of the Effective Date, the terms of this Plan and the Liquidating Trust Agreement shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidating Trustee, the Liquating Trust, any and all Holders of Claims or Interests (irrespective of whether such Claims or Interests are deemed to have accepted this Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges and injunctions described in this Plan, each Person acquiring property under this Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.

        11.2    ***Compromise and Settlement of Claims, Interests and Controversies.*** Pursuant to sections 363 and 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the Distributions and other benefits provided pursuant to this Plan, the provisions of this Plan shall constitute a good faith compromise of all Claims, Interests and controversies relating to the contractual, legal and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any Distribution to be made on account of such Allowed Claim or Interest.  The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtors, their Estates and Holders of Claims and Interests and is fair, equitable and reasonable.

        11.3    ***Releases by the Debtors.***  Pursuant to section 1123(b) of the Bankruptcy Code and except as otherwise specifically provided in this Plan or the Plan Supplement, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious liquidation of the Debtors and the consummation of the transactions contemplated by this Plan, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors and their Estates from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors' Chapter 11 Cases, the business or contractual arrangements between any Debtor and any of the Released Parties, the negotiation, formulation or

39

EHREN-WALIA 003447

preparation of this Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents (collectively, the "***Debtor Released Claims***"), other than Debtor Released Claims against a Released Party arising out of the gross negligence, willful misconduct, intentional fraud, or criminal liability of any such person or entity.

11.4    ***Releases by Holders of Claims.***    ON THE EFFECTIVE DATE, EXCEPT AS OTHERWISE PROVIDED HEREIN AND EXCEPT FOR THE RIGHT TO ENFORCE THIS PLAN, ALL PERSONS WHO (I) (A) VOTED TO ACCEPT THIS PLAN OR WHO ARE PRESUMED OR DEEMED TO HAVE VOTED TO ACCEPT THIS PLAN UNDER SECTION 1126(f) OF THE BANKRUPTCY CODE OR (B) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND WHO VOTE TO REJECT THIS PLAN AND (II) DO NOT MARK THEIR BALLOTS AS OPTING OUT OF THE RELEASES GRANTED UNDER THIS SECTION, SHALL, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BE DEEMED TO FOREVER RELEASE, WAIVE AND DISCHARGE THE RELEASED PARTIES OF AND FROM ALL LIENS, CLAIMS, CAUSES OF ACTION, LIABILITIES, ENCUMBRANCES, SECURITY INTERESTS, INTERESTS OR CHARGES OF ANY NATURE OR DESCRIPTION WHATSOEVER BASED OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS' CHAPTER 11 CASES OR AFFECTING PROPERTY OF THE ESTATES, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, SCHEDULED OR UNSCHEDULED, CONTINGENT OR NOT CONTINGENT, UNLIQUIDATED OR FIXED, ADMITTED OR DISPUTED, MATURED OR UNMATURED, SENIOR OR SUBORDINATED, WHETHER ASSERTABLE DIRECTLY OR DERIVATIVELY BY, THROUGH, OR RELATED TO ANY OF THE RELEASED PARTIES AND THEIR SUCCESSORS AND ASSIGNS WHETHER AT LAW, IN EQUITY OR OTHERWISE, BASED UPON ANY CONDITION, EVENT, ACT, OMISSION OCCURRENCE, TRANSACTION OR OTHER ACTIVITY, INACTIVITY, INSTRUMENT OR OTHER AGREEMENT OF ANY KIND OR NATURE OCCURRING, ARISING OR EXISTING PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO OR ARISING OUT OF, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE NEGOTIATION AND CONSUMMATION OF THE SALES, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN, INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN, ALL REGARDLESS OF WHETHER (A) A PROOF OF CLAIM OR EQUITY INTEREST HAS BEEN FILED OR IS DEEMED TO HAVE BEEN FILED, (B) SUCH CLAIM OR EQUITY INTEREST IS ALLOWED OR (C) THE HOLDER OF SUCH CLAIM OR EQUITY INTEREST HAS VOTED TO ACCEPT OR REJECT THIS PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.    NOTHING CONTAINED HEREIN SHALL IMPACT THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE A DISTRIBUTION ON ACCOUNT OF ITS ALLOWED CLAIM IN ACCORDANCE WITH SECTION 4 HEREOF.    EXCEPT AS OTHERWISE PROVIDED HEREIN, ALL PERSONS WHO DO NOT VOTE ON THIS PLAN WILL NOT BE DEEMED TO RELEASE, WAIVE OR DISCHARGE THE RELEASED PARTIES AS PROVIDED IN THIS SECTION.

