**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> ORION HEALTHCORP, INC. *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., <br><br> Plaintiff, <br> v. <br><br> ARVIND WALIA; NIKNIM MANAGEMENT INC., <br><br><br> Defendants. | Adv. Proc. No. 20-08049 (AST) |

### REPLY OF DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT INC. IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING <u>CERTAIN CLAIMS ASSERTED IN THE COMPLAINT</u>

Defendants Arvind Walia and Niknim Management Inc. (the "**Defendants**"), by their co-counsel, Rosen & Associates, P.C., and the Law Offices of Eugene R. Scheiman, PLLC, hereby reply to Plaintiff's response in opposition to Defendants' motion for entry of an order granting partial summary judgment and dismissing the claims asserted in the complaint under 11 U.S.C. §544 [Doc. No. 51] (the "**Motion**"), and respectfully state as follows:

---

[1] The debtors in these chapter 11 cases are: Orion Healthcorp, Inc.; Constellation Healthcare Technologies, Inc.; NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice Plus Holdings, LLC; Physicians Practice Plus, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Northstar First Health, LLC; Vachette Business Services, Ltd.; Phoenix Health, LLC; MDRX Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; and New York Network Management, LLC.

**Failure to Plead the Existence of an Actual Creditor
Through Which Plaintiff Makes its Claims is Fatal to
the Claims Brought Under Bankrutcy Code §544(B)**

1. By its own terms, an essential element of recovery through Bankruptcy Code section 544 ("**§544(b)**") is the existence of an actual creditor holding an allowable unsecured claim, who, but for the bankruptcy, could recover the subject transfers from the defendant(s),[2] often referred to as a "qualifying creditor". A trustee's right to recovery under §544(b) derives from and through that creditor. Therefore, the existence of such a creditor must be "pled" in the complaint pursuant to Federal Rule of Bankruptcy Procedure 7008, through which Rule 8 of the Federal Rules of Civil Procedure is applicable. Fed. R. Bankr. Proc. 7008. Rule 8 provides, in part, "(a) Claim for Relief. A pleading that states a claim for relief must contain….(2) a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. Proc. Rule 8.

2. In this case, Plaintiff failed to plead the existence of a creditor through which it could make a §544(b) claim. In the First Amended Complaint for Avoidance and Recovery of: (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers; (4) Objection to Claim No. 10067; Pursuant to 11 U.S.C. §§ 502, 544, 547, 548 and 550 (Doc. No. 22) (the "**Amended Complaint**"), Plaintiff merely recites that he was appointed pursuant to a confirmed plan and authorized "to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates".

---

[2] Code §544(b) provides in pertinent part, "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." 11 U.S.C. §544(b)(1).

-
-
-

See Amended Complaint at p. 2 ¶ 7-8. While these statements define Plaintiff's role in the case, they do not plead the existence of a creditor that could avoid the transfer(s) at issue and into whose shoes the Plaintiff could step to make a claim under §544(b). Defendants do not contend that the Amended Complaint must identify such creditor by name, only that it must include an allegation that such creditor exists. The Amended Complaint is devoid of such allegation.

3. Plaintiff asserts that he "need not identify in the complaint a single unsecured claimant, but rather, must only plead facts from which it can be plausibly concluded that there is at least one legitimate creditor of the estate." *Opposition to Motion of Defendants Arvind Walia and Niknim Management Inc. for Partial Summary Judgment Dismissing Claims Asserted in The Complaint under 11 U.S.C. §544* [Doc. No. 60] (the "**Opposition**"), at page 4, ¶6, *citing*, *Mendelsohn v. Kovalchuk (In re APCO Merch. Servs.)*, 585 B.R. 306, fn. 11 (Bankr. E.D.N.Y. 2018) ("**APCO**"). However, Plaintiff did not plead facts from which it could be concluded that a qualifying creditor exists; his allegations as to his role in the case at most give rise to the inference that there are creditors in the case, and possibly unsecured creditors, as is true in most bankruptcy cases. But Plaintiff pled no fact supporting the existence of a creditor who meets the requirements of §544(b); i.e., the existence of a creditor who, but for bankruptcy, could avoid the transfers at issue.

4. Plaintiff's reliance on APCO is misplaced because APCO requires that a plaintiff allege the existence of a qualifying creditor in its pleadings. Only then should the Court consider evidence supporting the existence of that creditor. Plaintiff's submission of facts with the Opposition, without having made any underlying allegation, is insufficient to cure his initial failure to have pled the existence of a qualifying creditor.

5. The Court in *Musicland Holding v. Best Buy Co. (In re Musicland Holding Corp.)*, 398 B.R. 761, 780-81 (Bankr. S.D.N.Y. 2008), addressing the issue of whether a plaintiff claiming under §544(b) is required to plead the existence of a qualifying creditor generally or with specificity, quotes a pleading that it considered to be sufficient under §544(b) and states as follows:

> [T]he Fifth and Sixth Claims allege that '[t]here exists one or more creditors of the Debtors (including, without limitation, landlords, taxing authorities and trade creditors) whose claim(s) arose prior to the Cash Transfers and the execution of the Debt Instruments, and who have claims against the Debtors' estates as of the Petition Date.' (¶¶ 116, 122.) These allegations specifically identify three categories of unsecured creditors that purport to trigger the plaintiff's standing. They satisfy *RCM's* standard [described herein below], and also meet the stricter "category" standard articulated in *Global Crossing* [described herein below]. The identification provides fair notice of how the plaintiff intends to prove his standing, and allows Best Buy to take discovery.

