UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| ORION HEALTHCORP, INC.,[1] | : | Case No. 18-71748 (AST) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : | Adv. Pro. No. 20-08049 (AST) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **[Filed Concurrently with Reply Brief** |
|  | : | **in Support of Plaintiff's Motion for** |
| v. | : | **Summary Judgment]** |
|  | : |  |
| ARVIND WALIA; NIKNIM MANAGEMENT, INC., | : |  |
|  | : |  |
| Defendant. | : |  |

**OBJECTION AND REQUEST TO STRIKE THE AFFIDAVIT OF
ARVIND WALIA SUBMITTED IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
<u>OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION</u>**

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion

Healthcorp, Inc., *et al.*, (the "**Plaintiff**" or the "**Liquidating Trustee**"), for the estates of the

above-captioned debtors, by and through by and through his undersigned counsel, hereby files

the *Objection and Request to Strike the Affidavit of Arvind Walia* (the "**Affidavit**") *in Support of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

*Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment, or in the*

*Alternative, Summary Adjudication* (the "**Objection**"), which was filed on February 22, 2023

[Dkt. No. 64][2] on the following grounds:

**I.**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    Exhibits C And D Lack Foundation, Are Not Authenticated And Nothing More Than Unreliable Summaries That Are Not A Valid Substitute For The Sale Document**

1.    Documentary evidence is admissible to prove the existence, or non-existence, of a disputed fact if the evidence is: (1) relevant, (2) properly authenticated, (3) meets the requirement of the best evidence rule (or falls within an exception), and (4) is not otherwise inadmissible under an established exclusionary rule (e.g. hearsay; or discretionary exclusion under FRE 403).  See *Jones, Rosen, Jones, Wegner & Wegner, Rutter Group Prac. Guide: Federal Civil Trials & Evidence (The Rutter Group* 2022), Ch. 8, 8:425.  Authentication is a condition precedent to admissibility.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) Authentication promotes accuracy in fact finding by excluding documents that might be false or otherwise unreliable.  *United States v. Perlmuter,* 693 F.2d 1290, 1292-93 (9th Cir.1982); *Ricketts v. City of Hartford,* 74 F.3d 1397, 1409-1410 (2nd Cir. 1996) (evidence lacking authentication has no probative value).  The judge makes a preliminary determination as to whether there is sufficient evidence to sustain a jury finding of authenticity. (FRE 104(b)); *Ricketts v. City of Hartford, supra*, 1410.

---

[2] It appears that Defendant refiled a duplicate Affidavit on March 2, 2023 [Dkt. No. 67].

2

2.        No factual foundation was established for the submission of Exhibits C and D. No foundation is laid for the identification, authenticity or reliability of the document.  *Colon v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 68 (S.D.N.Y. 2001).

3.        Similarly, Exhibits C and D are secondary evidence.  Secondary evidence is admissible where the original is lost or destroyed, or not available to the proponent and not produced after notice. *Federal Civil Trials & Evidence*, The <u>Rutter Group</u>, supra, 8:526 citing to *United States v. Shriver,* 842 F.2d 968, 976 (7th Cir. 1988).  A summary must be based on foundation testimony connecting it with the underlying evidence summarized, and must be based upon and fairly represent competent evidence already before the jury.  *Fagiola v. National Gypsum Co. AC & S., Inc*., 906 F.2d 53, 57 (2nd Cir. 1990)  It is a joint stipulated fact that the MIPA contained no schedule of assets.  (Dkt. No. 54, JSOF, #68)  The Objecttech Membership Purchase Agreement ("**MIPA**") is the best evidence of what was allegedly bought or sold for 1.52MM.  (See MIPA, Dkt. No. 55, Ex. 5, to Aff'd of J. Nolan.)

4.        Lastly, writings, as well as spoken words, may be hearsay.  *Federal Civil Trials & Evidence*, The <u>Rutter Group</u>, *supra*, 8:1774.  Summaries offered to prove the existence of a disputed fact are subject to the hearsay rule.  FRE 1006.  FRE 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible.  *PEAT, Inc. v. Vanguard Research, Inc*., 378 F.3d 1154, 1160 (11th Cir. 2004)  Exhibits C and D are also properly excluded as unreliable hearsay i.e., written statements offered to prove the truth of the matter asserted. (FRE 801(a)).

