**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>    Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>    Defendants. | Adv. Proc. No. 20-08049 (AST) |

**ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AND DENYING DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC. CROSS-MOTION FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY OBJECTIONS; AND ESTABLISHING FACTS AS ADMITTED IN THE CASE PURSUANT TO FRCP 56(g)**

1.  The Court, having considered the *Motion for Summary Judgment, or in the Alternative Summary Adjudication as Against Defendants Arvind Walia; Niknim Management Inc.,*[Docket No. 54] as filed by Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*. (the "**Plaintiff**") and the accompanying *Joint Statement of Uncontroverted Facts; Plaintiff's Statement of Additional Uncontroverted Facts in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication* [Docket No. 54]*; Affidavit of Jeff Nolan in Support of Plaintiff's Motion for Summary Judgment* [Docket No. 55]*; Affidavit of Edith Wong in Support of Plaintiff's Motion for Summary Judgment* [Docket No. 56]*; Affidavit of Frank Lazzara in Support o Plaintiff's Motion for Summary Judgment*

[Docket No. 57]; *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment* [Docket No. 58]; and accompanying papers (collectively "the **Motion**") [Docket No. 53][1] seeking entry of judgment against Defendants Arvind Walia and Niknim Management, Inc. (the "**Defendants**"); and all replies, objections and other pleadings relating thereto; and the Court, having considered the Defendants *Motion for Partial Summary Judgment Dismissing Asserted in the Complaint Under 11 USC §544* and the pleadings related thereto [Docket Nos. 51 & 60] and all replies, objections and other pleadings thereto [Docket No. 52, 64-70] (collectively "the **Cross-Motion**"); and the Court after due deliberation thereon; and as set forth in the record at the April 10, 2024 Ruling Conference (the "**Ruling Hearing**"); and sufficient cause appearing therefor; and the Court having made certain legal and factual findings as set forth in the record of the Ruling Hearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion for summary judgment to avoid the First Transfer made on April 15, 2016 in the amount of $2,500,000 is denied with respect to the Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, as a factual issue remains to be determined at trial as stated in particular on the record at the Ruling Hearing.

2. The Motion for summary judgment to avoid the Second Transfer made on June 23, 2017, in the amount of $1,520,000 is granted as against Defendant Niknim

---

[1] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Motion.

       Management, Inc., as to the Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, as the Trustee has carried his burden and no further issue of fact or law remains. As to the Defendant Arvind Walia, the Motion <u>is denied</u> as to the Second Transfer as a factual issue remains to be determined at trial as stated in particular on the record at the Ruling Hearing.

3. The Cross-Motion is denied for the reasons set forth on the record at the Ruling Hearing.

4. Pursuant to Fed R. Civ. Proc. 56(g), certain facts set forth in the Motion are established for trial as undisputed facts established in the case, as stated in particular on the record of the Ruling Hearing.

5. The parties are ordered to attend mediation in the next 30 days or as soon thereafter as reasonably practical, and report back to the Court by joint written letter.

6. The Bankruptcy Court retains jurisdiction to enforce and implement the respective terms and provisions of this Order.

7. Trial of the remaining issues within the adversary proceeding shall proceed on July 24, 2024, and the Court will issue a Trial Scheduling Order.