**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-71748-ast |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>Plaintiff,<br><br>- against -<br><br>ARVIND WALIA; NIKNIM MANAGEMENT, INC.,<br><br>Defendant. | Adversary Proc. No. 20-08049-ast<br><br>Trial: July 24, 2024<br>Time: 9:30 am<br>Place: Courtroom 960<br>U.S. Bankruptcy Court<br>290 Federal Plaza<br>Islip, NY<br><br>Final PTC: July 17, 2024<br>Time: 1:30 p.m.<br><br>Judge: Hon. Alan S. Trust |

## TRIAL AFFIDAVIT OF FRANK LAZZARA

Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of OrionHealthcorp, Inc., submits the attached direct testimony in the form of a Trial Affidavit of the witness Frank Lazzara.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748

4871-5905-6584.4 65004.003

I, FRANK A. LAZZARA, being duly sworn, deposes and says: I, Frank A. Lazzara, make this Declaration and submit the following testimony in the above referenced adversary. I make this declaration based on (a) my personal knowledge, (b) my review of relevant documents and information concerning the Debtors' operations, (c) my opinions based upon my experience and knowledge of the Debtors' historically reported financial operations and financial conditions, or (d) information provided to me by management, advisors, employees or other representatives of the Debtors.

1. I was a Managing Director in the Forensic and Litigation Consulting practice of FTI Consulting, Inc. ("FTI"). I am currently a partner in the Forensics, Valuation and Litigation Support practice at DLA LLC. I am a Certified Public Accountant ("CPA") in the state of New York, a Certified Fraud Examiner ("CFE"), and am Certified in Financial Forensics ("CFF") by the American Institute of Certified Public Accountants ("AICPA"). I have more than 30 years of experience in accounting, auditing, controllership and forensics.

2. In September 2017, FTI was retained in connection with multiple investigative, advisory, and restructuring tasks regarding Constellation Healthcare Technologies, Inc., Orion Healthcorp., et al. ("CHT"). I led a team of FTI professionals (the "FTI Investigations Team") who, in conjunction with CHT's counsel, began an investigation into the then-current and historically reported financial condition of the Debtor. Beginning September 29, 2017, computer forensics professionals from the FTI Investigations Team directed the collection of CHT's electronically stored information ("ESI") from servers maintained by CHT and its subsidiaries.

3.  Included within such acquired ESI were the Office 365 mailboxes of CHT's former CEO, Parmjit "Paul" Parmar ("Parmar"), and CHT's former CFO, Sam Zaharis ("Zaharis"), in addition to CHT's financial systems, accounting records, bank statements, accounts payable, receivables, vendor, customer files and financial systems. The FTI Investigations Team searched and reviewed the financial records, e-mails, and accounts payable information with regard to past operations of the Debtors.

4.  FTI also conducted various forensic analyses in an effort to identify and corroborate the payment of certain accounts going forward. As such, I am personally familiar with the Debtors' book and records in hard copy and electronic format, including its general ledger, financial statements and tax returns as well as the historical communications that were committed to e-mail. I continue to assist the plaintiff, Howard M. Ehrenberg, in his capacity as the Liquidating Trustee of Orion Healthcorp, Inc. *et al*. (the "Liquidating Trustee" or "Plaintiff"), in the conduct of investigative tasks.

5.  Attached as **Plaintiff's Trial Exhibit 4**, is a true and correct copy of the Disbursement Authorization & Itemization form dated March 3, 2015, which I previously attached to my Affidavit dated January 18, 2023 (Dkt No. 57) which was located as maintained within the business records of the Debtors. (Ehren-Walia 000084-85) This shows the APA closed and funds for a total disbursement to the Seller of $7,000,000 disbursed on or about March 3, 2015.

6.  Attached as **Plaintiff's Trial Exhibit 10**, is a true and correct copy of a series of emails from April 7, 2016 to April 8, 2016 between Parmar and Walia, and /or Ravi Chivkula and Sam Zaharis, which was located as maintained within the business records of the Debtors. The documents are bate-stamped Ehren-Walia 000079-83.

7. Attached as **Plaintiff's Trial Exhibit 15,** is a true and correct copy of the Agreement and General Release dated January 31, 2017, which I located as maintained within the business records of the Debtors (F05024-E0006-), and marked Exhibit 13 to the deposition of Defendant Walia. This document purports to release the Sellers, Porteck Corporation, the Janaminder Virk Irrevocable Trust, the Arvind Walia Irrevocable Trust, and Arvind Walia (Payees) from liability for the Debtors Physicians Practice Plus, LLC and Constellation Healthcare Technologies, Inc.'s (Payor) payment of $2,500,000 to the Payees. The document I located was not signed.

