

**LOS ANGELES**
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

**NEW YORK**
780 THIRD AVENUE. 34TH FL.
NEW YORK, NEW YORK 10017-2024
212.561.7700

**WILMINGTON**
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

**HOUSTON**
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

**SAN FRANCISCO**
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

Jeffrey P. Nolan

August 5, 2024

310.772.2313
jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

Re: **In re Orion HealthCorp., Inc., et al.**
**Howard M. Ehrenberg v. Arvind Walia; Niknim**
**Management, Inc.**
**Adv. Proc. No. 20-08049 (AST)**

Dear Judge Trust:

We are counsel for Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.* (the "Liquidating Trustee") in the above referenced adversary proceeding. I write to address the issue raised by the Court to the parties at the end of Trial: what evidence was introduced as to the discrepancy in price and distribution of funds surrounding the Porteck APA.

As the Court may recall, the Asset Purchase Agreement ("APA") was dated March 2015. [**Pl Trial Ex 3**] On summary judgment, Plaintiff established through the forensic analysis testified to in the Affidavit of Frank Lazzara, that on March 2, 2015, $9.8 M was deposited from the Debtors' bank account at M&T Bank into the Debtors' IOLA Account which sum was disbursed the following day on March 3, 2015, at the closing. [**Dkt No. 57**; Aff'd of Frank Lazzara in Support of Plaintiff's SJM, §8] This fact was memorialized in the parties Joint Pretrial Memorandum as an established fact. [**Joint Pretrial Memorandum Dkt. No. 137, §19, 20**] $6,800,000 was disbursed to the Sellers and the remaining balance of the sale proceeds, $3,000,000 was disbursed to First



**PACHULSKI STANG ZIEHL & JONES**

The Honorable Alan S. Trust
August 5, 2024
Page 2

United Health, LLC, a Paul Parmar controlled entity. [**Joint Pretrial Memorandum, Dkt. No. 137, §20**]

 As the Court noted at trial, the Disbursement Authorization and Itemization Form dated March 3, 2015, **Pl Trial Ex. 4**, evidences $7M distributed to the Sellers, or on their behalf, at the closing. Coupled with the First Transfer of $2.5 M made one year later, a total of $9,500,000 was distributed to the Defendants. Mr. Walia's testimony at trial was that the purchase price was $10.8M, which left an unexplained discrepancy of $1.3M.

 Defendant Walia directs the Court to **Pl Trial Ex. 5** to explain the discrepancy. **Pl Trial Ex 5,** is an email prepared by the Defendant one year removed from the closing. The math in the email is not accurate. The $600,000 for a "PCA Loan" was already accounted for in the $7MM disbursed to Seller as part of the Disbursement Authorization and Itemization Form dated March 3, 2015, **Pl Trial Ex. 4.** (see entry "People's United Bank, $597,648.59"). The APA closing documents do not reflect any sum paid to Abstract Business Advisors at closing, let alone $200,000, and Walia testified at trial this was handled by Parmar.

 The testimony of a purchase price of $10.8M is not corroborated by the trial record.

Respectfully submitted,

*/s/ Jeffrey P. Nolan*

Jeffrey P. Nolan

cc: Sanford Rosen, Esq.
  Counsel for Defendants (Via ECF)