```
1                    UNITED STATES BANKRUPTCY COURT
                      EASTERN DISTRICT OF NEW YORK
2                                          .
     In re:                                .    Central Islip, New York
3                                          .
                                           .    November 20, 2024
4    EHRENBERG V. ARVIND WALIA ET AL       .
                                           .    8-20-08049-AST
5                                          .
                                           .    Calendar Time 10:00 AM
6    . . . . . . . . . . . . . . . . . . . .

7                          8-20-08049-AST
                    EHRENBERG V. ARVIND WALIA ET AL
8
         [1] COMPLAINT BY HOWARD M. EHRENBERG IN HIS CAPACITY AS
9      LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL AGAINST
         ARVIND WALIA, NIKNIM MANAGEMENT INC. – NATURE(S) OF SUIT:
10    (12(RECOVERY OF MONEY/PROPERTY – 547 PREFERENCE)), (13(RECOVERY OF
       MONEY/PROPERTY – 548 FRAUDULENT TRANSFER)), (14(RECOVERY OF
11                     MONEY/PROPERTY – OTHER)).

12                   BEFORE HONORABLE ALAN S. TRUST

13   Attorney for the Plaintiff:    JEFFREY NOLAN
                                    Pachulski Stang Ziehl & Hones
14                                  10100 Santa Monica Boulevard
                                    13th Floor
15                                  Los Angeles, CA 90067

16   Attorney for the Defendants:   SANFORD ROSEN
                                    Rosen & Associates, P.C.
17                                  P.O. Box 1274
                                    Shelter Island Heights, NY 11965
18
                                    EUGENE SCHEIMAN
19                                  Law Office of Eugene R. Scheiman
                                    17 State Street, Floor 40
20                                  New York, NY 10004

21   Court Transcriber:             CATHERINE ALDRICH
                                    E-Scribe
22                                  2376 Cleveland Street
                                    Bellmore, NY 11710

23

24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

1        THE COURT:  This is Judge Trust. We'll take appearances

2   please, starting with the plaintiff.

3        JEFFREY NOLAN: Good morning, Your Honor. Jeff Nolan

4   appearing on behalf of the plaintiff, Howard Ehrenberg. Also

5   attending is Mr. Ehrenberg.

6        THE COURT: And then for the defendants?

7        SANFORD ROSEN: Good morning, Judge. Sanford Rosen,

8   co-counsel for the defendant.

9        EUGENE SCHEIMAN: Eugene Scheiman for defendant Walia.

10        THE COURT: Alright. Alright. Good morning. Do the parties

11   have a settlement to announce?

12        JEFFREY NOLAN: Unfortunately, no, Your Honor.

13        THE COURT: Okay. Alright. Then, this morning will be the

14   court's ruling after trial. The matters presented are court

15   proceedings under Title 28 Section 157B. This court has authority

16   to hear and determine under the standing orders of reference in effect

17   in this district following what constitutes the court's post trial

18   findings of fact and conclusions of law. By way of background, the

19   debtors, they were all listed on the petition starting with Orion

20   Health Corp Inc. They were a consolidated enterprise of several

21   companies engaged, excuse me, aggregated through a series of

22   acquisitions, which operate in the healthcare space, primarily

23   revenue and practice management for physician practices. This

24   adversary proceeding involves two transfers sought to be recovered

25   by the trustee as either actual and/or constructive fraudulent

transfers under Section 544 and 548 of the Bankruptcy Code and Sections 273 through 276 of the New York Debtor and Creditor Laws. Both transfers were made by one or more of the debtors either directly or indirectly to the named defendants, Arvind Walia and Niknim Management. The first transfer was made two years pre-petition on April 15, 2016 from an M & T Bank account of the debtors to a JP Morgan Chase bank account of the corporate defendant, Niknim in the amount of $2,500,000. I'll refer to that as the first transfer. That was made at the direction of Paul Parmar who was the control person on behalf of one or more of the corporate debtor entities at the time. That transfer was made at the direction of defendant Walia on behalf of an entity called Porteck Corporation, which was a seller in connection with an asset purchase agreement, which I'll refer to as the APA. The APA provided for a purchase price to the favor of Porteck in the amount of $12,800,000. The terms of that APA including an indemnification provision under Section 1.6 which provided the $2,500,000 of the purchase price was to be escrowed to indemnify the buyer of Physicians Practice Plus in the event that claims arose post closing. The provision- the contractual provision provided that if funds and indemnification were not needed by the buyer, they could be returned to the seller. The record reflects that the indemnification clause or the rights of the buyer to seek indemnity were never triggered. The second transfer was a wire transfer made one year pre-petition in June of 2017 from a lawyer's trust account, lawyers to the benefit of the debtors, which was held

1   at JP Morgan Chase. That transfer was made to Niknim in the amount

2   of $1,520,000. I'll refer to that as the second transfer and

3   collectively both as the transfers. The second transfer reportedly

4   represented a closing payment to be made pursuant to the terms of

5   a membership purchase agreement with an entity called Objectech.

6   Walia was the owner of Objectech and under the Objectech transaction,

7   Walia on behalf of Objectech agreed to sell to Parmar, a software

8   company indirectly owned by Walia called AllRad Direct, LLC.

9   Objectech was a shell company that owned AllRad. Sale agreement was

10  signed by Objectech as seller and Physicians Health Network

11  Management Solution, an entity owned and controlled by Parmar as

12  the buyer. Earlier in this adversary proceeding, both parties moved

13  for summary judgment in all claims. On April 10th this year, this

14  court held a ruling conference on the summary judgment motions. At

15  that time, the court described in great detail both the Porteck

16  transaction and the Objectech transaction and outlined its reasons

17  for denying the defendant's motion for partial summary judgment and

18  granting in part the trustee's motion for summary judgment. The only

19  relief requested at that time was against defendant Niknim and only

20  on the second transfer. The court incorporates its summary judgment

21  ruling for purposes of this ruling conference. The court then set

22  a date for trial on the remaining matters at issue after the parties

23  were not successful in mediation. The trial was held on July 23rd.

24  For the reasons to follow, the court has determined that the second

25  transfer is also avoidable against Mr. Walia, and the trustee can

1  recover the second transfer in the amount of $1,520,000 from either

2  defendant; however, the court has also determined that the trustee

3  did not satisfy his burden of proof demonstrating that the first

4  transfer can be avoided against either Walia or Niknim. At the summary

5  judgment stay, the court had found a number of facts to not be in

6  material dispute, but found others to be in dispute and directed

7  the parties as part of their pretrial- joint pretrial memorandum

8  to stipulate the facts, which were not at issue for purposes of trial.

9  Those stipulated facts appear at Docket 137, the joint facts. I will

10  incorporate those into this ruling as well, but will only recite

11  a few of them. With respect to the first transfer of $2,500,000 in

12  2- in 2015, Mr. Parmar, then CEO of Constellation Healthcare

13  Technologies, wanted to acquire a medical billing company and became

14  interested in Porteck. Porteck was a technology services company

15  owned and controlled by Mr. Walia, who was its CEO. At the time,

16  Porteck had two business lines referred to as HMS and PC Advantage,

17  which were both medical billing companies. In March of 2015, the

18  debtor and the- the later debtor entity, Physician Practice Plus

19  acquired the assets of Porteck pursuant to an APA. The sellers were

20  Walia, Porteck and the Janaminder Trust. Mr. Walia executed the APA

21  on behalf of all entities, but the Walia Trust, also the seller never

22  signed the APA. Parmar signed on behalf of the buyer. The APA provided

23  a purchase price of $12,800,000 even though Mr. Walia had agreed

24  in writing to sell Porteck's assets for $10,800,000. The purchase

25  price was "juiced upwards" by $2,000,000 because Mr. Walia- Mr.

1  Parmar told Walia he needed an extra $2,000,000 to cover deal fees.

2  Mr. Walia testified he didn't really pay attention to the "juiced

3  up" purchase price. The trial evidence reflects that the deal fees

4  were actually under $200,000, not anywhere close to the $2,000,000.

5  As far as the assets being acquired, the net assets of being acquired

6  from AHMS were $1,350,000. The net asset value of PTA at the time-

7  of PCA at the time was $474,000. So the total value of the assets

8  being acquired from Porteck for $12,800,000 was less than

9  $2,000,000. The parties agreed that the purchase price was five times

10  the EBITDA of the acquired business lines. The bank records reflected

11  that a wire of $9,800,000 went from an IOLTA account at Robinson

12  Brogg held on behalf of the debtor CHT to close the purchase price-

13  to close the purchase, but of that $9,800,000, $6,800,000 went to

14  Walia and his entities, and $3,000,000 went "sideways" to another

15  non-debtor entity controlled by Mr. Parmar. After the deal closed,

16  Walia moved over to debtor Orion Health Company as the CEO and then

17  became the chief technology officer of CHT and served in those

18  capacities after both of the transfers at issue were made. Mr. Walia

19  testified about the purpose of the $2,500,000 escrow agreement to

20  protect the buyer in- in the event of a claim. Although the APA,

21  particularly in Section 1.6, calls for the execution of an escrow

22  agreement and the selection of an escrow agent, neither of those

23  ever occurred. As far as the second transfer of $1,520,000, as I

24  stated, that was in connection with the purchase of an entity called

25  Objectech, which was owned- excuse me, purchase of a company Mr.

1  Walia indirectly owned called AllRad, which was actually directly

2  held by Objectech. The purchase agreement required for various due

3  diligence to be undertaken and reports to be issued, but those were

4  never provided. State and federal tax returns were also to be provided

5  to the buyer. Those were not provided. But despite the pre-closing

6  deficiencies, the purchase agreement closed in June of 2017 and the

7  debtor funded the $1,520,000 and acquired the share ownership in

8  AllRad that the agreement called for. The court at trial had four

9  affidavits from the trustee, an expert affidavit of Craig Jacobson,

10  an expert affidavit of Max Mitchell, a fact affidavit of Frank

11  Lazarra, and a fact affidavit of Edith Wong. All of those affidavits

12  as well as numerous other exhibits totaling 31 were admitted. Each

13  of those witnesses were available at trial for cross examination.