EHREN-WALIA 003448

11.5 *Exculpation.*   None of the Exculpated Parties shall have or incur any liability to any Holder of a Claim or Interest, or other party in interest, or any of their respective members, officers, directors, employees, advisors, professionals, attorneys or agents or any of their successors and assigns, with respect to any Exculpated Claim, including, without limitation, any act or omission in connection with, related to, or arising out of, in whole or in part, the Debtors' Chapter 11 Cases, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

11.6 *Injunction.*   EXCEPT WITH RESPECT TO ADVERSARY PROCEEDINGS BROUGHT BY THE DEBTORS THAT ARE PENDING AS OF THE EFFECTIVE DATE, INCLUDING, BUT NOT LIMITED TO, THE NOTEHOLDER LITIGATION, PARMAR LITIGATION AND ROBINSON BROG LITIGATION, FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR INTEREST IN THE DEBTORS ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THIS PLAN OR THE CONFIRMATION ORDER.

FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THIS PLAN, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THIS PLAN.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THIS PLAN, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS:  (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH  RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS;  (C) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATES OF SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (D) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR

EHREN-WALIA 003449

**OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED OR DISCHARGED PURSUANT TO THIS PLAN.**

11.7 ***Term of Injunctions or Stays***. Unless otherwise provided in this Plan or Confirmation Order, all injunctions or stays provided for under this Plan and ordered in the Confirmation Order or pursuant to sections 105 or 362 of the Bankruptcy Code arising under or entered during the Chapter 11 Cases, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay and to the extent consistent with the terms and provisions of this Plan or the Confirmation Order, as applicable.

11.8 ***Injunction Against Interference with Plan***. Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests, the Debtors, and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the Debtors', the Liquidating Trust's, the Liquidating Trustee's, and their respective affiliates', employees', advisors', officers' and directors', and agents' implementation or consummation of this Plan.

11.9 ***Release of Liens***. Except as otherwise provided in the Plan and the Confirmation Order, or in any contract, instrument, release or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable Distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges or other security interests against any property of the Estates shall be fully released and discharged. Except as otherwise provided in the Plan, all mortgages, deeds of trust, Liens, pledges or other security interests against any property of the Debtors' Estates shall be fully released and discharged on the Effective Date without any further action of any party, including, but not limited to, further order of the Bankruptcy Court or filing updated schedules or statements typically filed pursuant to the Uniform Commercial Code.

11.10 ***Effectuating Documents and Further Transactions***. Upon entry of the Confirmation Order, the appropriate officers of the Debtors and the Liquidating Trustee shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, consents, certificates, resolutions, programs, and other agreements and/or documents, and take such acts and actions as may be reasonably necessary or appropriate to effectuate, implement, consummate, and/or further evidence the terms and conditions of this Plan and any transactions described in or contemplated by this Plan. The Debtors or Liquidating Trustee, as applicable, may, and all Holders of Allowed Claims or Interests receiving Distributions pursuant to this Plan, at the request or direction of the Debtors or Liquidating Trustee, as applicable, shall, from time to time, prepare, execute, and deliver any agreements or documents, and take any other actions as may be necessary or advisable to effectuate the provisions and intent of this Plan.

11.11 ***Corporate Action***. Upon the Effective Date, all actions contemplated by this Plan shall be deemed authorized and approved in all respects (whether to occur before, on or after the Effective Date). All matters provided for in this Plan involving the corporate structure of the Debtors, and any corporate action required by the Debtors in connection with this Plan shall

42

EHREN-WALIA 003450

be deemed to have occurred and shall be in effect, without any requirement of further action by the directors or officers of the Debtors.