In re Musicland Holding Corp. at 780-781.

6. The *In re Musicland Holding Corp.* opinion describes the District Court's opinion in *Global Crossing Estate Representative v. Winnick*, No. 04 Civ. 2558(GEL), 2006 WL 2212776 (S.D.N.Y. Aug.3, 2006) as follows:

> There, the complaint identified a category of creditors — noteholders that had engaged in an exchange offer, still held the exchange notes and were creditors in the bankruptcy — with standing under applicable nonbankruptcy law to challenge the transaction. See id. at *11. Rejecting the defendants [*sic*] argument that the Estate Representative must specifically identify "one such creditor" because "it has had access to the proofs of claim filed by all creditors," the District Court ruled: "However, there is no authority for the proposition that the Estate Representative must be more specific than to identify the category of creditors with potentially viable claims. This is unquestionably enough to put defendants on notice of the creditors who supply the basis for the right to sue, and will permit them to answer, seek relevant discovery, and defend against these claims...." Id.

In re Musicland Holding Corp. at 779-80.

7. The *In re Musicland Holding Corp.* opinion also discusses *In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 524 (Bankr. S.D.N.Y. 1996) ("**RCM**"). In RCM, the plaintiff alleged in the complaint that "(iv) as of the date of the purported fraudulent conveyance, the Debtor had one or more creditors holding unsecured claims against it." In re RCM Global Long Term Capital Appreciation Fund, Ltd. at 519. There the court concluded that the complaint was sufficient.

8. In each of the above-referenced cases, the complaints contained allegations of the existence of a creditor through which the plaintiff was asserting its rights to assert a claim under §544(b). In this case, because the Amended Complaint contains no such allegation, Plaintiff failed to provide sufficient notice to Defendants of his claim against them.

9. In APCO, the defendant did not raise the issue of plaintiff's standing to bring the action, yet the court addressed the requirement that the existence of a creditor described in §544(b) be pled, and ultimately proven, as follows:

> "[t]he Court is obligated to raise an issue implicating standing *sua sponte*, even if the parties fail to raise it, because it implicates the Court's subject matter jurisdiction." Densmore v. Litton Loan Servicing, L.P. (In re Densmore), 445 B.R. 307, 312 (Bankr. D. Vt. 2011); see Thompson v. Cty. of Franklin, 15 F.3d 245, 248 (2d Cir. 1994)); see Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117 (2d Cir. 1991) (standing "is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court."). The burden is on plaintiff to show that he has standing under § 544(b) to bring this action. Young, 178 B.R. at 945 [*Young v. Paramount Commc'ns, Inc. (In re Wingspread Corp.)*, 178 B.R. 938 (Bankr. S.D.N.Y. 1995)]; see also Silverman v. Sound Around, Inc. (In re Allou Distribs., Inc.), 392 B.R. 24, 31 (Bankr. E.D.N.Y. 2008). Here, plaintiff did not identify the qualifying creditor in his Amended Complaint,[11] nor did he prove the existence of an actual, qualifying creditor at trial.[12] Because the power given to a trustee under § 544(b) permits the trustee to stand in the shoes and assert the rights of an actual, existing creditor holding an allowable unsecured claim, proof of the existence of a creditor who could have avoided the Transfers under the NYDCL is central to plaintiff's actual and constructive fraudulent conveyance causes of action under § 544(b) and NYDCL §§ 273-276 and

278. See Young, 178 B.R. at 946 ("`[B]efore a trustee is able to utilize applicable state or federal law referred to in Section 544(b), there must be an allegation and ultimately a proof of the existence of at least one unsecured creditor of the Debtor who at the time the transfer occurred could have, under applicable local law, attacked and set aside the transfer under consideration.'") (quoting Smith v. Shoemaker (In re Smith), 120 B.R. 588, 590 (Bankr. M.D. Fla. 1990)). Plaintiff has not satisfied this requirement. Accordingly, the Court finds that plaintiff has failed to present evidence sufficient to establish standing to bring this action under state fraudulent conveyance law against defendant.

In re APCO Merch. Svcs. at 315.

10. The Court must address an issue related to standing regardless of whether the defendant raised the issue, and therefore it is not relevant that the Defendants did not raise the issue in a motion to dismiss. Here, where the Amended Complaint does not allege an element of the cause of action either generally or specifically, factual evidence cannot cure that defect; facts cannot be used to prove an allegation that is not in the complaint.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court (i) enter an order, substantially in the form annexed to the Motion as Exhibit "D", dismissing the claims asserted in the Amended Complaint under 11 U.S.C. § 544; and (ii) grant them such other and further relief as is just and proper.

Dated: New York, NY
      March 10, 2023

           Respectfully Submitted,

           ROSEN & ASSOCIATES, P.C.
           *Counsel to Arvind Walia and*
              *Niknim Management Inc.*

           By: /s/ Sanford P. Rosen
                Sanford P. Rosen

           747 Third Avenue
           New York, NY 10017-2803
           (212) 223-1100


LAW OFFICES OF EUGENE R. SCHEIMAN, PLLC
*Co-counsel to Arvind Walia and*
   *Niknim Management Inc.*

570 Lexington Avenue, Suite 1600
New York, NY 10022
(646) 280-9000