3

**B.** <u>The Seventeen Page Affidavit Violates Multiple Federal Rules Of Evidence</u>

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| 1-71 | The facts stated herein are of my own personal knowledge. | Objection: <u>FRE 603</u>.  Testimony must be given under oath or affirmation.  Plaintiff objects on the grounds that the witness's statement does not satisfy requirements of 28 U.S.C. §1746 because the witness did not certify that the unsworn statement was true under penalty of perjury (**witness's unsworn statement was inadmissible for purposes of summary judgment**.) *Hill v. Southeastern Freight Lines, Inc*., 877 F. Supp. 2d 375, 384, 2012 U.S. Dist. LEXIS 90976 (M.D.N.C. 2012), aff'd, 523 Fed. Appx. 213, *118 Fair Empl. Prac. Cas. (BNA)* 63, 2013 U.S. App. LEXIS 7471 (4th Cir. 2013); *Williams v. Frank Martz Coach Co.,* 2014 U.S. Dist. LEXIS 66411, *11-*15 (E.D.N.Y. 2104) (witness statement properly rejected as the Second Circuit has made clear 28 U.S.C. §1746 demands certification of the truth of the matter be under the penalty or perjury. |
| 35 | Plaintiff makes much of the fact that Parmar characterized Porteck as a "joke". However, the statement is taken out of context and its meaning is ordained by Plaintiff without any evidentiary support. Regardless, the statement is irrelevant. | Objection: <u>Rule 701</u>.  Witness offering a lay opinion must base his opinion on his own personal knowledge, which must be established to the court and jury. "When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of <u>Rule 701</u> . . . because there is no way for the court to assess whether it is rationally based on the witness's perceptions . . .."  *United States v. Garcia*, 291 F.3d 127, 140 (2nd Cir. 2002). <br><br>Defendant was not a party to the email, Dkt. No. 56-4, Exhibit D.  The exhibit speaks for itself. |

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| 36 | Parmar's comment was made to the broker I had obtained to represent Porteck. It was a manifestation of Parmar's (appropriate) attempt to negotiate with the broker a lesser price for Porteck's assets than I was asking. I previously testified in this litigation that Parmar misstated the purchase price to the broker because Parmar thought "he could get a better deal for us." Parmar made the comment on December 1, 2014, three months prior to the March 2015 execution of the Porteck Asset Purchase Agreement and almost one and one-half years before the Two-Year Transfer of April 15, 2016. Regardless, only Parmar, whose testimonial evidence Plaintiff has not obtained, knows exactly what he meant. Here, Plaintiff's argument is nothing more than a self-serving guess, which is wrong. | Objection:  Rule 701.  Witness offering a lay opinion must base his opinion on his own personal knowledge, which must be established to the court and jury. "When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701 . . . because there is no way for the court to assess whether it is rationally based on the witness's perceptions . . ." *United States v. Garcia*, 291 F.3d 127, 140 (2nd Cir. 2002). Defendant was not a party to the email, Dkt. No. 56-4, Exhibit D.  The testimony also misstates the email chain which reflects the statement about the "Haha this is a joke, please find me a real billing company" being made in response to the statement PCA was acquired less than 30 days ago. The exhibit speaks for itself. |
| 37 | Parmar and I ultimately agreed that the value of Porteck's assets was approximately five times its 2014 EBITDA of $2.2 million, or $11 million. (The stated purchase price was $10.8 million.) Having bought and sold many companies during my career, I know that a purchase price based upon this multiple of EBITDA is not unusual. The inference Plaintiff draws from Parmar's comment - that the purchase price exceeded the reasonable value of the assets, is a bridge too far. | Objection:  Rules 701 & 802.  No evidence is submitted as to EBITDA in 2014, the appropriateness of employing a multiple of 5x, or qualification of the witness to render any opinion as to value.  Rather than submit the written agreement of 10.8MM as the purchase price, Defendant makes unsubstantiated conclusory statements. The statements are simply hearsay. *SEC v. Espuelas*, 905 F. Supp. 2d 507, 520 (S.D.N.Y. 2012)  (When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701, first, because there is no way |