8. Attached as **Plaintiff's Trial Exhibit 16,** after the subpoena is a ledger entitled "NIKNIM Management, Inc. Chase Bank" (the "Ledger"). I reviewed the bank statements subpoenaed from JP Morgan Chase starting in August 2015 through December 2017. (EHREN-NIKNIM CHASE 00001-000338) The Ledger was prepared exclusively from these records and tracks the beginning balance and the ending balance for each month. As the Court may recall, the First Transfer was made on April 15, 2016, in the amount of $2,500,000. The wire appears in the NIKNIM account on EHREN-NIKNIM CHASE 000057-58 of Exhibit 16, and within 3-4 days $1.5 million is immediately withdrawn and transferred to a Schwab account; a payment then made to BMW Financial Services, and $965,000 sent to Acct# 3644 at Chase. If you look at EHREN-NIKNIM CHASE 000297, Acct# 3644 at Chase, is for the Debit Party of Arvind Walia, meaning the $965,000 was transferred by Mr. Walia who controlled the NIKNIM account three (3) days later to his checking account. I reviewed the Ledger which is accurate in copying the starting balance each month, and the ending balance of the NIKNIM's account each month from the statements. As evident in the Ledger, anytime there were deposits in excess of one million dollars ($1,000,000), the money was transferred out of NIKNIM almost immediately

leaving an ending monthly balance of less than $50,000 in that same month, except on one occasion when it was $84,498.

9. Attached as **Plaintiff's Trial Exhibit 28,** is a true and correct copy of an email dated June 19, 2017, which was located as maintained within the business records of the Debtors (EHREN -WALIA 004519-4608), and marked Exhibit 25 to the deposition of Defendant Walia. The e-mail is with reference to the Second Transfer in 2017 but memorializes Defendant Walia communicating with Mr. Parmar and expressing he wants to "finalize today as I would like to close on this asap for one reason which I will talk to you about later today".

10. Attached as **Plaintiff's Trial Exhibit 29,** is a true and correct copy of an email dated June 21, 2017, which was located as maintained within the business records of the Debtors (EHREN -WALIA 004972) and marked Exhibit 26 to the deposition of Defendant Walia. The e-mail is with reference to the Second Transfer in 2017, but memorializes Defendant Walia communicating with Mr. Parmar and expressing "he is the only member of Objecttech Holdings, LLC, the shell company" and he wants Parmar to "countersign it to close the deal today" for "the reasons discussed earlier". Mr. Walia provides the NIKNIM bank account at JP Morgan Chase to Parmar on June 21, 2017, and the monies hit the JP Morgan Chase two days later on June 23, 2017. (See Pl **Trial Exhibit 16**, EHREN-NIKNIM CHASE 000154)

11. As evident in **Plaintiff's Trial Exhibit 2**, there is an entry that sets forth "AHMS Revenue loss adjustment to purchase Price" (1,776,872). This is also referenced in **Plaintiff's Trial Exhibit 10**, on page EHREN_WALIA 00079, email dated April 8, 2016 at 12:09 pm "AHMS Adjustments". The notes on **Plaintiff's Trial Exhibit 2** reflect Mr. Walia rejecting the reduction of the purchase price for lost revenue of AHMS, but in Section 1.7(d) of

the APA (**Plaintiff's Trial Exhibit 3**), there are other contractually-specified price reductions in addition to the working capital deficiency to reduce any closing payment referenced, specifically "Bad A/R Amount and Top Client Loss", among others. Based the asset value of the Porteck assets sold in February 2015 (which was a combination of AHMS and PCA), the actual value of the assets was $1.824 million. (NOR, pg 28-29, lns 25-3) If you further remove the formulaic reduction in value due to "AHMS Revenue loss adjustment to purchase Price" from the asset value, the net value of the assets sold to the Debtor was $47,128. ($1,824,000- $1,776,872) versus the $12.8M the Debtor paid.

12. Robinson Brog served as escrow agent in connection with the receipt and distribution of over $46 million related to the go-private merger transaction involving the Debtors that closed in January 2017 ("Go-Private Transaction"). Robinson Brog received the distribution of over $46 million related to a CHT go-private merger transaction involving the Debtors that closed in January 2017 ("Go-Private Transaction"). As part of the Go-Private Transaction, a lender consortium headed by Bank of America ("BOFA") extended credit to the Debtors. On the Petition Date, as evident in the bankruptcy Schedules [Docket No. 203] the Debtors are liable on $158,200,710.89 in secured debt to a lender consortium headed by BOFA who allege they were defrauded as part of the Go-Private transaction .

13. I am also familiar with the Debtor's records and have previously testified before this Court with respect to Aquila Alpha and the transfer of the Colts Neck, NJ real property where Parmar resided. By Affidavit of Frank Lazzara dated May 2021 as submitted to the Court, I researched and located documents that evidence in or about March, 2016, Parmar and his executives, including John Petrozza, purchased the $23.7 million mortgage with funds obtained from the Debtor, CHT, for $3.8 million. The purchaser was represented to Deutsche

Bank as an unaffiliated entity, Aquila Alpha, an investment vehicle controlled by Abruzzi Investments owned by John Petrozza

14. On March 15, 2017, the FBI stepped in and placed a lien on or seized $20,100,356 of the Go-Private funds out of the Robinson Brog IOLA account for the Debtor as they suspected fraud. I was interviewed by the FBI, United States Department of Justice ("DOJ") and the Securities and Exchange Commission ("SEC") and I have personal knowledge from those discussions that the FBI was investigating a fraud perpetrated by Parmar, Zaharis and Chivikula with respect to the CHT go-private merger transaction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of July, 2024, at New York, New York.

_____
Frank A. Lazzara

SWORN TO AND SUBSCRIBED before me this
10th day of July, 2024

_____
Mohan D Butani

Mohan D. Butani
Notary Public, State of New York
Registration No. 01BU6266896
Qualified in New York County
Commission Expires August 06, 2024

4871-5905-6584.4 65004.003          7