14  The court also, upon request of the trustee, took notice of a proof

15  of claim filed by Walia at Claim 10141, a summons and verified

16  complaint filed in New York State Court Criterion's LLC versus Visian

17  Court Physicians Practice Arvind Walia and Constellation

18  Healthcare. The court also accepted the affidavit of Mr. Walia and

19  he was cross examined at trial. The court generally found all the

20  witnesses' testimony to be credible. There were very few conflicting

21  areas of conflict between the witnesses' fact testimony. As parties

22  were well aware, Bankruptcy Code Section 548(a)(1) allows the

23  trustee to avoid transfer made two years prior to the petition date

24  if made with actual fraudulent intent to hinder, delay or defraud.

25  DCL 276 similarly so provides as a matter of New York State Law.

1 Those two provisions are essentially identical. See this court's

2 opinion in Janitorial Closeout, 213 Westlaw, 492375 at 5. For a

3 transfer to be avoided as actually fraudulent, the debtor moving-

4 the party with a burden of proof must demonstrate that the debtor

5 had an interest in the transferred property, the property occurred

6 within the applicable limitations period, and the transfer was made

7 with actual intent to hinder, delay or defraud. For purposes of this

8 analysis, the court focuses on the intent of the transferor, not

9 the intent of the transferee. The trustee's burden was to establish

10 fraudulent intent by clear and convincing evidence. See in re Jacobs,

11 Bankruptcy Eastern District of New York 2008, 394 B.R. 646. The court

12 routinely in the Second Circuit as elsewhere look in a number of

13 badges of fraud for that determination. See this court's opinion

14 in Zerbo, 392 B.R. 642 at 649. The trustee also sought to avoid the

15 transfers as constructively fraudulent under Bankruptcy Code

16 Section 548 (a)(1)(B) and New York DCL 273 through 275. Under the

17 Bankruptcy Code, the trustee must establish that an interest in the

18 debtors- of the debtor's property was transferred, that it occurred

19 within two years prior to the petition date, that the debtor received

20 less than a reasonably equivalent value in exchange, and that one

21 of the four financial conditions enumerated in the code was

22 satisfied. See in re Molina, 657 B.R. 172 at 186, Bankruptcy Eastern

23 District 2023. Under State Law, a transfer can be a fraudulent

24 conveyance- can be a constructively fraudulent- excuse me- can be

25 a constructively fraudulent transfer if it is made without fair

consideration and neither the transferor was insolvent or rendered insolvent at the time of the transfer, was engaged or about to engage in a business for which its property constitutes a reasonably small capital, or the transferor believed it would incur debt beyond its ability to pay. See in re Dreier, 452 B.R. 391 at 441, Bankruptcy Southern District of New York 2011. Fair consideration of New York DCL 272 requires that when an exchange for property is made that the- that the fair- that the transferor receives a fair equivalent and good faith and- and- excuse me, receives a fair equivalent value in good faith or that when the property is transferred, the obligation is incurred in good faith. It's made to secure a present advance or for payment of antecedent debt, not disproportionately small as compared with the value of the property transferred or the obligation undertaken. The courts generally agree that the determination of fair consideration can be elusive and is not subject to a precise formula. Here in connection- here it is undisputed that the debtors had an interest in- in the property, which was made the subject of both transfers. See joint facts paragraph 6 that they were made within the applicable statutes of limitations. The first transfer was made in connection with the Porteck APA, which was governed by the state- which was governed by the laws of the State of New York. The second transfer was purportedly made in connection with the Objectech purchase agreement also governed by the laws of the State of New York. At the trial, the trustee asserted that defendant should be held liable for both of the transfers, largely arguing that the

transfers arose out of a fraud orchestrated against creditors by Parmar joined in by Mr. Walia, that Walia was Parmar's "partner in crime," and that neither of the transfers could have occurred but for Walia's involvement. Conversely, Walia maintained that he believed the transfers were legitimate. More specifically, as to the first transfer, the trustee's theory is that the Porteck APA escrow provisions, which Walia claims as the source of fair consideration for the $2,500,000 stems from a transaction, which is fraudulent on its face. Much of the evidence deduced to trial by the trustee suggests issues or concerns with the overall purchase price of the APA including the "juiced up" $2,000,000, payment of the purchase price and how the overall agreement was carried out between Walia and Parmar. However, the trustee has not brought any claims concerning the validity of the APA itself. The underlying overall transaction is not and was not the subject of a fraudulent transfer attacked by the trustee either as action or constructive. In fact, at trial, the court questioned the trustee's counsel about whether the trustee believed that he had stated a fraudulent transfer claim against the APA. Counsel's response was that was "irrelevant." Thus, in the court's analysis, it is not the APA or the overall Porteck transaction, which is under attack before this court. The only issue before this court relates to the $2,500,000 second and final payment made approximately 13 months after the Porteck closing. The record is clear that the $2,500,000 which was held back was held back for the indemnity obligations of the seller under the APA. While Section

1.6 provided that the $2,500,000 would be delivered by Physician

Practices, the buyer and a debtor, at closing to an escrow agent

pursuant to an escrow agreement. As stated, no such escrow agreement

was executed. No such escrow agent was selected. However, it's clear

that the intent of the expressed provision of the escrow portion

of the APA was to protect the rights of the buyer, Physician Practice

and the ability for the buyer to secure their right to funds in the

event of the triggering of an indemnity obligation. However, the

record is also clear that no indemnity claims were ever asserted

by the buyer against the seller, and the trustee has not asserted

or proven that the $2,500,000 first transfer exceeded the remaining

contractual obligations of Physicians Practice. Thus, the trustee

has failed to demonstrate that the first transfer was made without

fair consideration. Generally, satisfying a contractual obligation

constitutes reasonably equivalent value as a matter of law. While

it doesn't express the bar claim for constructive fraud, the trustee

must still need the elements of proof and he has failed to do so

here. See King Operations in re PA Co-Man Inc, 644 B.R. 553 at 626,

Bankruptcy Western District of Pennsylvania, 2022. The court has

also found that the evidence submitted at trial including what was

undisputed in summary judgment failed to prove the elements of an

actual fraudulent transfer concerning the $2,500,000 as it relates

to either defendant. Walia was the signatory to the APA as the selling

shareholder. He was the owner and control person of Porteck. He

informed Niknim to manage his consulting work and take care of his

1 personal investments and family trust. Walia consistently used

2 Niknim's bank account for business transactions and often for

3 personal needs. The $2,500,000 as stated was the payment of a specific

4 contractual obligation. Again, while much of the evidence proffered

5 by the trustee suggests suspicion around the overall purchase price

6 for the Porteck assets, the APA itself was not the subject of a

7 fraudulent transfer claim. The court also noted that the debtor's

8 books and records did not reflect an antecedent debt of $2,500,000

9 owed to the sellers of Porteck at the relevant time. That in and

10 of itself does not prove a fraudulent transfer because the contract

11 expressly provides for that post closing obligation. Thus, all

12 relief as to the first transfer is denied. As relates to the second

13 transfer, the court previously found that the second transfer was

14 avoidable as against Niknim. For the following reasons, the court

15 also finds that the second transfer is avoidable against Walia and

16 the trustee may recover the $1,520,000 from either defendant.

17 Section 550 of the Bankruptcy Code expressly provides that to the

18 extent that a transfer is avoided under sections 544, 548, or others,

19 the trustee may recover for the benefit of the estate, the property

20 transferred or the value of the property transfer from either the

21 initial transferee of such transfer or the entity for whose benefit

22 such transfer was made or an immediate- or immediate transferee.

23 Court has already avoided the second transfer as against Niknim under

24 Section 548. Section 550 on its face makes such a fraudulent transfer

25 recoverable against any party for whose benefit the transfer was

1   made that retains- or that retains the property transfers. Here,

2   Niknim was the initial transferee. The record is clear that the sole

3   intent of the second transfer being made to Niknim was to benefit

4   Walia. Niknim was clearly a vehicle that Walia used for his personal

5   and business purposes, that it was Mr. Walia who personally benefited

6   from the second transfer as well as actively participating in the

7   transaction. As noted, the sale agreement involved the sale of

8   AllRad, which Mr. Walia indirectly owned. Additional evidence in

9   the record supports this conclusion. On June 21, 2017 at 6:37 p.m.,

10  Walia emailed Sam Zaharis at Constellation Health Group that he was

11  able to sign the APA on behalf of Objectech as he was the only member.

12  He noted in that email that Objectech was a shell company. In that

13  same email, Mr. Walia provided wire instructions for the money to

14  go to Niknim's bank account. Other than the fact that Walia owned

15  both Objectech and Niknim, there is no other relationship between

16  these companies in the record. Thus, there is no reason for the

17  $1,520,000 purchase price to be wired to Niknim's bank account since

18  it was not a seller other than solely as a convenience for and to

19  the benefit of Walia. Again, Walia had testified that he used Niknim's

20  bank account for personal expenses, for business purposes, and as

21  a convenience for himself. Niknim had no interest in AllRad, so it

22  is clear that it was Walia who benefited from the transfer to Niknim.