11.12   *Cancellation of Documents*.   On the Effective Date, except to the extent otherwise provided in this Plan, any and all notes, instruments, debentures, certificates and other documents evidencing Claims and Interests in the Debtors including, without limitation, the Prepetition Credit Agreement shall be deemed inoperative and unenforceable against the Debtors and the Debtors shall have no continuing obligations thereunder; *provided, however*, that (i) the Prepetition Credit Agreement shall continue in effect for purposes of allowing the Secured Lenders holding the Allowed Secured Lender Claim and Allowed Secured Lender Deficiency Claim to receive Distributions under the Plan and (ii) the Prepetition Credit Agreement shall remain operative and enforceable with respect to any Person, other than the Debtors, which has rights and/or obligations thereunder.

11.13   *Dissolution of the Debtors*.   On the Effective Date and upon the Debtors causing the Liquidating Trust Assets to be transferred to the Liquidating Trust in accordance with section 6.3 of this Plan, the Debtors shall have no further duties or responsibilities in connection with implementation of this Plan.   Upon entry of a final decree closing the Debtors' Chapter 11 Cases, the Debtors shall be deemed dissolved for all purposes in accordance with applicable state law without the need to take any further action or file any plan of dissolution, notice, or application.

11.14   *Preservation of Causes of Action*.   In accordance with section 1123(b) of the Bankruptcy Code, and except where such Causes of Action have been expressly released (including, pursuant to the releases by the Debtors and exculpation provisions provided in the Plan), the Liquidating Trustee shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, including, but not limited to, any claims that are the subject of the Parmar Litigation, Noteholder Litigation and the Robinson Brog Litigation, whether arising before or after the Petition Date, and the Liquidating Trustee's rights to commence, prosecute or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date.   The Debtors and Liquidating Trustee may pursue such Causes of Action, as appropriate, in accordance with the best interests of the Creditors and Beneficiaries.   **No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against them as any indication that the Debtors or Liquidating Trustee, as applicable, will not pursue any and all available Causes of Action against them.**   Except with respect to Causes of Action as to which the Debtors and Liquidating Trustee have released any Person or Person on or before the Effective Date, the Debtors (pre-Effective Date) and Liquidating Trustee (post-Effective Date), as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Person, except as otherwise expressly provided in the Plan.

11.15   *Preservation of Rights Under Bankruptcy Rule 2004*.   The Liquidating Trustee shall have the right to seek the examination of any Person pursuant to Bankruptcy Rule 2004.

EHREN-WALIA 003451

### SECTION 12.    MODIFICATION, REVOCATION OR WITHDRAWAL OF THIS PLAN

12.1    *Modification and Amendments*.  This Plan or any exhibits thereto may be amended, modified, or supplemented by the Debtors in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code.  In addition, after the Confirmation Date, the Debtors or Liquidating Trustee may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan or the Confirmation Order with respect to such matters as may be necessary to carry out the purposes and effects of this Plan.

12.2    *Effect of Confirmation on Modifications*.  Entry of a Confirmation Order shall mean that all modifications or amendments to this Plan occurring after the solicitation thereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

12.3    *Revocation or Withdrawal of this Plan*.  The Debtors reserve the right to, consistent with their fiduciary duties, revoke or withdraw this Plan before the Effective Date.  If the Debtors revoke or withdraw this Plan, or if the Confirmation Date does not occur, then:  (a) this Plan shall be null and void in all respects; (b) any settlement or compromise embodied in this Plan (including the fixing or limiting to an amount certain of any Claim or Interest or Class of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effected by this Plan, and any document or agreement executed pursuant to this Plan, shall be deemed null and void; and (c) nothing contained in this Plan shall:  (i) constitute a waiver or release of any Claims or Interests; (ii) prejudice in any manner the rights of the Debtors or any other Person; or (iii) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtors or any other Person.