5

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | | for the court to assess whether it is rationally based on the witness's perceptions, and second, because the opinion does not help the jury but only tells it in conclusory fashion what it should find. Rule 701(a) reflects, in part, the Rule's more general requirement that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.)<br><br>Lastly, the statement is irrelevant under Rule 401.  In determining value, the Court makes a two-fold inquiry:  first, whether the debtor received any value at all in exchange for the transfer, i.e. any realizable commercial value as a result of the transaction, and second, whether that value was in fact reasonably equivalent.  *See Devon Mobile Communs. Liquidating Trust v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp*.), No. 02-41729 (CGM), 2006 Bankr. LEXIS 4600, 2006 WL 687153, at *11 (Bankr. S.D.N.Y. Mar. 6, 2006).  What the Defendant and Parmar agreed is not a substitute for the burden to produce admissible evidence of "reasonably equivalent value". |
| 38 | Plaintiff also makes much of the fact that Porteck, as seller under the Porteck Asset Purchase Agreement, received $10.8 million, although the Porteck Asset Purchase Agreement provides for a purchase price of $12.8 million. At the time, Parmar asked that the purchase price be increased by $2 million to fund related deal fees because he wanted to pay the fees out of the proceeds of | Objection:  Rules 701 & 802.  *See Amerisource Corp. v. RxUSA Int'l, Inc.*, 2009 U.S. Dist. LEXIS 6864, *3-4 (E.D.N.Y. 2009) (First, witnesses' statement to the declarant properly excluded as hearsay unless there is an exception).  Defendant's statement as to what Parmar wanted lacks foundation. |

6

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | sale instead of paying them as a separate expense. He wanted the purchase price to reflect the total cost of the transaction. I did not believe there was anything unusual about this. | Second, the statement regarding "transaction fees" lacks any foundation whatsoever and is simple speculation. *SEC v. Espuelas,* 905 F. Supp. 2d 507, 520 (S.D.N.Y. 2012) (When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701, first, because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second, because the opinion does not help the jury but only tells it in conclusory fashion what it should find.) |
| 39 | Plaintiff notes that according to the IOLA Account, $3 million of the purchase price was paid to First United Health ("**FUH**"), a Parmar controlled entity, and he assumes that it was inappropriate, though he offers no evidence of that fact. And he assumes that I had knowledge at the time that it was inappropriate. I had no such knowledge. Nor was I ever privy to information regarding the IOLA Account. I had no knowledge of any disbursement of closing proceeds other than with respect to the payments made to Porteck. Indeed, I did not learn until this litigation that funds were paid to FUH. Here too, the inference Plaintiff draws - that I was complicit in a fraudulent transaction - is a bridge too far. | Objection:  FRCP Rule 56(c)(1)(A). The statement is an inaccurate and self-serving summary of the Motion and not a statement of fact as supported by material in the record. *See Hollander v. American Cyanamid Co*., 172 F.3d 192, 198 (2nd Cir. 1999) (The district court was correct in holding that the affidavit flagrantly disregarded the requirements of Rule 56(e),was riddled with inadmissible hearsay, conclusory statements and arguments, and "more resembled an adversarial memorandum than a *bona fide* affidavit*".*) |
| 40 | Plaintiff's arguments directed at the Porteck Asset Purchase Agreement are a red herring. The price of Porteck's assets under the Porteck Asset Purchase Agreement is | Objection:  FRCP Rule 56(c)(1)(A). The statement is an inaccurate and self-serving summary of the Motion and not a statement of fact as supported by material in the record. *See Hollander v. American* |