23  Thus, the court has concluded that the trustee may recover the second

24  transfer from either defendant. Because the court has not granted

25  judgment in favor of the trustee on the first transfer and has

1  determined that the second transfer is recoverable against either

2  defendant under Section 550, the court need not and therefore will

3  not address the trustee's claims of alter ego. Section 551 provides

4  that any transfer avoidant under Sections 548 and others are

5  preserved for the benefit of the estate. As the second transfer has

6  been avoided pursuant to Section 548 and is found recoverable against

7  both defendants, the second transfer is preserved for the benefit

8  of the estate. Finally, with respect to the claims objection, the

9  trustee also objected to the Walia claims. Section 502D provides

10 that the court will disallow the claim of any entity who has received

11 fraudulent transfer until such transfer has been repaid. On July

12 5, 2018, Walia filed a claim for $61,590. All claims of Walia and

13 Niknim are disallowed unless and until they have repaid the

14 fraudulent transfer receipt in addition to applicable pre and post

15 judgment interest. The court is directing that the trustees submit

16 a judgment in his- in his favor avoiding the second transfer, both

17 as against Niknim and as against Walia with a judgment of liability

18 against both along with all appropriate prejudgment and post

19 judgment interest at the applicable statutory rates as well as

20 allowable costs of suit. That will conclude the court's ruling

21 conference on 20-8049. The court will be in recess until 11 o'clock.

22 I'm going to direct that the- the attorneys for each side work on

23 a form of judgment to be submitted consistent with my ruling within

24 14 days. The court will now be in recess until 11 o'clock and we

25 will go off the record. Thank you all.

1          JEFFREY NOLAN: Thank you, Your Honor.

2          SANFORD ROSEN: Thank you.

3          EUGENE SCHEIMAN: Thank you, Your Honor.

4

5                    *          *          *

6                    **CERTIFICATION**

7    I, Catherine Aldrich, certify that the foregoing is a correct

8    transcript from the electronic sound recordings of the proceedings

9    in the above-entitled matter.

10

11    _[signature]_

12    _____  December 13, 2024

13        Catherine Aldrich

14

15

16

17

18

19

20

21

22

23

24

25

## A

**Ability** - 9:5, 11:7
**Able** - 13:11
**About** - 6:19, 9:2, 10:17
**Above** - 15:9
**Accepted** - 7:18
**Account** - 3:6, 3:7, 3:25, 6:11, 12:2, 13:14, 13:17, 13:20
**Acquire** - 5:13
**Acquired** - 5:19, 6:5, 6:8, 6:10, 7:7
**Acquisitions** - 2:22
**Action** - 10:16
**Actively** - 13:6
**Actual** - 2:25, 7:24, 8:7, 11:22
**Actually** - 6:4, 7:1, 8:3
**Addition** - 14:14
**Additional** - 13:8
**Address** - 14:3
**Admitted** - 7:12
**Advance** - 9:11
**Advantage** - 5:16
**Adversary** - 2:24, 4:12
**Affidavit** - 7:9, 7:10, 7:11, 7:18
**Affidavits** - 7:9, 7:11
**After** - 2:14, 4:22, 6:15, 6:18, 10:23
**Again** - 12:4, 13:19
**AGAINST** - 1:16, 4:19, 4:25, 5:4, 10:1, 10:19, 11:10, 12:14, 12:15, 12:23, 12:25, 14:1, 14:6, 14:17, 14:18
**Agent** - 6:22, 11:2, 11:4
**Aggregated** - 2:21
**Agree** - 9:14
**Agreed** - 4:7, 5:23, 6:9
**Agreement** - 3:13, 4:5, 4:9, 6:19, 6:22, 7:2, 7:6, 7:8, 9:23, 10:12, 11:3, 13:7
**AHMS** - 6:6
**AL** - 1:7, 1:13, 1:16
**ALAN** - 1:21
**ALDRICH** - 1:36, 15:7, 15:13
**All** - 2:19, 4:13, 5:21, 7:11, 7:19, 12:11, 14:12, 14:18, 14:25
**Allowable** - 14:20
**Allows** - 7:22

**Allrad** - 4:8, 4:9, 7:1, 7:8, 13:8, 13:21
**Along** - 14:18
**Already** - 12:23
**Alright** - 2:10, 2:13
**Also** - 2:4, 4:25, 5:2, 5:21, 7:4, 7:14, 7:18, 8:14, 9:23, 11:9, 11:20, 12:7, 12:15, 14:9
**Alter** - 14:3
**Although** - 6:20
**AM** - 1:10
**Amount** - 3:8, 3:15, 4:1, 5:1
**An** - 3:6, 3:12, 3:13, 3:16, 4:5, 4:11, 5:19, 6:1, 6:11, 6:21, 6:22, 6:24, 7:9, 7:10, 8:5, 8:17, 9:7, 9:17, 11:2, 11:3, 11:8, 11:21, 12:8, 12:22
**Analysis** - 8:8, 10:20
**And/Or** - 2:25
**Angeles** - 1:26
**Announce** - 2:11
**Another** - 6:14
**Antecedent** - 9:12, 12:8
**Any** - 10:13, 12:25, 14:4, 14:10
**Anywhere** - 6:4
**APA** - 3:14, 3:15, 5:19, 5:20, 5:22, 6:20, 9:20, 10:6, 10:11, 10:14, 10:19, 10:20, 10:25, 11:6, 11:23, 12:6, 13:11
**Appear** - 5:9
**Appearances** - 2:1
**Appearing** - 2:4
**Applicable** - 8:6, 9:19, 14:14, 14:19
**Appropriate** - 14:18
**Approximately** - 10:23
**April** - 3:6, 4:13
**Are** - 2:14, 8:1, 14:4, 14:13
**Areas** - 7:21
**Arguing** - 9:25
**Arose** - 3:19, 10:1
**Around** - 12:5
**ARVIND** - 1:7, 1:13, 1:17, 3:4, 7:17
**AS** - 1:15, 2:25, 3:8, 3:14, 4:2, 4:3, 4:10, 4:11, 5:7, 5:10, 5:16, 6:5, 6:16, 6:23, 7:12, 7:21, 7:25, 8:3, 8:12,

8:15, 9:12, 10:5, 10:7, 10:16, 11:3, 11:15, 11:22, 11:23, 12:3, 12:12, 12:14, 12:23, 13:6, 13:7, 13:11, 13:18, 13:20, 14:5, 14:17, 14:19