### SECTION 13.    RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, or related to, the Debtors' Chapter 11 Cases and this Plan, including, but not limited to, jurisdiction to:

(a)    allow, disallow, determine, liquidate, classify, estimate or establish the priority, secured or unsecured status or amount of any Claim or Interest, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the secured or unsecured status, priority, amount or allowance of Claims;

(b)    decide and resolve all matters related to the granting and denying, in whole or in part, of any applications for allowance of compensation or reimbursement of expenses to Professionals authorized pursuant to the Bankruptcy Code or this Plan;

(c)    resolve any matters related to:  (i) the assumption, assumption and assignment or rejection of any Executory Contract or Unexpired Lease to which a Debtor is party or with respect to which a Debtor may be liable in any manner and to hear, determine and, if necessary, liquidate, any Claims arising therefrom, including rejection Claims and cure Claims, pursuant to section 365 of the Bankruptcy Code or any other matter related to such Executory

EHREN-WALIA 003452

Contract or Unexpired Lease; (ii) any potential contractual obligation under any Executory Contract or Unexpired Lease that is assumed; (iii) the assumption, assumption and assignment or rejection of any Executory Contract or Unexpired Lease in connection with the Sales; and (iv) any dispute regarding whether a contract or lease is or was executory or expired;

(d)    ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of this Plan;

(e)    adjudicate, decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters, and grant or deny any applications involving a Debtor that may be pending on the Effective Date;

(f)    adjudicate, decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters, including, but not limited to, the Causes of Action, involving the Liquidating Trustee or the Liquidating Trust;

(g)    adjudicate, decide or resolve any and all matters related to any Cause of Action;

(h)    adjudicate, decide or resolve any and all matters related to the Parmar Litigation, Noteholder Litigation or Robinson Brog Litigation;

(i)    adjudicate, decide or resolve any and all matters related to section 1141 of the Bankruptcy Code;

(j)    enter and enforce any order for the sale of property pursuant to sections 363, 1123 or 1146(a) of the Bankruptcy Code;

(k)    issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person with consummation or enforcement of this Plan;

(l)    resolve any cases, controversies, suits, disputes or Causes of Action with respect to the discharge, releases, injunctions, exculpations, indemnifications and other provisions contained in this Plan and enter such orders as may be necessary or appropriate to implement such releases, injunctions and other provisions;

(m)    enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

(n)    resolve any cases, controversies, suits, disputes or Causes of Action that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, the Liquidating Trust, the Liquidating Trust Agreement, any transactions or payments contemplated thereby, or any contract, instrument, release, indenture or other agreement or document relating to any of the foregoing;

(o)    adjudicate any and all disputes arising from or relating to Distributions under this Plan;

EHREN-WALIA 003453

(p)     consider any modifications of this Plan, cure any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, including the Confirmation Order;

(q)     determine requests for the payment of Claims entitled to priority pursuant to section 507 of the Bankruptcy Code;

(r)     hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including any requests for expedited determinations under section 505(b) of the Bankruptcy Code);

(s)     hear and determine all disputes involving the existence, nature or scope of the Debtors' discharge;

(t)     enforce all orders previously entered by the Bankruptcy Court;

(u)     hear any matter related to the administration of the Liquidating Trust which may be brought by the Liquidating Trustee at his sole discretion, whether or not the Bankruptcy Court's allowance or approval of such matter is required by the Plan or the Confirmation Order.

(v)     hear any other matter not inconsistent with the Bankruptcy Code; and

(w)     enter final decrees closing the Debtors' Chapter 11 Cases.

## SECTION 14.  MISCELLANEOUS PROVISIONS

14.1     ***Payment of Statutory Fees.***  All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on the earlier of when due or the Effective Date by the Debtors.  After the Effective Date, the Liquidating Trustee shall be liable for payment of any such fees until entry of final decrees closing the Debtors' Chapter 11 Cases.

14.2     ***Dissolution of Committee.***  On the Effective Date, the Committee shall dissolve and members thereof shall be released and discharged from all rights and duties from or related to the Debtors' Chapter 11 Cases, except with respect to Professional fee applications.

14.3     ***Section 1125(e) Good Faith Compliance.***  As of and subject to the occurrence of the Confirmation Date, the Debtors and their Related Persons shall be deemed to have solicited acceptances of this Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation.

14.4     ***Substantial Consummation.***  On the Effective Date, the Plan shall be deemed to be substantially consummated within the meaning set forth in section 1101 and pursuant to section 1127(b) of the Bankruptcy Code.

14.5     ***Section 1146 Exemption.***  To the fullest extent permitted under section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security under or

EHREN-WALIA 003454

pursuant to this Plan, and the execution, delivery, or recording of any instrument of transfer under or pursuant to this Plan, and the revesting, transfer, or sale of any property of or to the Liquidating Trust, shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or other Governmental Unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, mortgage recording tax, intangible tax, or similar tax.