7

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | irrelevant because, importantly, Plaintiff is not challenging the price or the Porteck Asset Purchase Agreement itself as a fraudulent conveyance; he is challenging only the Two-Year Transfer, which was a deferred payment made pursuant to the Porteck Asset Purchase Agreement a year after it was executed. | *Cyanamid Co*., 172 F.3d 192, 198 (2nd Cir. 1999) (The district court was correct in holding that the affidavit flagrantly disregarded the requirements of Rule 56(e), was riddled with inadmissible hearsay, conclusory statements and arguments, and "more resembled an adversarial memorandum than a *bona fide* affidavit".) |
| 43 | The stated purpose of the escrow arrangement was to protect the rights of Physicians Practice, as purchaser under the Porteck Asset Purchase Agreement, to receive $2.5 million, to the extent such funds were required to indemnify Physicians Practice. But as a practical matter, the arrangement was not necessary to protect Physicians Practice because it simply withheld payment of the $2.5 million. The arrangement provided more meaningful benefit to the sellers because it would have secured their rights to obtain such funds in the future to the extent they were not required to fund their indemnity obligation. No indemnity claims arose entitling the purchaser to any such funds, and I therefore asked that the sellers be paid the entire amount.  Constellation Healthcare and/or Orion paid Niknim $2,500,000; i.e., the Two-Year Transfer. | Objection: Rule 701; FRCP Rule 56(c)(1)(A).  The statement is not a statement of fact as supported by material in the record, but legal argument of the witness. It is a stipulated fact no escrow existed and no monies were deposited. (Dkt. No. 54, JSOF 48, 49)  *See Hollander v. American Cyanamid Co*., 172 F.3d 192, 198 (2nd Cir. 1999) (The district court was correct in holding that the affidavit flagrantly disregarded the requirements of Rule 56(e),was riddled with inadmissible hearsay, conclusory statements and arguments, and "more resembled an adversarial memorandum than a *bona fide* affidavit".)<br><br>Rule 401:  The statement is irrelevant.  In determining value, the Court makes a two-fold inquiry:  first, whether the debtor received any value at all in exchange for the transfer, i.e. any realizable commercial value as a result of the transaction, and second, whether that value was in fact reasonably equivalent. *See Devon Mobile Communs. Liquidating Trust v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.*), No. 02-41729 (CGM), 2006 Bankr. LEXIS 4600, 2006 WL 687153, at *11 (Bankr. S.D.N.Y. Mar. 6, 2006).  What the Defendant and Parmar allegedly said to one another is not a substitute for the burden to produce admissible evidence of "reasonably |

8

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | | equivalent value". |
| 44 | Plaintiff argues that the failure of the Debtors to create the escrow compels the conclusion that Porteck was not entitled to the deferred payment and that the Two-Year Transfer was a fraudulent conveyance. However, as a feature that would have served to enhance the sellers' rights to receive the deferred payment, Porteck's failure to enforce the provision at closing was an oversight that was averse to its interests alone. I did not learn until this litigation that the escrow was not created, and I never claimed that funds were otherwise set aside to fund the deferred payment. As an officer of Orion and Constellation Healthcare, I was confident that the deferred payment would be made if required. In any event, the absence of the escrow does not militate in favor of the conclusion that the payment was not due or that it was a fraudulent conveyance. | Objection: Rule 701; FRCP Rule 56(c)(1)(A).  The statement is not a statement of fact as supported by material in the record, but legal argument of the witness attempting to explain a stipulated fact that no escrow was established or discussed. (Dkt. No. 54, JSOF 48) (See *Hollander v. American Cyanamid Co*., 172 F.3d 192, 198 (2nd Cir. 1999) (The district court was correct in holding that the affidavit flagrantly disregarded the requirements of Rule 56(e),was riddled with inadmissible hearsay, conclusory statements and arguments, and  "more resembled an adversarial memorandum than a *bona fide* affidavit*".*)<br><br>**Admission against interest**: Defendant claims in the Opposition he did not control business or disposition of assets of the Debtor and was not an "insider". Yet, he makes the statement "As an officer of Orion and Constellation Healthcare, I was confident that the deferred payment would be made if required." |
| 45 | Plaintiff's statement that at December 31, 2015, the Debtors' books did not reflect an antecedent debt of $2.5 million owed to the sellers of Porteck and their books evidence no satisfaction of an antecedent debt or increase in net assets as a result of making the Two-Year Transfer is of no moment. I had nothing to do with maintaining the Debtors' books and records.  More importantly, Plaintiff has submitted no evidence that either of such entries would have been appropriate under the circumstances. These are just facts from which Plaintiff draws an illogical inference. | Objection: Rule 701; FRCP Rule 56(c)(1)(A).  The statement is not a statement of fact as supported by material in the record, but legal argument of the witness attempting to explain facts not rebutted. (Dkt. No. 54; ASOF 88, 89) (See *Hollander v. American Cyanamid Co*., 172 F.3d 192, 198 (2nd Cir. 1999)  (The district court was correct in holding that the affidavit flagrantly disregarded the requirements of Rule 56(e),was riddled with inadmissible hearsay, conclusory statements and arguments, and "more resembled an adversarial memorandum than a *bona fide* affidavit".) |