**Asserted** - 9:24, 11:9, 11:10
**Asset** - 3:13, 6:6
**Assets** - 5:19, 5:24, 6:5, 6:7, 12:6
**Associates** - 1:28
**AST** - 1:8, 1:12
**At** - 3:9, 3:10, 3:11, 4:1, 4:14, 4:19, 4:22, 5:4, 5:8, 5:9, 5:15, 6:6, 6:7, 6:11, 6:18, 7:8, 7:13, 7:15, 7:19, 8:2, 8:14, 8:22, 9:2, 9:5, 9:24, 10:17, 11:2, 11:18, 11:20, 12:9, 13:9, 13:10, 14:19
**Attack** - 10:21
**Attacked** - 10:16
**Attending** - 2:5
**Attention** - 6:2
**Attorney** - 1:22, 1:27
**Attorneys** - 14:22
**Authority** - 2:15
**Available** - 7:13
**Avoid** - 7:23, 8:14
**Avoidable** - 4:25, 12:14, 12:15
**Avoidant** - 14:4
**Avoided** - 5:4, 8:3, 12:18, 12:23, 14:6
**Avoiding** - 14:16
**Aware** - 7:22

## B

**Back** - 10:24
**Background** - 2:18
**Badges** - 8:13
**Bank** - 3:6, 3:7, 6:10, 12:2, 13:14, 13:17, 13:20
**BANKRUPTCY** - 1:1, 3:1, 7:22, 8:11, 8:15, 8:17, 8:22, 9:5, 11:19, 12:17
**Bar** - 11:16
**Be** - 2:13, 2:24, 3:17, 3:21, 4:4, 5:4, 5:5, 5:6, 7:3, 7:4, 7:20, 8:3, 8:23, 8:24, 9:15, 9:24, 11:1, 13:17, 14:21, 14:23, 14:24
**Became** - 5:13, 6:17

**Because** - 5:25, 12:10, 13:24
**Been** - 14:6, 14:11
**BEFORE** - 1:21, 10:21, 10:22
**Behalf** - 2:4, 3:10, 3:12, 4:7, 5:21, 5:22, 6:12, 13:11
**Being** - 6:5, 6:8, 13:3
**Believed** - 9:4, 10:5, 10:18
**Bellmore** - 1:39
**Benefit** - 3:25, 12:19, 12:21, 12:25, 13:3, 13:19, 14:5, 14:7
**Benefited** - 13:5, 13:22
**Between** - 7:21, 10:13, 13:15
**Beyond** - 9:4
**Billing** - 5:13, 5:17
**Books** - 12:8
**Both** - 3:3, 4:3, 4:12, 4:15, 5:17, 6:18, 9:18, 9:25, 13:15, 14:7, 14:16, 14:18
**Boulevard** - 1:24
**Box** - 1:29
**Brogg** - 6:12
**Brought** - 10:13
**Burden** - 5:3, 8:4, 8:9
**Business** - 5:16, 6:10, 9:3, 12:2, 13:5, 13:20
**But** - 5:6, 5:10, 5:21, 6:13, 7:3, 7:5, 10:3
**Buyer** - 3:18, 3:21, 3:22, 4:12, 5:22, 6:20, 7:5, 11:2, 11:6, 11:7, 11:10
**BY** - 1:1, 1:42, 1:43, 2:18, 2:25, 3:3, 3:20, 4:8, 4:10, 4:11, 5:15, 5:25, 6:15, 7:2, 7:15, 8:10, 9:20, 9:21, 9:23, 10:1, 10:2, 10:10, 10:16, 11:1, 11:10, 12:5

## C

**CA** - 1:26
**Calendar** - 1:10
**Called** - 3:12, 4:5, 4:8, 6:24, 7:1, 7:8
**Calls** - 6:21
**Can** - 4:25, 5:4, 8:23, 8:24, 9:15
**Capacities** - 6:18
**CAPACITY** - 1:15

**Capital** - 9:4
**Care** - 11:25
**Carried** - 10:12
**CATHERINE** - 1:36, 15:7, 15:13
**Central** - 1:4
**CEO** - 5:12, 5:15, 6:16
**CERTIFICATION** - 15:6
**Certify** - 15:7
**Chase** - 3:7, 4:1
**Chief** - 6:17
**CHT** - 6:12, 6:17
**Circuit** - 8:12
**Claim** - 6:20, 7:15, 10:19, 11:16, 12:7, 14:10, 14:12
**Claims** - 3:19, 4:13, 10:7, 10:14, 11:9, 14:3, 14:8, 14:9, 14:12
**Clause** - 3:22
**Clear** - 8:10, 10:24, 11:4, 11:9, 13:2, 13:22
**Clearly** - 13:4
**Cleveland** - 1:38
**Close** - 6:4, 6:12, 6:13
**Closed** - 6:15, 7:6
**Closeout** - 8:2
**Closing** - 3:19, 4:4, 7:5, 10:23, 11:2, 12:11
**Co** - 2:8, 11:18
**Code** - 3:1, 7:22, 8:15, 8:17, 8:21, 12:17
**Collectively** - 4:3
**Companies** - 2:21, 5:17, 13:16
**Company** - 4:8, 4:9, 5:13, 5:14, 6:16, 6:25, 13:12
**Compared** - 9:13
**COMPLAINT** - 1:15, 7:16
**Concerning** - 10:14, 11:22
**Concerns** - 10:10
**Conclude** - 14:20
**Concluded** - 13:23
**Conclusion** - 13:9
**Conclusions** - 2:18
**Conditions** - 8:21
**Conference** - 4:14, 4:21, 14:21
**Conflict** - 7:21
**Conflicting** - 7:20
**Connection** - 3:13, 6:24, 9:16, 9:20, 9:22
**Consideration** - 9:1, 9:6, 9:15, 10:8, 11:14

**Consistent** - 14:23
**Consistently** - 12:1
**Consolidated** - 2:20
**Constellation** - 5:12, 7:17, 13:10
**Constitutes** - 2:17, 9:3, 11:15
**Constructive** - 2:25, 10:16, 11:16
**Constructively** - 8:15, 8:24, 8:25
**Consulting** - 11:25
**Contract** - 12:10
**Contractual** - 3:19, 11:12, 11:14, 12:4
**Control** - 3:9, 11:24
**Controlled** - 4:11, 5:15, 6:15
**Convenience** - 13:18, 13:21
**Conversely** - 10:4
**Conveyance** - 8:24
**Convincing** - 8:10
**Corp** - 2:20
**Corporate** - 3:7, 3:10
**Corporation** - 3:12
**Correct** - 15:7
**Costs** - 14:20
**Could** - 3:21, 10:3
**Counsel** - 2:8, 10:17
**Counsel's** - 10:19
**COURT** - 1:1, 1:36, 2:1, 2:6, 2:10, 2:13, 2:14, 2:15, 4:14, 4:15, 4:20, 4:21, 4:24, 5:2, 5:5, 7:8, 7:14, 7:16, 7:17, 7:18, 7:19, 8:8, 8:11, 10:17, 10:21, 10:22, 11:19, 12:7, 12:13, 12:14, 12:23, 13:23, 13:24, 14:2, 14:10, 14:15, 14:21, 14:24
**Courts** - 9:14
**Court's** - 2:14, 2:17, 8:1, 8:13, 10:20, 14:20
**Cover** - 6:1
**Craig** - 7:9
**Credible** - 7:20
**Creditor** - 3:2
**Creditors** - 10:1
**Crime** - 10:3
**Criterion's** - 7:16
**Cross** - 7:13, 7:19

**D**

**Date** - 4:22, 7:23, 8:19

**Days** - 14:24
**DCL** - 7:25, 8:16, 9:7
**Deal** - 6:1, 6:3, 6:15
**Debt** - 9:4, 9:12, 12:8
**Debtor** - 3:2, 3:10, 5:18, 6:12, 6:15, 6:16, 7:7, 8:3, 8:4, 8:19, 11:2
**Debtors** - 2:19, 3:3, 3:6, 3:25, 8:18, 9:16
**Debtor's** - 8:18, 12:7
**December** - 15:12
**Deduced** - 10:9
**Defendant** - 2:8, 2:9, 3:7, 3:11, 4:19, 5:2, 9:24, 11:23, 12:16, 13:24, 14:2
**Defendants** - 1:27, 2:6, 3:4, 14:7
**Defendant's** - 4:17
**Deficiencies** - 7:6
**Defraud** - 7:24, 8:7
**Delay** - 7:24, 8:7
**Delivered** - 11:1
**Demonstrate** - 8:4, 11:13
**Demonstrating** - 5:3
**Denied** - 12:12
**Denying** - 4:17
**Described** - 4:15
**Despite** - 7:5
**Detail** - 4:15
**Determination** - 8:13, 9:14
**Determine** - 2:16
**Determined** - 4:24, 5:2, 14:1
**Did** - 5:3, 12:8
**Didn't** - 6:2
**Diligence** - 7:3
**Direct** - 4:8, 14:22
**Directed** - 5:6
**Directing** - 14:15
**Direction** - 3:9, 3:11
**Directly** - 3:3, 7:1
**Disallow** - 14:10
**Disallowed** - 14:13
**Disproportionately** - 9:12
**Dispute** - 5:6
**DISTRICT** - 1:2, 2:17, 8:11, 8:23, 9:6, 11:19
**Do** - 2:10, 11:17
**Docket** - 5:9
**Does** - 12:10
**Doesn't** - 11:16
**Dreier** - 9:5
**Due** - 7:2

**E**

**Each** - 7:12, 14:22
**Earlier** - 4:12
**EASTERN** - 1:2, 8:11, 8:22
**EBITDA** - 6:10
**Edith** - 7:11
**Effect** - 2:16
**Ego** - 14:3
**EHRENBERG** - 1:7, 1:13, 1:15, 2:4, 2:5
**Either** - 2:25, 3:3, 5:1, 5:4, 10:16, 11:23, 12:16, 12:20, 13:24, 14:1
**Electronic** - 1:42, 15:8
**Elements** - 11:17, 11:21
**Elsewhere** - 8:12
**Elusive** - 9:15
**Email** - 13:12, 13:13
**Emailed** - 13:10
**Engage** - 9:2
**Engaged** - 2:21, 9:2
**Enterprise** - 2:20
**Entities** - 3:10, 5:21, 6:14
**Entitled** - 15:9
**Entity** - 3:12, 4:5, 4:11, 5:18, 6:15, 6:24, 12:21, 14:10
**Enumerated** - 8:21
**Equivalent** - 8:20, 9:8, 9:9, 11:15
**Escrow** - 6:19, 6:21, 6:22, 10:7, 11:2, 11:3, 11:4, 11:5
**Escrowed** - 3:17
**Essentially** - 8:1
**Establish** - 8:9, 8:17
**Estate** - 12:19, 14:5, 14:8
**ET** - 1:7, 1:13, 1:16
**EUGENE** - 1:32, 1:33, 2:9, 15:3
**Even** - 5:23
**Event** - 3:18, 6:20, 11:8
**Ever** - 6:23, 11:9
**Evidence** - 6:3, 8:10, 10:9, 11:20, 12:4, 13:8
**Examination** - 7:13
**Examined** - 7:19
**Exceeded** - 11:11
**Exchange** - 8:20, 9:7
**Excuse** - 2:21, 6:25, 8:24, 9:9
**Executed** - 5:20, 11:4
**Execution** - 6:21
**Exhibits** - 7:12

**Expenses -** 13:20
**Expert -** 7:9, 7:10
**Express -** 11:16
**Expressed -** 11:5
**Expressly -** 12:11, 12:17
**Extent -** 12:18
**Extra -** 6:1

---