14.6    ***Closing of the Chapter 11 Cases***.  When all Liquidating Trust Assets have been liquidated and converted into Cash and such Cash has been distributed in accordance with the Liquidating Trust Agreement and the Confirmation Order, the Liquidating Trustee shall seek authority from the Bankruptcy Court to close the Debtors' Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules.

14.7    ***Plan Supplement***.  Any exhibits or schedules not filed with this Plan may be contained in the Plan Supplement, if any, and the Debtors hereby reserve the right to file such exhibits or schedules as a Plan Supplement.

14.8    ***Further Assurances***.  The Debtors or the Liquidating Trustee may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.  The Debtors, the Liquidating Trustee, and all Holders of Claims receiving Distributions pursuant to this Plan and all other parties in interest shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of this Plan.

14.9    ***Exhibits Incorporated***.  All exhibits to the Plan, including the Plan Supplement, are incorporated into and are part of this Plan as if fully set forth herein.

14.10   ***Inconsistency***.  In the event of any inconsistency among this Plan, the Disclosure Statement and any exhibit to the Disclosure Statement, the provisions of this Plan shall govern.

14.11   ***No Admissions***.  If the Effective Date does not occur, this Plan shall be null and void in all respects, and nothing contained in this Plan shall (a) constitute a waiver or release of any Claims by or against, or any Interests in, the Debtors, (b) prejudice in any manner the rights of the Debtors or any other party in interest, or (c) constitute an admission of any sort by the Debtors or other party in interest.

14.12   ***Reservation of Rights***.  Except as expressly set forth herein, this Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order and the Effective Date has occurred.  None of this Plan, any statement or provision contained in this Plan or any action taken or not taken by any Debtor with respect to this Plan, the Disclosure Statement or the Plan Supplement shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Interests before the Effective Date.

EHREN-WALIA 003455

14.13   ***Successors and Assigns.***  The rights, benefits and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign, affiliate, officer, director, manager, agent, representative, attorney, beneficiaries or guardian, if any, of each Person.

14.14   ***Entire Agreement.***  On the Effective Date, this Plan, supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

14.15   ***Notices.***  All notices, requests, and demands to or upon the Debtors in the Chapter 11 Cases shall be in writing and, unless otherwise provided herein, shall be deemed to have been duly given or made when actually delivered or, if by facsimile transmission, when received and telephonically confirmed to the following recipients:

Orion HealthCorp, Inc.
Attention: Timothy J. Dragelin
c/o Thomas R. Califano
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

and

DLA Piper LLP (US)
Attention:  Thomas R. Califano
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

All notices and requests to Persons holding any Claim in any Class shall be sent to them at their last known address or to the last known address of their attorney of record in the Debtors' Chapter 11 Cases.  Any such Holder of a Claim may designate in writing any other address for purposes of this Section, which designation will be effective upon receipt by the Debtors (prior to the Effective Date) or the Liquidating Trustee (on or after the Effective Date).

14.16   ***Severability.***  If, prior to the entry of the Confirmation Order, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it

EHREN-WALIA 003456

may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

14.17  **_Governing Law_**.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflicts of laws, shall govern the rights, obligations, construction, and implementation of the Plan and the transactions consummated or to be consummated in connection therewith.

14.18  **_Request for Confirmation Pursuant to Bankruptcy Code Sections 1129(a) and 1129(b)_**.  The Debtors request entry of the Confirmation Order under Bankruptcy Code section 1129(a) and, to the extent necessary, Bankruptcy Code section 1129(b).

*[Signature Page Follows]*

EHREN-WALIA 003457

Dated: January 6, 2019

Respectfully submitted,

Orion HealthCorp, Inc.
Constellation Healthcare Technologies, Inc.
NEMS Acquisition, LLC
Northeast Medical Solutions, LLC
NEMS West Virginia, LLC
Physicians Practice Plus, LLC
Physicians Practice Plus Holdings, LLC
Medical Billing Services, Inc.
Rand Medical Billing, Inc.
RMI Physician Services Corporation
Western Skies Practice Management, Inc.
Integrated Physician Solutions, Inc.
NYNM Acquisition, LLC
Northstar FHA, LLC
Northstar First Health, LLC
Vachette Business Services, Ltd.
MDRX Medical Billing, LLC
Vega Medical Professionals, LLC
Allegiance Consulting Associates, LLC
Allegiance Billing & Consulting, LLC
Phoenix Health, LLC
New York Network Management, L.L.C.