9

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | | |
| 46 | Plaintiff points to Parmar's email to me saying that "I am willing to give you 3.5MM in return for you to allow me to structure it properly internally which requires I close the file with a 2M payment." The $3.5 million related to a discussion I had been having with Parmar regarding the $2.5 million owed as a deferred payment under the Porteck Asset Purchase Agreement, plus $1 million that the purchaser owed Porteck because it had collected that amount of accounts receivable, which were not sold under the Porteck Asset Purchase Agreement. Plaintiff's interpretation of the email is a self-serving misinterpretation that does not support a grant of summary judgment. | Objection: Rules 701 & 802.  The attempt to reference an out-of-court statement, rather than produce admissible evidence, is hearsay. *SEC v. Espuelas*, 905 F. Supp. 2d 507, 520 (S.D.N.Y. 2012)  (When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701, first, because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second, because the opinion does not help the jury but only tells it in conclusory fashion what it should find. Rule 701(a) reflects, in part, the Rule's more general requirement that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.)<br><br>Rule 401: the statement is irrelevant.  In determining value, the Court makes a two-fold inquiry: first, whether the debtor received any value at all in exchange for the transfer, i.e. any realizable commercial value as a result of the transaction, and second, whether that value was in fact reasonably equivalent. *See Devon Mobile Communs. Liquidating Trust v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, No. 02-41729 (CGM), 2006 Bankr. LEXIS 4600, 2006 WL 687153, at *11 (Bankr. S.D.N.Y. Mar. 6, 2006).  What the Defendant claims the email means is not a substitute for the burden to produce admissible evidence of "reasonably equivalent value". |
| 51 | Objectech owned AllRad Direct, LLC ("**AllRad**"). AllRad's property consisted of certain software that was advantageous to the Debtors. It provides state of the art technology | Objection:  Rule 701.  Witness offering a lay opinion must base his opinion on his own personal knowledge, which must be established to the court and jury. "When a witness has not identified the objective |

10

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | to ensure that patients, providers, and payers have complete access and insight into every aspect of the diagnosis, treatment, and follow-up for each patient. The data base was designed to facilitate population wellness management solutions of by consolidating and storing clinical assessments, diagnostic laboratory and imaging results, prescribed treatment regimens and care plans and their clinical outcomes for each patient. More detailed descriptions of the software are annexed hereto as *Exhibits "C" and "D".* | bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701 . . . because there is no way for the court to assess whether it is rationally based on the witness's perceptions . . .." *United States v. Garcia*, 291 F.3d 127, 140 (2nd Cir. 2002).  No foundation presented for the statements that Objectech owned AllRad or that AllRad's property consisted of certain software.<br><br>*See Reynolds v. Am. Airlines, Inc.*, 2017 U.S. Dist. LEXIS 198949, *4-5 (Bankr. E.D.N.Y, 2017) (Incident report properly stricken where proponent failed to offer foundation for document offered.)<br><br>Lastly, the oral testimony seeks to contradict a fact admitted by Defendant that the Objecttech MIPA included no assets. (Dkt. No. 54; JSOF 68)  Now, the witness claims an asset, software, was conveyed. |
| 53 | ALLRad software is a network management system that had the following advantages.<br><br>• It had most of the network management features needed for NYNM.<br>• The technology was the same as the PARCS system.<br>• The AllRad team was very familiar with PARCS system as they were from the same company.<br>• The operational efficiency and cost saving for replacing existing software with ALLRad software once adapted by NYNM would be over $3M a year.It had most of the network management features needed for NYNM.<br>• The technology was the same as the PARCS system. | Objection:  Rule 701.  Witness offering a lay opinion must base his opinion on his own personal knowledge, which must be established to the court and jury. "When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701 . . . because there is no way for the court to assess whether it is rationally based on the witness's perceptions . . .."  *United States v. Garcia*, 291 F.3d 127, 140 (2nd Cir. 2002).  No foundation is presented for any of the statements.<br><br>*SEC v. Espuelas*, 905 F. Supp. 2d 507, 520 (S.D.N.Y. 2012)  (When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701, because the opinion does not |