**F**
---

**Face -** 10:9, 12:24
**Fact -** 2:18, 7:10, 7:11, 7:21, 10:17, 13:14
**Facts -** 5:5, 5:8, 5:9, 9:18
**Failed -** 11:13, 11:17, 11:21
**Fair -** 8:25, 9:6, 9:8, 9:9, 9:15, 10:7, 11:14
**Faith -** 9:9, 9:10, 9:11
**Family -** 12:1
**Far -** 6:5, 6:23
**Favor -** 3:14, 13:25, 14:16
**Federal -** 7:4
**Fees -** 6:1, 6:3
**Few -** 5:11, 7:20
**Filed -** 7:15, 7:16, 14:12
**Final -** 10:22
**Finally -** 14:8
**Financial -** 8:21
**Findings -** 2:18
**Finds -** 12:15
**First -** 3:5, 3:8, 5:3, 5:11, 9:19, 10:6, 11:11, 11:13, 12:12, 13:25
**Five -** 6:9
**Floor -** 1:25, 1:34
**Focuses -** 8:8
**Follow -** 4:24
**Following -** 2:17, 12:14
**For -** 1:22, 1:27, 2:6, 2:8, 2:9, 2:23, 3:14, 4:13, 4:17, 4:18, 4:21, 4:22, 4:24, 5:8, 5:24, 6:8, 6:21, 7:2, 7:8, 7:13, 8:2, 8:7, 8:13, 9:3, 9:7, 9:12, 9:25, 10:4, 10:8, 10:24, 11:7, 11:16, 12:2, 12:6, 12:11, 12:14, 12:19, 12:21, 12:25, 13:4, 13:13, 13:16, 13:18, 13:20, 13:21, 14:5, 14:7, 14:12, 14:22
**Foregoing -** 15:7
**Form -** 14:23
**Formula -** 9:16
**Found -** 5:5, 5:6, 7:19,
11:20, 12:13, 14:6
**Four -** 7:8, 8:21
**Frank -** 7:10
**Fraud -** 8:13, 10:1, 11:16
**FRAUDULENT -** 1:19, 2:25, 7:24, 8:3, 8:10, 8:15, 8:23, 8:24, 8:25, 10:9, 10:15, 10:18, 11:22, 12:7, 12:10, 12:24, 14:11, 14:14
**From -** 3:6, 3:24, 5:1, 6:6, 6:8, 6:11, 7:9, 10:8, 12:16, 12:20, 13:6, 13:22, 13:24, 15:8
**Funded -** 7:7
**Funds -** 3:20, 11:7

---
**G**
---

**Generally -** 7:19, 9:14, 11:14
**Go -** 13:14, 14:25
**Going -** 14:22
**Good -** 2:3, 2:7, 2:10, 9:9, 9:10, 9:11
**Governed -** 9:20, 9:21, 9:23
**Granted -** 13:24
**Granting -** 4:18
**Great -** 4:15
**Group -** 13:10

---
**H**
---

**Had -** 5:5, 5:16, 5:23, 7:8, 8:5, 9:17, 10:18, 13:19, 13:21
**Has -** 2:15, 4:24, 5:2, 10:13, 11:10, 11:13, 11:17, 11:19, 12:23, 13:23, 13:24, 13:25, 14:5, 14:10, 14:11
**Have -** 2:11, 10:3, 14:13
**He -** 6:1, 6:2, 7:19, 10:4, 10:18, 11:17, 11:24, 13:10, 13:11, 13:12, 13:19
**Health -** 2:20, 4:10, 6:16, 13:10
**Healthcare -** 2:22, 5:12, 7:18
**HEALTHCORP -** 1:16
**Hear -** 2:16
**Heights -** 1:30
**Held -** 3:25, 4:14, 4:23, 6:12, 7:2, 9:25, 10:24
**Here -** 9:16, 11:18, 13:1
**Himself -** 13:21
**Hinder -** 7:24, 8:7
**HIS -** 1:15, 5:3, 6:14, 11:25, 13:4, 14:16
**HMS -** 5:16
**Hones -** 1:23
**Honor -** 2:3, 2:12, 15:1, 15:3
**HONORABLE -** 1:21
**How -** 10:12
**HOWARD -** 1:15, 2:4
**However -** 5:2, 10:13, 11:4, 11:8

---
**I**
---

**Identical -** 8:1
**I'll -** 3:8, 3:13, 4:2
**I'm -** 14:22
**Immediate -** 12:22
**In -** 1:4, 1:15, 2:16, 2:17, 2:22, 3:7, 3:13, 3:15, 3:18, 3:24, 4:1, 4:12, 4:13, 4:15, 4:18, 4:23, 5:1, 5:5, 5:6, 5:11, 5:12, 5:14, 5:17, 5:24, 6:17, 6:20, 6:21, 6:24, 7:6, 7:7, 7:16, 8:2, 8:5, 8:10, 8:12, 8:14, 8:17, 8:20, 8:21, 8:22, 9:3, 9:5, 9:10, 9:11, 9:16, 9:17, 9:20, 9:22, 10:2, 10:17, 10:20, 11:7, 11:18, 11:21, 12:9, 13:6, 13:8, 13:12, 13:16, 13:21, 13:25, 14:14, 14:16, 14:21, 14:24, 15:9
**INC -** 1:16, 1:17, 2:20, 11:18
**Including -** 3:16, 10:11, 11:20
**Incorporate -** 5:10
**Incorporates -** 4:20
**Incur -** 9:4
**Incurred -** 9:11
**Indemnification -** 3:16, 3:20, 3:22
**Indemnify -** 3:18
**Indemnity -** 3:23, 10:25, 11:8, 11:9
**Indirectly -** 3:4, 4:8, 7:1, 13:8
**Informed -** 11:25
**Initial -** 12:21, 13:2
**Insolvent -** 9:1, 9:2
**Instructions -** 13:13
**Intent -** 7:24, 8:7, 8:8, 8:9, 8:10, 11:5, 13:3
**Interest -** 8:5, 8:17, 9:17, 13:21, 14:15, 14:19
**Interested -** 5:14
**Into -** 5:10
**Investments -** 12:1
**Involved -** 13:7
**Involvement -** 10:4
**Involves -** 2:24
**IOLTA -** 6:11
**Irrelevant -** 10:19
**Is -** 2:1, 2:5, 4:25, 8:25, 9:7, 9:10, 9:11, 9:15, 9:16, 10:6, 10:9, 10:15, 10:20, 10:21, 10:24, 11:9, 12:12, 12:15, 12:18, 13:2, 13:15, 13:16, 13:22, 14:1, 14:6, 14:7, 14:15, 15:7
**Island -** 1:30
**Islip -** 1:4
**Issue -** 4:22, 5:8, 6:18, 10:21
**Issued -** 7:3
**Issues -** 10:10
**It -** 8:18, 8:25, 9:4, 9:16, 10:20, 11:16, 11:22, 13:5, 13:18, 13:21, 13:22
**Its -** 4:16, 4:20, 5:15, 9:3, 9:4, 10:9, 12:24
**It's -** 9:11, 11:4
**Itself -** 10:14, 12:6, 12:10

---
**J**
---

**Jacobs -** 8:10
**Jacobson -** 7:9
**Janaminder -** 5:20
**Janitorial -** 8:2
**Jeff -** 2:3
**JEFFREY -** 1:22, 2:3, 2:12, 15:1
**Joined -** 10:2
**Joint -** 5:7, 5:9, 9:18
**JP -** 3:6, 4:1
**Judge -** 2:1, 2:7
**Judgment -** 4:13, 4:14, 4:17, 4:18, 4:20, 5:5, 11:21, 13:25, 14:15, 14:16, 14:17, 14:19, 14:23
**Juiced -** 5:25, 6:2, 10:11
**July -** 4:23, 14:11
**June -** 3:24, 7:6, 13:9

**K**

**King -** 11:18

**L**

**Largely -** 9:25
**Later -** 5:18
**Law -** 1:33, 2:18, 7:25, 8:23, 11:15
**Laws -** 3:2, 9:21, 9:23
**Lawyers -** 3:25
**Lawyer's -** 3:24
**Lazarra -** 7:11
**Legitimate -** 10:5
**Less -** 6:8, 8:20
**Liability -** 14:17
**Liable -** 9:25
**Limitations -** 8:6, 9:19
**Lines -** 5:16, 6:10
**LIQUIDATING -** 1:16
**Listed -** 2:19
**LLC -** 4:8, 7:16
**Look -** 8:12
**Los -** 1:26

**M**

**Made -** 3:3, 3:5, 3:9, 3:11, 3:24, 4:1, 4:4, 6:18, 7:23, 7:24, 8:6, 8:25, 9:7, 9:11, 9:17, 9:18, 9:19, 9:22, 10:23, 11:13, 12:22, 13:1, 13:3
**Maintained -** 10:4
**Makes -** 12:24
**Man -** 11:18
**Manage -** 11:25
**MANAGEMENT -** 1:17, 2:23, 3:5, 4:11
**March -** 5:17
**Material -** 5:6
**Matter -** 7:25, 11:15, 15:9
**Matters -** 2:14, 4:22
**Max -** 7:10
**May -** 12:16, 12:19, 13:23
**Me -** 2:21, 6:25, 8:24, 9:9
**Mediation -** 4:23
**Medical -** 5:13, 5:17
**Member -** 13:11
**Membership -** 4:5