By: */s/ Timothy J. Dragelin*
    Name: Timothy J. Dragelin
    Title: Chief Executive Officer and
         Chief Restructuring Officer

EHREN-WALIA 003458

## Exhibit B

### NOTICE OF CONFIRMATION AND EFFECTIVE DATE

EHREN-WALIA 003459

Thomas R. Califano, Esq.
Rachel Nanes, Esq. (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
E-mail:  thomas.califano@dlapiper.com
            rachel.nanes@dlapiper.com

*Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, L.L.C. | : | Case No. 18-74545 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------------- x

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING THE DEBTORS'
THIRD AMENDED JOINT PLAN OF LIQUIDATION PURSUANT TO
CHAPTER 11 OF THE BANKRUPTCY CODE AND (II) EFFECTIVE DATE**

EHREN-WALIA 003460

**PLEASE TAKE NOTICE** that an order (the "Confirmation Order") of the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, confirming the *Debtors' Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 6, 2019 [D.I. 645] (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan"), was entered on February [•], 2019 [D.I. •]. Unless otherwise defined in this notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan and Confirmation Order.

**PLEASE TAKE FURTHER NOTICE** any interested party wishing to obtain a copy of the Plan or Confirmation Order may do so by (i) accessing the Bankruptcy Court's website at http://www.nyeb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722; (iii) contacting Epiq at (888) 751-4998; or (iv) accessing the website maintained by Epiq, available at https://dm.epiq11.com/orionhealthcorp. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on [March 1], 2019.

**PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions are binding on the Debtors, the Liquidating Trustee, the Liquating Trust, the Liquidating Trust Oversight Board, the Secured Lenders, and any holder of a Claim against or Interest in the Debtors, as provided in the Plan.

**PLEASE TAKE FURTHER NOTICE** that, as set forth in the Confirmation Order, the deadline to file a request for payment of an Administrative Expense Claim must have been or be filed with the Bankruptcy Court on or before sixty (60) days after the Effective Date (unless such request for payment or Proof of Claim has already been filed with the Bankruptcy Court).

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise provided in orders entered by the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court and served on counsel to the Debtors and the Liquidating Trustee on or before the date that is thirty (30) days after the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection.

EHREN-WALIA 003461

Dated:  February [●], 2019
       New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Thomas R. Califano*
Thomas R. Califano, Esq.
Rachel Nanes, Esq. (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
E-mail: thomas.califano@dlapiper.com
      rachel.nanes@dlapiper.com

*Counsel to the Debtors and Debtors in Possession*

EHREN-WALIA 003462

Marc P. Berger
Lara S. Mehraban
Sheldon L. Pollock
John O. Enright
*Attorneys for Plaintiff*
U.S. SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022
Phone:  (212) 336-9138 (Enright)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : | 18 Civ._____ (  ) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| -against- | : | COMPLAINT |
|  | : |  |
| PARMJIT (a/k/a PAUL) PARMAR, | : | JURY TRIAL |
| SOTIRIOS (a/k/a SAM) ZAHARIS, and | : | DEMANDED |
| RAVI CHIVUKULA, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

Plaintiff U.S. Securities and Exchange Commission ("Commission"), for its Complaint

against defendants Parmjit (a/k/a Paul) Parmar ("Parmar"), Sotirios (a/k/a Sam) Zaharis

("Zaharis"), and Ravi Chivukula ("Chivukula") (together, "Defendants"), alleges as follows:

SUMMARY

1.      Defendants orchestrated a scheme to fraudulently induce Investor-1, the family

office of a high-net-worth individual, to acquire Constellation Healthcare Technologies, Inc.

("CHT"), an issuer and medical-billing business then publicly traded on the London Stock

Exchange's Alternative Investment Market ("AIM"), in a "go-private transaction," i.e., a

transaction where a publicly traded company is converted into a private entity.

EHREN-WALIA 003463