11

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | • The AllRad team was very familiar with PARCS system as they were from the same company.<br>• The operational efficiency and cost saving for replacing existing software with ALLRad software once adapted by NYNM would be over $3M a year. | help the jury but only tells it in conclusory fashion what it should find. |
| 55 | The amount of the consideration paid under the Objectech Membership Purchase Agreement was the result a bilateral negotiation and represents the exercise of the parties' respective business judgment, in good faith. Plaintiff has produced no evidence that the Debtors received less than reasonably equivalent value; he offers only a negative inference from self-serving speculation. | Objection: Rule 701; FRCP Rule 56(c)(1)(A).  The statement is not a statement of fact as supported by material in the record, but legal argument of the witness. (*See Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2nd Cir. 1999) (The district court was correct in holding that the affidavit flagrantly disregarded the requirements of Rule 56(e),was riddled with inadmissible hearsay, conclusory statements and arguments, and "more resembled an adversarial memorandum than a *bona fide* affidavit".)<br><br>Opinion testimony concluding Defendant exercised "good faith" or received "value" are unsubstantiated opinions and improper. Opinion testimony whether conduct at issue was "unlawful" or "willful" is clearly objectionable.  *US v. Espino*, 32 F.3d 253, 257 (7th Cir. 1994). |
| 56 | The Debtors' counsel prepared the draft of the Objectech Membership Purchase Agreement. At the time they prepared it they were not familiar with Objectech or its assets and both Parmar and I treated it as a working template to memorialize the transaction. Plaintiff attempts to paint the transaction as fraudulent by observing that the various schedules | Objection: Rule 701; FRCP Rule 56(c)(1)(A).  The statement is not a statement of fact as supported by material in the record, but legal argument of the witness.<br><br>No foundation is offered for the claim the lawyers are to blame for the MIPA not supporting Defendant's claims. |

12

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
|  | referenced in the Objectech Membership Purchase Agreement were never completed or attached, no revenue projections, working capital, balance sheets or statement of assets and liabilities referenced therein were attached, the Orion board of directors' resolution approving the sale was never obtained, and the Due Diligence report was never finalized. |  |
| 57 | As a company Objectech had [software] developed through a substantial capital investment. Consequently, the various schedules, projections, and other financial information to which Plaintiff refers had no relevance to the transaction at hand and Plaintiff's conclusion that the absence of such documents means the transaction was fraudulent is baseless. Throughout the negotiations, I responded to all requests for information relating to the software, its value, and its utility to the Debtors and I believe the Debtors had become fully satisfied with such information at the time the transaction closed. I also assumed the Orion board of directors had approved the sale and was unaware that it had not. | Objection: Rule 701; FRCP Rule 56(c)(1)(A). The statement is not a statement of fact as supported by material in the record, but speculative clams lacking admissible evidence. No admissible evidence is submitted to support a claim "Objectech had [software] developed through a substantial capital investment". <br><br> It is an undisputed fact Plaintiff requested financial records regarding Objecttech and/or AllRad and Defendant failed to produce records which would evidence if such software existed and any value it may have had. (Dkt. No. 54, JSOF 66, ASOF 94, 95) *See* **Adverse Inference Rule**. A party's failure to produce evidence which, under the circumstances, would be expected leads to an inference that the evidence not produced would not have buttressed the party's position and indeed would have undercut it. *In re Bruce,* 2005 Bankr. LEXIS 3085, *45 (Bankr. Mon. 2005), citing to *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 174, 94 S.Ct. 414, 420, 38 L.Ed.2d 388 (1973); *See also P.R. Mallory Co. v. NLRB*, 400 F.2d 956, 959 (7th Cir. 1968). |
| 58 | Here as well, Plaintiff's inference - that the transaction was somehow fraudulent, or that I was complicit in perpetrating some fraud - is a bridge | Objection: Rule 701; FRCP Rule 56(c)(1)(A). The statement is not a statement of fact as supported by material in the record, but argument. |