**Memorandum -** 5:7
**Mitchell -** 7:10
**Molina -** 8:22
**Money -** 13:13
**MONEY/**

**PROPERTY -** 1:18, 1:19, 1:20
**Monica -** 1:24
**Months -** 10:23
**More -** 3:3, 3:10, 10:5
**Morgan -** 3:7, 4:1
**Morning -** 2:3, 2:7, 2:10, 2:13
**Motion -** 4:17, 4:18
**Motions -** 4:14
**Moved -** 4:12, 6:16
**Moving -** 8:3
**Mr -** 2:5, 4:25, 5:12, 5:15, 5:20, 5:23, 5:25, 6:2, 6:15, 6:18, 6:25, 7:18, 10:2, 13:5, 13:8, 13:13
**Much -** 10:9, 12:4
**Must -** 8:4, 8:17, 11:17
**My -** 14:23

**N**

**Named -** 3:4
**NATURE -** 1:17
**Need -** 11:17, 14:2
**Needed -** 3:20, 6:1
**Needs -** 12:3
**Neither -** 6:22, 9:1, 10:3
**Net -** 6:5, 6:6
**Network -** 4:10
**Never -** 3:23, 5:21, 7:4
**NEW -** 1:2, 1:4, 1:35, 3:2, 7:16, 7:25, 8:11, 8:16, 9:6, 9:21, 9:23
**NIKNIM -** 1:17, 3:4, 3:7, 4:1, 4:19, 5:4, 11:25, 12:2, 12:14, 12:23, 13:2, 13:3, 13:4, 13:15, 13:21, 13:22, 14:13, 14:17
**Niknim's -** 13:14, 13:17, 13:19
**No -** 2:12, 11:3, 11:4, 11:9, 13:15, 13:16, 13:21
**NOLAN -** 1:22, 2:3, 2:12, 15:1
**Non -** 6:15
**Not -** 3:20, 4:23, 5:3, 5:5, 5:8, 6:4, 7:5, 8:8, 9:12, 9:15, 10:13, 10:15, 10:20, 11:10, 12:6, 12:8, 12:10, 13:18, 13:24, 14:2, 14:3
**Noted -** 12:7, 13:7, 13:12
**Notice -** 7:14
**November -** 1:6
**Now -** 14:24

**Number -** 5:5, 8:12
**Numerous -** 7:12
**NY -** 1:30, 1:35, 1:39

**O**

**Objectech -** 4:5, 4:6, 4:7, 4:9, 4:10, 4:16, 6:25, 7:2, 9:22, 13:11, 13:12, 13:15
**Objected -** 14:9
**Objection -** 14:8
**Obligation -** 9:10, 9:13, 11:8, 11:14, 12:4, 12:11
**Obligations -** 10:25, 11:12
**Occurred -** 6:23, 8:5, 8:18, 10:3
**O'clock -** 14:21, 14:24
**OF -** 1:2, 1:16, 1:17, 1:18, 1:19, 1:33, 2:4, 2:16, 2:18, 2:20, 2:21, 3:1, 3:2, 3:3, 3:7, 3:8, 3:9, 3:10, 3:11, 3:12, 3:15, 3:17, 3:18, 3:22, 3:24, 3:25, 4:2, 4:4, 4:6, 4:7, 4:21, 5:1, 5:3, 5:5, 5:7, 5:8, 5:11, 5:12, 5:17, 5:19, 5:21, 5:22, 5:23, 6:5, 6:6, 6:7, 6:10, 6:11, 6:12, 6:13, 6:17, 6:18, 6:19, 6:20, 6:21, 6:22, 6:23, 6:24, 6:25, 7:6, 7:9, 7:10, 7:11, 7:13, 7:14, 7:15, 7:18, 7:21, 7:25, 8:4, 8:7, 8:8, 8:9, 8:11, 8:12, 8:13, 8:18, 8:21, 9:2, 9:6, 9:12, 9:13, 9:14, 9:17, 9:19, 9:21, 9:23, 9:25, 10:1, 10:3, 10:7, 10:9, 10:11, 10:14, 10:15, 10:25, 11:5, 11:6, 11:8, 11:12, 11:15, 11:17, 11:19, 11:21, 11:24, 11:25, 12:3, 12:4, 12:6, 12:8, 12:9, 12:10, 12:17, 12:19, 12:20, 12:21, 13:3, 13:7, 13:11, 13:19, 13:25, 14:3, 14:5, 14:8, 14:10, 14:12, 14:17, 14:20, 14:23, 15:8
**Off -** 14:25
**Office -** 1:33
**Officer -** 6:17
**Often -** 12:2
**Okay -** 2:13
**On -** 2:4, 2:19, 3:5, 3:10, 3:12, 4:7, 4:13, 4:14, 4:20, 4:22, 4:23, 5:21, 5:22,

6:12, 8:8, 10:9, 12:24, 13:9, 13:11, 13:25, 14:11, 14:21, 14:22
**One -** 3:3, 3:10, 3:24, 8:20
**Only -** 4:18, 4:19, 5:10, 10:21, 13:11
**Operate -** 2:22
**Operations -** 11:18
**Opinion -** 8:2, 8:13
**Or -** 3:3, 3:4, 3:10, 3:22, 5:4, 7:24, 8:7, 9:1, 9:2, 9:4, 9:10, 9:12, 9:13, 10:10, 10:16, 10:20, 11:11, 12:18, 12:20, 12:21, 12:22, 13:1
**Orchestrated -** 10:1
**Orders -** 2:16
**ORION -** 1:16, 2:19, 6:16
**OTHER -** 1:20, 7:12, 13:14, 13:15, 13:18
**Others -** 5:6, 12:18, 14:4
**Out -** 10:1, 10:12
**Outlined -** 4:16
**Over -** 6:16
**Overall -** 10:10, 10:12, 10:15, 10:20, 12:5
**Owed -** 12:9
**Owned -** 4:8, 4:9, 4:11, 5:15, 6:25, 7:1, 13:8, 13:14
**Owner -** 4:6, 11:24
**Ownership -** 7:7

**P**

**PA -** 11:18
**Pachulski -** 1:23
**Paragraph -** 9:18
**Parma -** 10:2
**Parmar -** 3:9, 4:7, 4:11, 5:12, 5:22, 6:1, 6:15, 10:13
**Parmar's -** 10:2
**Part -** 4:18, 5:7
**Partial -** 4:17
**Participating -** 13:6
**Particularly -** 6:21
**Parties -** 2:10, 4:12, 4:22, 5:7, 6:9, 7:21
**Partner -** 10:2
**Party -** 8:4, 12:25
**Paul -** 3:9
**Pay -** 6:2, 9:5
**Payment -** 4:4, 9:12, 10:11, 10:22, 12:3

**PC -** 5:16
**PCA -** 6:7
**Pennsylvania -** 11:19
**Period -** 8:6
**Person -** 3:9, 11:24
**Personal -** 12:1, 12:3, 13:4, 13:20
**Personally -** 13:5
**Petition -** 2:19, 3:5, 3:24, 7:23, 8:19
**Physician -** 2:23, 5:18, 11:1, 11:6
**Physicians -** 3:18, 4:10, 7:17, 11:12
**Plaintiff -** 1:22, 2:2, 2:4
**Please -** 2:2
**Plus -** 3:18, 5:18
**Porteck -** 3:12, 3:15, 4:15, 5:14, 5:16, 5:19, 5:20, 6:8, 9:20, 10:6, 10:20, 10:23, 11:24, 12:6, 12:9
**Porteck's -** 5:24
**Portion -** 11:5
**Post -** 2:17, 3:19, 12:11, 14:14, 14:18
**Practice -** 2:23, 3:18, 5:18, 7:17, 11:6, 11:12
**Practices -** 2:23, 11:2
**Pre -** 3:5, 3:24, 7:5, 14:14
**Precise -** 9:15
**PREFERENCE -** 1:18
**Prejudgment -** 14:18
**Present -** 9:11
**Presented -** 2:14
**Preserved -** 14:5, 14:7
**Pretrial -** 5:7
**Previously -** 12:13
**Price -** 3:14, 3:17, 5:23, 5:25, 6:3, 6:9, 6:12, 10:11, 10:12, 12:5, 13:17
**Primarily -** 2:22
**Prior -** 7:23, 8:19
**Proceeding -** 2:24, 4:12
**Proceedings -** 1:42, 2:15, 15:8
**Produced -** 1:43
**Proffered -** 12:4
**Proof -** 5:3, 7:14, 8:4, 11:17
**Property -** 8:5, 8:18, 9:3, 9:7, 9:10, 9:13, 9:17, 12:19, 12:20, 13:1
**Protect -** 6:20, 11:6
**Prove -** 11:21, 12:10

**Proven -** 11:11
**Provided -** 3:14, 3:17, 3:20, 5:22, 7:4, 7:5, 11:1, 13:13
**Provides -** 7:25, 12:11, 12:17, 14:3, 14:9
**Provision -** 3:16, 3:19, 11:5
**Provisions -** 8:1, 10:7
**PTA -** 6:6
**Purchase -** 3:13, 3:14, 3:17, 4:5, 5:23, 5:24, 6:3, 6:9, 6:12, 6:13, 6:24, 6:25, 7:2, 7:6, 9:23, 10:10, 10:12, 12:5, 13:17
**Purportedly -** 9:22
**Purpose -** 6:19
**Purposes -** 4:21, 5:8, 8:7, 13:5, 13:20
**Pursuant -** 4:4, 5:19, 11:3, 14:6

| Q |
| --- |

**Questioned -** 10:17

| R |
| --- |