13

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | too far. Nor do any of Plaintiff's alleged facts support the conclusion that Parmar himself was acting with any kind of fraudulent intent sufficient to sustain Plaintiff's burden for obtaining summary judgment. | |
| 59 | Plaintiff's statement that the Debtors' books and records do not evidence an antecedent debt owed under the Objectech Membership Purchase Agreement and that after the One-Year Transfer, the Debtors' books and records do not evidence the satisfaction of such debt or an increase in net assets through the acquisition is another red herring. No such entry would have been made by the Debtors because Physicians Healthcare, a non-debtor, was the counter-party to the Objectech Membership Purchase Agreement, so any such entry would have been recordable in its books and records. In any event, Plaintiff has not submitted any evidence that there actually was an antecedent debt (of Physicians Healthcare) created under the Objectech Membership Purchase Agreement. In fact, there was none because the execution and closing under the Objectech Membership Purchase Agreement occurred simultaneously. | Objection: Rule 701; FRCP Rule 56(c)(1)(A). The statement is not a statement of fact as supported by material in the record, but argument. |
| 61 | It was typical in the ordinary course of the Debtors' businesses to create (and own the equity of) an entity for the special purpose of making an acquisition, and I believe that such was the case with respect to the Objectech Membership Purchase Agreement. | Objection: Rule 701; FRCP Rule 56(c)(1)(A). The statement is not a statement of fact as supported by material in the record, but legal argument of the witness. No foundation is offered for the claim the lawyers are to blame for the MIPA not supporting Defendant's claims. |

14

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| 62 | Regardless, the assets of Objectech were delivered to Orion, one of the Debtors, at the closing and I, as the President and Chief Executive Officer of the Orion, presided over the development and integration of the software for the exclusive benefit of the Debtors. I believe that the value of this benefit was reasonably equivalent to the amount paid in exchange for it under the Objectech Membership Purchase Agreement. The Plaintiff has not submitted any evidence to the contrary. | Objection:  Rule 401:  The conclusory self-serving opinion of the witness is irrelevant. In determining value, the Court makes a two-fold inquiry: first, whether the debtor received any value at all in exchange for the transfer, i.e. any realizable commercial value as a result of the transaction, and second, whether that value was in fact reasonably equivalent. *See Devon Mobile Communs. Liquidating Trust v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.*), No. 02-41729 (CGM), 2006 Bankr. LEXIS 4600, 2006 WL 687153, at *11 (Bankr. S.D.N.Y. Mar. 6, 2006).<br><br>The affidavit seeks to contradict a fact admitted by Defendant that the Objecttech MIPA included no assets. (Dkt. No. 54; JSOF, 68)  Now, the witness claims an asset, software, was conveyed and that PHNMS, a non-party, who received "Interests" conveyed those "Interests" to the Debtor.  No foundation is introduced for any of the multiple statements. When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701 . . . because there is no way for the court to assess whether it is rationally based on the witness's perceptions . . .." *United States v. Garcia*, 291 F.3d 127, 140 (2nd Cir. 2002). |
| 63 | Plaintiff has presented no competent evidence that either of the Transfers was made with actual intent to hinder, delay, or defraud a creditor. Neither the Porteck Asset Purchase Agreement nor the Objectech Membership Purchase Agreement manifests any false statement, misrepresentation, or backdating. | Objection: Rule 701; FRCP Rule 56(c)(1)(A).  The statement is not a statement of fact as supported by material in the record, but legal argument of the witness. |