**Rates -** 14:19
**Re -** 1:4, 8:10, 8:22, 9:5, 11:18
**Really -** 6:2
**Reason -** 13:16
**Reasonably -** 8:20, 9:3, 11:15
**Reasons -** 4:16, 4:24, 12:14
**Receipt -** 14:14
**Received -** 8:19, 14:10
**Receives -** 9:8, 9:9
**Recess -** 14:21, 14:24
**Recite -** 5:10
**Record -** 3:21, 10:23, 11:9, 13:2, 13:9, 13:16, 14:25
**Recorded -** 1:42
**Recording -** 1:42
**Recordings -** 15:8
**Records -** 6:10, 12:8
**Recover -** 5:1, 12:16, 12:19, 13:23
**Recoverable -** 12:25, 14:1, 14:6
**Recovered -** 2:24
**RECOVERY -** 1:18, 1:19

**Refer -** 3:8, 3:13, 4:2
**Reference -** 2:16
**Referred -** 5:16
**Reflect -** 12:8
**Reflected -** 6:10
**Reflects -** 3:21, 6:3
**Relates -** 10:22, 11:22, 12:12
**Relationship -** 13:15
**Relevant -** 12:9
**Relief -** 4:19, 12:12
**Remaining -** 4:22, 11:11
**Rendered -** 9:1
**Repaid -** 14:11, 14:13
**Reportedly -** 4:3
**Reports -** 7:3
**Represented -** 4:4
**Request -** 7:14
**Requested -** 4:19
**Required -** 7:2
**Requires -** 9:7
**Respect -** 5:11, 14:8
**Response -** 10:19
**Retains -** 13:1
**Returned -** 3:21
**Returns -** 7:4
**Revenue -** 2:23
**Right -** 11:7
**Rights -** 3:22, 11:6
**Robinson -** 6:11
**ROSEN -** 1:27, 1:28, 2:7, 15:2
**Routinely -** 8:12
**Ruling -** 2:14, 4:14, 4:21, 5:10, 14:20, 14:23

| S |
| --- |

**Sale -** 4:9, 13:7
**Sam -** 13:10
**Same -** 13:13
**SANFORD -** 1:27, 2:7, 15:2
**Santa -** 1:24
**Satisfied -** 8:22
**Satisfy -** 5:3
**Satisfying -** 11:14
**SCHEIMAN -** 1:32, 1:33, 2:9, 15:3
**Scribe -** 1:37
**Second -** 3:23, 4:2, 4:3, 4:20, 4:24, 5:1, 6:23, 8:12, 9:21, 10:22, 12:12, 12:13, 12:15, 12:23, 13:3, 13:6, 13:23, 14:1, 14:5, 14:7,

14:16
**Section -** 2:15, 3:1, 3:16, 6:21, 7:22, 8:16, 10:25, 12:17, 12:24, 14:2, 14:3, 14:6, 14:9
**Sections -** 3:2, 12:18, 14:4
**Secure -** 9:11, 11:7
**See -** 8:1, 8:10, 8:13, 8:22, 9:5, 9:18, 11:18
**Seek -** 3:22
**Selected -** 11:4
**Selection -** 6:22
**Sell -** 4:7, 5:24
**Seller -** 3:12, 3:21, 4:10, 5:21, 10:25, 11:10, 13:18
**Sellers -** 5:19, 12:9
**Selling -** 11:23
**Series -** 2:21
**Served -** 6:17
**Service -** 1:43
**Services -** 5:14
**Set -** 4:21
**Settlement -** 2:11
**Several -** 2:20
**Share -** 7:7
**Shareholder -** 11:24
**Shell -** 4:9, 13:12
**Shelter -** 1:30
**Should -** 9:24
**Side -** 14:22
**Sideways -** 6:14
**Sign -** 13:11
**Signatory -** 11:23
**Signed -** 4:10, 5:22
**Similarly -** 7:25
**Since -** 13:17
**Small -** 9:3, 9:12
**So -** 6:7, 7:25, 11:17, 13:21
**Software -** 4:7
**Sole -** 13:2
**Solely -** 13:18
**Solution -** 4:11
**Sought -** 2:24, 8:14
**Sound -** 1:42, 15:8
**Source -** 10:7
**Southern -** 9:6
**Space -** 2:22
**Specific -** 12:3
**Specifically -** 10:5
**Standing -** 2:16
**Stang -** 1:23
**Starting -** 2:2, 2:19

**State -** 1:34, 7:4, 7:16, 7:25, 8:23, 9:20, 9:21, 9:23
**Stated -** 6:24, 10:18, 11:3, 12:3
**STATES -** 1:1
**Statutes -** 9:19
**Statutory -** 14:19
**Stay -** 5:5
**Stems -** 10:8
**Still -** 11:17
**Stipulate -** 5:8
**Stipulated -** 5:9
**Street -** 1:34, 1:38
**Subject -** 9:15, 9:17, 10:15, 12:6
**Submit -** 14:15
**Submitted -** 11:20, 14:23
**Successful -** 4:23
**Such -** 11:3, 11:4, 12:21, 12:22, 12:24, 14:11
**Suggests -** 10:10, 12:5
**SUIT -** 1:17, 14:20
**Summary -** 4:13, 4:14, 4:17, 4:18, 4:20, 5:4, 11:21
**Summons -** 7:15
**Supports -** 13:9
**Suspicion -** 12:5

| T |
| --- |

**Take -** 2:1, 11:25
**Tax -** 7:4
**Technologies -** 5:13
**Technology -** 5:14, 6:17
**Terms -** 3:15, 4:4
**Testified -** 6:2, 6:19, 13:19
**Testimony -** 7:20, 7:21
**Than -** 6:8, 8:20, 13:14, 13:18
**Thank -** 14:25, 15:1, 15:2, 15:3
**That -** 3:8, 3:11, 3:15, 3:18, 3:20, 3:22, 4:1, 4:2, 4:9, 4:15, 4:19, 4:24, 5:2, 5:3, 6:3, 6:9, 6:11, 6:13, 6:24, 7:8, 8:4, 8:13, 8:17, 8:18, 8:19, 8:20, 9:7, 9:8, 9:10, 9:14, 9:16, 9:18, 9:24, 9:25, 10:2, 10:3, 10:4, 10:6, 10:18, 10:19, 10:24, 11:1, 11:5, 11:9, 11:11, 11:13, 11:20, 12:7, 12:9, 12:11, 12:13, 12:15,

12:17, 12:18, 13:1, 13:2, 13:4, 13:5, 13:10, 13:12, 13:14, 13:19, 13:22, 13:23, 14:1, 14:4, 14:10, 14:15, 14:20, 14:22, 15:7
**The -** 1:22, 1:27, 2:1, 2:2, 2:4, 2:6, 2:8, 2:10, 2:13, 2:14, 2:16, 2:17, 2:18, 2:19, 2:22, 2:25, 3:1, 3:2, 3:3, 3:4, 3:5, 3:6, 3:7, 3:8, 3:9, 3:10, 3:11, 3:14, 3:15, 3:17, 3:18, 3:19, 3:20, 3:21, 3:22, 3:23, 3:25, 4:1, 4:2, 4:3, 4:4, 4:6, 4:12, 4:14, 4:15, 4:16, 4:17, 4:18, 4:20, 4:21, 4:22, 4:23, 4:24, 4:25, 5:1, 5:2, 5:3, 5:4, 5:5, 5:7, 5:8, 5:9, 5:11, 5:15, 5:17, 5:18, 5:19, 5:20, 5:21, 5:22, 5:24, 6:2, 6:3, 6:4, 6:5, 6:6, 6:7, 6:9, 6:10, 6:12, 6:13, 6:15, 6:16, 6:17, 6:18, 6:19, 6:20, 6:21, 6:22, 6:23, 6:24, 7:2, 7:5, 7:6, 7:7, 7:8, 7:9, 7:14, 7:18, 7:19, 7:21, 7:22, 7:23, 8:3, 8:4, 8:5, 8:6, 8:8, 8:9, 8:11, 8:12, 8:14, 8:16, 8:17, 8:18, 8:19, 8:21, 9:1, 9:2, 9:4, 9:8, 9:10, 9:13, 9:14, 9:16, 9:17, 9:19, 9:20, 9:21, 9:22, 9:23, 9:24, 9:25, 10:3, 10:5, 10:6, 10:7, 10:8, 10:9, 10:10, 10:11, 10:12, 10:13, 10:14, 10:15, 10:16, 10:17, 10:18, 10:19, 10:20, 10:21, 10:22, 10:23, 10:24, 10:25, 11:1, 11:2, 11:5, 11:6, 11:7, 11:8, 11:10, 11:11, 11:12, 11:13, 11:16, 11:17, 11:19, 11:20, 11:21, 11:22, 11:23, 11:24, 12:3, 12:4, 12:5, 12:6, 12:7, 12:9, 12:10, 12:12, 12:13, 12:14, 12:15, 12:16, 12:17, 12:19, 12:20, 12:21, 12:23, 12:25, 13:1, 13:2, 13:3, 13:6, 13:7, 13:9, 13:11, 13:13, 13:14, 13:16, 13:19, 13:22, 13:23,

13:24, 13:25, 14:1, 14:2, 14:3, 14:5, 14:7, 14:8, 14:9, 14:10, 14:13, 14:15, 14:16, 14:19, 14:20, 14:21, 14:22, 14:24, 14:25, 15:7, 15:8, 15:9
**Their -** 5:7, 11:7
**Them -** 5:11
**Then -** 2:6, 2:13, 4:21, 5:12, 6:16
**Theory -** 10:6
**There -** 7:20, 13:15, 13:16
**Therefore -** 14:2
**These -** 13:16
**They -** 2:19, 2:20, 3:21, 9:18, 14:13
**This -** 2:1, 2:13, 2:15, 2:17, 2:23, 4:12, 4:13, 4:21, 5:10, 8:1, 8:7, 8:13, 10:21, 10:22, 13:9
**Those -** 5:9, 5:10, 6:17, 6:22, 7:3, 7:5, 7:11, 7:13, 8:1
**Though -** 5:23
**Through -** 2:21, 3:2, 8:16
**Thus -** 10:20, 11:12, 12:11, 13:16, 13:23
**Time -** 1:10, 3:11, 4:15, 4:19, 5:15, 6:6, 6:7, 9:2, 12:9
**Times -** 6:9
**Title -** 2:15
**To -** 2:11, 2:16, 2:24, 3:4, 3:6, 3:8, 3:14, 3:17, 3:18, 3:21, 3:22, 3:25, 4:1, 4:2, 4:4, 4:7, 4:24, 5:5, 5:6, 5:8, 5:11, 5:13, 5:16, 5:19, 5:24, 6:1, 6:2, 6:4, 6:12, 6:13, 6:14, 6:16, 6:19, 7:3, 7:4, 7:5, 7:20, 7:23, 7:24, 8:3, 8:7, 8:9, 8:14, 8:19, 9:2, 9:5, 9:11, 9:15, 10:5, 10:9, 10:22, 11:2, 11:3, 11:6, 11:7, 11:13, 11:17, 11:21, 11:23, 11:25, 12:9, 12:12, 12:17, 13:3, 13:11, 13:13, 13:14, 13:17, 13:18, 13:22, 14:6, 14:8, 14:9, 14:14, 14:22, 14:23
**Told -** 6:1
**Took -** 7:14
**Total -** 6:7
**Totaling -** 7:12
**Transaction -** 4:6, 4:16,

10:8, 10:15, 10:21, 13:7