15

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | Grossing up the purchase price under the Porteck Asset Purchase Agreement to include related transaction fees was neither a false statement nor a misrepresentation. Plaintiff has merely drawn conclusions by inferring them from facts that are insufficient to support the respective inferences. Plaintiff's statement that I was "complicit" in any of Parmar's schemes is a figment of his imagination. | |
| 64 | Plaintiff argues that I failed to produce evidence in the form of certain tax records, and infers the failure is evidence that I had something to hide. Plaintiff requested copies of certain tax returns filed by Objectech. As Plaintiff is aware, such returns were not produced because they do not exist. As mentioned, Objectech did nothing, had no revenue, and had no assets other than valuable software. Having no revenue to report, it filed no tax return | Objection:  FRE Rule 801(d)(2).  The new unsworn testimony contradicts Defendant's prior sworn deposition testimony that tax records existed and were not produced. *See Trans-Orient Marine Corp. v. Star Trading & Marine, Inc*., 925 F.2d 566, 572 (2nd Cir. 1991), citing to *Mack v. United States*, 814 F.2d 120, 124 (2nd Cir. 1987) (party cannot create genuine issue of material fact with affidavit contradicting prior deposition testimony in attempt to defeat summary judgment motion).  See Plaintiff's Reply Brief. |
| 65 | As already mentioned, Defendants have cross-moved for partial summary judgment dismissing Plaintiff's claims asserted under NYDCL 273-a based upon Plaintiff's failure to plead that there existed so-called "triggering creditors." | Objection: Rule 701; FRCP Rule 56(c)(1)(A).  The statement is not a statement of fact as supported by material in the record, but legal argument of the witness. |
| 66 | Assuming, however, the claim under NYDCL 273-a is viable, in order to succeed under this section, I understand that Plaintiff has the burden of proving the transferor's receipt of less than fair equivalent value in the exchange. Plaintiff argues that he meets this burden | Objection: Rule 701; FRCP Rule 56(c)(1)(A).  The statement is not a statement of fact as supported by material in the record, but legal argument of the witness. |

16

| Paragraph Number | Affidavit of Arvind Walia | Plaintiff's Evidentiary Objection |
|---|---|---|
| | because in New York, fair equivalent value also requires good faith and a transaction between insiders lacks good faith. Therefore, according to Plaintiff, the Transfers are per se avoidable as a matter of law. However, as discussed in the memorandum of law in opposition to Plaintiff's motion, this is a misstatement of New York law. Insider status alone does not render a transfer fraudulent. Plaintiff must still prove the transferor's receipt of less than fair equivalent value in the exchange. | |
| 69 | My status as an initial transferee depends upon Plaintiff proving that Niknim is my alter ego. I understand that in New York, in order to state a claim for alter-ego liability, plaintiff is generally required to allege "complete domination of the corporation in respect to the transaction attacked" and "that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." Plaintiff has offered no evidence to support such allegations and I submit there is none. | Objection: Rule 701; FRCP Rule 56(c)(1)(A). The statement is not a statement of fact as supported by material in the record, but legal argument of the witness. |
| 70 | As to my status as an immediate or mediate transferee of the Transfers, Plaintiff has made no allegation with respect to any transfer by Niknim. Regardless, assuming I was a transferee of Niknim, my liability would be shielded under section 550(b)(1) because I took for value, in good faith, and without knowledge of the voidability of the Transfers. | Objection: Rule 701; FRCP Rule 56(c)(1)(A). The statement is not a statement of fact as supported by material in the record, but legal argument of the witness. |

17

Dated:  March 10, 2023                              PACHULSKI STANG ZIEHL & JONES LLP

                                                    By:    */s/ Jeffrey P. Nolan*
                                                           Ilan D. Scharf, Esq.
                                                           Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
                                                           780 Third Avenue, 34th Floor
                                                           New York, New York 10017
                                                           Telephone:    (212) 561-7700
                                                           Facsimile:    (212) 561-7777

                                                           Counsel for the Plaintiff, Howard M.
                                                           Ehrenberg in his capacity as Liquidating
                                                           Trustee of Orion Healthcorp, Inc., *et al*.

18