**Transactions -** 12:2
**Transcriber -** 1:36
**Transcript -** 1:43, 15:8
**Transcription -** 1:43
**TRANSFER -** 1:19, 3:5, 3:8, 3:11, 3:23, 3:24, 4:1, 4:2, 4:3, 4:20, 4:25, 5:1, 5:4, 5:11, 6:23, 7:23, 8:3, 8:6, 8:23, 8:25, 9:2, 9:19, 9:22, 10:6, 10:16, 10:18, 11:11, 11:13, 11:22, 12:7, 12:10, 12:12, 12:13, 12:15, 12:18, 12:20, 12:21, 12:22, 12:23, 12:24, 12:25, 13:3, 13:6, 13:22, 13:24, 13:25, 14:1, 14:4, 14:5, 14:7, 14:11, 14:14, 14:16
**Transferee -** 8:9, 12:21, 12:22, 13:2
**Transferor -** 8:8, 9:1, 9:4, 9:8
**Transferred -** 8:5, 8:18, 9:10, 9:13, 12:20
**Transfers -** 2:24, 3:1, 3:3, 4:3, 6:18, 8:15, 9:18, 9:25, 10:1, 10:3, 10:5, 13:1
**Trial -** 2:14, 2:17, 4:22, 4:23, 5:8, 6:3, 7:8, 7:13, 7:19, 9:24, 10:9, 10:17, 11:20
**Triggered -** 3:23
**Triggering -** 11:8
**TRUST -** 1:21, 2:1, 3:25, 5:20, 5:21, 12:1
**TRUSTEE -** 1:16, 2:25, 4:25, 5:2, 7:9, 7:14, 7:23, 8:14, 8:17, 9:24, 10:10, 10:13, 10:16, 10:18, 11:10, 11:12, 11:16, 12:5, 12:16, 12:19, 13:23, 13:25, 14:9
**Trustees -** 14:15
**Trustee's -** 4:18, 8:9, 10:6, 10:17, 14:3
**Two -** 2:24, 3:5, 5:16, 7:23, 8:1, 8:19

| U |
| --- |

**Under -** 2:15, 2:16, 3:1, 3:16, 4:6, 6:4, 8:15, 8:16, 8:23, 10:21, 10:25, 12:18, 12:23, 14:2, 14:4

**Underlying -** 10:14
**Undertaken -** 7:3, 9:14
**Undisputed -** 9:16, 11:21
**Unfortunately -** 2:12
**UNITED -** 1:1
**Unless -** 14:13
**Until -** 14:11, 14:13, 14:21, 14:24
**Up -** 6:3, 10:11
**Upon -** 7:14
**Upwards -** 5:25
**Used -** 12:1, 13:4, 13:19

---
**V**
---

**Validity -** 10:14
**Value -** 6:6, 6:7, 8:20, 9:9, 9:13, 11:15, 12:20
**Various -** 7:2
**Vehicle -** 13:4
**Verified -** 7:15
**Versus -** 7:16
**Very -** 7:20
**Visian -** 7:16

---
**W**
---

**WALIA -** 1:7, 1:13, 1:17, 2:9, 3:4, 3:11, 4:6, 4:7, 4:8, 4:25, 5:4, 5:15, 5:20, 5:21, 5:23, 5:25, 6:1, 6:2, 6:14, 6:16, 6:18, 7:1, 7:15, 7:17, 7:18, 10:2, 10:4, 10:7, 10:13, 11:23, 12:1, 12:15, 13:4, 13:5, 13:8, 13:10, 13:13, 13:14, 13:19, 13:22, 14:9, 14:12, 14:17
**Walia's -** 10:4
**Wanted -** 5:13
**Was -** 3:5, 3:9, 3:11, 3:12, 3:17, 3:23, 3:25, 4:1, 4:6, 4:9, 4:19, 4:23, 5:14, 5:15, 5:25, 6:7, 6:8, 6:9, 6:24, 6:25, 7:1, 7:19, 8:6, 8:9, 8:18, 8:21, 9:1, 9:2, 9:17, 9:19, 9:20, 9:21, 9:22, 10:2, 10:12, 10:15, 10:19, 10:24, 11:4, 11:6, 11:13, 11:20, 11:23, 11:24, 12:3, 12:6, 12:13, 12:22, 12:25, 13:2, 13:3, 13:4, 13:5, 13:10, 13:11, 13:12, 13:18, 13:22
**Way -** 2:18
**Well -** 5:10, 7:12, 7:22,

13:6, 14:19
**We'll -** 2:1
**Went -** 6:11, 6:13, 6:14
**Were -** 2:19, 2:20, 3:3, 3:20, 3:23, 4:23, 5:8, 5:17, 5:19, 6:4, 6:6, 6:18, 7:3, 7:4, 7:5, 7:12, 7:13, 7:20, 7:22, 9:18, 10:5, 11:9
**Western -** 11:19
**Westlaw -** 8:2
**What -** 2:17, 11:20
**When -** 9:7, 9:10
**Whether -** 10:18
**Which -** 2:22, 3:12, 3:13, 3:16, 3:25, 5:8, 5:17, 6:25, 7:1, 9:3, 9:17, 9:20, 9:21, 10:7, 10:8, 10:21, 10:24, 13:8
**While -** 10:25, 11:15, 12:24
**Who -** 3:9, 5:15, 13:5, 13:22, 14:10
**Whose -** 12:21, 12:25
**Will -** 2:13, 5:9, 5:10, 14:2, 14:10, 14:20, 14:21, 14:24, 14:25
**Wire -** 3:23, 6:11, 13:13
**Wired -** 13:17
**With -** 2:2, 2:19, 3:13, 4:5, 5:11, 6:24, 7:24, 8:4, 8:7, 9:13, 9:20, 9:22, 10:10, 14:8, 14:17, 14:18, 14:23
**Within -** 8:6, 8:19, 9:18, 14:23
**Without -** 8:25, 11:13
**Witnesses -** 7:13
**Witnesses' -** 7:20, 7:21
**Wong -** 7:11
**Work -** 11:25, 14:22
**Would -** 9:4, 11:1
**Writing -** 5:24

---
**Y**
---

**Year -** 3:24, 4:13
**Years -** 3:5, 7:23, 8:19
**YORK -** 1:2, 1:4, 1:35, 3:2, 7:16, 7:25, 8:11, 8:16, 9:6, 9:21, 9:24
**You -** 14:25, 15:1, 15:2, 15:3
**Your -** 2:3, 2:12, 15:1, 15:3

---
**Z**
---

**Zaharis -** 13:10
**Zerbo -** 8:14
**Ziehl -** 1:23

---
**'**
---

**'S -** 12:2

---
**$**
---

**$1,350,000 -** 6:6
**$1,520,000 -** 4:2, 5:1, 6:23, 7:7, 12:16, 13:17
**$10,800,000 -** 5:24
**$12,800,000 -** 3:15, 5:23, 6:8
**$2,000,000 -** 5:25, 6:1, 6:4, 6:9, 10:11
**$2,500,000 -** 3:8, 3:17, 5:11, 6:19, 10:8, 10:22, 10:24, 11:1, 11:11, 11:22, 12:3, 12:8
**$200,000 -** 6:4
**$3,000,000 -** 6:14
**$474,000 -** 6:7
**$6,800,000 -** 6:13
**$61,590 -** 14:12
**$9,800,000 -** 6:11, 6:13

---
**1**
---

**1.6 -** 3:16, 6:21, 11:1
**10:00 -** 1:10
**10004 -** 1:35
**10100 -** 1:24
**10141 -** 1:5
**10th -** 4:13
**11 -** 14:21, 14:24
**11710 -** 1:39
**11965 -** 1:30
**12 -** 1:18
**1274 -** 1:29
**13 -** 1:18, 10:23, 15:12
**137 -** 5:9
**13th -** 1:25
**14 -** 1:19, 14:24
**15 -** 3:6
**157B -** 2:15
**17 -** 1:34
**172 -** 8:22
**186 -** 8:22

---
**2**
---

**20 -** 1:6

**2008 -** 8:11
**2011 -** 9:6
**2015 -** 5:12, 5:17
**2016 -** 3:6
**2017 -** 3:24, 7:6, 13:9
**2018 -** 14:12
**2022 -** 11:19
**2023 -** 8:23
**2024 -** 1:6, 15:12
**20-8049 -** 14:21
**21 -** 13:9
**213 -** 8:2
**2376 -** 1:38
**23rd -** 4:23
**272 -** 9:7
**273 -** 3:2, 8:16
**275 -** 8:16
**276 -** 3:2, 7:25
**28 -** 2:15

---
**3**
---

**31 -** 7:12
**391 -** 9:5
**392 -** 8:14
**394 -** 8:11

---
**4**
---

**40 -** 1:34
**441 -** 9:5
**452 -** 9:5
**492375 -** 8:2

---
**5**
---

**502D -** 14:9
**544 -** 3:1, 12:18
**547 -** 1:18
**548 -** 1:19, 3:1, 7:22, 8:16, 12:18, 12:24, 14:4, 14:6
**550 -** 12:17, 12:24, 14:2
**551 -** 14:3
**553 -** 11:18

---
**6**
---

**6:37 -** 13:9
**626 -** 11:18
**642 -** 8:14
**644 -** 11:18
**646 -** 8:11
**649 -** 8:14
**657 -** 8:22

| 8 |
| --- |

**8-20-08049 -** 1:8, 1:12

| 9 |
| --- |

**90067 -** 1:26