**APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
### Adversary Proceeding #: 8−20−08049−ast

*Assigned to:* Judge Alan S. Trust                     *Date Filed:* 03/13/20
*Lead BK Case:* 18−71748
*Lead BK Title:* Orion Healthcorp, Inc. and Allied World
National Assurance Co.
*Lead BK Chapter:* 11
*Demand:* $4020000
   *Nature[s] of Suit:*  12 Recovery of money/property − 547 preference
                            13 Recovery of money/property − 548 fraudulent transfer
                            14 Recovery of money/property − other

*Plaintiff*
−−−−−−−−−−−−−−−−−−−−−−
**Howard M Ehrenberg,** *in his capacity as*    represented by **Jeffrey P Nolan**
***Liquidating Trustee of Orion Healthcorp,***                         Pachulski Stang Ziehl & Jones LLP
***Inc., et al***                                    780 Third Avenue
                                           34th Floor
                                           New York, NY 10017
                                           310−772−2313
                                           Fax : 310−201−0760
                                           Email: jnolan@pszjlaw.com

                                           **Jeffrey Norlan**
                                           Pachulski Stang Ziehl & Jones LLP
                                           780 Third Avenue
                                           34th Floor
                                         New York, NY 10017
                                           *LEAD ATTORNEY*

                                           **Ilan D Scharf**
                                           Pachulski Stang Ziehl & Jones LLP
                                           1700 Broadway
                                           Ste 36th Floor
                                           New York, NY 10019
                                           212−561−7721
                                           Email: ischarf@pszjlaw.com
                                           *LEAD ATTORNEY*

V.

*Defendant*
−−−−−−−−−−−−−−−−−−−−−−−
**Arvind Walia**                               represented by **Paris Gyparakis**
                                           Archer & Greiner, P.C.
                                           1211 Avenue of the Americas, Ste 2750
                                           New York, NY 10036
                                           212−682−4940
                                           Fax : 646−553−1257

Email: pgyparakis@archerlaw.com

**Christine McCabe**
Christine McCabe
4609 Bedford Blvd.
Wilmington, DE 19803
302–354–2166
Email: cmccabe@rosenpc.com

**Sanford P Rosen**
Rosen & Associates, P.C.
747 Third Avenue
New York, NY 10017–2803
(212) 223–1100
Fax : (212) 223–1102
Email: srosen@rosenpc.com

**Eugene Ronald Scheiman**
The Law Office of Eugene R. Scheiman
17 State Street
Ste Floor 40
New York, NY 10004
212–594–7563
Email: eugene.scheiman@scheimanlaw.com

*Defendant*
————————————————————
**Niknim Management Inc.**                    represented by **Paris Gyparakis**
                                                             (See above for address)

                                                             **Sanford P Rosen**
                                                             (See above for address)

                                                             **Eugene Ronald Scheiman**
                                                             (See above for address)

| Filing Date | | # | Docket Text |
|---|---|---|---|
| 05/26/2021 | | 20 | Stipulation and Order by and between Plaintiff Howard M Ehrenberg and Defendants Arvind Walia and Niknim Management Inc. refiling of First Amended Complaint and entering of Scheduling Order (RE: related document(s)1 Complaint filed by Plaintiff Howard M Ehrenberg). Defendant has twenty days from service to file an answer to the First Amended Complaint. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than fourteen (14) days from the date of this Order. All fact discovery shall be completed no later than September 20, 2021. All expert discovery shall be completed no later than November 30, 2021. and No later than September 30, 2021(i) the party bearing the burden of proof on any issue shall make all disclosures and (ii) all rebuttal or responsive expert reports and other disclosures shall be made no later than thirty (30) days thereafter. If the parties desire and agree to mediate their dispute(s) at any time during pendency of this adversary proceeding, they shall jointly file a stipulation (the Stipulation) with the Court. The Court will adjourn the Pre–trial Conference to August 5, 2021, at 2:00 P.M. which time the Court may set the trial date and deadline to file the Joint Pretrial Order. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend anydeadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date |

| | | | |
|---|---|---|---|
| | | | sought to be extended. 19 Notice of Proposed Stipulation filed by Plaintiff Howard M Ehrenberg). Signed on 5/26/2021. Pre Trial Hearing scheduled for 8/5/2021 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY. (ssw) (Entered: 05/26/2021) |
| 05/28/2021 | | 22 | Amended Complaint Demand Amount by Jeffrey P Nolan on behalf of Howard M Ehrenberg against Howard M Ehrenberg.(RE: related document(s)1 Complaint filed by Plaintiff Howard M Ehrenberg, 20 Order to Schedule Hearing (Generic)) (Attachments: # 1 Adversary Cover Sheet) (Nolan, Jeffrey) (Entered: 05/28/2021) |
| 06/09/2021 | | 23 | Answer to Complaint *Answer to First Amended Complaint and Affirmative Defenses* Filed by Sanford P Rosen on behalf of Arvind Walia, Niknim Management Inc. (Rosen, Sanford) (Entered: 06/09/2021) |
| 10/05/2021 | | 27 | Stipulation by and between Plaintiff and defendant Arvind Walia and Niknim Management Inc. Requesting Amendment to Case Management and Discovery Plann. All written and fact discovery between the Parties shall be completed no later thanDecember 30, 2021, and dates under the case management order continued from the new fact−off date accordingly. The Pretrial Conference is adjourned to January 26, 2022 at 2:00 p.m. (EST). Signed on 10/5/2021. (Entered: 10/05/2021) |
| 01/28/2022 | | 33 | Letter of Adjournment: Hearing rescheduled from January 26, 2022 at 2:00 p.m. to May 11, 2022 at 2:00 p.m. Filed by Howard M Ehrenberg (related document(s), ). (Nolan, Jeffrey) (Entered: 01/28/2022) |
| 03/07/2022 | | 34 | Stipulation and Order by and between Plaintiff and Defendant To Attend Mediation And Toll Remaining Deadlines. The Parties desire to attend mediation within the next 30 days and to toll any remaining deadlines under the Scheduling Order and Amendment to Case Management and Discovery Plan until the conclusion of attending mediation. Pursuant to the Scheduling Order and Amendment to Case Management and Discovery Plan, the Parties may attend mediation at any time during the pendency of the adversary and shall jointly file a stipulation to attend mediation with the Court. The Parties have agreed to address the issues in this Adversary Proceeding to the Honorable Gerald Rosen, Ret. as the mediator, but have not yet determined his availability or cleared conflicts. To the extent he is not available, the Parties will move promptly to select another mediator. Mediation will be attended via zoom and the parties will split the fees and costs for mediation equally. The Parties will advise the Court within ten (10) days following competition, of the progress or outcome of the mediation. (RE: related document(s)31 Notice of Proposed Stipulation filed by Plaintiff Howard M Ehrenberg). Signed on 3/7/2022 (ssw). (Entered: 03/07/2022) |
| 07/15/2022 | | 37 | Letter *to the Honorable Alan S. Trust* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Nolan, Jeffrey) (Entered: 07/15/2022) |
| 07/29/2022 | | 38 | Declaration Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)20 Order to Schedule Hearing (Generic), 31 Notice of Proposed Stipulation filed by Plaintiff Howard M Ehrenberg, 34 Stipulation and Order) (Attachments: # 1 Exhibit A − Stipulation and Scheduling Order # 2 Exhibit B − Stipulation to Attend Mediation) (Nolan, Jeffrey) (Entered: 07/29/2022) |
| 08/01/2022 | | 40 | Declaration of Sanford P. Rosen with Respect to the Status of the Litigation and the Filing of Plaintiffs Proposed Order to Complete Remaining Expert Discovery and in Response to the Declaration of |

| | | | |
|---|---|---|---|
| | | | Jeffrey P. Nolan Submitted in Support of the Order Filed by Sanford P Rosen on behalf of Arvind Walia (RE: related document(s)38 Declaration filed by Plaintiff Howard M Ehrenberg) (Rosen, Sanford) (Entered: 08/01/2022) |
| 08/03/2022 | | 41 | Letter *to the Honorable Alan S. Trust* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)38 Declaration filed by Plaintiff Howard M Ehrenberg, 40 Response filed by Defendant Arvind Walia) (Nolan, Jeffrey) (Entered: 08/03/2022) |
| 08/15/2022 | | 42 | Order Granting to complete expert discovery.Parties they were unable to successfully resolve the litigation at mediation, the tolling of remaining deadlines as outlined in the Stipulation To Attend Mediation and Toll Remaining Deadlines (Dkt No. 31) is hereby terminated and the deadlines setforth under the Case Management and Discovery Plan (Dkt No. 10) solely with respect to concluding remaining expert discovery. No later than thirty (30) days from the issuance of this Order, all rebuttalor responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shallbe made including the service of any expert report(s). All expert discovery shall be completed no later than sixty (60) days from the issuance of this Order. (RE: related document(s)10 and 39 Notice of Submission of Proposed Order filed by Plaintiff Howard M Ehrenberg). Signed on 8/15/2022 (ssw) (Entered: 08/15/2022) |
| 10/14/2022 | | 45 | Letter *Requesting Pre−Motion Conference* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Nolan, Jeffrey) (Entered: 10/14/2022) |
| 11/30/2022 | | 49 | Stipulation For Scheduling Order Re: Briefing Schedule For Summary Judgment Motions and Order Thereon by and between Plaintiff, Defendants (RE: related document(s)48 Notice of Proposed Stipulation filed by Plaintiff Howard M Ehrenberg). On or before January 18, 2023, any party may move for summary judgment, or alternatively summary adjudication. On or before February 22, 2023, any Opposition shall be filed. On or before March 8, 2023, any Reply brief shall be filed. Signed on 11/30/2022 (ylr) (Entered: 11/30/2022) |
| 01/18/2023 | | 51 | Motion For Summary Judgment Filed by Eugene Ronald Scheiman, Sanford P Rosen on behalf of Arvind Walia. (Attachments: # 1 Exhibit A−Amended Complaint # 2 Exhibit B−Answer # 3 Exhibit C−Statement of Undisputed Facts # 4 Exhibit D−Proposed Order) (Rosen, Sanford) (Entered: 01/18/2023) |
| 01/18/2023 | | 53 | Motion For Summary Judgment *or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc.*. Objections to be filed on February 22, 2023. Hearing on Objections, if any, will be held on: TBD. Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg. (Nolan, Jeffrey) (Entered: 01/18/2023) |
| 01/18/2023 | | 54 | Statement of Undisputed Facts */ Joint Statement of Uncontroverted Facts in Support of Plaintiff's Motion for Summary Judgment or, in the Alternative, Summary Adjudication; Plaintiff's Additional Statement of Facts* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Nolan, Jeffrey) (Entered: 01/18/2023) |
| 01/18/2023 | | 55 | Affidavit in Support */ Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc.* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard |

| | | | |
|---|---|---|---|
| | | | M Ehrenberg) (Attachments: # 1 Exhibit 1 – Walia Deposition Excerpts # 2 Exhibit 2 – Plaintiff's First RFP # 3 Exhibit 3 – Defendant's Response to First RFP # 4 Exhibit 4 – April 15, 2016 Email # 5 Exhibit 5 – Membership Interests Purchase Agreement # 6 Exhibit Produced Docs (REDACTED) # 7 Exhibit 7 – Proposed Order) (Nolan, Jeffrey) (Entered: 01/18/2023) |
| 01/18/2023 | | 56 | Affidavit in Support */ Affidavit of Edith Wong in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc.* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg) (Attachments: # 1 Exhibit A – February 2016 Bank Statement # 2 Exhibit B – August 2016 Bank Statement # 3 Exhibit C – March 2017 Bank Statement # 4 Exhibit D – December 1, 2014 Email # 5 Exhibit E – February 20, 2015 Letter (REDACTED) # 6 Exhibit F – Asset Purchase Agreement # 7 Exhibit G – Disbursement Authorization and Itemization (REDACTED) # 8 Exhibit H – May 17, 2017 Email # 9 Exhibit I – May 18, 2017 Email chain # 10 Exhibit J – May 31, 2017 Email chain # 11 Exhibit K – May 31, 2017 Email # 12 Exhibit L – May 31, 2017 Email # 13 Exhibit M – June 15, 2017 Email # 14 Exhibit N – June 19, 2017 Email) (Nolan, Jeffrey) (Entered: 01/18/2023) |
| 01/18/2023 | | 57 | Affidavit in Support */ Affidavit of Frank A. Lazzara in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg) (Attachments: # 1 Exhibit 1 – September 27, 2017 Email # 2 Exhibit 2 – 2014 Consolidated Financial Statement # 3 Exhibit 3 – Disbursement Authorization and Itemization (REDACTED) # 4 Exhibit 4 – Schedule) (Nolan, Jeffrey) (Entered: 01/18/2023) |
| 01/18/2023 | | 58 | Statement */ Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc.* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg) (Attachments: # 1 Exhibit 1 – Constellation Admission Application # 2 Exhibit 2 – Walia POC 10141 # 3 Exhibit 3 – State Court Summons, Complaint, Judgment) (Nolan, Jeffrey) (Entered: 01/18/2023) |
| 02/22/2023 | | 60 | Objection */ Opposition to Motion of Defendants Arvind Walia and Niknim Management Inc. for Partial Summary Judgment Dismissing Claims Asserted in the Complaint Under 11 U.S.C. §544* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)51 Motion for Summary Judgment filed by Defendant Arvind Walia, 52 Motion for Summary Judgment filed by Defendant Arvind Walia) (Nolan, Jeffrey) (Entered: 02/22/2023) |
| 02/22/2023 | | 61 | Response */ Plaintiff's Response to Defendants' Separate Statement of Facts and Plaintiff's Additional Facts in Opposition to Defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)51 Motion for Summary Judgment filed by Defendant Arvind Walia) (Nolan, Jeffrey) (Entered: 02/22/2023) |
| 02/22/2023 | | 62 | Affidavit in Support */ Affidavit of Jeffrey P. Nolan in Support of Opposition to Motion of Defendants Arvind Walia and Niknim Management, Inc. for Partial Summary Judgment Dismissing Claims* |

| | | | |
|---|---|---|---|
| | | | *Asserted in the Complaint Under 11 U.S.C. §544* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)60 Objection filed by Plaintiff Howard M Ehrenberg) (Attachments: # 1 Exhibit 8 – McBride POC # 2 Exhibit 9 – Schedule 10 # 3 Exhibit 10_Pt 1 – BofA Credit Agreement # 4 Exhibit 10_Pt 2 – BofA Credit Agreement # 5 Exhibit 10_Pt 3 – BofA Credit Agreement # 6 Exhibit 11_Pt 1 – Third Amended Plan # 7 Exhibit 11_Pt 2 – Third Amended Plan) (Nolan, Jeffrey) (Entered: 02/22/2023) |
| 02/24/2023 | | 64 | Motion For Summary Judgment *Affidavit of Arvind Walia in Opposition to Plaintiff's Motion for Summary Judgment* Filed by Eugene Ronald Scheiman, Sanford P Rosen on behalf of Arvind Walia. (Rosen, Sanford) (Entered: 02/24/2023) |
| 02/24/2023 | | 65 | Motion For Summary Judgment *Brief of Defendants in Opposition to Motion for Summary Judgment* Filed by Eugene Ronald Scheiman, Sanford P Rosen on behalf of Arvind Walia. (Rosen, Sanford) (Entered: 02/24/2023) |
| 02/24/2023 | | 66 | Opposition Motion For Summary Judgment *Affirmation of Sanford P. Rosen in Opposition to Motion for Summary Judgment* Filed by Eugene Ronald Scheiman, Sanford P Rosen on behalf of Arvind Walia. (Rosen, Sanford) (Entered: 02/24/2023) |
| 03/02/2023 | | 67 | Affidavit in Opposition *of Arvind Walia to Plaintiff's Motion for Summary Judgment* Filed by Eugene Ronald Scheiman, Sanford P Rosen on behalf of Arvind Walia (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg) (Rosen, Sanford) (Entered: 03/02/2023) |
| 03/02/2023 | | 68 | Memorandum of Law in Opposition *to Plaintiff's Motion for Summary Judgment* Filed by Eugene Ronald Scheiman, Sanford P Rosen on behalf of Arvind Walia (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg) (Rosen, Sanford) (Entered: 03/02/2023) |
| 03/02/2023 | | 69 | Affidavit in Opposition *of Sanford P. Rosen in Opposition to Plaintiff's Motion for Summary Judgment* Filed by Eugene Ronald Scheiman, Sanford P Rosen on behalf of Arvind Walia (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg) (Rosen, Sanford) (Entered: 03/02/2023) |
| 03/10/2023 | | 70 | Reply *of Defendants Arvind Walia and Niknim Management Inc. in Support of Motion for Partial Summary Judgment Dismissing Certain Claims Asserted in the Complaint* Filed by Sanford P Rosen on behalf of Arvind Walia (RE: related document(s)52 Motion for Summary Judgment filed by Defendant Arvind Walia) (Rosen, Sanford) (Entered: 03/10/2023) |
| 03/10/2023 | | 71 | Objection *and Request to Strike the Affidavit of Arvind Walia Submitted in Opposition to Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)64 Motion for Summary Judgment filed by Defendant Arvind Walia) (Nolan, Jeffrey) (Entered: 03/10/2023) |
| 03/10/2023 | | 72 | Reply *Brief in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc.* Filed by Jeffrey P Nolan on behalf of |

| | | | |
|---|---|---|---|
| | | | Howard M Ehrenberg (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg, 64 Motion for Summary Judgment filed by Defendant Arvind Walia, 65 Motion for Summary Judgment filed by Defendant Arvind Walia, 68 Memorandum of Law in Opposition filed by Defendant Arvind Walia, 71 Objection filed by Plaintiff Howard M Ehrenberg) (Nolan, Jeffrey) (Entered: 03/10/2023) |
| 03/10/2023 | | 73 | Affidavit in Support / *Affidavit of Jeffrey P. Nolan in Support of Plaintiffs Motion for Summary Judgment, or in the Alternative, Summary Adjudication* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg) (Attachments: # 1 Exhibit 12 – Form 1120_Instructions # 2 Exhibit 13 – Walia Deposition Excerpts) (Nolan, Jeffrey) (Entered: 03/10/2023) |
| 03/21/2023 | | 79 | Letter *Regarding Completion of Briefing* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)49 Stipulation and Order, 51 Motion for Summary Judgment filed by Defendant Arvind Walia, 52 Motion for Summary Judgment filed by Defendant Arvind Walia, 53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg, 54 Statement of Undisputed Facts filed by Plaintiff Howard M Ehrenberg, 55 Affidavit in Support filed by Plaintiff Howard M Ehrenberg, 56 Affidavit in Support filed by Plaintiff Howard M Ehrenberg, 57 Affidavit in Support filed by Plaintiff Howard M Ehrenberg, 58 Statement filed by Plaintiff Howard M Ehrenberg, 60 Objection filed by Plaintiff Howard M Ehrenberg, 61 Response filed by Plaintiff Howard M Ehrenberg, 62 Affidavit in Support filed by Plaintiff Howard M Ehrenberg, 64 Motion for Summary Judgment filed by Defendant Arvind Walia, 65 Motion for Summary Judgment filed by Defendant Arvind Walia, 66 Motion for Summary Judgment filed by Defendant Arvind Walia, 67 Affirmation in Opposition filed by Defendant Arvind Walia, 68 Memorandum of Law in Opposition filed by Defendant Arvind Walia, 69 Affirmation in Opposition filed by Defendant Arvind Walia, 70 Reply filed by Defendant Arvind Walia, 71 Objection filed by Plaintiff Howard M Ehrenberg, 72 Reply filed by Plaintiff Howard M Ehrenberg, 73 Affidavit in Support filed by Plaintiff Howard M Ehrenberg) (Nolan, Jeffrey) (Entered: 03/21/2023) |
| 03/23/2023 | | 80 | Letter of Adjournment: Hearing rescheduled from March 22, 2023 at 12:00 p.m. to June 28, 2023 at 12:00 p.m. Filed by Howard M Ehrenberg (related document(s)). (Nolan, Jeffrey) (Entered: 03/23/2023) |
| 06/28/2023 | | 81 | Letter of Adjournment: Hearing rescheduled from June 28, 2023 at 12:00 p.m. to October 24, 2023 at 2:30 p.m. Filed by Howard M Ehrenberg (related document(s)). (Nolan, Jeffrey) (Entered: 06/28/2023) |
| 10/26/2023 | | 82 | Letter of Adjournment: Hearing rescheduled from October 24, 2023 at 2:30 p.m. (prevailing Eastern Time) to November 14, 2023 at 2:00 p.m. (prevailing Eastern Time) Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg. (Nolan, Jeffrey) (Entered: 10/26/2023) |
| 11/13/2023 | | 83 | Letter of Adjournment: Hearing rescheduled from November 14, 2023 at 2:00 p.m. (prevailing Eastern Time) to January 23, 2024 at 2:00 p.m. (prevailing Eastern Time) Filed by Howard M Ehrenberg (related document(s)82). (Nolan, Jeffrey) (Entered: 11/13/2023) |
| 01/05/2024 | | 84 | Response *Defendants' Corrected Affidavit in Opposition to Plaintiff's Motion for Summary Judgment* Filed by Sanford P Rosen on behalf of Arvind Walia (RE: related document(s)53 Motion for Summary |

| | | | |
|---|---|---|---|
| | | | Judgment filed by Plaintiff Howard M Ehrenberg) (Rosen, Sanford) (Entered: 01/05/2024) |
| 01/05/2024 | | 85 | Affirmation in Opposition *of Sanford P. Rosen in Opposition to Plaintiff's Motion for Summary Judgment* Filed by Sanford P Rosen on behalf of Arvind Walia (Rosen, Sanford) (Entered: 01/05/2024) |
| 01/25/2024 | | 87 | Letter of Adjournment: Hearing rescheduled from January 23, 2024 to February 27, 2024 Filed by Howard M Ehrenberg. (Nolan, Jeffrey) (Entered: 01/25/2024) |
| 02/16/2024 | | 88 | Letter *to the Court Regarding Defendants' Intention to Proceed at the Hearing of February 27, 2024* Filed by Sanford P Rosen on behalf of Arvind Walia (RE: related document(s)51 Motion for Summary Judgment filed by Defendant Arvind Walia, 53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg) (Rosen, Sanford) (Entered: 02/16/2024) |
| 02/21/2024 | | 89 | Letter of Adjournment: Hearing rescheduled from February 27, 2024 at 1:30 p.m. to March 6, 2024 at 1:30 p.m. Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Nolan, Jeffrey) (Entered: 02/21/2024) |
| 03/05/2024 | | 90 | Letter of Adjournment: Hearing rescheduled from March 6, 2024 at 1:30 p.m. to March 14, 2024 at 2:00 p.m. Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Nolan, Jeffrey) (Entered: 03/05/2024) |
| 04/05/2024 | | 91 | Letter of Adjournment: Hearing rescheduled from March 14, 2024 at 2:00 p.m. to April 10, 2024 at 11:00 a.m. Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Nolan, Jeffrey) (Entered: 04/05/2024) |
| 04/16/2024 | | 92 | Adversary Pretrial Scheduling Order. Ordered, Pre–Trial Conference set for 7/17/2024 at 01:30 PM at Courtroom 960 (Judge Trust), CI, NY. Trial date set for 7/24/2024 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. The parties shall submit any direct testimony from themselves and any witness under their control (including experts) by Affidavit signed by the witness(es). Affidavits shall be filed with the Court no later than July 10, 2024. Any objection to any portion of a witness affidavit, including evidentiary objections, shall be filed no later than July 12, 2024. The parties are directed to return to mediation. The mediation shall conclude on or before May 10, 2024. The mediator shall file a report of mediation on or before May 24, 2024. (RE: related document(s)1 Complaint filed by Plaintiff Howard M Ehrenberg). Signed on 4/16/2024 (ylr) (Entered: 04/17/2024) |
| 04/22/2024 | | 97 | Ordered Ordered The portion the Motion to avoid the First Transfer made on April 15, 2016 in the amount of $2,500,000 is DENIED with respect to Plaintiffs First Cause of Action to Avoid an Intentionally Fraudulent Transfer, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer as a factual issue remains to be determined at trial. The portion of the Motion to avoid the Second Transfer made on June 23, 2017, in the amount of $1,520,000 is GRANTED. As to Defendant Arvind Walia, the Motion is DENIED as to the Second Transfer, as a factual issue remains to be determined at trial. Plaintiff has failed to establish that, as a matter of law, Judgment awarded in favor of Plaintiff should be rendered against Defendants jointly and severally on the theory of alter ego liability. In that regard, that portion of the Motion is DENIED. The Cross–Motion is DENIED. (RE: related document(s)51 Motion for Summary Judgment filed by Defendant Arvind Walia, 53 Motion for Summary Judgment filed by Plaintiff Howard M Ehrenberg, |

| | | | |
|---|---|---|---|
| | | | 61 Response filed by Plaintiff Howard M Ehrenberg, 62 Affidavit in Support filed by Plaintiff Howard M Ehrenberg, 70 Reply filed by Defendant Arvind Walia). Signed on 4/22/2024 (ylr) (Entered: 04/23/2024) |
| 05/22/2024 | | 117 | Partial Judgment Against Niknim Managment, Inc. It is Hereby Ordered that Judgment is entered against defendant, Niknim Management Inc. and in favor ofPlaintiff, Howard M Ehrenberg, the duly appointed Liquidating Trustee for OrionHealthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest calculated from the from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,524 days) as allowed by the applicable statutory interest rate(RE: related document(s)97 Generic Order). Signed on 5/22/2024 (ylr) (Entered: 05/22/2024) |
| 07/10/2024 | | 131 | Brief Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Nolan, Jeffrey) (Entered: 07/10/2024) |
| 07/10/2024 | | 132 | Affidavit Re: *Trial Affidavit of Craig Jacobson, Expert* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)131 Brief filed by Plaintiff Howard M Ehrenberg) (Nolan, Jeffrey) (Entered: 07/10/2024) |
| 07/10/2024 | | 133 | Affidavit Re: *Trial Affidavit of Plaintiffs Expert, Max Mitchell* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)131 Brief filed by Plaintiff Howard M Ehrenberg) (Nolan, Jeffrey) (Entered: 07/10/2024) |
| 07/10/2024 | | 134 | Affidavit Re: *Trial Affidavit of Frank Lazzara* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)131 Brief filed by Plaintiff Howard M Ehrenberg) (Nolan, Jeffrey) (Entered: 07/10/2024) |
| 07/10/2024 | | 136 | Statement *Request For Judicial Notice In Support Trial Of Plaintiffs As Against Defendants Arvind Walia And Niknim Management, Inc.* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)131 Brief filed by Plaintiff Howard M Ehrenberg) (Attachments: # 1 Exhibit 4) (Nolan, Jeffrey) (Entered: 07/10/2024) |
| 07/10/2024 | | 137 | Joint Pre–Trial Memorandum Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)92 Scheduling Order) (Nolan, Jeffrey) (Entered: 07/10/2024) |
| 07/11/2024 | | 138 | Findings of Fact and Conclusions of Law Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)131 Brief filed by Plaintiff Howard M Ehrenberg) (Nolan, Jeffrey) (Entered: 07/11/2024) |
| 08/05/2024 | | 145 | Letter to the Court Pursuant to Order entered on July 25, 2024. Filed by Sanford P Rosen, Eugene Ronald Scheiman on behalf of Arvind Walia. (Scheiman, Eugene) Modified on 8/6/2024 to correct docket text. (ylr). (Entered: 08/05/2024) |
| 08/05/2024 | | 147 | Letter *to Honorable Alan S. Trust Pursuant to Trial Order Entered on July 24, 2024* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Nolan, Jeffrey) (Entered: 08/05/2024) |
| 08/08/2024 | | 148 | |

| | | | |
|---|---|---|---|
| | | | Statement *Notice Of Errata And Lodging Of Corrected Exhibit A To Trial Brief Of Plaintiff, Howard M. Ehrenberg As Liquidating Trustee Of Orion Healthcorp, Inc.* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)131 Brief filed by Plaintiff Howard M Ehrenberg) (Nolan, Jeffrey) (Entered: 08/08/2024) |
| 12/06/2024 | | 153 | Order Granting and Denying in Part Judgment against Defendants Arvind Walia and Niknim Management Inc. Plaintiffs First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272−275, and §273−a, to avoid and recover the transfer in the amount of $1,520,000 and Fourth Cause of Action For Recovery of Property Pursuant to 11 U.S.C.§544 and N.Y. Debtor and Creditor Law is granted as to each causes of action. Defendants NIKNIM Management, Inc., and Arvind Walia, individually, are joint and severally liable for $1,520,000. Plaintiffs Fifth Cause of Action to Object to the Claim No. 10067, filed in the amount of $61,590, as filed by Arvind Walia, is granted and the claim disallowed pursuant to Bankruptcy Code section 502(d). Plaintiff is awarded plus pre− judgment interest in accordance with the applicable interest rate as to the Second Transfer as against Defendants Arvind Walia and NIKNIM Management Inc., jointly and individually. The Court retains jurisdiction over remaining matters related thereto including costs and issuance of judgment (RE: related document(s)1 Complaint). Signed on 12/6/2024 (dnb) (Entered: 12/06/2024) |
| 12/16/2024 | | 154 | Transcript & Notice regarding the hearing held on 11/20/2024. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 1 Complaint). Notice of Intent to Request Redaction Due By 12/23/2024. Redaction Request Due By 01/6/2025. Redacted Transcript Submission Due By 01/16/2025. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 03/17/2025 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (E−Scribe) (Entered: 12/16/2024) |
| 03/20/2025 | | 156 | DISTRICT COURTS CLERK'S JUDGMENT − ORDERED AND ADJUDGED that Appellants Arvind Walia and Niknim Management, Inc.'s appeal is denied without prejudice to renewal after the entry of a final decision by the Bankruptcy Court; and that this case is closed. (RE: related document(s)99 Notice of Appeal filed by Defendant Niknim Management Inc.) (one) (Entered: 03/20/2025) |
| 04/03/2025 | | 157 | Judgment against Defendants Arvind Walia and Niknim Management Inc. ORDERED AND ADJUDGED that Plaintiff recover the following: Judgment is hereby entered against Defendants, Arvind Walia, and NIKNIM Management, Inc., jointly and individually, and in favor of Plaintiff, Howard M Ehrenberg, the duly appointed Liquidating Trustee for Orion Healthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest, calculated from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,831 days) calculated in accordance with New York State Law at 9% simple interest in the amount of $686,248.76, for a total judgment of $2,206,598.76.Post−judgment interest shall accrue and be payable by Defendants, Arvind Waliaand NIKNIM Management, Inc., jointly and individually at the prevailing federalrate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this Judgment to the date the amount is paid in |

| | | | |
|---|---|---|---|
| | | | full (RE: related document(s)153 Order). Signed on 4/3/2025 (dnb) (Entered: 04/04/2025) |
| 04/10/2025 | | 159 | Notice of Appeal to District Court. *Joint Notice of Appeal of Defendants Arvind Walia & Niknim Management Inc.*. Fee Amount $298 Filed by Christine McCabe on behalf of Arvind Walia, Niknim Management Inc. (RE: related document(s)157 Judgment). Appellant Designation due by 04/24/2025. Transmission of Designation to District Court Due by 05/12/2025. (Attachments: # 1 Order and Judgment)(McCabe, Christine) (Entered: 04/10/2025) |
| 04/10/2025 | | 160 | Civil Cover Sheet Filed by Christine McCabe on behalf of Arvind Walia, Niknim Management Inc. (RE: related document(s)159 Notice of Appeal filed by Defendant Arvind Walia). (McCabe, Christine) (Entered: 04/10/2025) |
| 04/16/2025 | | 165 | Statement of Issues on Appeal,*by Appellants Arvind Walia and Niknim Management, Inc.* Filed by Christine McCabe on behalf of Arvind Walia (RE: related document(s)159 Notice of Appeal filed by Defendant Arvind Walia, Defendant Niknim Management Inc., 160 Civil Cover Sheet filed by Defendant Arvind Walia, Defendant Niknim Management Inc.). (McCabe, Christine) (Entered: 04/16/2025) |
| 04/16/2025 | | 166 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Christine McCabe on behalf of Arvind Walia (RE: related document(s)159 Notice of Appeal filed by Defendant Arvind Walia, Defendant Niknim Management Inc., 160 Civil Cover Sheet filed by Defendant Arvind Walia, Defendant Niknim Management Inc., 165 Statement of Issues on Appeal filed by Defendant Arvind Walia). Appellee designation due by 04/30/2025. (McCabe, Christine) (Entered: 04/16/2025) |
| 04/21/2025 | | 168 | Cross Appeal . Fee Amount $298 Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)159 Notice of Appeal filed by Defendant Arvind Walia, Defendant Niknim Management Inc.). Appellant Designation due by 05/5/2025. (Attachments: # 1 Civil Cover Sheet)(Nolan, Jeffrey) (Entered: 04/21/2025) |
| 04/30/2025 | | 171 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (Related document(s) 159 Notice of Appeal) (Nolan, Jeffrey). Modified on 5/2/2025 to add linkage (drk). (Entered: 04/30/2025) |
| 05/05/2025 | | 172 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues *Cross−Appellants Designation Of Record Of Items To Be Included In Record Re: Cross−Appeal; Statement Of Issues On Cross−Appeal* Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)168 Cross Appeal filed by Plaintiff Howard M Ehrenberg). Appellee designation due by 05/19/2025. (Nolan, Jeffrey) (Entered: 05/05/2025) |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al*.,<br><br>         Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>         Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>         Defendants. | Adv. Proc. No. 20-08049 (AST) |

## STIPULATION AND ORDER RE FILING OF FIRST AMENDED COMPLAINT; AND ENTERING OF SCHEDULING ORDER

Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc. (the "Plaintiff") and Defendants Arvind Walia and NIKNIM Management, Inc. (the "Defendants"), by and through their undersigned counsel of record (collectively Plaintiff and Defendants are referred to as the "Parties"), submit the following stipulation for the consideration by the Court (the "Stipulation"):

1.      On March 13, 2020, Plaintiff filed the complaint [Dkt. No. 1] against Defendants.

2.      On June 17, 2020 Defendant filed its Answer to Affirmative Defenses to the complaint [Dkt. No. 6].

3.      Pursuant to the October 15, 2020 hearing in this matter, as consented to in the Stipulation Of Counsel, the parties in the above-captioned adversary proceeding (the "Adversary Proceeding"), submitted an Amended Discovery Plan to the Adversary Proceeding. The Amended Discovery Plan was not entered by the Court [Dkt. No. 10].

4.     On January 21, 2021, Plaintiff and Defendants appeared at a Pretrial Conference in Adversary Proceeding.  At that time, the Parties discussed the Adversary Proceeding and advised the Court Plaintiff would amend the Complaint by Stipulation and the parties would thereafter submit a joint Proposed Scheduling Order for the Court's consideration to be entered. Thereafter, Plaintiff circulated a First Amended Complaint.  The Parties subsequently met and conferred regarding an opposition to the amendment. The Parties have meet and conferred and resolved any issues.

5.     Attached to Docket Item 18 as Exhibit "1" is the First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550 (the "First Amended Complaint"), which is deemed served as of the date of the filing of the Stipulation.

6.     Defendant has twenty days from service to file an answer to the First Amended Complaint.

7.     The Parties hereto agree to the following scheduling order for the expeditious conducting of discovery in accordance with Fed. R. Civ. P. 16(b) and 26(f).

8.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than fourteen (14) days from the date of this Order, to the extent the disclosures have not already been made.

9.     The Parties have met and conferred regarding documents maintained in electronic format.  Plaintiff has identified the issue of the Debtors' servers, some of which have been coded into a searchable format while others which would require additional time

-2-

13

and expenditures.  Defendant has identified no potential issue.  The parties will cooperate to facilitate the exchange of relevant evidence stored in any electronic format.

10.     All <u>fact</u> discovery shall be completed no later than September 20, 2021.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Eastern District of New York ("Local Bankruptcy Rules").  The parties anticipate discovery on the subject transfers, product and services rendered, and the surrounding business dealings.

11.     All <u>expert</u> discovery shall be completed no later than November 30, 2021.

12.     No later than September 30, 2021: (i) the party bearing the burden of proof on any issue (including the issue of solvency, to the extent the Defendant intends to challenge the statutory presumption of insolvency) shall make all disclosures required under Fed. R. Civ. P. 26 (a)(2); and (ii) all rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shall be made no later than thirty (30) days thereafter.

13.     <u>Mediation</u>

If the parties desire and agree to mediate their dispute(s) at any time during pendency of this adversary proceeding, they shall jointly file a stipulation (the "Stipulation") with the Court.

14.     <u>Motions</u>

All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements.  Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (see Local

Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery (see paragraph 3 hereof).

      15.   <u>Trial</u>

The Court will adjourn the Pre-trial Conference to August 5, 2021, at 2:00 P.M. (Eastern), which time the Court may set the trial date and deadline to file the Joint Pretrial Order.

      16.   This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

Dated: May 21, 2021

Dated: May <u>21</u>, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
*Counsel to* Plaintiff Howard M. Ehrenberg, in his capacity of Liquidating Trustee of Orion Healthcorp, Inc., *et al*

**ROSEN & ASSOCIATES, P.C.**
Counsel to Defendants, Arvind Walia and Niknim Management Inc.

By: _/s/ Jeffery P. Nolan_
    Ilan D. Scharf, Esq.
    Jeffery P. Nolan, Esq., (Pro Hac Vice)
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel: (212) 561-7700
    Email: ischarf@pszjlaw.com

By: _/s/ Sanford P. Rosen_
    Sanford P. Rosen, Esq.
    Paris Gyparakis, Esq.
    747 Third Avenue
    New York, NY 10017-2803
    (212) 223-1100

**SO ORDERED:**



**Dated: May 26, 2021**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**

-4-

Ilan D. Scharf
Jeffrey P. Nolan (Pro Hac Vice Pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel for the Plaintiff,*
*Howard M. Ehrenberg in his capacity*
*as Liquidating Trustee of Orion Healthcorp, Inc., et al.,*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------

| | |
|---|---|
| In re: | :    Chapter 11 |
| | : |
| ORION HEALTHCORP, INC.[1] | :    Case No. 18-71748 (AST) |
| | : |
|                Debtors. | :    (Jointly Administered) |
| | : |

------------------------------------------------

| | |
|---|---|
| | : |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS | : |
| LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., | :    Adv. Pro. No. 20-08049 (AST) |
| ET AL., | : |
| | : |
|                Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | : |
| | : |
|                Defendants. | : |
| | : |

------------------------------------------------

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

DOCS_LA:328296.4 65004/003

**FIRST AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY
OF: (1) FRAUDULENT TRANSFERS; (2) PREFERENTIAL TRANSFERS;
(3) RECOVERY OF AVOIDED TRANSFERS; (4) OBJECTION TO CLAIM NO. 10067;
<u>PURSUANT TO 11 U.S.C. §§ 502, 544, 547, 548 AND 550</u>**

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion

Healthcorp, Inc., et al., (the "<u>Plaintiff</u>" or the <u>Liquidating Trustee</u>"), for the estates of the

above-captioned debtors (the "<u>Debtors</u>") in the above-captioned cases pending under chapter 11

of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), by and through its undersigned

counsel, as and for its *First Amended Complaint For Avoidance And Recovery Of: (1)*

*Fraudulent Transfers;(2) Preferential Transfers; (3) Recovery Of Avoided Transfers; And (4)*

*Objection To Claim No. 1067 Pursuant to 11 U.S.C. §§ 502, 544, 547 548 and 550* (the

"<u>Complaint</u>") against the above-captioned defendants (collectively, the "<u>Defendant</u>"), alleges as

follows:

## <u>THE PARTIES</u>

1.        Plaintiff is the Liquidating Trustee under that certain Liquidating Trust

Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc.

and certain of their affiliates.

2.        Upon information and belief, Defendant Arvind Walia ("<u>Walia</u>") is an

individual currently residing in the State of New York.  Defendant Walia is the former President,

and Chief Executive Officer, of the Debtor Orion Healthcorp, Inc.

3.         Upon information and belief, Defendant Niknim Management Inc. is

("<u>Niknim</u>") is a corporation formed under the laws of the State of New York with its principle

address at 27 Kettlepond Road, Jericho, New York.

4.        Plaintiff is informed and believes and thereon alleges that at all times

mentioned herein there existed a unity of interest in ownership between Defendant, Walia and

Defendant, Niknim such that the individuality and separateness between them ceased and that

Defendant, Niknim is the alter ego of Defendant, Walia in that, among other things: (a) Defendant Walia controlled, dominated, managed and operated Defendant Niknim as his alter ego; (b) Defendant Walia makes all decisions pertaining to Defendant Niknim; (c) there has been a failure to comply with or observe the formalities of corporate formation and/or operation; (d) Defendant Niknim was inadequately capitalized; and (e) that the individuality of said entity should be disregarded pursuant to the doctrine of piercing the corporate veil.

## STANDING

5.     On March 16, 2018, each of the Debtors except New York Network Management, LLC ("NYNM") filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court")under chapter 11 of the Bankruptcy Code and  NYNM commenced its voluntary petition on July 5, 2018 (collectively, the "Debtors").  The Debtors' cases are jointly administered for administrative purposes only [Docket Nos. 34 and 381].

6.     On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "Plan").

7.     The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date (as that term is defined in the Plan) to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates.  The Effective Date occurred on March 1, 2019.

8.     The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including causes of action.

## JURISDICTION AND VENUE

9.     The Bankruptcy Court has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

10.     This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

11.     Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

12.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

13.     This adversary proceeding is initiated pursuant to Rules 7001(1), (2) and (9) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, pursuant to sections 502, 544, 547, 548 and 550 of the Bankruptcy Code and sections 273, 274, 275 and 276 of the New York Debtor & Creditor Law (the "NY Debt & Cred L"), made applicable herein pursuant to section 544 of the Bankruptcy Code, certain avoidable transfers that were made by the Debtors to the Defendant prior to the Petition Date.

## FACTS

14.     The Debtors are a consolidated enterprise of several companies aggregated through a series of acquisitions, which operate the following businesses: (a) outsourced revenue cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business, which is organized and directed by physicians in private practice to negotiate contracts with

insurance companies on their behalf while such physicians remain independent and which also provides other services to such physician practices.

15.     Parmjit Parmar a/k/a Paul Parmar ("Parmar"), was the former Chief Executive Officer of the Debtor, Constellation Healthcare Technologies, Inc. ("CHT"), Sotirios Zaharis, a/k/a Sam Zaharis ("Zaharis"), was the former Chief Financial Officer of CHT, and Ravi Chivukula ("Chivukula") was the Controller and Secretary of CHT from approximately 2013 to 2017.  Parmar, Zaharis and Chivukula served on the board of directors of CHT.  Parmar, Zaharis and Chivukula, in combination with one another and with others, operating through various Debtors, moved money and established off-balance sheet accounts to redirect monies of the Debtors for their own personal use.  The Debtor, and the aforementioned associates, utilized a Wells Fargo IOLA account overseen by the law firm of Robinson, Brog, Leinwand, Greene, Genovese & Gluck, P.C. ("Robinson Brog").  Upon information and belief, Robinson Brog also represented Parmar, Zaharis and Chivukula personally in their business, litigation and private affairs.

16.     On or about 2018, Parmar, Zaharis and Chivukula were indicted by the United States Attorney's Office, District of New Jersey, for creating fictitious business entities, balance sheets, doctored bank statements, fabricating customers as well as generating fake income streams, and sham acquisitions in an effort to divert monies from the Debtors.  As alleged, Parmar, Zaharis and Chivukula diverted funds to enrich themselves, their friends, family and associates.

17.     In or about 2015 and earlier, Defendant Walia was the majority owner, managing member, and Chief Executive Officer of Portech Corporation, prior to its acquisition by the Debtors.

18.     On or about March 2015, the Debtor, Physicians Practice Plus, LLC, as represented by Robinson Brog, acquired Portech Corporation from Defendant Walia.  Pursuant

to the asset purchase agreement made and entered into as of March, 2015 ("Asset Purchase Agreement"), the sum of $12,800,000 was paid, including the right to subsequent payments and earn-outs over the course of the following years (the "Portech Acquisition").

19.     The Portech Acquisition was orchestrated through the network of entities arranged by Parmar such that funds could be diverted into off-balance sheet accounts.  The off-balance sheet accounts allowed funds to be transferred (a) to entities controlled by Parmar and his confederates, or (b) to commingle funds such that monies could be disbursed in a manner which best allowed Parmar to obfuscate his dealings and continue to maintain an illusion that the Debtors were solvent.

20.     On or about May 1, 2017, the Debtor Orion Healthcorp, Inc. and Defendant Walia, entered into an employment agreement wherein Defendant Walia would act as the President and CEO of the Debtor, Orion Healthcorp, Inc.  Walia would be paid an annual salary of $100,000 as paid in accordance with the Debtor's regular payroll practices.

21.     On or about May 1, 2017, the Debtor Orion Healthcorp, Inc. and Defendant Niknim Management, Inc., as represented by Defendant Walia, as the sole managing member, entered into a consulting agreement wherein Niknim would be paid a monthly fee by the Debtors for the prior month's work as a consultant.

**(A)     The Transfers:**

22.     During the one (1) year period prior to the commencement of the bankruptcy cases, the Debtors transferred property to or for the benefit of Defendants in an amount not less than $1,520,000.00, as identified in particular on Exhibit "A" which is incorporated herein by reference (the "One-Year Transfer").  Defendant Walia was an officer of the Debtors at all pertinent times therein.  During the two (2) year period prior to the commencement of the bankruptcy cases, the Debtors transferred property to or for the benefit of Defendants in an amount not less than $2,500,000.00, as identified in particular on Exhibit "A"

which is incorporated herein by reference (the "Two-Year Transfer")(collectively, the One-Year and Two-Year Transfer are referenced as "the Transfers").

**(B)     Amounts Allegedly Owed To Defendant And Defendant's Proofs Of Claim:**

23.     On or about July 5, 2018, Defendant Walia filed a claim in the amount of $61,590.00, which the claims agent designated as claim no. 10067 (the "Filed Claim"), as attached hereto as Exhibit "B".

24.     Defendant Walia alleges in the Filed Claim that the Debtors failed to indemnify Walia for employee-related services.

**FIRST CLAIM FOR RELIEF**
**(For Avoidance and Recovery of Intentionally Fraudulent Transfers Under**
**11 U.S.C. § 548; NY Debt & Cred L § 276, *et al*., Against Defendants)**

25.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

26.     The Defendant received the Transfers from the Debtors which were through various concealed means including the off-balance sheet bank accounts as identified in particular on Exhibit "A".

27.     The Transfers were made by the Debtors with actual intent to hinder or delay or defraud their creditors insofar as the Transfers were orchestrated through a scheme to divert and redirect monies of the Debtors for the personal benefit of Parmar, his friends and associates, or in a manner to obfuscate the misuse of the Debtor.

28.     The Transfers were made to or for the benefit of Defendants.

29.     Accordingly, the Transfers are avoidable, and should be avoided, as intentionally fraudulent transfers pursuant to § 548(a)(1)(A) and NY Debt & Cred L § 276, and may be recovered from Defendant pursuant to § 548 and the NY Debt & Cred L.  Plaintiff is entitled to an order and judgment under 11 U.S.C. § 544 that the Transfers be avoided.

## SECOND CLAIM FOR RELIEF
### (To Avoid Constructively Fraudulent Transfers Under
### 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and NY Debt & Cred L
### §§ 273-275, *et seq*., Against Defendants)

30.     Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

31.     Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Debtors:  (a) were insolvent, or became insolvent as a result of the Transfers; (b) were engaged in or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due; or (d) made such Transfers to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

32.     Plaintiff is informed and believes, and thereon asserts, that Defendant did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for obligations incurred for the Transfers. As a result, the Debtors paid and received in value nothing from Defendant and or less than reasonably equivalent value.

33.     At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and NY Debt & Cred L.  Plaintiff is entitled to an order and judgment that the Transfers are avoided.

## THIRD CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers Pursuant To 11 U.S.C. § 547(b)
### Against Defendants)

34.     Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

35.     During one-year prior to the petition, Defendant was a creditor and an insider of one or more of the Debtors.

36.     The One-Year Transfer identified on Exhibit "A" hereto was made to or for the benefit of Defendant.

37.     The Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

38.     The Transfer was made during the One-Year Period in which Defendant Walia was an insider of the Debtor.

39.     The Transfer was made while the Debtors were insolvent.

40.     The Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

41.     The Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

### FOURTH CLAIM FOR RELIEF
**(For Recovery of Property -- 11 U.S.C. § 544(b), §550 and NY Debt & Cred L against Defendants)**

42.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

43.     As the Defendants are the initial, immediate or mediate transferees of the Transfer, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made or (b) any immediate or mediate transferee of such initial transferee pursuant to pursuant to 11 U.S.C. § 550(a)

44.     As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. §§ 542, 547 and 548.  As Defendants are the initial, immediate or mediate transferee

of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code and NY Debt & Cred L.

**FIFTH CLAIM FOR RELIEF**
**(Objection to Claims against Defendant Walia)**

45.    Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

46.    After a thorough review of the Debtors' Books and Records and Claim No. 10067, the Plaintiff has determined that Claim No. 10067 does not comply with the Bankruptcy Rules, is without evidentiary support, and is contradicted by the Debtors' books and records.

47.    As alleged above, each Preferential or Fraudulent Transfer constitutes an avoidable transfer pursuant to 11 U.S.C. § 547 and/or 548 of the Bankruptcy Code, which is recoverable pursuant to Bankruptcy Code section 550.

48.    As a result of the above, Plaintiff moves to strike the Claim or alternatively,  pursuant to Bankruptcy Code section 502(d), Claim No. 10067 must be disallowed unless and until Defendant pays to the Plaintiff an amount equal to each preferential or fraudulent Transfer that is avoided including pre- and post-judgment interest on the avoided amount.

49.    As a result of the above, Plaintiff moves to strike the Claim.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.    For a determination that the Transfers are an avoidable fraudulent transfer under 11 U.S.C. §§ 544, and 548, of the Bankruptcy Code and Section 273-276 of NY Debt & Cred L, *et seq*, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b.    For a determination that the One-Year Transfers are avoidable transfers under 11 U.S.C. §§ 544 and 547, as applicable, and that the Plaintiff is entitled to recover the One-Year Transfers under 11 U.S.C. §§ 550 & 551 of the Bankruptcy Code;

c.    On its Claim for Objection to the Filed Claim, that the Defendant recover nothing by way of the Filed Claim;

d.    Awarding to the Plaintiff the costs of suit incurred herein, including pre- and post-judgment interest; and

e.    For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 26, 2021

    /s/ Jeffrey P. Nolan                        
Ilan D. Scharf, Esquire
Jeffrey P. Nolan, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777

Counsel for the Plaintiff,
Howard M. Ehrenberg in his capacity
as Liquidating Trustee of Orion Healthcorp, Inc.,
et al.,

# EXHIBIT A

| | | Niknim Management, Inc.; Walia | | | | | |
|---|---|---|---|---|---|---|---|
| **Posted Dt.** | **Doc Dt.** | **Name** | **Location** | **Segment** | **Curr** | **Txn Amt** | **Credit (USD)** |
| 4/15/2016 | 4/15/2016 | Constellation Healthcare | M&T | Corp | USD | $ 2,500,000.00 | $ 2,500,000.00 |
| 6/23/2017 | 6/23/2017 | Constellation Healthcare | IOLA | Corp | USD | $ 1,500,000.00 | $ 1,500,000.00 |
| 6/28/2017 | 6/28/2017 | Constellation Healthcare | IOLA | Corp | USD | $ 20,000.00 | $ 20,000.00 |
| | | | | | | Total | $ 4,020,000.00 |

Doc No. 336243

1040 (Form 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NO.**<br>20-08049 (AST) |
|---|---|

| **PLAINTIFF(S)**<br><br>HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | **DEFENDANT(S)**<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC., |
|---|---|
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.)<br>Ilan D. Scharf, Esq.<br>Jeffrey P. Nolan, Esq. (*admitted pro hac vice*)<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700 | **ATTORNEY(S)** (If Known) |

| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor    ☒ Trustee    ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor    ☐ Trustee    ☒ Other |
|---|---|

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Avoidance And Recovery of: (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery Of Avoided Transfers; (4) Objection To Claim No.10067; Pursuant To 11 U.S.C. §§ 502, 544, 547, 548 And 550

## NATURE OF SUIT
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☒ 12 - Recovery of money/property - § 547 preference
☒ 13 - Recovery of money/property - § 548 fraudulent transfer
☒ 14 - Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability-§ 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71 - Injunctive relief - imposition of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§ 78aaa et seq.
☐ 02 - Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: $4,020,000.00 |

Other Relief Sought:


American LegalNet, Inc.<br>www.FormsWorkFlow.com

1040 (Form 1040) (12/15), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>ORION HEALTHCORP, INC, et al. | | BANKRUPTCY CASE NO.<br>18-71748 (AST) |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN DISTRICT OF NEW YORK | DIVISION OFFICE<br>Central Islip | NAME OF JUDGE<br>Alan S. Trust |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Jeffrey P. Nolan | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JEFFREY P. NOLAN |
|---|---|
| DATE<br>May 28, 2021 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self - explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.<br>www.FormsWorkFlow.com

**ROSEN & ASSOCIATES, P.C.**
*Counsel to Arvind Walia and*
   *Niknim Management Inc.*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS<br>CAPACITY AS LIQUIDATING TRUSTEE OF<br>ORION HEALTHCORP, INC., ET AL.,<br><br>                    Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT<br>INC.,<br><br>                    Defendants. | Adv. Proc. No. 20-08049 (AST) |

## ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Arvind Walia ("**Mr. Walia**") and Niknim Management Inc. (collectively, "**Defendants**"), through their counsel, Rosen & Associates, P.C., as and for their answer (the "**Answer**") to the *First Amended Complaint for Avoidance and Recovery of: (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers; (4) Objection to Claim No. 10067; Pursuant to 11 U.S.C. §§ 502, 544, 547, 548 and 550* dated May 26, 2020 [Adv. Proc. Doc. No. 22] (the "**Amended Complaint**"),[1] filed by Howard M. Ehrenberg,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Amended Complaint.

in his capacity as liquidating trustee of the estates of Orion HealthCorp, Inc., *et al.* ("**Plaintiff**"), respectfully represent as follows:

**AS TO THE PARTIES**

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "1" of the Amended Complaint.

2.      Defendants admit that Mr. Walia is an individual resident of the state of New York and deny the remaining allegation in paragraph "2" of the Amended Complaint.

3.      Defendants admit the allegations contained in paragraph "3" of the Amended Complaint.

4.      Defendants deny the allegations contained in paragraph "4" of the Amended Complaint.

**AS TO STANDING**

5.      To the extent the allegations in paragraphs "5" through "8" purport to cite or summarize publicly filed documents, Defendants respectfully refer the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "5" through "8" of the Amended Complaint.

**AS TO JURISDICTION AND VENUE**

6.      Defendants neither admit nor deny the allegations contained in paragraphs "9" through "12" of the Amended Complaint, as such allegations are legal conclusions to which no response is required; however, Defendants do not consent to the entry of final orders or judgments by this Court.

2

## AS TO BASIS FOR RELIEF REQUESTED

7.      Defendants admit that Plaintiff purports to have brought this action pursuant to the authority cited in paragraph "13" of the Amended Complaint. To the extent the allegations in paragraph "13" state legal conclusions, no responsive pleading is required. Otherwise, except as expressly admitted herein, Defendants deny the allegations contained in paragraph "13" of the Amended Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15" and "16" of the Amended Complaint.

10.      Defendants admit that, in or about 2015 or earlier, Mr. Walia was the majority shareholder and Chief Executive Officer of Porteck Corporation prior to its acquisition by Physicians Practice Plus, LLC. To the extent the term "Portech Corporation," as used in paragraph "17" of the Amended Complaint, was intended to refer to any entity other than Porteck Corporation, Defendants deny the allegations contained in paragraph "17" of the Amended Complaint.

11.      Defendants admit that, on or around March 2015, Porteck Corporation was acquired by Physicians Practice Plus, LLC. To the extent the term "Portech Corporation," as used in paragraph "18" of the Amended Complaint, was intended to refer to any entity other than Porteck Corporation, Defendants deny the allegations contained in paragraph "18" of the Amended Complaint and, except as expressly admitted herein, deny the remaining allegations contained in paragraph "18" of the Amended Complaint.

3

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Amended Complaint.

13.     Defendants admit the allegations contained in paragraphs "20" and "21" of the Amended Complaint.

14.     Defendants admit the allegations contained in paragraph "22" of the Amended Complaint.

15.     Defendants admit the allegation in paragraph "23" that Mr. Walia filed a claim against the Debtors' estates.

16.     To the extent the allegations in paragraph "24" purport to cite or summarize publicly filed documents, Defendants respectfully refer the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "24" of the Amended Complaint.

## AS TO FIRST CLAIM FOR RELIEF

17.     Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "24" of the Amended Complaint as if fully set forth herein.

18.     Defendants deny the allegations contained in paragraphs "26" through "29" of the Amended Complaint.

## AS TO SECOND CLAIM FOR RELIEF

19.     Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "29" of the Amended Complaint as if fully set forth herein.

20.     Defendants deny the allegations contained in paragraphs "31" through "33" of the Amended Complaint.

## AS TO THIRD CLAIM FOR RELIEF

21.     Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "33" of the Amended Complaint as if fully set forth herein.

22.     Defendants deny the allegations contained in paragraphs "35" through "41" of the Amended Complaint.

## AS TO FOURTH CLAIM FOR RELIEF

23.     Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "41" of the Amended Complaint as if fully set forth herein.

24.     Defendants deny the allegations contained in paragraphs "43" and "44" of the Amended Complaint.

## AS TO FIFTH CLAIM FOR RELIEF

25.     Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "44" of the Amended Complaint as if fully set forth herein.

26.     Defendants deny the allegations contained in paragraphs "45" through "49" of the Amended Complaint.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

27.     Plaintiff's claims and each purported cause of action contained in the Amended Complaint fail to state a claim upon which relief may be granted.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

28.     The Amended Complaint should be dismissed on the basis that the transfers referenced in *Exhibit A* of the Amended Complaint are excepted from recovery under 11 U.S.C. § 547(c)(2).

5

**AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE**

29.     The Amended Complaint should be dismissed on the basis that the transfers referenced in *Exhibit A* of the Amended Complaint are excepted from recovery under 11 U.S.C. § 547(c)(4).

**AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE**

30.     The Amended Complaint should be dismissed on the basis that the Debtors received reasonably equivalent value and fair consideration in exchange for the transfers referenced in *Exhibit A* of the Amended Complaint, such that they are not voidable under 11 U.S.C. § 548(a)(1)(B) and N.Y. Debt. & Cred. Law § 273.

**AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE**

31.     Plaintiff's claims are barred for lack of personal jurisdiction over Defendants in this Court.

**AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE**

32.     Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims contained in the Amended Complaint.

**AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE**

33.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE**

34.     Plaintiff's claims are barred in whole or in part due to insufficiency of process.

**AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE**

35.    Plaintiff's claims are barred in whole or in part due to insufficiency of service of process.

**AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE**

36.    Plaintiff's claims must be dismissed based upon documentary evidence or lack thereof.

**AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE**

37.    Plaintiff's claims are barred by the doctrine of waiver.

**AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE**

38.    Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

**AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE**

39.    Plaintiff's claims are barred in whole or in part by the doctrine of laches and/or unclean hands.

**RESERVATION OF RIGHTS**

40.    Defendants reserve all rights to amend this Answer, raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

*          *          *

**WHEREFORE**, Defendants respectfully request that this Court enter an order:

(1)    dismissing the Amended Complaint with prejudice;

(2)    awarding Defendants all costs and expenses incurred in defending this action including attorneys' fees as permitted by law; and

(3)    granting such other and further relief as this Court deems just and proper.

7

Dated: New York, New York
        June 9, 2021

                                              **ROSEN & ASSOCIATES, P.C.**
                                              *Counsel to Arvind Walia and*
                                                  *Niknim Management Inc.*

By:  */s/  Sanford P. Rosen*
                Sanford P. Rosen
                Paris Gyparakis

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 8-18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 8-20-8049 (AST) |
| Plaintiff, | |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | |
| Defendant(s) | |

### STIPULATION REQUESTING AMENDMENT TO CASE MANAGEMENT AND DISCOVERY PLAN

Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc.

(the "Plaintiff") and Defendants Arvind Walia and Niknim Management, Inc. (collectively,

"Defendant"; together with the Plaintiff, the "Parties"), by and through their undersigned counsel of

record, stipulate as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

## RECITALS

Plaintiff and Defendant, each by and through their respective undersigned attorney, hereby stipulate and agree to extend the written and document fact discovery deadline from September 20, 2021 to December 30, 2021:

1.     On March 13, 2020, Plaintiff filed a complaint [Dkt. No. 1] against Defendant.

2.     The Summons [Dkt. No. 2] was issued by the Clerk's Office on March 16, 2020.

3.     On March 16, 2020, Defendant was served with the summons and complaint.

4.     On June 17, 2020, Defendant filed *Defendant's Answer and Affirmative Defenses to Complaint for Avoidance and Recovery of (1) Preferential and or Fraudulent Transfers and (2) Objection to Claim No. 69 Pursuant to 11 U.S.C. §§ 502, 547, 548 & 550* [Dkt. No. 6]

5.     On June 22, 2020 the Court entered an Initial Scheduling Order [Dkt. No.8]. The Plaintiff uploaded the Discovery Plan Order on September 8, 2020 [Dkt. No. 10], but the Discovery Plan Order was never entered. The Pretrial hearing was adjourned from September 21, 2020 to October 15, 2020.

6.     A Pretrial Conference was held on October 15, 2020. At the hearing, the parties desired to enter into a Case Management Order following informal discussions.

7.     On May 26, 2021, a Stipulation and Order regarding filing of First Amended Complaint and Entering of Scheduling Order [Dkt. No. 20] was entered.

8.     On May 28, 2021 Plaintiff filed a *First Amended Complaint for Avoidance and Recovery of: (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers; (4) Objection to Claim No. 10067; Pursuant to 11 U.S.C. §§ 502, 544, 547, 548 and ]550* [Dkt. No. 22l

2

9.    On June 9, 2021, Defendant filed an *Answer to First Amended Complaint and Affirmative Defenses* [Dkt. No. 23]  Written discovery was exchanged in the following months and approximately 7,000 pages of documents produced by the parties. The deposition of Arvind Walia took place on September 15, 2021 but was not completed.  While noticed, the deposition of Defendant Niknim Management, Inc., has not taken place due to scheduling issues. Depositions will be complete in the next 30 days.

10.    This is an adversary involving alleged transfers of just over four million dollars ($4,000,000) under theories of avoidance and recovery of fraudulent and preferential transfers. The parties have met and conferred over the course of this adversary proceeding and have exchanged a substantial amount of information and records via formal and informal discovery, and are continuing to do so.

11.    The Parties are seeking additional time to complete depositions and confer regarding the facts and legal issues, and/or participate in mediation or settlement discussions following the depositions.  The Parties therefore seek to extend the written and document fact discovery deadline by approximately 90 days.

**NOW AND THERFORE, IT IS HEREBY STIPULATED AND AGREED:**

1.    All written and fact discovery between the Parties shall be completed no later than December 30, 2021, and dates under the case management order continued from the new fact cut-off date accordingly.

2.    Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

3.    This Stipulation may be executed in one or more counterparts, any of which may

be transmitted by facsimile or electronic transmission, and each of which shall be deemed an

original, but all of which together shall constitute one and the same document.

4.    The Pretrial Conference is adjourned to January 26, 2022 at 2:00 p.m. (EST).

Dated: September 21, 2021                                Dated:  September 21, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**        **ROSEN & ASSOCIATES P.C.**
Attorneys for Plaintiff Howard M. Ehrenberg,     Counsel to Arvind Walia and
in his capacity of Liquidating Trustee of Orion   Niknim Management Inc.]
Healthcorp, Inc., *et al*

By:   /s/  Jeffrey P. Nolan                         By:   /s/ Sanford P. Rosen
     Ilan D. Scharf, Esq.                               Sanford P. Rosen, Esq.
     Jeffrey P. Nolan, Esq., (Pro Hac Vice)            Paris Gyparakis, Esq.
     780 Third Avenue, 34th Floor                       747 Third Avenue
     New York, NY 10017                                 New York, NY 10017-2803
     Tel: (212) 561-7700                                (212) 223-1100
     Email:  ischarf@pszjlaw.com



Dated: September 21, 2021September 5, 2022
       Central Islip, New York                          **Alan S. Trust**
                                                        **Chief United States Bankruptcy Judge**

4



**PACHULSKI STANG ZIEHL JONES**

L A W   O F F I C E S
LIMITED LIABILITY PARTNERSHIP

L O S   A N G E L E S ,   C A
S A N   F R A N C I S C O ,   C A
W I L M I N G T O N ,   D E
N E W   Y O R K ,   N Y

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE:** 310/277 6910

FACSIMILE: 310/201 0760

**SAN FRANCISCO**

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE:** 415/263 7000

FACSIMILE: 415/263 7010

**DELAWARE**

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302/652 4100

FACSIMILE: 302/652 4400

**NEW YORK**

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212/561 7700

FACSIMILE: 212/561 7777

**TEXAS**

440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002

**TELEPHONE:** 713/691 9385

FACSIMILE: 713/691 9407

WEB: www.pszjlaw.com

Jeffrey P. Nolan

January 28, 2022

310.772.2313
jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

> **Re:** **In re Orion HealthCorp, Inc., et al.**
> **Howard M. Ehrenberg v. Arvind Walia;**
> **Niknim Management Inc.**
> **USBC EDNY Adv. Proc. No. 20-08049-ast**

Dear Judge Trust:

We are counsel for Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.* (the "Liquidating Trustee") in the above referenced adversary proceeding.

The Court has continued the Pretrial Conference from January 26, 2022 at 2:00 p.m. (prevailing Eastern time) to **May 11, 2022 at 2:00 p.m. (prevailing Eastern time),** before the Honorable Alan S. Trust, United States Bankruptcy Judge, Courtroom 960 of the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, NY 11722.

The Liquidating Trustee will cause this letter to be served on the Office of the United States Trustee and all other parties entitled to receive notice.

Very truly yours,

*/s/ Jeffrey P. Nolan*

Jeffrey P. Nolan

:lsc

cc:    Sanford P. Rosen, Esq., Paris Gyparakis, Esq. (Via ECF)
(Counsel for Defendants)

DOCS_LA:341894.1 65004/003

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al*.,<br><br>               Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY<br>AS LIQUIDATING TRUSTEE OF ORION<br>HEALTHCORP, INC., ET AL.,<br><br>               Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>               Defendants. | Adv. Proc. No. 20-08049 (AST) |

**STIPULATION TO ATTEND MEDIATION
AND TOLL REMAINING DEADLINES**

       Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc. (the "Plaintiff") and Defendants Arvind Walia and Niknim Management, Inc. (the "Defendants," and together with the Plaintiff, the "Parties"), by and through their undersigned counsel of record, submit the following *Stipulation to Attend Mediation and Toll Remaining Deadlines* for consideration by the Court (the "Stipulation"):

       1.     On March 13, 2020, Plaintiff filed the *Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550* [Dkt. No. 1] against Defendants.

       2.     On June 17, 2020 Defendant filed its *Answer and Affirmative Defenses* to the Complaint [Dkt. No. 6].

       3.     On May 21, 2021 the Parties filed the *Stipulation and Order re Filing of First Amended Complaint; And Entering of Scheduling Order* [Dkt. No. 19], which was entered by the Court on May 26, 2021. [Dkt. No. 20]

4.       On May 28, 2021, Plaintiff filed its *First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550* [Dkt. No. 22].

5.       On June 9, 2021, Defendants filed their *Answer to First Amended Complaint and Affirmative Defenses* [Dkt. No. 23].

6.       On September 21, 2021 the Parties filed the *Stipulation Requesting Amendment to Case Management and Discovery Plan* [Dkt. No. 26], which was entered by the Court on October 5, 2021. [Dkt. No. 27]

7.       On December 30, 2021, fact discovery closed.

8.       On January 10, 2022, Plaintiff designated experts pursuant to Rule 26(a)(2) of the Federal Rules and produced expert reports.  Pursuant to the *Scheduling Order and Amendment to Case Management and Discovery Plan*, any rebuttal or responsive expert report is due not later than February 9. 2022.

## STIPULATION

**NOW, THEREFORE**, the Parties stipulate and agree, subject to the Court's approval, as follows:

1.       The Parties desire to attend mediation within the next 30 days and to toll any remaining deadlines under the *Scheduling Order and Amendment to Case Management and Discovery Plan* until the conclusion of attending mediation.

2.       Pursuant to the *Scheduling Order and Amendment to Case Management and Discovery Plan*, the Parties may attend mediation at any time during the pendency of the adversary and shall jointly file a stipulation to attend mediation with the Court.

-2-

3.      The Parties have agreed to address the issues in this Adversary Proceeding to the Honorable Gerald Rosen, Ret. as the mediator, but have not yet determined his availability or cleared conflicts.  To the extent he is not available, the Parties will move promptly to select another mediator.  Mediation will be attended via zoom and the parties will split the fees and costs for mediation equally.

4.      The Parties will advise the Court within ten (10) days following competition, of the progress or outcome of the mediation.

Dated:  January 25, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**
Counsel to Plaintiff Howard M. Ehrenberg, in his capacity of Liquidating Trustee of Orion Healthcorp, Inc., *et al.*

By:  /s/ Jeffrey P. Nolan
    Ilan D. Scharf, Esq.
    Jeffrey P. Nolan, Esq. *(admitted pro hac vice)*
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel: (212) 561-7700
    Email:  ischarf@pszjlaw.com
            jnolan@pszjlaw.com

Dated:  January 24, 2022

**ROSEN & ASSOCIATES, P.C.**
Counsel to Defendants, Arvind Walia and Niknim Management Inc.

By: /s/ Sanford P. Rosen
    Sanford P. Rosen, Esq.
    Paris Gyparakis, Esq.
    747 Third Avenue
    New York, NY 10017-2803
    Tel: (212) 223-1100
    Email:  srosen@rosenpc.com
            pgyparakis@rosenpc.com

**SO ORDERED:**



**Dated: March 7, 2022**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**

-3-

46



## PACHULSKI
## STANG
## ZIEHL
## JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**
FACSIMILE: 310/201 0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002

**TELEPHONE: 713/691 9385**
FACSIMILE: 713/691 9407

Jeffrey P. Nolan

July 15, 2022

310.772.2313
jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

> **Re:  In re Orion HealthCorp, Inc., et al.**
> **Howard M. Ehrenberg v. Arvind Walia;**
> **Niknim Management Inc.**
> **USBC EDNY Adv. Proc. No. 20-08049-ast**

Dear Judge Trust:

   We are counsel for Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.* (the "Liquidating Trustee") in the above referenced adversary proceeding. We write to the Court with the permission and input of counsel for the Defendants who has been ill.

   The parties attended mediation on May 24, 2022 before the Hon. Gerald E. Rosen (Ret.).  Thereafter, the parties advised the Court discussions were ongoing and Defendants were producing various disclosures as part of continued settlement discussions in mediation. The financial disclosures and discussions have been forthcoming but are not complete.  The parties respectfully request an additional 21 days until and including July 29, 2022, to advise the Court of the status of settlement discussions and to submit by stipulation the remaining expert discovery deadlines should the matter not be resolved.  The adjourned Pre-Trial hearing and pre-motion conference set for September 14, 2022 would not be impacted by these discussions.

WEB: www.pszjlaw.com

DOCS_LA:344321.2 65004/003



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

July 15, 2022
Page 2


       The Liquidating Trustee will cause this letter to be served on the Office of the United States Trustee and all other parties entitled to receive notice.

                Very truly yours,

                */s/ Jeffrey P. Nolan*

                Jeffrey P. Nolan

:lsc

cc:    Sanford P. Rosen, Esq., Paris Gyparakis, Esq. (Via ECF)
       (Counsel for Defendants)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| ORION HEALTHCORP, INC[1]. | : | Case No. 18-71748 (AST) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------ | : |  |
| HOWARD M. EHRENBERG IN HIS CAPACITY | : |  |
| AS LIQUIDATING TRUSTEE OF ORION | : | Adv. Pro. No. 8-20-8049  (AST) |
| HEALTHCORP, INC., ET AL., | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| ARVIND WALIA; NIKNIM MANAGEMENT | : |  |
| INC., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |
|  | : |  |

------------------------------------------------

## DECLARATION OF JEFFREY P. NOLAN WITH REGARD TO
## STATUS AND  COMPLETION OF REMAINING  EXPERT DISCOVERY

I, Jeffrey P. Nolan, declare:

1.      I am an attorney at law duly licensed to practice before all courts in the State of

California and admitted pro hac vice in the Eastern District of New York for the purposes of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

prosecution of the above referenced adversary. I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al., for the estates of the above-captioned debtors, and counsel of record in this adversary proceeding. The facts stated herein are of my own personal knowledge, or from a review of the files and pleadings in this action which are maintained in the ordinary course of business. If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.      I make this Declaration with respect to the status of the litigation and the filing of a stipulation and order to complete remaining expert discovery.

3.      The Parties were directed to file a stipulation advising the Court of the status of settlement and agree to deadlines for the expeditious resolution of remaining expert discovery. As of the date of this Declaration, the Parties have not reached a settlement of the above referenced adversary. The Parties have met and conferred in good faith but were not able to agree on the dates for conclusion of remaining expert discovery. For that reason and after discussing with opposing counsel, Plaintiff submits a Declaration, a brief history, the issue, and a proposed Order with the understanding Defendants may also submit a declaration or letter addressing the issue.

4.      Attached hereto as Exhibit A is a true and correct copy of the Stipulation and Order Re Filing of First Amended Complaint; and Entering of Scheduling Order as entered by the Court on May 26, 2021. [Dkt. No. 20] Under the terms of the Scheduling Order at paragraphs 11 and 12, after issuance of initial expert reports, rebuttal reports were due 30 days thereafter and all expert discovery completed 30 days later, or 60 days from the date of issuance

of initial expert reports.  Plaintiff's *Proposed Order* mirrors the language and timing of the original Scheduling Order.

4.      Fact discovery closed in this adversary on December 30, 2021.  Plaintiff timely designated experts and produced expert reports on January 10, 2022.  Thereafter, the Parties engaged in discussions and agreed to attend mediation.  On January 28, 2022, the Parties filed a Stipulation to Attend Mediation and Toll Remaining Deadlines. [Dkt No. 31]. (a courtesy copy which is attached hereto as Exhibit B)

5.      With the conclusion of mediation, Plaintiff desires to terminate the tolling agreement and reinstate the deadlines under the previously issued Scheduling Order with respect to concluding remaining expert discovery such that the matter can be moved forward to the pre-trial/motion conference set for September 14, 2022.

6.      A dispute has arisen with Defendants wherein the Defendants desired to extend expert discovery for a time frame greater than outlined in the previously issued Scheduling Order.  While the Trustee was amenable to accommodating a slight delay of a week or two weeks to accommodate vacations, holidays, etc., the issues raised by Defendants to extend remaining deadlines are outside the scope of the original tolling agreement entered into by the Parties, the Court issued Scheduling Order, and could result in the significant further delay of the litigation.

7.  The Trustee respectfully requests that the Court enter the Plaintiff's [Proposed] Order terminating the tolling agreement as originally entered into by the Parties such that discovery can be concluded as previously contemplated and the matter set for motion conference and trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of July, 2022 at Los Angeles, California.

_____
Jeffrey P. Nolan

4

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS<br>CAPACITY AS LIQUIDATING TRUSTEE OF<br>ORION HEALTHCORP, INC., ET AL.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT<br>INC.,<br><br>　　　　　　　　Defendants. | Adv. Proc. No. 20-08049 (AST) |

### STIPULATION AND ORDER RE FILING OF FIRST AMENDED COMPLAINT; AND ENTERING OF SCHEDULING ORDER

Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc. (the "Plaintiff") and Defendants Arvind Walia and NIKNIM Management, Inc. (the "Defendants"), by and through their undersigned counsel of record (collectively Plaintiff and Defendants are referred to as the "Parties"), submit the following stipulation for the consideration by the Court (the "Stipulation"):

　　　1.　　On March 13, 2020, Plaintiff filed the complaint [Dkt. No. 1] against Defendants.

　　　2.　　On June 17, 2020 Defendant filed its Answer to Affirmative Defenses to the complaint [Dkt. No. 6].

　　　3.　　Pursuant to the October 15, 2020 hearing in this matter, as consented to in the Stipulation Of Counsel, the parties in the above-captioned adversary proceeding (the "Adversary Proceeding"), submitted an Amended Discovery Plan to the Adversary Proceeding. The Amended Discovery Plan was not entered by the Court [Dkt. No. 10].

4.      On January 21, 2021, Plaintiff and Defendants appeared at a Pretrial Conference in Adversary Proceeding.  At that time, the Parties discussed the Adversary Proceeding and advised the Court Plaintiff would amend the Complaint by Stipulation and the parties would thereafter submit a joint Proposed Scheduling Order for the Court's consideration to be entered. Thereafter, Plaintiff circulated a First Amended Complaint.  The Parties subsequently met and conferred regarding an opposition to the amendment. The Parties have meet and conferred and resolved any issues.

5.      Attached to Docket Item 18 as Exhibit "1" is the First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550 (the "First Amended Complaint"), which is deemed served as of the date of the filing of the Stipulation.

6.      Defendant has twenty days from service to file an answer to the First Amended Complaint.

7.      The Parties hereto agree to the following scheduling order for the expeditious conducting of discovery in accordance with Fed. R. Civ. P. 16(b) and 26(f).

8.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than fourteen (14) days from the date of this Order, to the extent the disclosures have not already been made.

9.      The Parties have met and conferred regarding documents maintained in electronic format.  Plaintiff has identified the issue of the Debtors' servers, some of which have been coded into a searchable format while others which would require additional time

-2-

and expenditures. Defendant has identified no potential issue. The parties will cooperate to facilitate the exchange of relevant evidence stored in any electronic format.

10.    All <u>fact</u> discovery shall be completed no later than September 20, 2021. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Eastern District of New York ("Local Bankruptcy Rules"). The parties anticipate discovery on the subject transfers, product and services rendered, and the surrounding business dealings.

11.    All <u>expert</u> discovery shall be completed no later than November 30, 2021.

12.    No later than September 30, 2021: (i) the party bearing the burden of proof on any issue (including the issue of solvency, to the extent the Defendant intends to challenge the statutory presumption of insolvency) shall make all disclosures required under Fed. R. Civ. P. 26 (a)(2); and (ii) all rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shall be made no later than thirty (30) days thereafter.

13.    <u>Mediation</u>

If the parties desire and agree to mediate their dispute(s) at any time during pendency of this adversary proceeding, they shall jointly file a stipulation (the "Stipulation") with the Court.

14.    <u>Motions</u>

All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (see Local

-3-

Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact
discovery (see paragraph 3 hereof).

    15.   <u>Trial</u>

The Court will adjourn the Pre-trial Conference to August 5, 2021, at 2:00 P.M. (Eastern),
which time the Court may set the trial date and deadline to file the Joint Pretrial Order.

    16.   This ORDER may not be modified or the dates herein extended, except by
further Order of this Court for good cause shown. Any application to modify or extend any
deadline established by this Order shall be made in a written application no less than five (5)
days prior to the expiration of the date sought to be extended.

Dated: May 21, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
*Counsel to* Plaintiff Howard M. Ehrenberg, in his
capacity of Liquidating Trustee of Orion
Healthcorp, Inc., *et al*

By: */s/ Jeffery P. Nolan*
    Ilan D. Scharf, Esq.
    Jeffery P. Nolan, Esq., (Pro Hac Vice)
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel: (212) 561-7700
    Email: ischarf@pszjlaw.com

Dated: May <u>21</u>, 2021

**ROSEN & ASSOCIATES, P.C.**
Counsel to Defendants, Arvind Walia and
Niknim Management Inc.

By: */s/ Sanford P. Rosen*
    Sanford P. Rosen, Esq.
    Paris Gyparakis, Esq.
    747 Third Avenue
    New York, NY 10017-2803
    (212) 223-1100

**SO ORDERED:**



**Dated: May 26, 2021**
    **Central Islip, New York**

_____
    **Alan S. Trust**
    **Chief United States Bankruptcy Judge**

-4-

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY<br>AS LIQUIDATING TRUSTEE OF ORION<br>HEALTHCORP, INC., ET AL.,<br><br>Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>Defendants. | Adv. Proc. No. 20-08049 (AST) |

## STIPULATION TO ATTEND MEDIATION
## AND TOLL REMAINING DEADLINES

Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc. (the "Plaintiff") and Defendants Arvind Walia and Niknim Management, Inc. (the "Defendants," and together with the Plaintiff, the "Parties"), by and through their undersigned counsel of record, submit the following *Stipulation to Attend Mediation and Toll Remaining Deadlines* for consideration by the Court (the "Stipulation"):

1.      On March 13, 2020, Plaintiff filed the *Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550* [Dkt. No. 1] against Defendants.

2.      On June 17, 2020 Defendant filed its *Answer and Affirmative Defenses* to the Complaint [Dkt. No. 6].

3.      On May 21, 2021 the Parties filed the *Stipulation and Order re Filing of First Amended Complaint; And Entering of Scheduling Order* [Dkt. No. 19], which was entered by the Court on May 26, 2021. [Dkt. No. 20]

DOCS_LA:341814.2 65004/003

4.      On May 28, 2021, Plaintiff filed its *First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11 U.S.C. §§502, 544, 547, 548, and 550* [Dkt. No. 22].

5.      On June 9, 2021, Defendants filed their *Answer to First Amended Complaint and Affirmative Defenses* [Dkt. No. 23].

6.      On September 21, 2021 the Parties filed the *Stipulation Requesting Amendment to Case Management and Discovery Plan* [Dkt. No. 26], which was entered by the Court on October 5, 2021. [Dkt. No. 27]

7.      On December 30, 2021, fact discovery closed.

8.      On January 10, 2022, Plaintiff designated experts pursuant to Rule 26(a)(2) of the Federal Rules and produced expert reports.  Pursuant to the *Scheduling Order and Amendment to Case Management and Discovery Plan*, any rebuttal or responsive expert report is due not later than February 9, 2022.

## STIPULATION

**NOW, THEREFORE**, the Parties stipulate and agree, subject to the Court's approval, as follows:

1.      The Parties desire to attend mediation within the next 30 days and to toll any remaining deadlines under the *Scheduling Order and Amendment to Case Management and Discovery Plan* until the conclusion of attending mediation.

2.      Pursuant to the *Scheduling Order and Amendment to Case Management and Discovery Plan*, the Parties may attend mediation at any time during the pendency of the adversary and shall jointly file a stipulation to attend mediation with the Court.

DOCS_LA:341814.2 65004/003

3.      The Parties have agreed to address the issues in this Adversary Proceeding to the Honorable Gerald Rosen, Ret. as the mediator, but have not yet determined his availability or cleared conflicts.  To the extent he is not available, the Parties will move promptly to select another mediator.  Mediation will be attended via zoom and the parties will split the fees and costs for mediation equally.

4.      The Parties will advise the Court within ten (10) days following competition, of the progress or outcome of the mediation.


Dated:  January 25, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**
Counsel to Plaintiff Howard M. Ehrenberg, in his capacity of Liquidating Trustee of Orion Healthcorp, Inc., *et al.*

By:  /s/ Jeffrey P. Nolan
    Ilan D. Scharf, Esq.
    Jeffrey P. Nolan, Esq. *(admitted pro hac vice)*
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel: (212) 561-7700
    Email:  ischarf@pszjlaw.com
            jnolan@pszjlaw.com

Dated:  January 24, 2022

**ROSEN & ASSOCIATES, P.C.**
Counsel to Defendants, Arvind Walia and Niknim Management Inc.

By:  /s/ Sanford P. Rosen
    Sanford P. Rosen, Esq.
    Paris Gyparakis, Esq.
    747 Third Avenue
    New York, NY 10017-2803
    Tel: (212) 223-1100
    Email:  srosen@rosenpc.com
            pgyparakis@rosenpc.com


**SO ORDERED:**


-3-

DOCS_LA:341814.2 65004/003

61

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| ORION HEALTHCORP, INC. *et al.*,[1] | Chapter 11 |
| Debtors. | Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | |
| Plaintiff, | Adv. Proc. No. 20-08049 (AST) |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | |
| Defendants. | |

**DECLARATION OF SANFORD P. ROSEN WITH RESPECT TO THE
STATUS OF THE LITIGATION AND THE FILING OF PLAINTIFF'S
PROPOSED ORDER TO COMPLETE REMAINING EXPERT DISCOVERY
AND IN RESPONSE TO THE DECLARATION OF JEFFREY P. NOLAN
<u>SUBMITTED IN SUPPORT OF THE ORDER</u>**

I, Sanford P. Rosen, declare:

1.     I am an attorney at law duly licensed to practice before the courts of the State of New York and the United States Bankruptcy Court for the Eastern District of New York.  I am an attorney with the law firm of Rosen & Associates, P.C., attorneys of record for the defendants in this adversary proceeding.

---

[1] The debtors in these chapter 11 cases are: Orion Healthcorp, Inc.; Constellation Healthcare Technologies, Inc.; NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice Plus Holdings, LLC; Physicians Practice Plus, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Northstar First Health, LLC; Vachette Business Services, Ltd.; Phoenix Health, LLC; MDRX Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; and New York Network Management, LLC.

2.      The facts stated herein are of my own personal knowledge, or from a review of the files and pleadings in this action which are maintained in the ordinary course of business. If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

3.      I make this Declaration with respect to the status of the litigation and the filing of plaintiff's Proposed Order to Complete Remaining Expert Discovery and in response to the Declaration of Jeffrey P. Nolan submitted in support of the order.

4.      Under the *Scheduling Order and Amendment to Case Management and Discovery Plan*, the defendants were required to submit rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26(a)(2) 30 days after the submission of plaintiff's reports and all expert discovery was to be completed 30 days thereafter.

5.      Pursuant to paragraph 1 of the January 25, 2022, Stipulation to Attend Mediation and Toll Remaining Deadlines (the "**Mediation Stipulation**"), the parties stipulated as follows:

> The Parties desire to attend mediation within the next 30 days and to toll any remaining deadlines under the *Scheduling Order and Amendment to Case Management and Discovery Plan* until the conclusion of attending mediation.

6.      The parties thus agreed under the Mediation Stipulation, that upon the failure of mediation, the defendants would have 30 days thereafter to submit rebuttal or responsive expert reports and 30 days thereafter to complete all expert discovery.

-2-

7. Plaintiff's proposed Order to Complete Discovery would require the defendants to submit rebuttal or responsive expert reports within 30 days after the entry of the order and complete all expert discovery within 30 days thereafter.

8. I learned for the first time from reading Mr. Nolan's declaration in support of his proposed order that he was of the view that mediation had concluded unsuccessfully. (See Nolan Declaration at Paragraph 5.). While Mr. Nolan is of course free to conclude mediation at any time, he has, in fact, yet to do so, and his recent actions indeed evidence that he has not done so.

9. The parties have been engaged in mediation in good faith since it was authorized. They met for hours with the mediator in New York to reach a resolution, and although the meeting did not yield a settlement, the parties agreed to continue the process. The defendants agreed to provide plaintiff with certain information and documentation, much of which the defendants have provided. Indeed, on July 27, 2022, just days ago, Mr. Nolan wrote me, requesting additional information and documentation, which the defendants intend to provide. And two days later, on July 29, 2022, I expressed a revised settlement proposal to Mr. Nolan, and he responded by saying that he would review it with his client.

10. Assuming mediation is, in fact, ongoing, it would unfairly create an unlevel playing field to simultaneously require the defendants to incur the expense of expert discovery as they continue to negotiate in good faith. In fact, to re-impose such deadlines would violate the terms of the Mediation Stipulation, whereby, as already mentioned, the parties agreed to "toll the deadlines until the conclusion of mediation." While the defendants recognize plaintiff's desire to conclude this adversary proceeding as soon as possible, the defendants have done nothing that would justify such a deviation from the status quo.

-3-

11. Separately, I have informed Mr. Nolan that in the event of the failure of mediation, the defendants intend to retain special litigation counsel to assist in the defense of this action. I explained that if mediation failed, such litigation counsel should have the opportunity to (i) analyze plaintiff's expert reports, (ii) determine what steps should be taken in response to those reports by way of rebuttal reports, and (iii) otherwise conclude expert discovery.

12. Under these circumstances, I told Mr. Nolan that if he was intent on establishing expert discovery deadlines while mediation was ongoing, the defendants would require some additional time to complete expert discovery, and I asked Mr. Nolan to agree to October 31, 2022, as the deadline to submit rebuttal or responsive expert reports and 30 days thereafter to complete expert discovery. He refused and submitted plaintiff's proposed Order to Complete Discovery.

13. In light of the foregoing, given that mediation has not concluded, I respectfully request that the Court not enter Mr. Nolan's proposed order. If, however, Mr. Nolan declares the mediation process to be concluded, I respectfully ask that the Court modify Mr. Nolan's proposed order to set October 31, 2022, as the deadline to submit rebuttal or responsive expert reports and 30 days thereafter as the deadline to complete expert discovery. These dates will not unreasonably delay the litigation of this adversary proceeding.

Executed this 1st day of August 2022 at New York, New York.

/s/ Sanford P. Rosen
Sanford Rosen

-4-



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S
LIMITED LIABILITY PARTNERSHIP

L O S   A N G E L E S ,   C A
S A N   F R A N C I S C O ,   C A
W I L M I N G T O N ,   D E
N E W   Y O R K ,   N Y

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**SAN FRANCISCO**

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**DELAWARE**

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

**NEW YORK**

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

**TEXAS**

440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002

**TELEPHONE: 713/691 9385**

FACSIMILE: 713/691 9407

WEB: www.pszjlaw.com

Jeffrey P. Nolan

August 3, 2022

310.772.2313
jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

> **Re:     In re Orion HealthCorp, Inc., et al.**
> **Howard M. Ehrenberg v. Arvind Walia;**
> **Niknim Management Inc.**
> **USBC EDNY Adv. Proc. No. 20-08049-ast**

Dear Judge Trust:

We are counsel for Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.* (the "Liquidating Trustee") in the above referenced adversary proceeding. We write to advise the Court of an impasse, status and that each side has submitted declarations on the issue.

The parties participated in a mediation session with Judge Rosen and which did not result in a settlement. After that mediation, the parties continued to engage in settlement discussions, but are not close to a resolution. Further delay will not result in a settlement. The scheduling order proposed by the Liquidating Trustee provides the same time-lines anticipated by the parties before expert discovery was paused to accommodate mediation.

The Liquidating Trustee will cause this letter to be served on the Office of the United States Trustee and all other parties entitled to receive notice.

Very truly yours,

*/s/ Jeffrey P. Nolan*

Jeffrey P. Nolan

:lsc

DOCS_LA:344681.2 65004/003



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S

August 3, 2022
Page 2


cc:     Sanford P. Rosen, Esq., Paris Gyparakis, Esq. (Via ECF)
        (Counsel for Defendants)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ORION HEALTHCORP, INC[1]. | : Case No. 8-18-71748 (AST) |
| | : |
| _____ Debtors. | : (Jointly Administered) |
| | : |
| HOWARD M. EHRENBERG IN HIS CAPACITY | : |
| AS LIQUIDATING TRUSTEE OF ORION | : Adv. Pro. No. 8-20-8049 (AST) |
| HEALTHCORP, INC., ET AL., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ARVIND WALIA; NIKNIM MANAGEMENT | : |
| INC., | : |
| | : |
| Defendant(s) | : |
| ---------------------------------------- | : |

### ORDER TO COMPLETE EXPERT DISCOVERY

To The Honorable Court; Comes Now, Plaintiff Howard M. Ehrenberg In His Capacity

As Liquidating Trustee of Orion Healthcorp, Inc., et al, and submits this Proposed Order setting

forth the remaining deadlines for the resolution of remaining expert discovery.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

1.       On or about January 25, 2022, Plaintiff and Defendants Arvind Walia, an individual, and NIKNIM Management Inc.(the "Parties") filed a *Stipulation to Attend Mediation and Toll Remaining Deadlines*.  (Dkt No.31)

2.       On May 25, 2022, the Parties attended the scheduled Pre-Trial Conference and advised the Court of the status of the litigation, their participation in mediation and ongoing settlement discussions.  The Court instructed the Parties to file a joint report no later than July 8, 2022, as to the status of their settlement efforts. Assuming no settlement by that date, the Parties were to identify the remaining expert discovery deadlines.

3.       On May 26, 2022, Plaintiff filed a status letter adjourning the applicable deadlines and memorializing the status.  (Dkt No. 36)

4.       On July 15, 2022, the Parties memorialized the ongoing settlement discussions and requested additional time to July 29, 2022, to advise the Court of the status of settlement discussions and set forth the dates for completion of expert discovery. (Dkt. No. 37)

5.       The continued Pre-Trial/Pre-motion conference is scheduled for September 14, 2022.

Having been advised by the Parties they were unable to successfully resolve the litigation at mediation, the tolling of remaining deadlines as outlined in the Stipulation To Attend Mediation and Toll Remaining Deadlines (Dkt No. 31) is hereby terminated and the deadlines set forth under the Case Management and Discovery Plan (Dkt No. 10) solely with respect to concluding remaining expert discovery in accordance with Fed. R. Civ. P. 16(b) and 26(f), is set forth as follows:

       **a.**     No later than thirty (30) days from the issuance of this Order, all rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shall be made including the service of any expert report(s).

       **b.**     All <u>expert</u> discovery shall be completed no later than sixty (60) days from the issuance of this Order.



**Dated: August 15, 2022**
      **Central Islip, New York**
                                            **Alan S. Trust**
                                **Chief United States Bankruptcy Judge**

# Notice Recipients

| District/Off: 0207–8 | User: admin | Date Created: 8/15/2022 |
|---|---|---|
| Case: 8–20–08049–ast | Form ID: pdf000 | Total: 9 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| dft | Arvind Walia |
|---|---|
| dft | Niknim Management Inc. |
| pla | Howard M Ehrenberg |

TOTAL: 3

**Recipients of Notice of Electronic Filing:**

| aty | Ilan D Scharf | ischarf@pszyjw.com |
|---|---|---|
| aty | Jeffrey P Nolan | jnolan@pszjlaw.com |
| aty | Paris Gyparakis | pgyparakis@rosenpc.com |
| aty | Sanford P Rosen | srosen@rosenpc.com |

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| aty | Jeffrey Norlan | Pachulski Stang Ziehl & Jones LLP | 780 Third Avenue | 34th Floor | New York, NY 10017 |
|---|---|---|---|---|---|
| ust | United States Trustee | Long Island Federal Courthouse | 560 Federal Plaza – Room 560 | | Central Islip, NY 11722–4437 USA |

TOTAL: 2



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

Jeffrey P. Nolan

October 14, 2022

jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

Re:     **In re: Orion HealthCorp, Inc., et al.**
        **Howard Ehrenberg v. Arvind Walia, et al**
        **Adv. Proc. No. 20-08049-AST**

Dear Judge Trust:

Pursuant to 7056-1(a), Howard Ehrenberg, as the duly appointed Trustee, and Plaintiff in the above referenced adversary, moves the court for a pre-motion conference as part of his request to file a motion for summary judgment. Expert discovery closes at the end of this month. With the closure of fact discovery, certain facts and issues are established and capable of determination on summary judgment and/or summary adjudication.

It is not disputed that on April 15, 2016, the Debtor transferred 2.5MM to Defendant Niknim Management, Inc. at the direction of Paul Parmar for the benefit of its owner, Defendant Arvin Walia. On June 23, 2017, the Debtor at the direction of Paul Parmar transferred a further $1,520,000 to Defendant Niknim Management, Inc. for the benefit of its sole owner Mr. Walia (collectively, the "Transfer") At the time, Mr. Walia was an officer of the Debtors and an insider. The Debtors filed bankruptcy shortly thereafter in March 2018.

Plaintiff alleges causes of action for intentional and constructive fraudulent conveyance under state and federal law as to the Transfer. Alternatively, Plaintiff asserts the second transfer was a preferential transfer as it occurred within one year of the petition date to an insider.

Pursuant to an intentional fraud theory, DCL Section §276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law §276;

**SAN FRANCISCO**

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

**DELAWARE**

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4400

**NEW YORK**

780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777

DOCS_LA:345641.2 65004/003

72



*Mendelsohn v. Jacobowitz (In re Jacobs)*, 394 B.R. 646, 658 (Bankr. E.D.N.Y. 2008) [I]t is well accepted that intent to hinder or delay creditors is sufficient, and intent to defraud need not be proven." Id citing to *In re MarketXT. Holdings Corp*., 376 B.R. 390 at 403 (citing *Shapiro v. Wilgus*, 287 U.S. 348, 354, 53 S. Ct. 142, 77 L. Ed. 355 (1932)). Here, the Transfer occurred within two years of filing the Petition for the purpose of the concealment and diversion of the Debtor's funds involving two transactions where it is not disputed the purchase price was overstated or inflated by Parmar with the knowledge of Defendant, resulting in the diversion of funds for illegitimate purposes. No antecedent debt was satisfied by the Transfer.

A constructively fraudulent transfer is one in which the debtor, voluntarily or involuntarily, conveyed to a creditor or other person property for which the debtor received less than "reasonably equivalent value…" No intent of wrongdoing is required. William L. Norton, III and Roger G. Jones, Norton Creditors Possessive Rights Handbook, §11:6, (November 2003). If fair consideration is lacking for the Transfer and a judgment creditor exists who remains unsatisfied, the Transfer is fraudulent per se pursuant to NYDCL §273-a (the insolvency of the Debtor being irrelevant to a finding of liability).  Judgment creditors existed before the date of the Transfer and payments to insiders where judgment creditors exist and remain unsatisfied are *per se* not made in good faith.

Lastly, Plaintiff can establish the elements of a prima facie preferential transfer.  No defense exists.  The second transfer is properly returned to the estate for a pro-rata equitable distribution to all approved unsecured claimants.

The issue(s) are properly addressed on summary judgment or summary adjudication without the need of a costly trial.

Very truly yours,

*/s/ Jeffrey P. Nolan*

Jeffrey P. Nolan

JPN:rlm

cc:
    (Counsel for Defendant, Via ECF and email)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. *et al*., | Case No. 18-71748 (AST) |
| Debtors. | |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Proc. No. 20-08049 (AST) |
| Plaintiff, | |
| V. | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | |
| Defendants. | |

**STIPULATION FOR SCHEDULING ORDER RE: BRIEFING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS AND ORDER THEREON**

Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc. (the "Plaintiff") and Defendants Arvind Walia and Niknim Management, Inc. (the "Defendants," and together with the Plaintiff, the "Parties"), by and through their undersigned counsel of record, submit the following *Stipulation For Scheduling Order Re: Briefing Schedule For Summary Judgment Motions And Order Thereon* for consideration by the Court (the "Stipulation"):

Whereas, Plaintiff filed a letter requesting permission to file a motion for summary judgment, or in the alternative summary adjudication, on select issues. As stated at the hearing on October 19, 2022, Defendant requested permission to similarly file a motion for summary judgment. The Court will grant the parties request to file motions for summary judgement and the parties were instructed to enter into a briefing schedule. The Parties have met and conferred in good faith and set forth the following schedule which the Parties request approval.

The Parties will meet and confer in good faith concerning the preparation of a Joint Statement of Undisputed Facts with the intention to agree to as many undisputed facts as possible.

On or before **January 18, 2023**, any party may move for summary judgment, or alternatively summary adjudication.

On or before **February 22, 2023**, any Opposition shall be filed.

On or before **March 8, 2023**, any Reply brief shall be filed.

Considering the Parties Stipulation, and based on the record, the interests of justice and efficiency:

It is hereby ORDERED as follows:

1.      This Court's Local Bankruptcy Rule 7056-1 governs the filing of summary judgment.

2.      On or before December 15, 2023, the Parties shall meet and confer regarding the submission of a joint statement of undisputed facts to be filed concurrently with the Parties' Motion(s).

3.      On or before January 18, 2023, any party may move for summary judgment, or alternatively summary adjudication.

4.      Any Opposition to Summary Judgment shall be filed no later than February 22, 2023.

DOCS_LA:346079.2 65004/003

5. Any Reply Brief shall be filed no later than March 8, 2023.

Dated: November 15, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**
*Counsel to* Plaintiff Howard M. Ehrenberg, in his capacity of Liquidating Trustee of Orion Healthcorp, Inc., *et al*

By: */s/ Jeffrey P. Nolan*
    Ilan D. Scharf, Esq.
    Jeffrey P. Nolan, Esq., (Pro Hac Vice)
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel: (212) 561-7700
    Email: ischarf@pszjlaw.com

Dated: November 15, 2022

**ROSEN & ASSOCIATES, P.C.**
Counsel to Defendants, Arvind Walia and Niknim Management Inc.

By: */s/ Sanford P. Rosen*
    Sanford P. Rosen, Esq.
    Paris Gyparakis, Esq.
    747 Third Avenue
    New York, NY 10017-2803
    (212) 223-1100

**SO ORDERED:**

**Dated: November 30, 2022**
    **Central Islip, New York**



      **Alan S. Trust**
  **Chief United States Bankruptcy Judge**

DOCS_LA:346079.2 65004/003

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>       Debtors.[1] | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>       Plaintiff,<br><br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br><br>       Defendants. | Adv. Proc. No. 20-08049 (AST) |

## MOTION OF DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT INC. FOR PARTIAL SUMMARY JUDGMENT DISMISSING CLAIMS ASSERTED IN THE COMPLAINT UNDER 11 U.S.C. § 544

By this motion (the "**Motion**"), defendants Arvind Walia ("**Walia**") and Niknim Management Inc. ("**Niknim**") (together, the "**Defendants**"), by their co-counsel, Rosen & Associates, P.C, and the Law Offices of Eugene R. Scheiman, PLLC, move for entry of an order granting them partial

---

[1] The debtors in these chapter 11 cases are: Orion Healthcorp, Inc.; Constellation Healthcare Technologies, Inc.; NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice Plus Holdings, LLC; Physicians Practice Plus, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Northstar First Health, LLC; Vachette Business Services, Ltd.; Phoenix Health, LLC; MDRX Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; and New York Network Management, LLC.

summary judgment dismissing the claims asserted in the complaint under 11 U.S.C. § 544, and in support of the Motion, Defendants respectfully state as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.      This Court has jurisdiction to hear and determine this Motion under 28 U.S.C. §§ 157 and 1334 and the standing orders of reference in effect in this district, and venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicate for the relief requested herein is Bankruptcy Code sections 105, 544, and Rule 7056 of the Federal Rules of Bankruptcy Procedure.

## SUMMARY JUDGMENT STANDARD

3.      Pursuant to Rule 56 of the Federal Rules of Civil Procedure, applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment bears the burden of proving that no genuine issue of material fact exists. *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (quotation omitted).

4.      At the summary judgment stage the court must determine only whether there is a genuine issue for trial, not weigh evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "When deciding whether a genuine dispute exists as to a material fact, all ambiguities must be resolved, and all reasonable inferences must be drawn, in favor of the nonmoving party." *Tolan v. Cotton*, 572 U.S.

2

650, 657 (2014); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)*, Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) ("Thus, although the court should review the records as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.").

## PROCEDURAL BACKGROUND

5.      On March 13, 2020, Howard M. Ehrenberg, in his Capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al. ("**Plaintiff**" or "**Liquidating Trustee**") filed the *Complaint for Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11 U.S.C. §§ 502, 544, 547, 548, and 550* [Dkt. No. 1] against Defendants.

6.      On June 17, 2020, Defendants filed their *Answer and Affirmative Defenses* to the Complaint [Dkt. No. 6].

7.      On May 21, 2021, the parties filed the *Stipulation and Order re: Filing of First Amended Complaint and Entering of Scheduling Order* [Dkt. No. 19], which was entered by the Court on May 26, 2021 [Dkt. No. 20].

8.      On May 28, 2021, Plaintiff filed the *First Amended Complaint for Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11 U.S.C. §§ 502, 544, 547, 548, and 550* [Dkt. No. 22] (the "**First Amended Complaint**").  A copy of the First Amended Complaint is annexed hereto as *Exhibit "A"*.

9.      On June 9, 2021, Defendants filed their *Answer to First Amended Complaint and Affirmative Defenses* [Dkt. No. 23] (the "**Answer**").  A copy of the Answer is annexed hereto as *Exhibit "B"*.

3

10.     On September 21, 2021, the parties filed the *Stipulation Requesting Amendment to Case Management and Discovery Plan* [Dkt. No. 26], which was entered by the Court on October 5, 2021. [Dkt. No. 27].

11.     On December 30, 2021, fact discovery closed.

12.     On January 10, 2022, Plaintiff designated experts pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and produced expert reports.   Pursuant to the above-referenced *Scheduling Order and Amendment to Case Management and Discovery Plan*, any rebuttal or responsive expert report was due not later than February 9, 2022.

13.     On or about January 25, 2022, the parties filed the *Stipulation to Attend Mediation and Toll Remaining Deadlines* [Dkt. No. 34], which was entered by the Court on March 7, 2022; however, mediation was not successful, and the parties are proceeding with the litigation of this adversary proceeding.

14.     A separate joint statement of non-disputed material facts as to which the Defendants contend there is no genuine issue to be tried and Defendants' statement of additional fact is annexed hereto as *Exhibit "C"*.

## THE PARTIES

15.     On March 16, 2018, each of the above-captioned debtors (collectively, the "**Debtors**") except New York Network Management, LLC ("**NYNM**") filed voluntary petitions for relief with the United States Bankruptcy Court for the Eastern District of New York under chapter 11 of the Bankruptcy Code. NYNM filed its voluntary petition on July 5, 2018. The Debtors' cases were jointly consolidated for administrative purposes only.

16.     On February 26, 2019, the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, entered an order [Dkt. No. 701] confirming the Debtors' Third Amended Joint Plan of Liquidation (the "**Plan**").

17.     The Plan provides, among other things, for the formation of a Liquidating Trust[2] and the appointment of a Liquidating Trustee on the Effective Date to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates. The Effective Date occurred on March 1, 2019.

18.     The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including causes of action.

19.     Plaintiff is the Liquidating Trustee under that certain Liquidating Trust Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc. ("**Constellation Healthcare**"), and their debtor affiliates.

20.     Defendant Walia is an individual residing in the State of New York.  Walia is the former President and Chief Executive Officer of Orion HealthCorp, Inc..

21.     Defendant Niknim is a corporation formed under the laws of the State of New York with its principal address at 27 Kettlepond Road, Jericho, New York.  Walia is the sole officer, director, and shareholder of Niknim.

## PLAINTIFF'S CLAIMS

### Background Allegations

22.     In or about 2015 and earlier, Walia was the majority owner and Chief Executive Officer of Porteck Corporation ("**Porteck**").

23.     On or about March 2015, the Debtor Physicians Practice Plus, LLC ("**Physicians Practice**"), acquired the assets of Porteck pursuant to an asset purchase agreement made and entered into as of March 2015 (the "**Porteck Asset Purchase Agreement**").

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings attributed to them in the Liquidating Trust and the Plan.

24.    Pursuant to Section 1.6(a) of the Porteck Asset Purchase Agreement, Physicians Practice agreed to pay a purchase price for the assets consisting of the sum of $12,800,000, of which sum $12,300,000 was paid by Physicians Practice at closing and $500,000 was deemed paid through Physicians Practice causing the cancellation of Porteck's obligation to Constellation Healthcare pursuant to that certain Promissory Note dated February 9, 2015.

25.    In addition, pursuant to Section 1.7 of the Porteck Asset Purchase Agreement, Physicians Practice agreed to pay the Post-Closing Payment, as such term is defined in the Porteck Asset Purchase Agreement.

26.    Section 1.6(e) of the Porteck Asset Purchase Agreement provides:

> "For the purpose of partially securing Seller's obligations pursuant, and without limiting Seller's obligations thereunder, the amount of two million five hundred thousand Dollars ($2,500,000) in cash (the "**Escrow Amount**") shall be delivered by Buyers [sic] at the Closing to the Escrow Agent by wire transfer of immediately available funds to an account (the "**Escrow Account**") to be designated and administered by the Escrow Agent pursuant to an escrow agreement substantially in the form of Exhibit A (the "**Escrow Agreement**"), which Escrow Agreement shall provide, among other things, that any amounts remaining in the Escrow Account shall be released to Seller twelve (12) months after the Closing, to the extent not subject to any claims made prior to that time. Seller and Buyer agree that for all Tax purposes, any amounts in the Escrow Account released to the Seller pursuant to this Section 2.7 [sic] shall be treated as additional purchase price, unless otherwise required by applicable Law.  The Escrow Payment Working Capital Deficiency [sic]."[3]

27.    In or about June 2017, Walia owned membership interests in Objectech Holdings, LLC ("**Objectech**").  At about that time, Physicians Healthcare Network Management Solutions LLC ("**Physicians Healthcare**"), a non-debtor, acquired Walia's membership interests in Objectech pursuant to a Membership Interests Purchase Agreement made and entered into as of June 2017 (the "**Objectech Membership Purchase Agreement**").

28.    Section 1.1 of the Objectech Membership Purchase Agreement provides that:

---

[3] Upon information and belief, the Escrow Agreement was never prepared.

"On the Closing Date and subject to the terms and conditions set forth in this Agreement, [Walia] will sell, assign, and transfer to [Physicians Healthcare], and [Physicians Healthcare ] will purchase and acquire, all of the Interests, free and clear of all Liens, for and in consideration of (A) (1) the sum of those amounts actually paid to one or more of the Selling Parties and Selling Member Representative (i) as Closing Payment, (ii) any Earn-Out payments, and (iii) in respect of the adjustment of the Company's working capital in accordance with Section 1.5, less (B) any Required Repayments paid in accordance with Section 1.6 (collectively, the "Purchase Price")."

29.     Section 1.2 of the Objectech Membership Purchase Agreement provides that the Closing Payment of $1,520,000 (the "**Closing Payment**") shall be paid at the closing, as defined therein.

30.     Section 1.7 of the Objectech Membership Purchase Agreement provides for the payment of certain additional sums denominated as "Earn-Out Payments."  However, no such Earn-Out Payments were ever made under the Objectech Membership Purchase Agreement.

The Transfer

31.     On or about June 23, 2017, within one (1) year prior to the commencement of the bankruptcy cases, certain of the Debtors[4] made two payments to Niknim; one for $1,500,000.00 and another for $20,000 (together, the "**One-Year Transfers**"), representing the Closing Payment pursuant to the terms of the Objectech Membership Purchase Agreement.

32.     On or about April 15, 2016, within two (2) years prior to the commencement of the bankruptcy cases, Constellation Healthcare, paid Niknim $2,500,000.00 (the "**Two-Year Transfer**") (together with the One-Year Transfers, the "**Transfers**") pursuant to Section 1.6(e) of the Porteck Asset Purchase Agreement.

**The Basis for Recovery of the Transfers**

---

[4] In fact, the One Year Transfers were made by the Debtors' counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C. from their IOLA Account, which the Plaintiff alleges were maintained for the Debtors without identifying a particular Debtor(s) for whose benefit the account was maintained.

First Claim for Relief

33.    Plaintiff alleges the Transfers were made by the Debtors[5] with actual intent to hinder or delay or defraud their creditors.  Accordingly, Plaintiff alleges the Transfers are avoidable as intentionally fraudulent transfers pursuant to section 548(a)(1)(A) of the Bankruptcy Code and section 276 of the New York Debtor and Creditor Law.

34.    Plaintiff alleges that at all relevant times, the Debtors: (a) were insolvent, or became insolvent as a result of the Transfers; (b) were engaged in or were about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction; (c) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due; or (d) made such Transfers to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

Second Claim for Relief

35.    Plaintiff alleges that Defendants[6] did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value in exchange for the Transfers and that as a result, the Debtors paid and received either nothing of value  or less than reasonably equivalent value from Defendants.  Accordingly, Plaintiff alleges the Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code and section 276 of the New York Debtor and Creditor Law.

Third Claim for Relief

36.    Plaintiff alleges that the One-Year Transfers were preferential, and therefore avoidable under section 547(b) of the Bankruptcy Code.

Fourth Claim for Relief

---

[5] In fact, as mentioned, Constellation Healthcare made the Two-Year Transfers, not the Debtors.
[6] In fact, Defendant Niknim was the only transferee.

37.     Plaintiff alleges that because Defendants are the initial, immediate, or mediate transferees of the Transfers, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of each transfer or the entity for whose benefit each transfer was made or (b) any immediate or mediate transferee of such initial transferee pursuant to section 550(a) of the Bankruptcy Code and the New York Debtor and Creditor Law.

Fifth Claim for Relief

38.     Finally, Plaintiff seeks to (i) strike the Walia Claim, as defined in the Complaint because it was not filed with evidentiary support and is contradicted by the Debtors' books and records, or alternatively, (ii) disallow the Walia Claim pursuant to section 502(d) of the Bankruptcy Code unless and until Walia pays to the Plaintiff an amount equal to each preferential or fraudulent transfer that is avoided including pre- and post-judgment interest on the avoided amount.

## THE MOTION

### As to the First, Second and Fourth Claims for Relief

39.     Plaintiff's First, Second and Fourth Claims for Relief (alleging fraudulent conveyance) are predicated upon both the Bankruptcy Code and the New York Debtor and Creditor Law. Plaintiff invokes the New York Debtor and Creditor Law pursuant to section 544(b)(1) of the Bankruptcy Code, which provides:

> Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. §544(b)(1).

40.     Section 544(b)(1) of the Bankruptcy Code grants a trustee the avoidance rights of an unsecured creditor in existence at the commencement of the case. The rights are limited to those of an

9

existing, unsecured creditor; they are "completely derivative of those of an actual unsecured creditor." *Lippe v. Bainco Corp.*, 225 B.R. 846, 852 (S.D.N.Y. 1998), *quoting, In re Wingspread Corp.*, 178 B.R. 938, 945 (Bkrtcy.S.D.N.Y.1995). Moreover, a plaintiff seeking recovery under section 544(b) will only be able to attack transfers "to the extent that a creditor with an allowable claim might avoid the transfer under applicable state or federal law" and "only if the benefits of the action inure to all creditors ratably." *Lippe v. Bairnco Corp.*, 225 B.R. at 852, *quoting*, *In re Colonial Realty Co.*, 168 B.R. 506, 510 (Bankr. D. Conn. 1994) (citation omitted).

41.     A trustee or debtor in possession seeking the rights which section 544(b) affords must plead the existence of a creditor who could have avoided the transfer at issue at the commencement of the bankruptcy case. *Leibowitz v. Parkway Bank & Trust Co.* (*In re Image Worldwide, Ltd.*), 139 F.3d 574, 577 (7th Cir. 1998); It is well established that "[b]efore a trustee is able to utilize applicable state or federal law referred to in Section 544(b), there must be an allegation and ultimately a proof of the existence of at least one unsecured creditor of the Debtor who at the time the transfer in question occurred could have, under applicable local law, attacked and set aside the transfer under consideration." *Young v. Paramount Commc'ns, Inc. (In re Wingspread Corp.),* 178 B.R. 938, 946 (Bankr. S.D.N.Y.1995) (citation omitted).

42.     Plaintiff, by the First Amended Complaint, fails to allege the existence of a creditor who could have attacked and set aside the Transfers.  Although Plaintiff's standing derives from and is dependent upon the rights of such a qualifying creditor, Plaintiff merely seeks relief pursuant to Section 544(b), and fails to allege the existence of any creditor into whose shoes Plaintiff intends to step.

43.     Therefore, Defendants respectfully submit that Plaintiff has no standing to assert the claims under the New York Debtor and Creditor Law and they must now be dismissed.

## NOTICE

44.　　Bankruptcy Rule 2002(a)(3) requires that notice of this Motion be given on 21 days' notice. In accordance therewith, Movant provided notice of this Motion to counsel to the Plaintiff.

45.　　No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court (i) enter an order, substantially in the form annexed hereto as Exhibit "D", dismissing the claims asserted in the First Amended Complaint under 11 U.S.C. § 544; and (ii) grant them such other and further relief as is just and proper.

Dated: New York, NY
　　　January 18, 2023

Respectfully Submitted,
*Counsel to Arvind Walia and*
　*Niknim Management Inc.*

By: /s/ Sanford P. Rosen
　　　Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

**Law Offices of Eugene R. Scheiman, PLLC**
*Co-counsel to Arvind Walia and*
　*Niknim Management Inc.*
570 Lexington Avenue
Suite 1600
New York, NY 10022
(646) 280-9000

11

87

Ilan D. Scharf
Jeffrey P. Nolan (Pro Hac Vice Pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone:   (212) 561-7700
Facsimile:    (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel for the Plaintiff,*
*Howard M. Ehrenberg in his capacity*
*as Liquidating Trustee of Orion Healthcorp, Inc., et al.,*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ORION HEALTHCORP, INC.[1] | : Case No. 18-71748 (AST) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

---------------------------------------------

| | |
|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : Adv. Pro. No. 20-08049 (AST) |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | : |
| | : |
| Defendants. | : |

---------------------------------------------

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

DOCS_LA:328296.4 65004/003

**FIRST AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY
OF: (1) FRAUDULENT TRANSFERS; (2) PREFERENTIAL TRANSFERS;
(3) RECOVERY OF AVOIDED TRANSFERS; (4) OBJECTION TO CLAIM NO. 10067;
PURSUANT TO 11 U.S.C. §§ 502, 544, 547, 548 AND 550**

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion

Healthcorp, Inc., et al., (the "Plaintiff" or the Liquidating Trustee"), for the estates of the

above-captioned debtors (the "Debtors") in the above-captioned cases pending under chapter 11

of title 11 of the United States Code (the "Bankruptcy Code"), by and through its undersigned

counsel, as and for its *First Amended Complaint For Avoidance And Recovery Of: (1)*

*Fraudulent Transfers;(2) Preferential Transfers; (3) Recovery Of Avoided Transfers; And (4)*

*Objection To Claim No. 1067 Pursuant to 11 U.S.C. §§ 502, 544, 547 548 and 550* (the

"Complaint") against the above-captioned defendants (collectively, the "Defendant"), alleges as

follows:

## THE PARTIES

1.      Plaintiff is the Liquidating Trustee under that certain Liquidating Trust

Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc.

and certain of their affiliates.

2.      Upon information and belief, Defendant Arvind Walia ("Walia") is an

individual currently residing in the State of New York.  Defendant Walia is the former President,

and Chief Executive Officer, of the Debtor Orion Healthcorp, Inc.

3.       Upon information and belief, Defendant Niknim Management Inc. is

("Niknim") is a corporation formed under the laws of the State of New York with its principle

address at 27 Kettlepond Road, Jericho, New York.

4.      Plaintiff is informed and believes and thereon alleges that at all times

mentioned herein there existed a unity of interest in ownership between Defendant, Walia and

Defendant, Niknim such that the individuality and separateness between them ceased and that

Defendant, Niknim is the alter ego of Defendant, Walia in that, among other things: (a) Defendant Walia controlled, dominated, managed and operated Defendant Niknim as his alter ego; (b) Defendant Walia makes all decisions pertaining to Defendant Niknim; (c) there has been a failure to comply with or observe the formalities of corporate formation and/or operation; (d) Defendant Niknim was inadequately capitalized; and (e) that the individuality of said entity should be disregarded pursuant to the doctrine of piercing the corporate veil.

## STANDING

5.      On March 16, 2018, each of the Debtors except New York Network Management, LLC ("NYNM") filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court")under chapter 11 of the Bankruptcy Code and  NYNM commenced its voluntary petition on July 5, 2018 (collectively, the "Debtors").  The Debtors' cases are jointly administered for administrative purposes only [Docket Nos. 34 and 381].

6.      On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "Plan").

7.      The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date (as that term is defined in the Plan) to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates.  The Effective Date occurred on March 1, 2019.

8.      The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including causes of action.

## JURISDICTION AND VENUE

9.      The Bankruptcy Court has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

10.      This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

11.      Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

12.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

13.      This adversary proceeding is initiated pursuant to Rules 7001(1), (2) and (9) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, pursuant to sections 502, 544, 547, 548 and 550 of the Bankruptcy Code and sections 273, 274, 275 and 276 of the New York Debtor & Creditor Law (the "NY Debt & Cred L"), made applicable herein pursuant to section 544 of the Bankruptcy Code, certain avoidable transfers that were made by the Debtors to the Defendant prior to the Petition Date.

## FACTS

14.      The Debtors are a consolidated enterprise of several companies aggregated through a series of acquisitions, which operate the following businesses: (a) outsourced revenue cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business, which is organized and directed by physicians in private practice to negotiate contracts with

insurance companies on their behalf while such physicians remain independent and which also provides other services to such physician practices.

15.     Parmjit Parmar a/k/a Paul Parmar ("Parmar"), was the former Chief Executive Officer of the Debtor, Constellation Healthcare Technologies, Inc. ("CHT"), Sotirios Zaharis, a/k/a Sam Zaharis ("Zaharis"), was the former Chief Financial Officer of CHT, and Ravi Chivukula ("Chivukula") was the Controller and Secretary of CHT from approximately 2013 to 2017.  Parmar, Zaharis and Chivukula served on the board of directors of CHT.  Parmar, Zaharis and Chivukula, in combination with one another and with others, operating through various Debtors, moved money and established off-balance sheet accounts to redirect monies of the Debtors for their own personal use.  The Debtor, and the aforementioned associates, utilized a Wells Fargo IOLA account overseen by the law firm of Robinson, Brog, Leinwand, Greene, Genovese & Gluck, P.C. ("Robinson Brog").  Upon information and belief, Robinson Brog also represented Parmar, Zaharis and Chivukula personally in their business, litigation and private affairs.

16.     On or about 2018, Parmar, Zaharis and Chivukula were indicted by the United States Attorney's Office, District of New Jersey, for creating fictitious business entities, balance sheets, doctored bank statements, fabricating customers as well as generating fake income streams, and sham acquisitions in an effort to divert monies from the Debtors.  As alleged, Parmar, Zaharis and Chivukula diverted funds to enrich themselves, their friends, family and associates.

17.     In or about 2015 and earlier, Defendant Walia was the majority owner, managing member, and Chief Executive Officer of Portech Corporation, prior to its acquisition by the Debtors.

18.     On or about March 2015, the Debtor, Physicians Practice Plus, LLC, as represented by Robinson Brog, acquired Portech Corporation from Defendant Walia.  Pursuant

to the asset purchase agreement made and entered into as of March, 2015 ("Asset Purchase Agreement"), the sum of $12,800,000 was paid, including the right to subsequent payments and earn-outs over the course of the following years (the "Portech Acquisition").

19.     The Portech Acquisition was orchestrated through the network of entities arranged by Parmar such that funds could be diverted into off-balance sheet accounts.  The off-balance sheet accounts allowed funds to be transferred (a) to entities controlled by Parmar and his confederates, or (b) to commingle funds such that monies could be disbursed in a manner which best allowed Parmar to obfuscate his dealings and continue to maintain an illusion that the Debtors were solvent.

20.     On or about May 1, 2017, the Debtor Orion Healthcorp, Inc. and Defendant Walia, entered into an employment agreement wherein Defendant Walia would act as the President and CEO of the Debtor, Orion Healthcorp, Inc.  Walia would be paid an annual salary of $100,000 as paid in accordance with the Debtor's regular payroll practices.

21.     On or about May 1, 2017, the Debtor Orion Healthcorp, Inc. and Defendant Niknim Management, Inc., as represented by Defendant Walia, as the sole managing member, entered into a consulting agreement wherein Niknim would be paid a monthly fee by the Debtors for the prior month's work as a consultant.

**(A)      The Transfers:**

22.     During the one (1) year period prior to the commencement of the bankruptcy cases, the Debtors transferred property to or for the benefit of Defendants in an amount not less than $1,520,000.00, as identified in particular on Exhibit "A" which is incorporated herein by reference (the "One-Year Transfer").  Defendant Walia was an officer of the Debtors at all pertinent times therein.  During the two (2) year period prior to the commencement of the bankruptcy cases, the Debtors transferred property to or for the benefit of Defendants in an amount not less than $2,500,000.00, as identified in particular on Exhibit "A"

which is incorporated herein by reference (the "Two-Year Transfer")(collectively, the One-Year and Two-Year Transfer are referenced as "the Transfers").

**(B)**      **Amounts Allegedly Owed To Defendant And Defendant's Proofs Of Claim:**

         23.      On or about July 5, 2018, Defendant Walia filed a claim in the amount of $61,590.00, which the claims agent designated as claim no. 10067 (the "Filed Claim"), as attached hereto as Exhibit "B".

         24.      Defendant Walia alleges in the Filed Claim that the Debtors failed to indemnify Walia for employee-related services.

**FIRST CLAIM FOR RELIEF**
**(For Avoidance and Recovery of Intentionally Fraudulent Transfers Under**
**11 U.S.C. § 548; NY Debt & Cred L § 276, *et al*., Against Defendants)**

         25.      Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

         26.      The Defendant received the Transfers from the Debtors which were through various concealed means including the off-balance sheet bank accounts as identified in particular on Exhibit "A".

         27.      The Transfers were made by the Debtors with actual intent to hinder or delay or defraud their creditors insofar as the Transfers were orchestrated through a scheme to divert and redirect monies of the Debtors for the personal benefit of Parmar, his friends and associates, or in a manner to obfuscate the misuse of the Debtor.

         28.      The Transfers were made to or for the benefit of Defendants.

         29.      Accordingly, the Transfers are avoidable, and should be avoided, as intentionally fraudulent transfers pursuant to § 548(a)(1)(A) and NY Debt & Cred L § 276, and may be recovered from Defendant pursuant to § 548 and the NY Debt & Cred L.  Plaintiff is entitled to an order and judgment under 11 U.S.C. § 544 that the Transfers be avoided.

## SECOND CLAIM FOR RELIEF
### (To Avoid Constructively Fraudulent Transfers Under
### 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and NY Debt & Cred L
### §§ 273-275, *et seq*., Against Defendants)

30.     Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

31.     Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Debtors:  (a) were insolvent, or became insolvent as a result of the Transfers; (b) were engaged in or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due; or (d) made such Transfers to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

32.     Plaintiff is informed and believes, and thereon asserts, that Defendant did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for obligations incurred for the Transfers. As a result, the Debtors paid and received in value nothing from Defendant and or less than reasonably equivalent value.

33.     At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and NY Debt & Cred L.  Plaintiff is entitled to an order and judgment that the Transfers are avoided.

## THIRD CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers Pursuant To 11 U.S.C. § 547(b)
### Against Defendants)

34.     Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

35.     During one-year prior to the petition, Defendant was a creditor and an insider of one or more of the Debtors.

36.     The One-Year Transfer identified on Exhibit "A" hereto was made to or for the benefit of Defendant.

37.     The Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfers were made.

38.     The Transfer was made during the One-Year Period in which Defendant Walia was an insider of the Debtor.

39.     The Transfer was made while the Debtors were insolvent.

40.     The Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

41.     The Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## FOURTH CLAIM FOR RELIEF
### (For Recovery of Property -- 11 U.S.C. § 544(b), §550 and NY Debt & Cred L against Defendants)

42.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

43.     As the Defendants are the initial, immediate or mediate transferees of the Transfer, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made or (b) any immediate or mediate transferee of such initial transferee pursuant to pursuant to 11 U.S.C. § 550(a)

44.     As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. §§ 542, 547 and 548.  As Defendants are the initial, immediate or mediate transferee

of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code and NY Debt & Cred L.

## FIFTH CLAIM FOR RELIEF
### (Objection to Claims against Defendant Walia)

45.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

46.     After a thorough review of the Debtors' Books and Records and Claim No. 10067, the Plaintiff has determined that Claim No. 10067 does not comply with the Bankruptcy Rules, is without evidentiary support, and is contradicted by the Debtors' books and records.

47.     As alleged above, each Preferential or Fraudulent Transfer constitutes an avoidable transfer pursuant to 11 U.S.C. § 547 and/or 548 of the Bankruptcy Code, which is recoverable pursuant to Bankruptcy Code section 550.

48.     As a result of the above, Plaintiff moves to strike the Claim or alternatively,  pursuant to Bankruptcy Code section 502(d), Claim No. 10067 must be disallowed unless and until Defendant pays to the Plaintiff an amount equal to each preferential or fraudulent Transfer that is avoided including pre- and post-judgment interest on the avoided amount.

49.     As a result of the above, Plaintiff moves to strike the Claim.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.     For a determination that the Transfers are an avoidable fraudulent transfer under 11 U.S.C. §§ 544, and 548, of the Bankruptcy Code and Section 273-276 of NY Debt & Cred L, *et seq*, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b.      For a determination that the One-Year Transfers are avoidable transfers under 11 U.S.C. §§ 544 and 547, as applicable, and that the Plaintiff is entitled to recover the One-Year Transfers under 11 U.S.C. §§ 550 & 551 of the Bankruptcy Code;

c.      On its Claim for Objection to the Filed Claim, that the Defendant recover nothing by way of the Filed Claim;

d.      Awarding to the Plaintiff the costs of suit incurred herein, including pre- and post-judgment interest; and

e.      For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 26, 2021

                        _/s/ Jeffrey P. Nolan_____
                        Ilan D. Scharf, Esquire
                        Jeffrey P. Nolan, Esquire
                        PACHULSKI STANG ZIEHL & JONES LLP
                        780 Third Avenue, 36th Floor
                        New York, New York 10017
                        Telephone:    (212) 561-7700
                        Facsimile:    (212) 561-7777

                        Counsel for the Plaintiff,
                        Howard M. Ehrenberg in his capacity
                        as Liquidating Trustee of Orion Healthcorp, Inc., et al.,

# EXHIBIT A

| | | Niknim Management, Inc.; Walia | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Posted Dt.** | **Doc Dt.** | **Name** | **Location** | **Segment** | **Curr** | **Txn Amt** | | **Credit (USD)** |
| 4/15/2016 | 4/15/2016 | Constellation Healthcare | M&T | Corp | USD | $ | 2,500,000.00 | $ 2,500,000.00 |
| 6/23/2017 | 6/23/2017 | Constellation Healthcare | IOLA | Corp | USD | $ | 1,500,000.00 | $ 1,500,000.00 |
| 6/28/2017 | 6/28/2017 | Constellation Healthcare | IOLA | Corp | USD | $ | 20,000.00 | $ 20,000.00 |
| | | | | | | Total | | $ 4,020,000.00 |

**ROSEN & ASSOCIATES, P.C.**
*Counsel to Arvind Walia and*
  *Niknim Management Inc.*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al*.,<br><br>          Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS<br>CAPACITY AS LIQUIDATING TRUSTEE OF<br>ORION HEALTHCORP, INC., ET AL.,<br><br>          Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT<br>INC.,<br><br>          Defendants. | Adv. Proc. No. 20-08049 (AST) |

## ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Arvind Walia ("**Mr. Walia**") and Niknim Management Inc.

(collectively, "**Defendants**"), through their counsel, Rosen & Associates, P.C., as and for their

answer (the "**Answer**") to the *First Amended Complaint for Avoidance and Recovery of: (1)*

*Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers; (4)*

*Objection to Claim No. 10067; Pursuant to 11 U.S.C. §§ 502, 544, 547, 548 and 550* dated May

26, 2020 [Adv. Proc. Doc. No. 22] (the "**Amended Complaint**"),[1] filed by Howard M. Ehrenberg,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Amended
  Complaint.

in his capacity as liquidating trustee of the estates of Orion HealthCorp, Inc., *et al.* ("**Plaintiff**"), respectfully represent as follows:

**AS TO THE PARTIES**

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "1" of the Amended Complaint.

2.      Defendants admit that Mr. Walia is an individual resident of the state of New York and deny the remaining allegation in paragraph "2" of the Amended Complaint.

3.      Defendants admit the allegations contained in paragraph "3" of the Amended Complaint.

4.      Defendants deny the allegations contained in paragraph "4" of the Amended Complaint.

**AS TO STANDING**

5.      To the extent the allegations in paragraphs "5" through "8" purport to cite or summarize publicly filed documents, Defendants respectfully refer the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "5" through "8" of the Amended Complaint.

**AS TO JURISDICTION AND VENUE**

6.      Defendants neither admit nor deny the allegations contained in paragraphs "9" through "12" of the Amended Complaint, as such allegations are legal conclusions to which no response is required; however, Defendants do not consent to the entry of final orders or judgments by this Court.

2

## AS TO BASIS FOR RELIEF REQUESTED

7.      Defendants admit that Plaintiff purports to have brought this action pursuant to the authority cited in paragraph "13" of the Amended Complaint. To the extent the allegations in paragraph "13" state legal conclusions, no responsive pleading is required. Otherwise, except as expressly admitted herein, Defendants deny the allegations contained in paragraph "13" of the Amended Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15" and "16" of the Amended Complaint.

10.     Defendants admit that, in or about 2015 or earlier, Mr. Walia was the majority shareholder and Chief Executive Officer of Porteck Corporation prior to its acquisition by Physicians Practice Plus, LLC. To the extent the term "Portech Corporation," as used in paragraph "17" of the Amended Complaint, was intended to refer to any entity other than Porteck Corporation, Defendants deny the allegations contained in paragraph "17" of the Amended Complaint.

11.     Defendants admit that, on or around March 2015, Porteck Corporation was acquired by Physicians Practice Plus, LLC. To the extent the term "Portech Corporation," as used in paragraph "18" of the Amended Complaint, was intended to refer to any entity other than Porteck Corporation, Defendants deny the allegations contained in paragraph "18" of the Amended Complaint and, except as expressly admitted herein, deny the remaining allegations contained in paragraph "18" of the Amended Complaint.

3

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Amended Complaint.

13. Defendants admit the allegations contained in paragraphs "20" and "21" of the Amended Complaint.

14. Defendants admit the allegations contained in paragraph "22" of the Amended Complaint.

15. Defendants admit the allegation in paragraph "23" that Mr. Walia filed a claim against the Debtors' estates.

16. To the extent the allegations in paragraph "24" purport to cite or summarize publicly filed documents, Defendants respectfully refer the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "24" of the Amended Complaint.

## AS TO FIRST CLAIM FOR RELIEF

17. Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "24" of the Amended Complaint as if fully set forth herein.

18. Defendants deny the allegations contained in paragraphs "26" through "29" of the Amended Complaint.

## AS TO SECOND CLAIM FOR RELIEF

19. Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "29" of the Amended Complaint as if fully set forth herein.

20. Defendants deny the allegations contained in paragraphs "31" through "33" of the Amended Complaint.

4

## AS TO THIRD CLAIM FOR RELIEF

21.      Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "33" of the Amended Complaint as if fully set forth herein.

22.      Defendants deny the allegations contained in paragraphs "35" through "41" of the Amended Complaint.

## AS TO FOURTH CLAIM FOR RELIEF

23.      Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "41" of the Amended Complaint as if fully set forth herein.

24.      Defendants deny the allegations contained in paragraphs "43" and "44" of the Amended Complaint.

## AS TO FIFTH CLAIM FOR RELIEF

25.      Defendants repeat, re-allege and incorporate by reference their responses to paragraphs "1" through "44" of the Amended Complaint as if fully set forth herein.

26.      Defendants deny the allegations contained in paragraphs "45" through "49" of the Amended Complaint.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

27.      Plaintiff's claims and each purported cause of action contained in the Amended Complaint fail to state a claim upon which relief may be granted.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

28.      The Amended Complaint should be dismissed on the basis that the transfers referenced in *Exhibit A* of the Amended Complaint are excepted from recovery under 11 U.S.C. § 547(c)(2).

5

105

## **AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE**

29.    The Amended Complaint should be dismissed on the basis that the transfers referenced in *Exhibit A* of the Amended Complaint are excepted from recovery under 11 U.S.C. § 547(c)(4).

## **AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE**

30.    The Amended Complaint should be dismissed on the basis that the Debtors received reasonably equivalent value and fair consideration in exchange for the transfers referenced in *Exhibit A* of the Amended Complaint, such that they are not voidable under 11 U.S.C. § 548(a)(1)(B) and N.Y. Debt. & Cred. Law § 273.

## **AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE**

31.    Plaintiff's claims are barred for lack of personal jurisdiction over Defendants in this Court.

## **AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE**

32.    Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims contained in the Amended Complaint.

## **AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE**

33.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## **AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE**

34.    Plaintiff's claims are barred in whole or in part due to insufficiency of process.

6

**AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE**

35.     Plaintiff's claims are barred in whole or in part due to insufficiency of service of process.

**AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE**

36.     Plaintiff's claims must be dismissed based upon documentary evidence or lack thereof.

**AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE**

37.     Plaintiff's claims are barred by the doctrine of waiver.

**AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE**

38.     Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

**AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE**

39.     Plaintiff's claims are barred in whole or in part by the doctrine of laches and/or unclean hands.

**RESERVATION OF RIGHTS**

40.     Defendants reserve all rights to amend this Answer, raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

\*               \*               \*

**WHEREFORE**, Defendants respectfully request that this Court enter an order:

(1)     dismissing the Amended Complaint with prejudice;

(2)     awarding Defendants all costs and expenses incurred in defending this action including attorneys' fees as permitted by law; and

(3)     granting such other and further relief as this Court deems just and proper.

7

Dated: New York, New York
      June 9, 2021

                                **ROSEN & ASSOCIATES, P.C.**
                                *Counsel to Arvind Walia and*
                                   *Niknim Management Inc.*

                  By:  */s/  Sanford P. Rosen*
                                Sanford P. Rosen
                                Paris Gyparakis

                  747 Third Avenue
                  New York, NY 10017-2803
                  (212) 223-1100

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

### U.S. Bankruptcy Court

### Eastern District of New York

Notice of Electronic Filing

The following transaction was received from Sanford P Rosen entered on 6/9/2021 at 10:15 AM EDT and filed on 6/9/2021

**Case Name:**          Ehrenberg v. Arvind Walia et al
**Case Number:**          8-20-08049-ast
**Document Number:** 23

**Docket Text:**
Answer to Complaint *Answer to First Amended Complaint and Affirmative Defenses* Filed by Sanford P Rosen on behalf of Arvind Walia, Niknim Management Inc. (Rosen, Sanford)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Answer to First Amended Complaint.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=979333796 [Date=6/9/2021] [FileNumber=24113663-0]
[2e87920ec7e4553eb024b11df507431b284ee3c328248c0bd3745a4ec1324d844bf3
64490d4294600431ccd457733b7ff262fcad7df45df7c6472f6c706d4c4d]]

**8-20-08049-ast Notice will be electronically mailed to:**

Paris Gyparakis on behalf of Defendant Arvind Walia
pgyparakis@rosenpc.com, gyparakispr81087@notify.bestcase.com

Paris Gyparakis on behalf of Defendant Niknim Management Inc.
pgyparakis@rosenpc.com, gyparakispr81087@notify.bestcase.com

Jeffrey P Nolan on behalf of Plaintiff Howard M Ehrenberg
jnolan@pszjlaw.com, lcanty@pszjlaw.com

Sanford P Rosen on behalf of Defendant Arvind Walia
srosen@rosenpc.com, RosenSR81087@notify.bestcase.com

Sanford P Rosen on behalf of Defendant Niknim Management Inc.
srosen@rosenpc.com, RosenSR81087@notify.bestcase.com

Ilan D Scharf on behalf of Plaintiff Howard M Ehrenberg
ischarf@pszyjw.com, lcanty@pszjlaw.com

**8-20-08049-ast Notice will not be electronically mailed to:**

Jeffrey Norlan on behalf of Plaintiff Howard M Ehrenberg

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>        Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>        Defendants. | Adv. Proc. No. 20-08049 (AST) |

**JOINT STATEMENT OF NON-DISPUTED**
**MATERIAL FACTS AND DEFENDANTS' STATEMENT OF ADDITIONAL FACT**
**PURSUANT TO LOCAL BANKRUPTCY RULE 7056-1**

Pursuant to Rule 7056-1 of the Local Rules for the United States Bankruptcy

Court for the Eastern District of New York, Defendants Arvind Walia ("**Walia**") and Niknim

Management Inc. ("**Niknim**") (together, "**Defendants**"), by and through their counsel, Rosen &

Associates, P.C., and The Law Office of Eugene R. Scheiman, PLLC, respectfully submit this

joint statement of non-disputed material facts and Defendants' statement of additional fact.

**I.**     **THE FOLLOWING IS A LIST OF MATERIAL FACTS AS TO WHICH**
       **THERE DOES NOT EXIST A GENUINE ISSUE TO BE TRIED:**

**PROCEDURAL BACKGROUND**

---

[1] The debtors in these chapter 11 cases are: Orion Healthcorp, Inc.; Constellation Healthcare Technologies, Inc.; NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice Plus Holdings, LLC; Physicians Practice Plus, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Northstar First Health, LLC; Vachette Business Services, Ltd.; Phoenix Health, LLC; MDRX Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; and New York Network Management, LLC.

1.     On March 13, 2020, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al. ("**Plaintiff**") filed the *Complaint for Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550* [Dkt. No. 1] against Defendants.

2.     On June 17, 2020, Defendants filed their *Answer and Affirmative Defenses* to the Complaint [Dkt. No. 6].

3.     On May 21, 2021, the parties filed the *Stipulation and Order re Filing of First Amended Complaint; And Entering of Scheduling Order* [Dkt. No. 19], which was entered by the Court on May 26, 2021 [Dkt. No. 20].

4.     On May 28, 2021, Plaintiff filed the *First Amended Complaint for Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550* [Dkt. No. 22].

5.     On June 9, 2021, Defendants filed their *Answer to First Amended Complaint and Affirmative Defenses* [Dkt. No. 23].

6.     On September 21, 2021, the parties filed the *Stipulation Requesting Amendment to Case Management and Discovery Plan* [Dkt. No. 26], which was entered by the Court on October 5, 2021. [Dkt. No. 27].

7.     On December 30, 2021, fact discovery closed.

## **THE PARTIES**

8.      On March 16, 2018, each of the above-captioned Debtors except New York Network Management, LLC ("**NYNM**") filed a voluntary petition for relief with the United States Bankruptcy Court for the Eastern District of New York under chapter 11 of the Bankruptcy Code.

9.      NYNM filed its voluntary petition on July 5, 2018.

10.     The Debtors' cases were jointly administered for administrative purposes only.

11.     On February 26, 2019, the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, entered an order [Docket No. 701] confirming the Debtors' Third Amended Joint Plan of Liquidation (the "**Plan**").

12.     The Plan provides, among other things, for the formation of a Liquidating Trust and the appointment of a Liquidating Trustee on the Effective Date to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates.

13.     The Effective Date occurred on March 1, 2019.

14.     The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including causes of action.

15.     Plaintiff is the Liquidating Trustee under that certain Liquidating Trust Agreement by and among Orion HealthCorp, Inc. ("**Orion**"), Constellation Healthcare Technologies, Inc. ("**Constellation Healthcare**") and their debtor affiliates.

16.     Walia is the former President and Chief Executive Officer of Orion.

3

17.     Defendant Niknim Management Inc. ("**Niknim**") is a corporation formed under the laws of the State of New York.

18.     Walia is the sole officer, director, and shareholder of Niknim.

**The Transfers**

19.     On June 23, 2017, and June 28, 2017, one or more of the Debtors transferred via wire a total of $1,520,000 from the Debtors' Robinson Brog IOLA account to the JP Morgan Chase bank account of NIKNIM.

20.     On or about April 15, 2016, within two (2) years prior to the commencement of the bankruptcy cases, Constellation Healthcare paid Niknim $2,500,000.00.

**First and Second Claims for Relief**

21.     Plaintiff's First and Second Claims for Relief (for fraudulent conveyance) are predicated upon both the Bankruptcy Code and the New York Debtor and Creditor Law ("**NYDCL**")

22.     Plaintiff has invoked the New York Debtor and Creditor Law based upon section 544(b)(1) of the Bankruptcy Code and NYDCL.

II.     **THE FOLLOWING IS A LIST OF DEFENDANTS' STATEMENT OF ADDITIONAL FACT MATERIAL FACTS:**

23.     Plaintiff's First Amended Complaint does not contain an allegation that either transfer at issue is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of the Bankruptcy Code or that is not allowable only under section 502(e) of the Bankruptcy Code.

Dated:  New York, New York
       January 18, 2023

                    **ROSEN & ASSOCIATES, P.C.**
                    *Counsel to Arvind Walia and Niknim*
                    *Management, Inc.*

                    By: /s/ Sanford P. Rosen
                          Sanford P. Rosen

                    747 Third Avenue
                    New York, NY 10017-2803
                    Tel: (212) 223-1100

                    And

                    **The Law Office of Eugene R. Scheiman, PLLC**
                    *Co-Counsel for Arvind Walia and Niknim*
                    *Management, Inc.*
                    570 Lexington Avenue, Suite 1600
                    New York, NY 10022-6837
                    Tel: (646) 280-9000

**PACHULSKI STANG ZIEHL & JONES LLP**
*Counsel to Plaintiff Howard M. Ehrenberg, in his*
*capacity of Liquidating Trustee of Orion Healthcorp, Inc., et al.*

By: /s/ Jeffery P. Nolan
      Jeffery P. Nolan
      780 Third Avenue, 34th Floor
      New York, NY 10017
      Tel: (212) 561-7700

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>           Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>           Plaintiff,<br><br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>           Defendants. | Adv. Proc. No. 20-08049 (AST) |

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING CLAIMS ASSERTED UNDER 11 U.S.C. § 544

Upon the motion dated January 18, 2023 (the "**Motion**")[1] of defendants Arvind Walia and Niknim Management Inc. ("**Movants**"), seeking entry of an order granting them partial summary judgment dismissing the claims asserted in Plaintiff's First Amended Complaint under 11 U.S.C. § 544 and such other and further relief as to this Court seems just and proper; and this Court having jurisdiction to consider the Motion and the relief requested therein; and the consideration of the Motion and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that the legal and factual bases set forth in the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion establish just cause for the relief granted herein; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED,** that all unresolved objections to the Motion, if any, are hereby overruled; and it is further

**ORDERED,** the claims asserted in Plaintiff's First Amended Complaint under 11 U.S.C. § 544 be, and the same hereby are, dismissed with prejudice; and it is further,

**ORDERED,** that the Bankruptcy Court shall retain jurisdiction with respect to any issues arising from the implementation of this Order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC.[1] | : | Case No. 18-71748 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------

| | | |
|---|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : | Adv. Pro. No. 20-08049 (AST) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARVIND WALIA; NIKNIM MANAGEMENT, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------

## NOTICE OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION AS AGAINST DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC.

**PLEASE TAKE NOTICE THAT** Plaintiff, Howard M. Ehrenberg in his capacity as

Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, (the "Plaintiff" or the "Liquidating

Trustee"), for the estates of the above-captioned debtors ("Plaintiff"), by and through his

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

attorneys, Pachulski Stang Ziehl & Jones LLP, hereby files *Plaintiff's Motion For Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and NIKNIM Management, Inc.*

**PLEASE TAKE FURTHER NOTICE THAT** that any responses or objections ("Objections") to the relief requested in the Motion, if any, must conform with the Bankruptcy Code and the Bankruptcy Rules, shall be in writing, shall set forth the nature of the objector's interest in the Debtors' Estates and the reasons and legal basis for the objection, and be served upon counsel for the Plaintiff, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017-2024 (Attn.: Jeffrey P. Nolan, Esq.), no later than **February 22, 2023** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT IF NO RESPONSES TO THE MOTION ARE TIMELY FILED, SERVED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY ENTER THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated:  January 18, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By:     */s/ Jeffrey P. Nolan*
_____
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:     (212) 561-7777

Counsel for the Plaintiff,
Howard M. Ehrenberg in his capacity as
Liquidating Trustee of Orion Healthcorp, Inc.,
*et al*.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------ :
In re:                               :   Chapter 11
                                     :
ORION HEALTHCORP, INC.[1]            :   Case No. 18-71748 (AST)
                                     :
                         Debtors.    :   (Jointly Administered)
------------------------------------ :
                                     :
                                     :   Adv. Pro. No. 20-08049 (AST)
                                     :
HOWARD M. EHRENBERG IN HIS CAPACITY AS :  [Joint Separate Statement of
LIQUIDATING TRUSTEE OF ORION         :   Uncontroverted & Additional Facts;
HEALTHCORP, INC., ET AL.,            :   Plaintiff's Separate Statement of
                                     :   Additional Facts; Affidavits of Edith
                         Plaintiff,  :   Wong, Frank Lazarra, and Jeffrey
                                     :   Nolan; and Request For Judicial
                 v.                  :   Notice Filed Concurrently Herewith]
                                     :
ARVIND WALIA; NIKNIM MANAGEMENT, INC., : 
                                     :
                         Defendants. :
------------------------------------ :

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, OR IN THE
ALTERNATIVE, SUMMARY ADJUDICATION AS AGAINST
<u>DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC.</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

# TABLE OF CONTENTS

**Pages**

I.  SUMMARY OF ARGUMENT .......................................................................1

II.  STANDING ...............................................................................................3

III.  PROCEDURAL STATEMENT ..................................................................4

IV.  STATEMENT OF FACTS .........................................................................5

    A.  The Parties .........................................................................................5

    B.  The March 2015 Acquisition Of Porteck By The Debtor Misstated The Purchase Price In Order To Divert 3MM To Parmar ..................................6

    C.  The April 15, 2016 Transfer Of $2,500,000 To Defendants Based on An Email Between Two Insiders .........................................................................8

    D.  The June 23, 2017 Transfer Of $1,520,000 To Defendants For The Sale of Objecttech To A Non-Debtor Based On A Fabricated Purchase Agreement .............9

    E.  The Debtors CHT And Orion Moved Millions Of Dollars Into The Debtors' IOLA Account Including Funds From The CHT Go-Private Transaction ...............11

    F.  At The Time Defendants Received In Excess Of 4MM, Claimants, Lawsuits And Judgment Creditors Existed Against The Debtors Orion and CHT Who Remained Unpaid At The Petition Date ..................................................................11

V.  LEGAL STANDARD ON SUMMARY JUDGMENT OR ADJUDICATION...................12

    A.  The Transfers Were A Diversion Of Funds Of The Debtors And Which Could Have Been Used To Pay Judgment Creditors ..................................................13

VI.  BOTH THE FIRST AND SECOND TRANSFER ARE AVOIDABLE PURSUANT TO §548(A)(1)(A) AND NYDCL AS INTENTIONALLY FRAUDULENT CONVEYANCES AS THE BASIS FOR EACH TRANSACTION WERE FALSIFIED DOCUMENTS DESIGNED TO MISLEAD CREDITORS ..........................15

    A.  The APA Executed By Parmar and Walia in 2015 Was A Fraudulent Document, And The First Transfer Was Designed to Divert Millions To The Insiders...................................................................................................18

    B.  The Second Transfer, Resulting In Payment Of $1,520,000 To Defendant Walia In 2017, Is An Intentionally Fraudulent Conveyance As The Evidence Demonstrates Walia Sold To A Non-Debtor, A Defunct Company, With No Earnings As Supported By A Fictitious Purchase Agreement.................................23

    C.  Walia's Refusal To Produce Financial Documents For The Company He Claims The Second Transfer Purchased Triggers The Application Of The Adverse Inference Doctrine .....................................................................................26

VII.    THE TRANSFERS VIOLATE NYDCL §273-A AS CONSTRUCTIVELY
        FRAUDULENT TRANSFERS AS JUDGMENT CREDITORS EXISTED BEFORE
        THE TRANSFERS AND THE TRANSFERS WERE TO AN OFFICER AND
        INSIDER ................................................................................................................27

        A.    The First And Second Transfers Were Not Made For Fair Consideration As
              Transfers To Insiders Violate NYDCL 273-a As A Matter Of Law ........................29

VIII.   JUDGMENT IS PROPER AGAINST DEFENDANTS WALIA AND NIKNIM AND
        BOTH OF THEM .................................................................................................31

        A.    Defendants Walia And NIKNIM Are The Alter Ego Of One Another And
              Equity Demands They Be Held Jointly And Severally Responsible For Any
              Judgment ................................................................................................................32

IX.     CONCLUSION ................................................................................................................36

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Adelphia Recovery Trust v. Bank of Am., N.A.*
   624 F. Supp. 2d 292 (S.D.N.Y. 2009) ..................................................................... 18

*Adickes v. S.H. Kress & Co.*
   398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) .......................................... 13

*Am. Media, Inc. v. Bainbridge & Knight Labs., LLC*
   135 AD3d 477, 22 N.Y.S.3d 437 (1st Dept 2016 ..................................................... 30

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ......................................... 13

*Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc. (In re Andrew Velez Constr., Inc.)*
   373 B.R. 262 (Bankr. S.D.N.Y. 2007) ..................................................................... 17

*Angelo Tomasso, Inc. v. Armor Construction & Paving, Inc.*
   187 Conn. 544, 447 A.2d 406 (1982) ....................................................................... 34

*Anstine v. Carl Zeiss Meditec AG (In re U.S. Medical, Inc.)*
   531 F.3d 1272 (10th Cir. 2008) ............................................................................... 30

*AQ Asset Mgt. LLC v. Levine*
   2013 N.Y. Misc. LEXIS 2054, *28 (N.Y. Sup. Ct., Mar. 28, 2013) ........................ 21

*Austin Powder Co. v. McCullough*
   216 A.D.2d 825, 628 N.Y.S.2d 855 (N.Y. App. Div. 1995) .................................... 35

*Baby Phat Holding Co., LLC v Kellwood Co.*
   123 AD3d 405, 997 N.Y.S.2d 67 ...................................................................... 32, 34

*Balmer v. 1716 Realty LLC*
   No. 05 CV 839 (NG)(MDG), 2008 U.S. Dist. LEXIS 38113, 2008 WL 2047888
   (E.D.N.Y. May 9, 2008) ........................................................................................... 35

*Bayou Accredited Fund, LLC v. Redwood Growth Partners, L.P. (In re Bayou Group, LLC)*
   396 B.R. 810 (Bankr. S.D.N.Y. 2008) ..................................................................... 17

*Begier v. IRS*
    496 U.S. 53, 110 S. Ct. 2258, 110 L. Ed. 2d 46 (1990) .......................................... 14

*Berlenbach v. Bischoff*
   137 Misc. 719, 244 N.Y.S. 369, 371 (N.Y.Sup.Ct. Spec. Term 1930) .................... 19

*Berman v. Pavano (In re Michael S. Goldberg, LLC)*
   2020 Bankr. LEXIS 2314, 22 (Bankr. Conn. 2020 ................................................. 29

*Berner Trucking, Inc. v. Brown*

281 AD2d 924, 722 N.Y.S.2d 656 (1st Dept. 2001) ....................................................29

*Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cuter, P.A.*
  *(In re USA Diversified Prods., Inc.)*
  100 F.3d 53 (7th Cir. 1996) ......................................................................14

*Brown v. Dellinger (In re Brown)*
  734 F.2d 119 (2d Cir. 1984) ......................................................................14

*Bruno Mach. Corp. v. Troy Die Cutting Co. (In re Bruno Mach. Corp.)*
  435 B.R. 819 (N.D. NY, 2010).....................................................................17

*Cadle Co. v. Newhouse*, No. 01 CIV. 1777 (DC), 2002 U.S. Dist. LEXIS 15173, 2002 WL 1888716
  (S.D.N.Y. Aug. 16, 2002), aff'd, 74 F. App'x 152 (2d Cir. 2003) .............................................28

*Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC*
  *(In re Bayou Group, LLC)*
  439 B.R. 284 (S.D.N.Y. 2010) ....................................................................16

*City of Almaty v. Ablyazov*
  2019 U.S. Dist. LEXIS 55183, *14 (Bankr. S.D.N.Y. 2019).....................................................32

*Consove v. Cohen (In re Roco Corp.)*
  701 F.2d 978 (1st Cir. 1983)......................................................................31

*DER Travel Servs. v. Dream Tours & Adventures*
  No. 99 Civ. 2231 (HBP), 2005 U.S. Dist. LEXIS 25861, 2005 WL 2848939
  (S.D.N.Y. Oct. 28, 2005) .........................................................................35

*Deutsche Financial Services Corp. v. Osborne (In re Osborne)*
  257 B.R. 14 (Bankr. C.D. Cal. 2000) .............................................................26

*Dixie Yarns, Inc. v. Forman*
  906 F. Supp. 929 (S.D.N.Y. 1995) ...............................................................28

*EAC of N.Y., Inc. v. Capri 400, Inc.*
  49 AD3d 1006, 853 N.Y.S.2d 419 (3d Dept. 2008) ................................................30

*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*
  66 AD3d 122, 884 NYS2d 94 (2009)..............................................................32

*Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*
  794 F.3d 297 (2d Cir. 2015) .....................................................................18

*Farm Stores, Inc. v. Sch. Feeding Corp.*
  102 A.D.2d 249, 477 N.Y.S.2d 374 (2d Dept.1984) ...............................................30

*FBI Wind Down Inc. Liquidating Trust v. All Am. Poly Corp. (In re FBI Wind Down, Inc.)*
  581 B.R. 116 (Bankr. DE, 2018) ................................................................15

*First Horizon Bank v. Moriarty-Gentile*
  2015 U.S. Dist. LEXIS 165695, *20 (Bankr. E.D.N.Y, 2015)....................................33

*Friehling v. Nielson (In re F & C Servs., Inc.)*
   44 B.R. 863 (Bankr. S.D. Fla. 1984) ................................................................31

*Gardiners Bay Landscape v. Postiglione (In re Postiglione)*
   2019 Bankr. LEXIS 1887, *10 (Bankr. E.D.N.Y 2019)....................................34

*Geltzer v. Soshkin (In re Brizinova)*
   588 B.R. 311 (Bankr. EDNY, 2018) ................................................................15

*Golden State Bottling Co. v. NLRB*
   414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973)........................................26

*Gonzales v. Albuquerque Tortilla Co. (In re Furrs Supermarkets, Inc.)*
   2008 Bankr. LEXIS 946,*26 (Bankr. N.M. 2008) ............................................26

*Grace v. BankLeumi Trust Co. of N.Y.*
   443 F.3d 180 (2d Cir. 2006) ............................................................................27

*Greenidge v. HRH Constr. Corp.*
   279 A.D.2d 400, 720 N.Y.S.2d 46 (1st Dept. 2001) .......................................35

*HBE Leasing Corp. v. Frank*
   48 F.3d 623 (2d Cir. 1995) ..............................................................................30

*HBE Leasing Corp. v. Frank*
   61 F.3d 1054 (2d Cir. 1995) ............................................................................17

*In re Actrade Fin. Techs. Ltd.*
   337 B.R. 791 (Bankr. SDNY 2005)..................................................................22

*In re Bruce*
   2005 Bankr. LEXIS 3085, *45 (Bankr. Mon. 2005) ........................................26

*In re Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*
   2017 Bankr. LEXIS 4145 ..................................................................................15

*Keller v. Keller (In re Keller*)
   185 B.R. 796 (9th Cir. BAP 1995) ...................................................................14

*Kiobel v. Royal Dutch Petroleum*
   621 F.3d 111 (2d Cir. 2010) ............................................................................32

*Korea Deposit Ins. Corp. v. Mina Jung*
   59 Misc. 3d 442 (Sup. Ct., New York County, 2017)......................................21

*Kramer v. Mahia (In re Khan)*
   2014 Bankr. LEXIS 4205 (Bankr. E.D.N.Y. 2016)..........................................28

*Krohn v. Orta*
   153 B.R. 391 (E.D.N.Y., 1993) .......................................................................20

*Leonard v. Coolidge, (In re Nat'l Audit Def. Network)*
   367 B.R. 220 (Bankr. S.D.N.V, 2022)..............................................................31

*Lyman Commerce Solutions, Inc. v. Lung*
2015 U.S. Dist. LEXIS 51447, 2015 WL 1808693, at *5
(S.D.N.Y. Apr. 20, 2015) ..........................................................................27, 29

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ....................................13

*Matter of Morris v New York State Dept. of Taxation & Fin.*
82 NY2d 135, 623 NE2d 1157, 603 NYS2d 807 (1993) ............................................32

*Mellon Bank v. Official Comm. of Unsecured Creditors (In re R.M.L., Inc.)*
92 F.3d 139 (3d Cir. 1996) ..........................................................................22

*Millennium Constr., LLC v Loupolover*
44 AD3d 1016, 1016-1017, 845 NYS2d 110 (2007) ................................................32

*Mitchell v. Garrison Protective Servs., Inc.*
579 F. App'x 18 (2d Cir. 2014) ....................................................................28

*New York Dist. Council of Carpenters Pension Fund v. KW Const., Inc.*
2008 U.S. Dist. LEXIS 40517, 2008 WL 2115225 ..................................................25

*Nisselson v. Salim (In re Big Apple Volswagen, LLC)*
2016 Bankr. LEXIS 834, *29 (Bankr. S.D.N.Y, 2016) ......................................13, 14

*Orr v. Kinderhill Corp.*
991 F.2d 31 (2d Cir. 1993) ..........................................................................16

*P.R. Mallory Co. v. NLRB*
400 F.2d 956 (7th Cir.1968), cert. denied, 394 U.S. 918,
89 S.Ct. 1191, 22 L. Ed. 2d 432, 22 L.Ed.2d 452 (1969) ........................................26

*People v. Hankin*
175 Misc. 2d 83, Ft 4 (Crim Ct Kings County 1997) ..............................................21

*Picard v. Merkin (In re Bernard L. Madoff Inv. Secs. LLC)*
2011 U.S. Dist. LEXIS 97647 (S.D.N.Y. 2011) ....................................................16

*Picard v. Taylor (In re Park S. Secs., LLC)*
326 B.R. 505 (Bankr. S.D.N.Y. 2005) ..............................................................17

*Prabir v. Bukhara Indian Cuisine, Inc.*
2018 U.S. Dist. LEXIS 94563, *9 (S.D.N.Y. 2018) ..............................................23

*Priestley v. Panmedix Inc.*,
18 F. Supp. 3d 486, 497 (S.D.N.Y. 2014) ........................................................27

*Rovo by Ravo v. Rogatnick*
70 N.Y.2d 305, 514 N.E.2d 1104, 520 N.Y.S.2d 533, 538 (1987) ..............................35

*Salim v. VW Credit, Inc.*
577 B.R. 615 (E.D.N.Y. 2017) ....................................................................20

*Salomon v. Kaiser (In re Kaiser)*
  722 F.2d 1574 (2d Cir. 1983). ................................................................21

*Sardis v. Frankel*
  113 AD3d 135, 978 N.Y.S.2d 135 (1st Dept 2014 ...................................29

*Schnelling v. Crawford (In re James River Coal Co.)*
  360 B.R. 139, 2007 Bankr. LEXIS 159, 2007 Westlaw 438244, at 13
  (Bankr. E.D. Va., Feb. 8, 2007)...............................................................31

*Sharp Int'l Corp. v. State St. Bank & Trust Co.*
  403 F.3d 43 (2d Cir. 2005) ......................................................................30

*State Farm Mut. Auto Ins. Co. v. Grafman,*
  No. 04-cv-2609(NG) (SMG), 2017 US Dist. LEXIS 154290,
  2017 WL 4217122 (E.D. N.Y. Sept. 221, 2017..........................................14

*Tronox v. Anadarko Petroleum (In re Tronox Inc.)*
  429 B.R. 73 (Bankr. S.D.N.Y. 2010).........................................................22

*U.S. v. Spencer*
  2012 U.S. Dist. LEXIS 142195, 2012 WL 4577927 at *7 ...........................23

*United States v. McCombs*
  30 F.3d 310 (2d Cir. 1994) ......................................................................21

*Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*
  577 Fed. Appx. 58, 60 (2nd Cir. 2014) .....................................................35

*Westchester Cnty. v. Welton Becket Assocs.*
  102 A.D.2d 34, 478 N.Y.S.2d 305, 315 (2d Dep't 1984) ............................35

*Wimbledon Fin. Master Fund v. Wimbledon Fund, SPC*
  2016 N.Y. Misc. LEXIS 4805, *16, 2017 WL 3024259 ..............................22

## Statutes

11 U.S.C. §101(31)(B)..............................................................................30

11 U.S.C. §502.........................................................................................5

11 U.S.C. §541(a)(1).................................................................................13

11 U.S.C. §544.................................................................................5, 14, 16

11 U.S.C. §547.................................................................................5, 14, 17

11 U.S.C. §548...................................................................................passim

11 U.S.C. §550....................................................................................5, 16

11 U.S.C. §551.........................................................................................16

## Other Authorities

13 Romualdo P. Eclavea, Carmody-Wait 2d New York Practice with Forms
§§ 85-29 & 85-30 (2002) ............................................................................................ 19

N.Y. Debt. & Cred. Law § 273 ................................................................................... passim

N.Y. Debt. & Cred. Law §276 ........................................................................... 16, 21, 36

N.Y. Debt. & Cred. Law 272 ............................................................................................ 30

N.Y. Jud. Law § 497(1) .................................................................................................... 14

## Rules

Fed R. Civ. Proc. 56 ..................................................................................................... 1, 12

Fed. R. Bankr. P. 2056 ................................................................................................. 5, 12

This Brief is filed pursuant to Fed R. Civ. Proc. 56 (a) and (d), by Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.* (the "Plaintiff" or the "Liquidating Trustee"), in support of Plaintiff's Motion For Summary Judgment, Or In The Alternative, Summary Adjudication (the "Motion"), with supporting documents filed concurrently herewith as against Defendants Arvind Walia and NIKNIM Management, Inc. (the "Defendants").

## I.

## SUMMARY OF ARGUMENT

1.      In March 2015, as part of selling his solely controlled company, Porteck Corporation ("Porteck") to the Debtor, Defendant Arvin Walia ("Walia") agreed to misstate the purchase price which enabled Paul Parmar ("Parmar") to divert $3,000,000 to himself.   As long as Walia got what he was owed for Porteck, which was $6,800,000 for assets with a stated acquisition value of $1,824,000, Walia admits he was good with looking the other way.  One year later on April 15, 2016, Walia installed by Parmar as the CEO of the Debtor OrionHealth Corp. Inc. ("Orion") and the Chief Technology Officer of Constellation Health Technologies, Inc. ("CHT") received another payment this time for $2,500,000 (the "First Transfer").  The Trustee challenges the First Transfer as an intentionally fraudulent conveyance as the purchase agreement from 2015 was designed to conceal and mislead creditors.  Walia claims he was owed the First Transfer in satisfaction of an antecedent debt outlined in Section 1.6(e) of the same fraudulent asset purchase agreement he executed with Parmar in 2015.  Section 1.6(e) required an escrow be established and funded on condition of certain events occurring.  However, the facts are not in dispute that no escrow was established, no funds deposited into escrow, and the First Transfer made the same day as Parmar advised Walia, the CEO of Orion, that he would forward payment if Walia would again

look the other way.  The explanation proffered by Walia is refuted by the documents and does not support the claim of an antecedent debt.

      2.     The Motion also seeks to recover a payment of $1,520,000, made on June 23 and June 28, 2017 (collectively the "Second Transfer"), as an intentionally fraudulent conveyance, based off yet another fraudulent purchase agreement entered between Parmar and Walia.  The purchase agreement contained fabricated asset, earnings and capital schedules.  A due diligence report to support the sale prepared by Walia and Parmar was filled with fictitious figures which the duo never completed.  In fact, the deal was conceived so hastily, Parmar asked Walia only weeks prior for the identity of the company and what it produced.  The Debtor paid for membership interests of a shell company owned by Walia, Objecttech Holdings, LLC ("Objecttech"), which was given to a non-debtor third party.

      3.     With respect to both Transfers, the Debtors' books and records evidence no legitimate debt, no satisfaction of an antecedent debt, or increase in net assets as a result of the Transfers. Preparation of false and misleading documents or the reckless indifference to the truth of what was prepared is intentional fraud in New York and under federal law.  Walia's explanation that Parmar was to blame is not a legally cognizable defense especially in light of Defendants' participation in both schemes and enrichment.

      4.     During the time frame of 2016 and 2017, the Debtors were subject to multiple lawsuits wherein legitimate creditors were forced to sue CHT and Orion to obtain judgments. These lawsuits and judgments went unsatisfied as they were stayed after the filing of the petition in bankruptcy by the debtors.

5.     The Trustee also challenges both Transfers as constructively fraudulent conveyances.  Insiders are not allowed to elevate their interests above legitimate creditors. New York Debt and Creditor Law ("NYDCL") stigmatizes as constructively fraudulent under NYDCL §273-a, conveyances made between a Debtor and its officers/insiders where lawsuits and judgment creditors exist at the time of the transfer.  It is an undisputed fact Walia was an insider and an officer of both Orion and CHT.  Transfers to officers/insiders are not made in "good faith" when lawsuits and judgments exist and the Transfers are constructively fraudulent as a matter of law.

6.     Defendants' myriad of twisting self-serving explanations are not a cognizable defense.   Documents that are the basis for the Transfers are replete with mistruths and inaccuracies designed to conceal Parmar's diversion of millions of dollars from the estate.  The Motion is ripe for determination.

## II.

## STANDING

7.     On March 16, 2018, each of the Debtors except New York Network Management, LLC ("NYNM") filed a voluntary petition (the "Petition Date") with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code (NYNM commenced its voluntary petition on July 5, 2018) (collectively, the "Debtors).  The Debtors' cases are jointly administered for administrative purposes only.  [Dkt. Nos. 34 and 381]

8.     On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation

Order") [Dkt. No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "Plan").

9.      The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date (as that term is defined in the Plan) to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates.  The Effective Date occurred on March 1, 2019.

10.      The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including causes of action, of the Debtors as well as making distributions to creditors with Allowed claims.  (Plan, §6.3)

## III.

## PROCEDURAL STATEMENT

11.      Plaintiff filed the complaint (the "Complaint") in this action on March 13, 2020.  [Dkt. No. 1]  The Complaint sought to recover alleged intentional and constructively fraudulent transfers under applicable provisions of the Bankruptcy Code and New York Debt and Creditor Law ("NYDCL").

12.      On May 21, 2021 the Parties filed the Stipulation and Order re: Filing of First Amended Complaint; And Entering of Scheduling Order [Dkt. No. 19], which was entered by the Court on May 26, 2021. [Dkt. No. 20]

13.      On May 28, 2021, Plaintiff filed its First Amended Complaint For Avoidance and Recovery of (1) Fraudulent Transfers; (2) Preferential Transfers; (3) Recovery of Avoided

Transfers, and (4) Objection to Claim No. 10067 Pursuant to 11U.S.C. §§502, 544, 547, 548, and 550. [Dkt. No. 22]  On June 9, 2021, Defendants filed their Answer to First Amended Complaint and Affirmative Defenses. [Dkt. No. 23]

14. On September 21, 2021 the Parties filed the Stipulation Requesting Amendment to Case Management and Discovery Plan [Dkt. No. 26], which was entered by the Court on October 5, 2021. [Dkt. No. 27] On December 30, 2021, fact discovery closed.

15. The parties participated in mediation but did not reach a resolution. [Dkt. No. 41]  Expert discovery closed on October 10, 2022. [Dkt. No. 41]

16. Pursuant to 7056-1(a), Plaintiff requested permission from the Court to file a motion for summary judgment or summary adjudication. [Dkt. No. 45]  At the Pre-trial Hearing, the Court heard and granted Plaintiff's request to move for summary judgment on certain causes of action.

## IV.
## STATEMENT OF FACTS

17. Based upon the affidavits attached to the Motion, the documents submitted herewith, the Request for Judicial Notice and the pleadings in this case, there is no genuine issue concerning the following material facts:

**A.     The Parties**

18. The Debtors were a consolidated enterprise of several companies aggregated through a series of acquisitions which operated in the healthcare sector primarily in revenue and practice management for physician practices.  (*See* Joint Statement of Uncontroverted Facts ("JSOF") #1)

19.    Defendant Walia resides in the State of New York and does business in New York.  Defendant NIKNIM Management, Inc. ("NIKNIM") is a Limited Liability Corporation. NIKNIM was incorporated in 2015, and at all times Walia owned, managed and acted as the sole employee of NIKNIM for the purpose of investing Walia's monies and the monies of his family trust.  (JSOF #8, 9) NIKNIM's principle place of business is Walia's residence. (JSOF #5)

**B.    The March 2015 Acquisition Of Porteck By The Debtor Misstated The Purchase Price In Order To Divert 3MM To Parmar**

20.    Parmar and Defendant Walia met in 2011 at Parmar's Colts Neck residence years prior to the Transfers at issue in the Complaint.  (JSOF #25) According to Walia, in late 2014, Parmar was looking to acquire a medical billing company and interested in purchasing Porteck. (JSOF #26)  Porteck was a technology services company in the healthcare industry incorporated, owned and controlled by Walia who acted as its CEO. (JSOF #27)  Porteck consisted of two business lines: (a) AHMS and (b) PC Advantage ("PCA"), both medical billing companies Porteck acquired prior to 2015. (JSOF #40)

21.    On December 1, 2014, Parmar characterized Porteck as "a joke" to his broker as Porteck had acquired PCA only one month prior to December and a portion of its revenue was from India. See Additional Statement of Fact ("ASOF"), #84)  At the time of the acquisition of Porteck, the net asset value of AHMS was **1.35MM** as calculated by total assets of $2,350,000 less a 1MM liability (a promissory note) paid off by the Debtor at acquisition.  (JSOF #41)  The value of acquired total assets of PCA in 2014 was equal to $2,546,246.55. (JSOF #43)  However, Porteck funded the acquisition of PCA with 1.9MM in loans which loans the Debtor paid off or took over payment of at the time of acquisition in 2015. (JSOF #44)  The net asset value of PCA recorded at

time of purchase by the Debtor was **$474,000.** (JSOF #45)  The recorded value of Porteck in February 2015 was $1,824,000.

22.    Walia retained a broker, Abstract Business Advisors ("<u>Abstract</u>"), to sell Porteck. (JSOF #29) Notwithstanding the comment of Parmar, the Debtor acquired Porteck in February 2015. On February 20, 2015, Abstract documented the sale of Porteck to the Debtor as a purchase price of **7.8MM**, with 5.5MM to be paid in cash to Defendants at closing. (JSOF #30) According to Walia, the purchase price of Porteck to the Debtor was **10.8 MM**.  (JSOF# 32)  On March 2015, Walia on behalf of the sellers, Walia, the Walia Trust and the Janaminder Trust, sold Porteck to the Buyer, Debtor, Physicians Practice Plus, LLC, and ("<u>PPP</u>") as executed by Paul Parmar. (JSOF #33)   As memorialized by the Asset Purchase Agreement ("<u>APA</u>"), the purchase price is reflected as **12.8MM**. (JSOF #35) The Walia Trust never signed the APA. (JSOF #34)

23.    Walia testified that Parmar misstated the purchase price to Abstract because Parmar told Walia "he could get a better deal for us". (JSOF #31) Walia testified that Parmar told him he needed to add 2MM in additional deal fees to the APA. (JSOF #36) Representing the purchase price as 12.8MM rather than 10.8MM did not concern Walia as long as Walia's share of the purchase price did not change. (JSOF #37)

24.    Bank records memorialize the wire in of **9.8MM** by the Debtor CHT to the IOLA Account for the closing of the Porteck sale.  (ASOF #85) According to the IOLA Account, 3MM of the purchase price was paid to First United Health ("<u>FUH</u>"), a Parmar controlled entity, and 6.8MM was disbursed to Walia in accordance with the closing documents. (ASOF #86, 87 )

Approximately 7MM in total consideration was disbursed to the sellers of Porteck at the closing. (JSOF #39)

26. Following the acquisition of Porteck, Walia served as the Chief Executive Officer ("CEO") of the Debtors' main operating company, Orion, and the Chief Technology Officer ("CTO") of the Debtor CHT from June 2015 until his departure in the Fall of 2018. (JSOF #4)

26. During Wala's tenure as an officer of CHT and Orion, CHT purportedly acquired MDRX Medical Billing, LLC ("MDRX") and its businesses for 28MM on February 10, 2016. (JSOF #20) MDRX was a sham transaction as it had no assets, employees, and conducted no business. (JSOF #21) Ted Brindamour ("Brindamour") of Sage Consulting, a company owned by Parmar's brother-in-law Salil Sharma, prepared the due diligence reports to support each acquisitions by the Debtors. (JSOF #53) Brindamour prepared the due diligence reports to support the two acquisitions in the present adversary. (JSOF ##52-54)

**C.    The April 15, 2016 Transfer Of $2,500,000 To Defendants Based on An Email Between Two Insiders**

27. On April 15, 2016, one year later, Parmar issued an email to Walia stating, "I am willing to give you 3.5MM in return for you to allow me to structure it properly internally which requires I close the file with a 2M payment." (ASOF #90)

28. On April 15, 2016, the Debtor CHT transferred 2.5MM via wire from the M&T bank account of CHT to the JP Morgan Chase bank account of Defendant NIKNIM at the direction of Walia (the "First Transfer"). (JSOF ##6, 17)

29. Walia asserts the 2.5MM Transfer was paid to him by CHT pursuant to section 1.6(e) of the APA. (JSOF #47) Section 1.6(e) of the APA references the establishment of an

escrow account, escrow agreement and monies to be deposited into escrow in 2015. (See Aff. of Wong, §9, Ex. F)  No escrow was established in 2015 by the parties to the APA and no monies deposited in escrow. (JSOF #48)  No escrow agreement was executed by Walia and Parmar and no discussion between Walia and Parmar to select an escrow. (JSOF #48, 49)  According to Section 1.6(b), all sums owed to Defendant were to be disbursed at closing (JSOF #46)

30.     At year-end, December 31, 2015, the Debtors' books and records did not evidence a 2.5MM antecedent debt owed to any of the sellers of Porteck. (ASOF #88) The Debtors' books and records do not evidence the satisfaction of an antecedent debt or increase in net assets as a result of the Debtors' payment of 2.5MM to Defendants on April 15, 2016. (ASOF #89)

**D.     The June 23, 2017 Transfer Of $1,520,000 To Defendants For The Sale of Objecttech To A Non-Debtor Based On A Fabricated Purchase Agreement**

31.     According to Walia, he agreed in 2017 to sell Parmar a software company he owned, AllRad Direct, LLC ("AllRad"). (JSOF #50)   Objecttech, a shell company owned by Walia, allegedly controlled AllRad. (JSOF #50)

32.     On May 17, 2017, Brindamour forwarded to Parmar and Walia a draft Due Diligence Findings Report ("Due Diligence Report") dated May 18, 2017 which was incomplete. (JSOF #52)  Brindamour wanted Walia to insert the factual information with respect to AllRad, its operations and assets. (JSOF #54)

33.     On May 31, 2017, Walia emailed Parmar to push forward the acquisition of Objecttech. (JSOF #55)  Parmar responded and asked Walia "who was the company to be acquired and what product did it make". (JSOF #56)  On the same day, Walia forwarded to Parmar the draft Due Diligence Report and asked for a contract. (JSOF #57)   Parmar responded that "accurate

figures" be inputted into the Due Diligence Report. (JSOF #58)  Parmar reached out to the law firm of Robinson Brog same day and directed they quickly create a shell company. (ASOF #93)  Neither Parmar nor Defendant considered any other competing software or put the contract out for a competitive bid.  (JSOF #70)

34.      On June 8, 2017, Walia advised Parmar he may need to convert the agreement to an asset purchase agreement as he was meeting his accountants.  (JSOF #63)

35.      On June 15, 2017, Walia advised Parmar the price for the acquisition was 1.52MM. (JSOF #64) Walia was attempting to maximize the price the Debtor would have to pay for AllRad. (JSOF #65)  The sale was memorialized by a Membership Interests Purchase Agreement ("MIPA') dated June 2017, between Objecttech, seller, and Physicians Healthcare Network Management Solutions, LLC ("PHNMS"), the buyer.  (JSOF #51)  PHNMS is a non-debtor entity. (JSOF #67)  The various schedules referenced throughout the MIPA for the acquisition of AllRad were never completed or attached to the MIPA. (JSOF ##61-62)  No revenue projections, working capital, balance sheets or statement of assets and liabilities referenced in the MIPA were attached. (JSOF ##62, 68)  The Orion board of directors' resolution approving the sale, as required by the MIPA, was never obtained. (JSOF #69)  The Due Diligence report was never finalized. (JSOF #60)

36.      On June 23, 2017, and June 28, 2017, the Debtors transferred via wire $1,520,000 from its Robinson Brog IOLA account (the "IOLA Account") to the JPMorgan Chase bank account of NIKNIM (collectively the "Second Transfer"). (JSOF #7)[2]

37.      For 2017, the Debtor's books and records do not evidence a $1,520,000 antecedent debt owed to Defendants to acquire Objecttech or AllRad. (ASOF #91) In 2017, the

_____

[2] The First Transfer and the Second Transfer are referenced collectively as "the Transfers."

Debtor's books and records do not evidence the satisfaction of any antecedent debt or increase in net assets through the acquisition of an asset such as Objecttech, AllRad or PHNMS for $1,520,000. (ASOF #92)

E.     **The Debtors CHT And Orion Moved Millions Of Dollars Into The Debtors' IOLA Account Including Funds From The CHT Go-Private Transaction**

38.     For the fiscal year 2014, the 23MM borrowed by Orion was deposited and appeared in the IOLA Account which debt was reflected in the audited Consolidated Financial Statements of the Debtors as "net proceeds from long term debt". (ASOF #78)  On February 19, 2016, $5,058,408.81, was transferred out of the Debtor CHT's bank account and deposited into the IOLA Account (ASOF #79)   On August 10, 2016, $12,740,000 was transferred out of the Debtor CHT's bank account and deposited into the IOLA Account. (ASOF #80)  To fund the Go-Private Transaction, a Credit Agreement was entered into with BOFA wherein BOFA advanced 130MM to the Debtors.  (JSOF #22) The Credit Agreement with BOFA was executed by all the Debtors and was secured by substantially all the Debtors' assets.  (JSOF #23)  BOFA is the Debtors' largest creditor with an outstanding secured claim in the amount of $158,200,710.89.  (JSOF #24)  On March 10, 2017, $5,590,000 was transferred out of the Debtor Orion's bank account to the IOLA Account. (ASOF #81)

39.     On January 30, 2017, approximately 46MM that resulted from the CHT Go-Private Transaction was transferred into the Debtors' IOLA Account and listed under a line item that states "Constellation Health/CHT Closing".  (ASOF #82)

**F.    At The Time Defendants Received In Excess Of 4MM, Claimants, Lawsuits And Judgment Creditors Existed Against The Debtors Orion and CHT Who Remained Unpaid At The Petition Date**

40.    On December 16, 2015, the United States District Court for the Southern District of Texas issued a Judgment in the amount of $194,185 against Debtor Orion in favor of former employees Jack McBride and Alan Nottingham for unpaid deferred compensation.  (JSOF #73)  The Judgment was filed as a proof of claim in Case 8-18-71748, and assigned claim no. 10001.  (JSOF #73)  The filed claim remained unsatisfied as of the Petition Date.  (JSOF #73)

41.    On February 29, 2016, Plaintiff Cockerell Dermatopathology filed a complaint, case no. DC-16-02365, against the Debtors Medical Billing Services, Inc. and Orion in the District Court of Dallas County, Texas for monetary relief in excess of 1MM. (JSOF #71) On March 23, 2018, a Suggestion of Bankruptcy of the Debtors was filed in the District Court of Dallas County, Texas advising of the triggering of the automatic stay of the proceedings. (JSOF #72)

42.    On March 9, 2016, a lawsuit was initiated in the Supreme Court of the State of New York by Criterions, LLC, against Debtors PPP and CHT.  (JSOF #74)  Judgment was entered on November 30, 2017, against Debtors PPP and CHT in the amount of $77,767.26.  (JSOF #75)  On March 23, 2018, a Suggestion of Bankruptcy was filed by the Debtors to stay the proceedings in state court.  (JSOF #76)

## V.

## LEGAL STANDARD ON SUMMARY JUDGMENT OR ADJUDICATION

43.    Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56 of the Federal Rules of Civil Procedure is applicable to this adversary proceeding.  Under Rule 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law. The moving party

bears the burden of demonstrating the absence of any genuine issue of material fact, and all

inferences to be drawn from the underlying facts must be viewed in the light most favorable to the

party opposing the motion". *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L.

Ed. 2d 142 (1970). However, once there is a showing of the absence of an issue of fact, the

opposing party must produce specific evidence that raises a genuine issue. *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A

fact is "material" if it might affect the outcome of the suit under the governing substantive law, and

"summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

*v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

44.    Summary judgment is designed to pierce the pleadings and expose arguments

not supported by the law or lacking evidentiary support. The Motion is ripe for determination.

**A.    The Transfers Were A Diversion Of Funds Of The Debtors And Which Could Have Been Used To Pay Judgment Creditors**

45.    Monies in the CHT and Orion bank accounts transferred into the IOLA

Account prior to the Transfers could have satisfied legitimate creditors forced to file lawsuits and

obtain judgments. Instead, these monies went to insiders such as Defendant who now proffer

fairy-tale explanations for receiving the funds.

46.    Section 541(a)(1) of the Bankruptcy Code's broad definition of "[p]roperty of

the estate" includes "all legal and equitable interests of the debtor in property *wherever located or*

*by whomever held*." [Emphasis added] 11 U.S.C. §541(a)(1); *Nisselson v. Salim (In re Big Apple*

*Volkswagen, LLC)*, 2016 Bankr. LEXIS 834, *29 (Bankr. S.D.N.Y, 2016). "The phrase 'all legal or equitable interests of the debtor in property' has been given the broadest possible interpretation and the term equitable interest has generally not been interpreted as limited to a debtor's equity in property." See *Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 123 (2d Cir. 1984). The §544(b) requirement of a transfer of "an interest of the debtor in property," which is a phrase common to §§544(b), 547, and 548, refers to property that would have been part of the estate had it not been transferred before bankruptcy. See, *Begier v. IRS*, 496 U.S. 53, 58, 110 S. Ct. 2258, 110 L. Ed. 2d 46 (1990); *Keller v. Keller (In re Keller)*, 185 B.R. 796, 799 (9th Cir. BAP 1995).

47.     It is not disputed that the Debtors' property was involved in both Transfers. (JSOF 6, 7)  The First Transfer of 2.5 MM, was paid directly to Defendants from the Debtor CHT's bank account in 2016. (JSOF 6)  Money in a bank account in the name of a debtor is presumed to be property of the bankruptcy estate. *Nisselson v. Salim (In re Big Apple Volkswagen, LLC)*, 2016 Bankr. LEXIS 834, *30 (Bankr. S.D.N.Y. 2016); *Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cuter, P.A. (In re USA Diversified Prods., Inc.)*, 100 F.3d 53, 55 (7th Cir. 1996) ("Property of the debtor . . . includes the interest that a depositor the debtor has in the money in his account . . .").

48.     The Second Transfer was issued from the Debtors' IOLA Account at Robinson Brog.  (JSOF #7)  An Interest on Lawyers Account is an unsegregated interest-bearing deposit account… for the deposit by an attorney of "qualified funds".  N.Y. Jud. Law §497(1). "Qualified funds" are monies received by an attorney in a fiduciary capacity from a client or beneficial owner.  The debtor's funds sitting in an IOLA account are the funds of the debtor as they are not property of the law firm who has no dominion or control over them.  See *State Farm Mut.*

*Auto Ins. Co. v. Grafman*, No. 04-cv-2609(NG) (SMG), 2017 US Dist. LEXIS 154290, 2017 WL 4217122 (E.D. N.Y. Sept. 221, 2017).  See *In re Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2017 Bankr. LEXIS 4145, pg. 11 [law firm was not free to use the client's funds in escrow for its own benefit, and had it done so, the guilty attorneys undoubtedly would have been disciplined and possibly prosecuted for stealing client funds. Hence, the law firm was not a transferee]. *Id*.  In the present case, the Debtors' Orion and CHT deposited from their bank accounts millions of dollars directly into the IOLA Account only months before the Second Transfer. (ASOF ##79-81)  Funds of CHT and Orion deposited into the IOLA Account do not lose their color simply because they are transferred into the IOLA Account.  See *Geltzer v. Soshkin (In re Brizinova)*, 588 B.R. 311, 326 (Bankr. E.D.N.Y, 2018) ( the change in an asset's form from one type, such as real estate or shares of a corporation, to another, such as cash, should not lead to a change in whether it is a part of a debtor's bankruptcy estate).  Once a trustee establishes that a transfer was made from a debtor-owned account over which the debtor normally exercises control, the trustee "makes a preliminary showing of an avoidable transfer 'of an interest of the debtor'." *FBI Wind Down Inc. Liquidating Trust v. All Am. Poly Corp. (In re FBI Wind Down, Inc.),* 581 B.R. 116, 130 (Bankr. DE, 2018).  CHT and Orion were the only Debtors to deposit monies directly in the IOLA Account.  (ASOF #83)  Both the First and Second Transfer would have been part of the estate.  The facts establish the IOLA Account as "an interest of property" of each Debtor CHT and Orion which funds could have satisfied creditors of CHT or Orion.

## VI.

### BOTH THE FIRST AND SECOND TRANSFER ARE AVOIDABLE PURSUANT TO §548(A)(1)(A) AND NYDCL AS INTENTIONALLY FRAUDULENT CONVEYANCES AS THE BASIS FOR EACH TRANSACTION WERE FALSIFIED DOCUMENTS DESIGNED TO MISLEAD CREDITORS

49.    In its <u>First Claim for Relief</u>, Plaintiff seeks: to avoid the intentionally fraudulent transfer of the Debtors' funds to Defendants totaling $4,020,000, pursuant to 11 U.S.C. §§544, 548 and 550 and NYDCL §276, *et seq.*, or recover the value thereof, and preserve the Transfer for the benefit of the Debtors' estate pursuant to 11 U.S.C. §551.  Section 548(a)(1)(B) of the Bankruptcy Code permits a trustee to avoid, *inter alia*, "any transfer . . . of an interest of the debtor in property . . . that was made within 2 years before the date of filing of the Petition. §548(a)(1)(B).  Fraudulent conveyance claims under New York State law is generally subject to a six year statute of limitations.  *Orr v. Kinderhill Corp.*, 991 F.2d 31, 35 (2d Cir. 1993) (citations omitted).  The First Transfer occurred twenty three (23) months prior to the Petition Date, and the Second Transfer occurred approximately eight (8) months prior to the Petition Date.  Both Sections 11 U.S.C. §§548 and 550 and NYDCL §276, *et seq*., are applicable.

50.    For a transfer to be avoidable, §548(a)(1)(A) requires that a plaintiff prove that the transfer was made "with actual intent to hinder, delay, or defraud" present or future creditors of the debtor.  Section 548(a)(1)(A) is drafted in the disjunctive.  Whether a conveyance is fraudulent under Section 548(a)(1)(A), it is thus determined by reference to the intent of the debtor-transferor in making the transfer:  "the state of mind of the transferee is irrelevant." *Picard v. Merkin (In re Bernard L. Madoff Inv. Secs. LLC)*, 2011 U.S. Dist. LEXIS 97647, p. 12 (S.D.N.Y. 2011) citing to *Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Group, LLC)*, 439 B.R. 284, 304 (S.D.N.Y. 2010).  Similarly, the weight of legal authority in New York interpreting NYDCL §276 finds that §276 also focuses on the fraudulent intent of the transferor, not the transferee. *Id*. at pp. 12-13.  (The Second Circuit has stated that "[t]o prove actual

16

fraud under §276, a creditor must show intent to defraud on the part of the transferor.  Where actual intent to defraud is proven, the conveyance will be set aside regardless of the adequacy of the consideration given." *Sharp*, 403 F.3d at 56 (quoting *HBE Leasing Corp. v. Frank*, 61 F.3d 1054, 1059, n.5 (2d Cir. 1995)); *Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc. (In re Andrew Velez Constr., Inc.)*, 373 B.R. 262, 269 (Bankr. S.D.N.Y. 2007) and cases cited therein; *Picard v. Taylor (In re Park S. Secs., LLC)*, 326 B.R. 505, 517 (Bankr. S.D.N.Y. 2005). In this sense Section 548 serves the same policy function as Section 547, which allows the trustee to avoid preferential payments made within ninety days of the bankruptcy to protect innocent creditors who were legally entitled to be paid.  Both sections represent an equitable determination by Congress that under limited circumstances creditors must share equally in the insolvency, or, in the case of Section 548, the fraud.  Section 548 is not a punitive provision designed to punish the transferee, but is instead an equitable provision that places the transferee in the same position as other similarly situated creditors who did not receive fraudulent conveyances.  See *Bayou Accredited Fund, LLC v. Redwood Growth Partners, L.P. (In re Bayou Group, LLC)*, 396 B.R. 810, 826-827 Bankr. S.D.N.Y. 2008).  Pursuant to §548(a)(1)(A), a transfer may be avoided as actually fraudulent if (1) the debtor had an interest in the property transferred; (2) the transfer occurred within two years of the petition date; and (3) the transfer was made with actual intent to hinder, delay or defraud a creditor. See 11 U.S.C. §548(a)(1)(A) (2004). *Bruno Mach. Corp. v. Troy Die Cutting Co. (In re Bruno Mach. Corp.)*, 435 B.R. 819, 852-53 (N.D. NY, 2010).

   51. Plaintiff meets each of the three elements of an intentional fraud claim as the Transfers represent yet another text-book illustration of deception and diversion of monies by

Parmar on the heels of the fake acquisition of MDRX.  (JSOF ##20-21) With respect to the First

Transfer, there is no dispute the first two elements are met as the money was wired directly from

the Debtor's bank account at CHT.  (See JSOF #6)  With respect to the Third element, Walia admits

the APA was intentionally misstated by Parmar to add millions of dollars in "deal fees".  (JSOF

##32, 35, 36)  $3,000,000 was paid directly FUH, a Parmar controlled entity.  (ASOF ##85-87)

Walia was complicit in this scheme.

**A.    The APA Executed By Parmar and Walia in 2015 Was A Fraudulent Document, And The First Transfer Was Designed to Divert Millions To The Insiders**

52.    False statements, misrepresentations and backdating documents is evidence of

intent to defraud as an effort to make an illegitimate transaction appear legitimate. See *United*

*States v. Maciejewski*, 70 F. Supp. 2d 129, 134 (Bankr. N.D.N.Y, 1999) A "strong inference" of

fraud may be established by alleging facts showing either (1) a "motive and opportunity to commit

the fraud"; or (2) "strong circumstantial evidence of conscious misbehavior or recklessness."

*Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 306 (2d Cir. 2015)

(securities law); *see also Adelphia Recovery Trust v. Bank of Am., N.A.*, 624 F. Supp. 2d 292, 308

(S.D.N.Y. 2009) (applying "motive and opportunity" test to the pleading of a §548 claim).

53.    On February 20, 2015, Abstract, the broker retained by Defendant Walia,

documented the sale of Porteck as a purchase price of **7.8MM**. (JSOF #30) According to Walia, the

purchase price of Porteck to the Debtor was **10.8MM.** (JSOF #32)  Yet, the APA, executed by the

Parmar and Walia reflected a purchase price of **12.8MM** for the sale of Porteck. (JSOF #35) Walia

misrepresented the purchase price as 12.8MM, rather than 10.8MM.  The misrepresentation did not

concern Walia as long as "his share" did not change, a reference to receiving 7MM for an asset

(Porteck) that had a stated value at acquisition of $1,824,000. (JSOF ##37, 41-45)  However, the damage was in fact far worse to legitimate creditors of the estate.  The IOLA Account reflecting sums disbursed by the Debtor on March 5, 2015 (the Closing Date) memorialized a total disbursement of **9.8MM**. (ASOF #85)  $3,000,000 was disbursed to First United Health (a Parmar controlled entity), not 2MM as Walia testified to in deposition. (JSOF #36)  The facts suggest Defendant had a motive to look the other way, as he was in fact receiving 7MM from the Debtor for a company with a stated value at acquisition of only $1,824,000.  Parmar labelled Porteck a "joke" only two months earlier.  (ASOF #84)  "Actual fraudulent intent" under NYDCL §278(2) has been construed such that it is satisfied if a "transferee participated or acquiesced in the transferor's fraudulent design." 13 Romualdo P. Eclavea, Carmody-Wait 2d New York Practice with Forms §§85-29 & 85-30 (2002) (emphasis added); *Berlenbach v. Bischoff*, 137 Misc. 719, 244 N.Y.S. 369, 371 (N.Y.Sup.Ct. Spec. Term 1930).  On these admissions, summary judgment is proper.

54.    Other circumstances also support an inference of fraud as Defendants' explanation is refuted by the documents.  In opposition to the Trustee's claims of intentional fraud, Walia asserts that the First Transfer was made in accordance with Section 1.6(e) of the APA. (JSOF #47) The language of the APA does not support such claim.

55.    Section 1.6(e) of the APA references establishing an escrow in 2015, executing an escrow agreement and 2.5MM being set aside in escrow to address certain events in the future.  (See APA attached to Aff. of Wong. as Ex. F)  Yet, it is an undisputed fact no escrow was established, no escrow agreement executed, and no funds deposited into escrow.  (JSOF ##48-49) Similarly, the closing documents from 2015 refute Walia's claim of monies being set

aside to satisfy any future condition in 2016. After Walia received his 6.8MM, the IOLA Account memorializes that the balance of 3MM transferred to Parmar at FUH on the same day, not set aside for future events. (ASOF #86-87) See *Salim v. VW Credit, Inc.*, 577 B.R. 615, 621 (E.D.N.Y. 2017) (The nonmoving party cannot avoid summary judgment by "rely[ing] on conclusory allegations or unsubstantiated speculation," but must offer "some hard evidence showing that its version of the events is not wholly fanciful.) Similarly, the Debtors' books and records from 2015 and 2016 refute the existence of an antecedent debt of 2.5MM owed to either Defendant Walia or NIKNIM for the First Transfer. (ASOF #88-89) Lastly, the email exchange between the insiders on the day the First Transfer was effectuated belittles Walia's explanation he was owed any legitimate sum under the APA. Parmar's remark that "I am willing to give you 3.5MM in return for you to allow me to structure it properly internally which requires I close the file with a 2MM payment" evidences that whatever the duo was up to, it was not an arm's length transaction made in the ordinary course of business. (ASOF #90)

56.    Even assuming arguendo the language of the APA supported Walia's claim of an antecedent debt, the Court should deny the invitation to interpret a contract which was intentionally designed to misstate and misrepresent the consideration owed by the Debtor. Courts should refuse to be a party to illegal contracts especially where enforcement would benefit the perpetrator of the unlawful deed. See *Krohn v. Orta*, 153 B.R. 391, 398 (E.D.N.Y., 1993) citing to 21 N.Y. Jur.2d Contracts §176. It is improper to make the court serve as a referee and arbitrate a contract based upon illegal consideration. [3]Such a result is intolerable. *Id*. citing to See *Di Tomasso*,

---

[3] *See Stone v. Freeman,* 298 N.Y. 268, 82 N.E.2d 571 (1948) (agreement in which agent would spend funds to bribe purchasing agent was illegal and principal could not recover the balance of funds which agent diverted to his own interests).

250 A.D. 206, 293 N.Y.S. at 916 (courts will not recognize contracts which rest upon illegal consideration). The purchase price of Porteck in the APA was intentionally misstated by Parmar and Walia, to allow Parmar to divert multiple millions of dollars to FUH. See *AQ Asset Mgt. LLC v. Levine*, 2013 N.Y. Misc. LEXIS 2054, *28 (N.Y. Sup. Ct., Mar. 28, 2013) (Regardless of whether Levine was complicit in this scheme, if it was agreed that the funds would be deposited with Levine under false pretenses, the agreement between sellers and Levine would be unenforceable. No cause of action can arise from an agreement which has been documented falsely for an illegal purpose). Falsifying business records is a first degree Class E Felony and in the second degree, a class A misdemeanor in violation of New York Penal Law §175.05. See *People v. Hankin*, 175 Misc. 2d 83, Ft 4 (Crim Ct Kings County 1997). Here, it is undisputed fact that the APA was documented falsely, Defendants knew of such fact, and $3,000,000 was diverted to Parmar. Under such blatantly fraudulent circumstances, a claim the APA supports a further 2.5MM Transfer cannot raise a material fact as such contention seeks to make the Court a party to the fraud.

57.    NYDCL §276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." NYDCL §276. Intent to evade creditors amounts to a fraudulent conveyance regardless of insolvency. *Korea Deposit Ins. Corp. v. Mina Jung*, 59 Misc. 3d 442, 449 (Sup Ct, New York County, 2017); See *United States v. McCombs*, 30 F.3d 310, 327-28 (2d Cir. 1994). As the Second Circuit explained:

> "Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, the pleader is allowed to rely on 'badges of fraud' to support his case, i.e.,

circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent."

Courts in New York look to the badges of fraud commonly associated with fraudulent transfers that raise an inference of fraudulent intent *Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582-83 (2d Cir. 1983). *See Tronox v. Anadarko Petroleum (In re Tronox Inc.)*, 429 B.R. 73, 95 (Bankr. S.D.N.Y. 2010) ("The existence of several badges of fraud can constitute clear and convincing evidence of actual intent." (quoting *In re Actrade Fin. Techs. Ltd.*, 337 B.R. 791 at 809)).

58.     The Trustee has submitted direct evidence of intent by both Parmar and Walia, to divert multiple millions of dollars of the Debtor, CHT's funds for no legitimate business purpose. The "badges of fraud" also confirm the First Transfer was made with fraudulent intent to divert monies to insiders. "The badges of fraud include circumstances such as 'a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance. *Wimbledon Fin. Master Fund v. Wimbledon Fund, SPC*, 2016 N.Y. Misc. LEXIS 4805, *16, 2017 WL 3024259.

59.     The undisputed facts establish Parmar and Walia were both officers and insiders at the time of the First Transfer. Parmar was the CEO of CHT, and Walia the CTO of CHT, and the CEO of the Debtor, Orion.  (JSOF #4) The two knew each other prior to 2015.  (JSOF #25) The email exchange on the day of the First Transfer reference a quid pro quo between the insiders. (ASOF #83) The facts establish their involvement on both sides of the transaction and not an arm's-length routine commercial transaction. This factor is established.

60.     Before determining whether the value was "reasonably equivalent" to what the debtor gave up, the court must make an express factual determination as to whether the debtor

received any value at all. *Mellon Bank v. Official Comm. of Unsecured Creditors (In re R.M.L., Inc.)*, 92 F.3d 139, 149 (3d Cir. 1996)  The Debtors' books and records evidence no antecedent debt satisfied concurrently by the First Transfer. (ASOF ##88, 89)  The email exchanged suggest an illegitimate side agreement between Parmar and Walia. (ASOF #90).  The APA does not corroborate that the payment was made in accordance with Section 1.6(e).  Lastly, the metrics of the deal; payment of a further 2.5MM in additional to the 7MM already paid for an asset with a stated value of $1,824,000, is evidence the First Transfer was for not for reasonably equivalent value.

61.     Lastly, Walia knew about the creditors of CHT and Orion in existence and unsatisfied. A judgment was entered in 2015 against Orion.  On March 9, 2016, CHT was sued and Walia named personally as a Defendant in a lawsuit that resulted in a judgment against CHT. (See Req. For Jud. Notice, Judgment, Ex. 3) Rather than pay their debts, Walia received 2.5MM in exchange for Walia allowing Parmar to conceal his misdeeds from creditors. Plaintiff submits prima facie evidence satisfying multiple badges of fraud.  *U.S. v. Spencer*, 2012 U.S. Dist. LEXIS 142195, 2012 WL 4577927 at *7. ("A single [badge of fraud] may stamp the transaction as fraudulent and, when several are found in combination, strong and clear evidence on the part of the upholder of the transaction will be required to repel the conclusion of fraud.") [4]

**B.     The Second Transfer, Resulting In Payment Of $1,520,000 To Defendant Walia In 2017, Is An Intentionally Fraudulent Conveyance As The Evidence Demonstrates Walia Sold To A Non-Debtor, A Defunct Company, With No Earnings As Supported By A Fictitious Purchase Agreement**

62.     The Evidence supporting the fraudulent nature of the Second Transfer is irrefutable.  In 2017, Walia, an insider, agreed to sell Parmar, an insider, a shell company which he

---

[4] Other badges of fraud includes whether it was a secret and hasty transfer not in the usual course of business. *Prabir v. Bukhara Indian Cuisine, Inc*., 2018 U.S. Dist. LEXIS 94563, *9 (S.D.N.Y. 2018)  Here, the "side-deal" struck between Parmar and Walia dated April 15, 2016, is the same day as the First Transfer.  (See JSOF #6; ASOF #90)

owned, that controlled a defunct company, AllRad Direct, LLC ("AllRad").  (JSOF ##4, 50) The

sale was memorialized by a Membership Interests Purchase Agreement ("MIPA') dated June 2017

transferring all interests to a non-debtor, PHNMS.  (JSOF ##51, 67)  Walia claims the MIPA

memorialized a legitimate antecedent debt owed by the Debtors.  The claim is baseless.

> 63.    First, the undisputed facts evidence the MIPA was a deceptively prepared

agreement.  Various schedules evidencing the value of AllRad as referenced throughout the

executed MIPA were never completed or attached to the MIPA. (JSOF #62) No revenue

projections, working capital, balance sheets or statement of assets and liabilities as referenced in the

MIPA were attached. (JSOF ##61, 68)  A resolution of Orion board of directors approving the sale

as required by the MIPA was never obtained. (JSOF #69)  Neither Parmar nor Defendant, as senior

executives of the Debtors, considered any other competing software or put the contract out to others

for a competitive bid. (JSOF #70)  Additional documents also support an outright fraud.  The Due

Diligence report Walia references to support his receipt of $1,520,000 was prepared by Walia and

Brindamour yet never completed.  On May 17, 2017, Brindamour forwarded to Walia a draft due

diligence report. (JSOF 52). Brindamour prepared the due diligence reports for the earlier fabricated

acquisitions of MDRX.  (JSOF ##20, 21, 53)  Brindamour wanted Walia to insert the factual

information with respect to the acquired company, its operations and assets. (JSOF #54)  On May

31, 2017, Walia emailed Parmar to push forward the acquisition of his company.  (JSOF #55)  At

this point, Parmar did not even know what was being purchased.  Parmar requested "accurate

figures" be inserted in the due diligence report. (JSOF #58)  The Due Diligence Report was never

completed.  (JSOF #60)

64.     Not until June 15, 2017, did Walia advise Parmar the price to purchase Objecttech was 1.52MM.  On June 19, 2017 demanded the deal be finalized ASAP for reasons he would not elaborate.  Four days later, Defendants received 1.52MM. (JSOF #7)

65.     The MIPA, the Due Diligence Report, emails and outrageous nature of the transaction are *prima facie* evidence of fraud, i.e. intentional misrepresentations.  The Debtors' funds were used to purchase a shell company, Objecttech, in which Walia the owner admits he participated in the preparation of the misleading MIPA.  Walia participated in drafting the <u>buyer's</u> Due Diligence Report, inserted fictitious revenue statements, and never bothered to finalize the document.  The Debtor paid for a company with fictional assets, fictional liabilities and fictional working capital.  Two senior executives hastily put together the transaction with Walia asserting on June 19, 2017, he wanted to finalize ASAP "for one reason which I will talk to you about today". (See Deposition, Ex. 25,  attached to Aff. of Wong as Ex. 3)  See *New York Dist. Council of Carpenters Pension Fund v. KW Const., Inc., supra.*, 2008 U.S. Dist. LEXIS 40517, 2008 WL 2115225 at *4 ("a questionable transfer not in the ordinary course of business" and "secrecy in the transfer" are considered "badges of fraud"); see also *DLJ Mortg. Capital, Inc. v. Kontogiannis*, *supra*, 594 F. Supp. 2d at 325 (defendants secretly encumbering properties with mortgages that were never recorded supports inference of fraudulent intent).

66.     With respect to the issue of "reasonably equivalent value", there is no reasonable dispute that the percipient documents evidence the Debtors received nothing as a result of the Second Transfer.  It is an undisputed fact that whatever was purchased, it was transferred by the duo to a third party non-debtor PHNMS. (JSOF ##51, 67)  In 2017, the Debtors' books and

records do not evidence the satisfaction of an antecedent debt or increase in net assets through the acquisition of an asset such as Objecttech, AllRad or PHNMS for $1,520,000. (ASOF ##91, 92) Defendants produced no evidence during discovery that Objecttech or AllRad had any operations or value.

## C. Walia's Refusal To Produce Financial Documents For The Company He Claims The Second Transfer Purchased Triggers The Application Of The Adverse Inference Doctrine

67.    A party's failure to produce evidence which, under the circumstances would be expected, leads to an inference that the evidence not produced would not have buttressed the party's position and indeed would have undercut it. *In re Bruce,* 2005 Bankr. LEXIS 3085, *45 (Bankr. Mon. 2005), citing to *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 174, 94 S.Ct. 414, 420, 38 L.Ed.2d 388 (1973); See also *P.R. Mallory Co. v. NLRB*, 400 F.2d 956, 959 (7th Cir.1968), cert. denied, 394 U.S. 918, 89 S.Ct. 1191, 22 L. Ed. 2d 432, 22 L.Ed.2d 452 (1969) "[F]ailure to produce evidence, which under the circumstances would be expected, gives rise to a presumption against the party failing to produce it."). The adverse inference rule is triggered by the failure of a party to provide evidence peculiarly available to that party and supports an inference that the truth would be damaging to that party. *Gonzales v. Albuquerque Tortilla Co. (In re Furrs Supermarkets, Inc.)*, 2008 Bankr. LEXIS 946,*26 (Bankr. N.M. 2008) citing to *Deutsche Financial Services Corp. v. Osborne (In re Osborne)*, 257 B.R. 14, 19, n.7 (Bankr. C.D. Cal. 2000).

68.    Walia was the owner and President of both Objecttech and AllRad entities he solely controlled. (ASOF #94) The Trustee requested and Walia did not produce the tax records for either entity during the course of discovery. (ASOF #94, 95) The failure to produce documents which by its very nature are in his control triggers the *adverse inference rule* and an evidentiary

presumption that such documents, if produced, would confirm the Trustee's contention of the utter

lack of any value attributable to AllRad or Objecttech.

## VII.

### THE TRANSFERS VIOLATE NYDCL §273-A AS CONSTRUCTIVELY FRAUDULENT TRANSFERS AS JUDGMENT CREDITORS EXISTED BEFORE THE TRANSFERS AND THE TRANSFERS WERE TO AN OFFICER AND INSIDER

69.     NYDCL §273-a provides: "Every conveyance made without fair

consideration when the person making it is a defendant in an action for money damages or a

judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that

action without regard to the actual intent of the defendant if, after final judgment for the plaintiff,

the defendant fails to satisfy the judgment." NYDCL §273-a (McKinney 2002).  Thus, to prevail on

a claim under §273-a, a plaintiff must establish that: (1) the conveyance was made without fair

consideration; (2) at the time of transfer, the transferor was a defendant in an action for money

damages or a judgment in such action had been docketed against him; and (3) a final judgment has

been rendered against the transferor that remains unsatisfied.  *Priestley v. Panmedix Inc.*, 18 F.

Supp. 3d 486, 497 (S.D.N.Y. 2014); *Grace v. BankLeumi Trust Co. of N.Y.*, 443 F.3d 180, 188 (2d

Cir. 2006).  The Court need not address a determination of solvency if the Court finds a lawsuit was

pending, or, a judgment existed against the Debtors at the time of the Transfer and the judgment

was left unsatisfied.  Under such circumstances the transfer *per se* violates §273-a, is constructively

fraudulent and the solvency or insolvency of the Debtor is irrelevant.  *Lyman Commerce Solutions,*

*Inc. v. Lung*, 2015 U.S. Dist. LEXIS 51447, 2015 WL 1808693, at *5 (S.D.N.Y. Apr. 20, 2015)

citing to NYDCL §273-a (McKinney 2002).  As noted by the court in *Lyman,* "Sections 273 and

273-a thus provide alternate theories of fraud: §273 "applies to transfers that render a debtor

insolvent, and the existence of an action or judgment is irrelevant," while § 273-a "applies where there is an action pending or a judgment already docketed, but there is no requirement that the transfer rendered the debtor insolvent." *Cadle Co. v. Newhouse*, No. 01 CIV. 1777 (DC), 2002 U.S. Dist. LEXIS 15173, 2002 WL 1888716, at *5-6 (S.D.N.Y. Aug. 16, 2002), aff'd, 74 F. App'x 152 (2d Cir. 2003) (emphasis added). In effect, §273-a "substitutes the requirement of an unpaid judgment (or a pending action) for the requirement of insolvency." *Mitchell v. Lyons Prof'l Servs., Inc.*, No. 09 CIV. 1587 BMC, 2013 U.S. Dist. LEXIS 124937, 2013 WL 4710431, at *3 (E.D.N.Y. Sept. 1, 2013) vacated and remanded on other grounds, *Mitchell v. Garrison Protective Servs., Inc.*, 579 F. App'x 18 (2d Cir. 2014); see also *Dixie Yarns, Inc. v. Forman*, 906 F. Supp. 929, 938 (S.D.N.Y. 1995) ("a claimant under §273-a need not demonstrate the insolvency of the judgment debtor.[5]  It is sufficient to support the claim that the judgment has not been satisfied; and if, as here, it has not, the question of insolvency is irrelevant to the considerations at hand.")

70.     Here, there is no dispute under §273-a, that the second and third elements of liability are met.  The First Transfer as made by CHT occurred on April 15, 2016.  (JSOF #6)  The Second Transfer made from the Debtors' IOLA Account which included bank deposits from the Debtors CHT and Orion, occurred on June 23, 2017, and June 28, 2017.  Judgments and/or lawsuits were pending against CHT and Orion prior to the First and Second Transfers.  The Southern District Court of Texas issued a judgment in the amount of $194,185, against the Debtor Orion on December 16, 2015.  On February 29, 2016, Plaintiff Cockerell Dermatopathology filed a

---

[5] Under NYDCL §273, there is a long-recognized presumption of insolvency where the debtor makes a conveyance without fair consideration. See *Kramer v. Mahia (In re Khan)*, 2014 Bankr. LEXIS 4205, citing to *Geron v. Schulman (In re Manshul Constr. Corp.)*, 2000 U.S. Dist. LEXIS 12576, 2000 WL 1228866 at *53 (S.D.N.Y. Aug. 20, 2000); (trustee met his burden on summary judgment. There is no genuine issue of fact where Debtor transferred property for less than fair consideration or reasonably equivalent value, not on account of antecedent debt, and for intra-family transfer).

complaint, case no. DC-16-02365 against the Debtors Medical Billing Services and Orion in the

District Court of Dallas County Texas for monetary relief in excess of 1MM. On March 9, 2016, a

lawsuit was initiated in the Supreme Court of the State of New York, against the Debtors PPP and

CHT and judgment issued on November 30, 2017. The lawsuits were pending as of the Petition

Date and/or a judgment obtained and a proof of claim filed in the bankruptcy case. (JSOF ##71-76)

**A.    The First And Second Transfers Were Not Made For Fair Consideration As Transfers To Insiders Violate NYDCL 273-a As A Matter Of Law**

71.    NYDCL §273 defines "fair consideration" for purposes of §273-a, and

provides that:

> Fair consideration is given for property, or obligation,
>
> a.   When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or
>
> b.   When such property, or obligation, is *received in good faith* to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.

*Lyman Commerce Solutions, Inc. v. Lung*, 2015 U.S. Dist. LEXIS 51447, 21(S.D.N.Y, 2015)[6]

72.    Even if there is fair consideration, a transfer is still constructively fraudulent

in the absence of good faith on the part "of both the transferor and the transferee." *Id.* at 303

(emphasis added), quoting *Berner Trucking, Inc. v. Brown*, 281 AD2d 924, 925, 722 N.Y.S.2d 656

(1st Dept. 2001); see *Sardis v. Frankel*, 113 A.D.3d 135, 142, 978 N.Y.S.2d 135 (1st Dept. 2014)

("'Fair consideration' ... is not only a matter of whether the amount  given for the transferred

property was a 'fair equivalent' or 'not disproportionately small,' but whether the transaction is made

'in good faith,' an obligation that is imposed on both the transferor and the transferee.").

---

[6] Section 548(c) requires both value and good faith and in the absence of either, the defense fails. *Berman v. Pavano (In re Michael S. Goldberg, LLC)*, 2020 Bankr. LEXIS 2314, 22 (Bankr. Conn. 2020).

Importantly, "**[a]n insider** payment is not in good faith, regardless of whether or not it was paid on account of an antecedent debt." [Emphasis added] *Am. Media, Inc. v. Bainbridge & Knight Labs., LLC*, 135 A.D.3d 477, 478, 22 N.Y.S.3d 437 (1st Dept. 2016), citing *EAC of N.Y., Inc. v. Capri 400, Inc.*, 49 A.D.3d 1006, 1007, 853 N.Y.S.2d 419 (3d Dept. 2008)  Here, it is an undisputed fact that Walia was an insider at the time of both Transfers.  The term insider includes "a person in control of the debtor" or an "officer of the debtor".  11 U.S.C. §101(31)(B) (ii) and (iii).  An "insider" is one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at [arm's] length with the debtor." *Anstine v. Carl Zeiss Meditec AG (In re U.S. Medical, Inc.)*, 531 F.3d 1272, 1277 (10th Cir. 2008) "In ascertaining insider status, courts have looked to the closeness of the relationship between the parties and to whether any transactions between them were conducted at arm's length."  *In re Krehl,* 86 F.3d 737, 742 (7th Cir. 1996). Here the emails between Parmar and Walia, his title as an officer of CHT and Orion, and his conduct with both transactions confirm his status as an officer and an insider worthy of additional scrutiny.  Defendants fail both tests for Fair Consideration under NYDCL §272.

73.     Under these facts Defendants cannot establish "good faith" which is required to find "fair consideration."  New York courts have recognized that where the transferee is an officer, director, or major shareholder of the transferor, good faith is lacking as a matter of law.  See *Sharp Int'l Corp. v. State St. Bank & Trust Co.*, 403 F.3d 43, 54 (2d Cir. 2005); *Farm Stores, Inc. v. Sch. Feeding Corp.,* 102 A.D.2d 249, 477 N.Y.S.2d 374 (2d Dep't 1984). When preferences are given to a debtor corporation's shareholders, officers, or directors, such transfers are *per se* violations of the good faith requirement. *Id.* (citing *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 634

(2d Cir. 1995)).  The Transfers are a *per se* violation of the good faith requirement enumerated under the NYDCL.  Here, Defendant Walia served as the CEO of the Debtors' main operating company, Orion, and the CTO of CHT from June 2015 until his departure in the Fall of 2018. (JSOF #4) Summary judgment is proper as the Transfers between the Debtor and its officers lack good faith as a matter of law.

### VIII.

### JUDGMENT IS PROPER AGAINST DEFENDANTS
### WALIA AND NIKNIM AND BOTH OF THEM

74.    A corporation, being an entity created by law, is incapable of formulating or acting with intent. Thus, for the purpose of recovering impermissibly transferred corporate assets and thereby facilitating creditor recovery, the intent of the officers and directors may be imputed to the corporation." [1] See *Leonard v. Coolidge, (In re Nat'l Audit Def. Network)* 367 B.R. 220, 221 (Bankr. S.D.N.V, 2022) citing to *Schnelling v. Crawford (In re James River Coal Co.)*, 360 B.R. 139, 2007 Bankr. LEXIS 159, 2007 Westlaw 438244, at 13 (Bankr. E.D. Va., Feb. 8, 2007). See also *Consove v. Cohen (In re Roco Corp.)*, 701 F.2d 978, 984 (1st Cir. 1983) (imputing to corporation fraudulent intent of corporate officer and sole shareholder); *Friehling v. Nielson (In re F & C Servs., Inc.)*, 44 B.R. 863, 872 (Bankr. S.D. Fla. 1984) (noting that "where the transferee is in a position to dominate or control the Debtor's disposition of his property, the transferee's intent to hinder, delay or defraud creditors may be imputed to the Debtor.'). In *Leonard v. Coolidge, infra*, the court was persuaded that the party executing the transaction, signing the check, authorizing the wire transfer, acted on behalf of the corporate entity.  *Id*, at 221.  Here, it is undisputed fact that NIKNIM operates through its sole employee, officer and shareholder, Walia.  (JSOF #8)  As the

undisputed facts memorialize, Walia executed, the APA and the MIPA and controlled the bank

account of NIKNIM.  Walia personally directed that the Transfers identified in the Complaint be

deposited into the NIKNIM bank account at JP Morgan Chase. (JSOF ##15-16).  The acts of

Defendant NIKNIM are a direct reflection of the intent of its sole shareholder.

A.     **Defendants Walia And NIKNIM Are The Alter Ego Of One Another And Equity Demands They Be Held Jointly And Severally Responsible For Any Judgment**

75.     Alter ego liability exists under New York law "when a parent or owner uses

the corporate form to achieve fraud, or when the corporation has been so dominated by an

individual or another corporation . . . that its separate identity so disregarded that it primarily

transacted the dominator's business rather than its own." *City of Almaty v. Ablyazov*, 2019 U.S. Dist.

LEXIS 55183, *14 (Bankr. S.D.N.Y. 2019); *Kiobel v. Royal Dutch Petroleum*, 621 F.3d 111, 195

(2d Cir. 2010) (internal quotation marks and citation omitted).  "Factors to be considered in

determining whether the owner has 'abused the privilege of doing business in the corporate form'

include whether there was a 'failure to adhere to corporate formalities, inadequate capitalization,

commingling of assets, and use of corporate funds for personal use'." (*East Hampton Union Free*

*School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 127, 884 NYS2d 94 (2009),

quoting *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016-1017, 845 NYS2d 110

(2007)).[7]  The undisputed facts evidence the factors outlined above warrant that any finding of

liability for receipt of the Transfers by NIKNIM is similarly extended against Walia since he

personally executed the operative documents, made the representations and engineered the

---

[7] Because a decision to pierce the corporate veil in any given instance will necessarily depend on the attendant facts and equities, there are no definitive rules governing the varying circumstances when this power may be exercised. *Baby Phat Holding Co., LLC v. Kellwood Co*., 123 AD3d 405, 407, 997 N.Y.S.2d 67, citing to (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141, 623 NE2d 1157, 603 NYS2d 807 [1993]).

Transfers with Parmar.

### NIKNIM's Lack of Business Purpose

76.     NIKNIM was incorporated in 2015 and at all times had a single employee,

officer, and shareholder who was Walia.  NIKNIM was formed to manage Walia's consulting work,

his personal investments, and that of his family trust. (JSOF #9)  NIKNIM was paid by the Debtor

as a personal accommodation to Walia for tax purposes. (JSOF #12)

### Commingling of Funds

77.     Walia was receiving monies from Orion in 2017 which he would deposit at

his convenience into either his personal checking account or that of NIKNIM. (JSOF #15)  In

2016-2017, Walia would deposit monies from his other investments, family trust, and his wife's

accounts into the NIKNIM bank account as well. (JSOF #16)

### NIKNIM's Deposits To Pay Walia's Personal Expenses:

78.     Use of a corporation's bank account for personal use is evidence of a lack of

separation between the individual and the corporation.  See *First Horizon Bank v. Moriarty-Gentile*,

2015 U.S. Dist. LEXIS 165695, *20 (Bankr. E.D.N.Y, 2015) (The evidence shows that defendant

treated the HPLP bank account as her own, diverted funds to pay her personal bills, commingled

and failed to segregate funds, used HPLP as a conduit for defendant's acting business, and failed to

maintain arm's-length transactions with HPLP by making continuous and frequent transfers

between the HPLP bank account and her personal account.)  Here, it is not disputed that Walia used

the NIKNIM account to pay his personal expenses such as pool maintenance, purchase of suits,

salon treatments, voice lessons, homeowner's dues, automobile payments for he and his wife as

well as large withdrawals of cash. (ASOF #97)  The bank account of NIKNIM was utilized by

Walia for his personal use.

### The Failure To Maintain Adequate Corporate Minutes Or Records

79.    NIKNIM followed no corporate formalities and maintained no resolutions of

shareholders or minutes. (JSOF #13)

### Domination Or Control Of The Corporation By The Stockholder

80.    Domination, especially with respect to the transaction attacked, and such

domination used to commit the fraud or wrong against a plaintiff is the essence of the inquiry.

*Gardiners Bay Landscape v. Postiglione (In re Postiglione)* 2019 Bankr. LEXIS 1887, *10 (Bankr.

E.D.N.Y 2019) citing to *Baby Phat Holding Co. LLC*, 123 A.D. 3d 405 (N.Y App. Div 2014)   A

key factor in any decision to disregard the separate corporate entity is the element of control or

influence exercised by the individual sought to be held liable over corporate affairs." *Angelo*

*Tomasso, Inc. v. Armor Construction & Paving, Inc.,* 187 Conn. 544, 556-57, 447 A.2d 406 (1982)

Both transactions and related Transfers were dominated by Walia who orchestrated and directed the

flow of funds.  Walia even filed a proof of claim listing himself as the creditor for alleged monies

owed under the Porteck sale. (See ASOF, #96)

### Capitalization

81.    NIKNIM was capitalized with a small sum of one or two thousand dollars.

(JSOF #14)  The sum in dispute is in excess of 4MM, evidencing the amount of capitalization of

NIKNIM was entirely inadequate.  (JSOF #17)

### Use Of A Single Address

82.     Defendant NIKNIM is a corporation formed under the laws of the State of New York with its principle place of business at Walia's residence. (JSOF #5)

### Inequitable Result

83.     A plaintiff may be considered "injured" by the defendant's actions when "a company is rendered unable to pay the claims pending against it by third parties because of another company or individual's domination of the business." See *Balmer v. 1716 Realty LLC*, No. 05 CV 839 (NG)(MDG), 2008 U.S. Dist. LEXIS 38113, 2008 WL 2047888, at *6 (E.D.N.Y. May 9, 2008) (citing *Austin Powder Co. v. McCullough*, 216 A.D.2d 825, 827, 628 N.Y.S.2d 855 (N.Y. App. Div. 1995)). Actual or common law fraud need not be proven. See *DER Travel Servs. v. Dream Tours & Adventures*, No. 99 Civ. 2231 (HBP), 2005 U.S. Dist. LEXIS 25861, 2005 WL 2848939, at *9 (S.D.N.Y. Oct. 28, 2005).  In the present case, the undisputed facts are that Walia was the sole actor and directed the funds be deposited into the account of Defendant NIKNIM.  NIKNIM as the initial transferee is strictly liable for the return of the fraudulent conveyances.  Walia as the controlling individual behind NIKNIM and given his personal involvement in the Transfers, is equally liable for the acts and conduct at issue before the Court.  Under New York law, joint and several liability is a question of law that is not related to the factual apportionment of fault among defendants. See *Rovo by Ravo v. Rogatnick*, 70 N.Y.2d 305, 313, 514 N.E.2d 1104, 520 N.Y.S.2d 533, 538 (1987). See *Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 577 Fed. Appx. 58, 60 (2nd Cir. 2014) ("principles of joint and several liability require that a party with even minimal culpability be held responsible to an innocent tort victim." *Greenidge v. HRH Constr. Corp.*, 279 A.D.2d 400, 402, 720 N.Y.S.2d 46, 48-49 (1st Dep't 2001); see also *Westchester Cnty. v. Welton Becket Assocs.*, 102 A.D.2d 34, 48, 478 N.Y.S.2d 305, 315 (2d Dep't 1984) ("An injured party is free to seek a 100%

recovery against any individual wrongdoer among joint wrongdoers.").  Walia has been subject to various lawsuits and had judgments outstanding against him personally at the time of the Petition. (See Req. For Judicial Notice, Ex. 3).  Under the circumstances, it would be inequitable for the Trustee and creditors to be forced to expend further legal fees to pursue only one Defendant. Judgment is proper against both Defendants.

## IX.

## CONCLUSION

**WHEREFORE**, the Trustee requests that this Court enter an order substantially in the form as attached to the Affidavit of Jeffrey Nolan, as **Exhibit 7**:

(1)    Avoiding the Transfers as an intentionally fraudulent transfer pursuant to the Bankruptcy Code 11 U.S.C. §548 and NYDCL §276;

(2)    Avoiding the Transfers as a constructively fraudulent transfer pursuant to the Bankruptcy Code 11 U.S.C. §548 and NYDCL §273;

(3)    Awarding judgment in favor of the Trustee as against Defendants joint and severally; and

(4)    Awarding costs and/or fees by motion and according to proof.

Dated:  January 18, 2023                Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

 _/s/ Jeffrey P. Nolan_____
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. *(admitted pro hac vice)*
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:(212) 561-7700
Facsimile: (212) 561-7777

Counsel For Plaintiff, the Liquidating Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------

| | |
|---|---|
| In re: | : Chapter 11 |
| ORION HEALTHCORP, INC[1]. | : Case No. 18-71748 (AST) |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------

| | |
|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : Adv. Pro. No. 20-08049 (AST) |
| Plaintiff, | : |
| v. | : |
| ARVIND WALIA, NIKNIM MANAGEMENT, INC | : |
| Defendants. | : |

---------------------------------------------------

**JOINT STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; PLAINTIFF'S
ADDITIONAL STATEMENT OF FACTS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

Comes now, the Parties, and submit the agreed on Joint Separate Statement of

Uncontroverted Facts with respect to Plaintiff's Motion for Summary Judgment;

## I.   JOINT STATEMENT OF UNCONTROVERTED FACTS

| | Statement of Fact | Evidentiary Support |
|---|---|---|
| 1. | The Debtors were an enterprise of several companies aggregated through a series of acquisitions which operated in the healthcare sector primarily in revenue and practice management for physician practices. | Stipulated Fact |
| 2. | Defendant Arvind Walia ("Walia") is an individual residing at 27 Kettlepond Road, Jericho, New York | Stipulated Fact |
| 3. | Walia filed a proof of claim, Claim No. 10067, in the amount of $61,590, in case no. 18-71753, asserting monies owed under the Asset Purchase Agreement and Employment Agreement, each dated March 2015, executed between Debtor and Porteck Corporation. | Stipulated Fact |
| 4. | Defendant Walia served as the Chief Executive Officer of the Debtors' main operating company, Orion Healthcorp., Inc. and the Chief Technology Officer of Constellation Healthcare Technologies, Inc. from June 2015 until his departure in the Fall of 2018. | Stipulated Fact |
| 5. | Defendant NIKNIM Management, Inc. ("NIKNIM") is a corporation formed under the laws of the State of New York with its principle place of business at Walia's residence at 27 Kettlepond Road, Jericho, New York. | Stipulated Fact |
| 6. | On April 15, 2016, $2,500,000 was transferred via wire from the M&T bank account of the Debtor Constellation Healthcare Technologies, Inc. ("CHT") to the JP Morgan Chase bank account of NIKNIM (the "First Transfer"). | Stipulated Fact |

| Statement of Fact | | Evidentiary Support |
|---|---|---|
| 7. | On June 23, 2017, and June 28, 2017, one or more of the Debtors transferred via wire a total of $1,520,000 from the Debtors' Robinson Brog IOLA account to the JP Morgan Chase bank account of NIKNIM (collectively the "Second Transfer") | Stipulated Fact |
| 8. | NIKNIM was incorporated in 2015, and at all times Walia owned and managed NIKNIM as the sole employee, officer, and shareholder. | Stipulated Fact |
| 9. | NIKNIM is an S corp. formed by Walia to manage his consulting work, personal investments, and that of his family trust. | Stipulated Fact |
| 10. | Walia established a family trust, the *Janaminder Virk Irrecovable Trust* in 2012 (the "Janaminder Trust"), where he acts as the Trustee and his daughters the beneficiaries. | Stipulated Fact |
| 11. | Walia established the *Arvin Walia Irrevocable Trust* (the "Walia Trust") as part of his estate planning where his wife acts as the Trustee. | Stipulated Fact |
| 12. | NIKNIM was paid part of Walia's annual salary from the Debtor as a personal accommodation to Walia for tax purposes. | Stipulated Fact |
| 13. | NIKNIM followed no corporate formalities and maintained no resolutions of shareholders or minutes. | Stipulated Fact |
| 14. | NIKNIM was capitalized with a small amount of one or two thousand dollars. | Stipulated Fact |
| 15. | Walia was receiving monies from Orion in 2017 which he would deposit at his convenience into either the NIKNIM or his personal checking account. | Stipulated Fact |

3

| | Statement of Fact | Evidentiary Support |
|---|---|---|
| 16. | In 2016-2017, Walia would deposit monies from his other investments, family trust, and his wife's accounts into the NIKNIM bank account. | Stipulated Fact |
| 17. | Walia personally directed that the Transfers identified in the Complaint be deposited into the NIKNIM bank account at JP Morgan Chase. | Stipulated Fact |
| 18. | FTI Consulting, Inc. ("FTI") was appointed in September 2017 to conduct a forensic examination of the Debtors' business following questions raised as to CHT's financial condition. | Stipulated Fact |
| 19. | Timothy J. Dragelin served as the Debtors' CEO and CRO shortly after the resignation of executives Parmar, and termination of Sam Zaharis, and Ravi Chivukula on September 29, 2017, and through the filing of the Petition, restructuring and sale of the Debtors' assets. | Stipulated Fact |
| 20. | On February 10, 2016, CHT acquired MDRX Medical Billing, LLC ("MDRX") for 28MM. | Stipulated Fact |
| 21. | MDRX had no customers, assets, employees, conducted no business and was a sham transaction with fake revenue. | Stipulated Fact |
| 22. | Pursuant to the Credit Agreement, Bank of America ("BOFA") advanced to the Debtors $130,000,000 in debt to fund the Go-Private Transaction. | Stipulated Fact |
| 23. | The Credit Agreement with BOFA was executed by the Debtors and secured by all of the Debtors' assets. | Stipulated Fact |
| 24. | BOFA is the largest creditor in the bankruptcy case with an outstanding secured claim in the amount of $158,200,710.89. | Stipulated Fact |

4

168

| Statement of Fact | Evidentiary Support |
|---|---|
| 25. Walia was introduced to Paul Parmar at his residence in Colts Neck, NJ in approximately 2009 or 2011. | Stipulated Fact |
| 26. Parmar was looking to acquire a medical billing company. | Stipulated Fact |
| 27. Porteck Corporation ("Porteck") was a technology services company in the healthcare industry incorporated, owned and controlled by Walia who acted as its CEO. | Stipulated Fact |
| 28. In October or November 2014, Parmar and Walia met again as Parmar was interested in purchasing Porteck. | Stipulated Fact |
| 29. Walia retained a broker, Abstract Business Advisors ("Abstract"), to sell Porteck. | Stipulated Fact |
| 30. On February 20, 2015, Abstract documented the sale of Porteck Corporation as a purchase price of 7.8MM, with 5.5MM to be paid in cash to Defendants at closing, and 2.3MM earn-out paid in 12 months. | Stipulated Fact |
| 31. Walia believes Parmar misstated the purchase price or the commission earned to Abstract because Parmar told him "he could get a better deal for us". | Stipulated Fact |
| 32. According to Walia, the purchase price of Porteck to the Debtor was 10.8 MM. | Stipulated Fact |
| 33. The Asset Purchase Agreement ("APA") dated March 2015, is signed by Walia on behalf of the Sellers, Porteck, and the Janaminder Trust, to the Buyer, Physicians Practice Plus, LLC, ("PPP") as executed by Paul Parmar. | Stipulated Fact |
| 34. The Walia Trust did not execute the APA. | Stipulated Fact |

| | Statement of Fact | Evidentiary Support |
|---|---|---|
| 35. | The APA, reflects a purchase price of 12.8MM for the sale of Porteck. | Stipulated Fact |
| 36. | Parmar told Walia he needed to add an additional 2MM to the APA as "deal fees". | Stipulated Fact |
| 37. | Representing the purchase price as 12.8MM rather than 10.8MM did not concern Defendant as long as Defendant's share of the purchase price did not change. | Stipulated Fact |
| 38. | Abstract was paid by the Debtor a commission of $192,500. | Stipulated Fact |
| 39. | On March 3, 2015, pursuant to the Disbursement Authorization and Itemization form, the closing cash or total consideration of 7MM was disbursed to the Sellers on account of the sale of Porteck. | Stipulated Fact |
| 40. | Porteck consisted of two components at the time of Acquisition by the Debtor: AHMS and PC Advantage ("PCA") which were both medical billing companies Porteck acquired prior to 2015. | Stipulated Fact |
| 41. | The net asset value of AHMS in 2015 was roughly **1.35MM** as calculated by total assets of $2,350,000 less a 1MM liability, a promissory note paid off by the Debtor at acquisition. | Stipulated Fact |
| 42. | Porteck records reflect the entity PCA had customer lists and contracts of $865,000. | Stipulated Fact |
| 43. | Porteck records reflect the value of acquired total assets from stated PCA in 2014 equal to $2,546,246.55 | Stipulated Fact |

6

| | Statement of Fact | Evidentiary Support |
|---|---|---|
| 44. | Porteck funded the Acquisition of PCA in Nov. 2014 with 1.9 MM in loans which loans the Debtors paid off or took over payment of at time of acquisition in 2015. | Stipulated Fact |
| 45. | The net asset value of PCA recorded at time of purchase by the Debtor was **$474,000** | Stipulated Fact |
| 46. | According to Section 1.6(b) of the APA, all sums owed to the Selling Parties were to be disbursed at closing on March 2015. | Stipulated Fact |
| 47. | Walia asserts the 2.5MM First Transfer was paid to him pursuant to section 1.6(e) of the APA | Stipulated Fact |
| 48. | No escrow was established by the parties to the APA in 2015 and there was no discussion between Walia and Parmar of selecting an escrow or depositing monies. | Stipulated Fact |
| 49. | The Buyer and the Seller to the APA did not execute an escrow agreement. | Stipulated Fact |
| 50. | In 2017, Walia agreed to sell Parmar a software company, which he owned, AllRad Direct, LLC ("AllRad"), through Objecttech Holdings LLC, a shell company that controlled AllRad. | Stipulated Fact |
| 51. | The sale was memorialized by a Membership Interests Purchase Agreement ("MIPA") dated June 2017 to Physicians Healthcare Network Management Solutions, LLC, ("PHNMS") | Stipulated Fact |
| 52. | On May 17, 2017, Ted Brindamour ("Brindamour ") forwarded to Parmar and Walia a draft Due Diligence Findings Report dated May 18, 2017, which was incomplete. | Stipulated Fact |
| 53. | Brindamour worked for Sage Consulting who the Debtors used for due diligence reports for their acquisitions which was a company owned by | Stipulated Fact |

| | Statement of Fact | Evidentiary Support |
|---|---|---|
| | Parmar's brother-in-law, Salil Sharma. | |
| 54. | Brindamour wanted Walia to insert the factual information with respect to AllRad its operations and assets. | Stipulated Fact |
| 55. | On May 31, 2017, Walia emailed Parmar to push forward the acquisition of Objecttech. | Stipulated Fact |
| 56. | Parmar responded and asked Walia who was the company to be acquired and what product did it make. | Stipulated Fact |
| 57. | On May 31, 2017, Walia forwarded to Parmar the draft Due diligence report and asked for a contract. | Stipulated Fact |
| 58. | On May 31, 2017, Parmar requested that "accurate figures" be inputted into the Due diligence report. | Stipulated Fact |
| 59. | The financial figures in the draft report could only come from Walia and was based off his recollection of what the business did. | Stipulated Fact |
| 60. | The Due Diligence Report was not finalized. | Stipulated Fact |
| 61. | Multiple sections of the executed MIPA such as sections 1.3 Earn-Out Payments, Section 1.4, Discharge of Debt and Liabilities, Maintenance of Working Capital, were never completed. | Stipulated Fact |
| 62. | The various schedules referenced throughout the MIPA for the acquisition of AllRad were never completed or attached to the MIPA. | Stipulated Fact |
| 63. | On June 8, 2017, Walia advised Parmar he may need to convert the agreement to an asset purchase agreement as he was meeting his accountants today. | Stipulated Fact |

| | Statement of Fact | Evidentiary Support |
|---|---|---|
| 64. | On June 15, 2017, Walia advised Parmar the price was 1.52MM. | Stipulated Fact |
| 65. | Walia as the seller was trying to maximize the price the Debtor would have to pay for AllRad. | Stipulated Fact |
| 66. | Defendants did not produce either Federal or State tax returns for Objecttech Holdings, LLC or AllRad. | Stipulated Fact |
| 67. | PHNMS is a non-debtor entity. | Stipulated Fact |
| 68. | No revenue projections, working capital, balance sheets or statement of assets and liabilities referenced in the MIPA were attached. | Stipulated Fact |
| 69. | The Orion board of director's resolution approving the sale as required by the MIPA was never delivered. | Stipulated Fact |
| 70. | Neither Parmar nor Defendant, as CEO of the Debtor, considered any other competing software or put the contract out for a competitive bid. | Stipulated Fact |
| 71. | On February 29, 2016, Plaintiff Cockerell Dermatopathology filed a complaint, case no. DC-16-02365 against the Debtors Medical Billing Services and Orion Healthcorp., Inc. in the District Court of Dallas County Texas for monetary relief in excess of $1,000,000. | Stipulated Fact |
| 72. | On March 23, 2018, a Suggestion of Bankruptcy of the Debtors Physician Practice Plus, LLC d/b/a Orion Billing Services and Orion Healthcorp., Inc. was filed in the District Court of Dallas County Texas advising of the triggering of the automatic stay of the proceedings. | Stipulated Fact |
| 73. | On December 16, 2015, the Southern District Court of Texas issued a Judgment in the amount | Stipulated Fact |

| Statement of Fact | Evidentiary Support |
|---|---|
| of $194,185, against the Debtor Orion Healthcorp, Inc. in favor of former employees Jack McBride and Alan Nottingham for unpaid deferred compensation. The Judgment was filed as a proof of claim in Case No. 8-18-71748, and assigned claim no. 10001. The filed claim remains unsatisfied. | |
| 74. On March 9, 2016, a lawsuit was initiated in the Supreme Court of the State of New York by Criterions, LLC, against the Debtors Physician Practice Plus, LLC and Constellation Healthcare Technologies, Inc. | Stipulated Fact |
| 75. Judgment was entered on November 30, 2017, against the Debtors Physician Practice Plus, LLC and Constellation Healthcare Technologies, Inc. in the amount of $77,767.26. | Stipulated Fact |
| 76. On March 23, 2018, a Suggestion of Bankruptcy was filed by the Debtors Physician Practice Plus, LLC and Constellation Healthcare Technologies, Inc., in the Supreme Court of the State of New York. | Stipulated Fact |

Comes now, Plaintiff, and submits his Separate Statement of Additional

Uncontroverted Facts ("ASOF") with respect to Plaintiff's Motion for Summary Judgment:

## II.    PLAINTIFF'S ADDITIONAL SEPARATE STATEMENT OF FACT

| | | |
|---|---|---|
| 77. | Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog"), forwarded ledgers of the Interest on Lawyers Account activity in the escrow account maintained by Robinson Brog at Wells Fargo Bank, N.A. ("IOLA Account") to executives of the Debtors. | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶5. |
| 78. | For the fiscal year ended December 31, 2014, 23.1 million dollars borrowed by Orion through a facility with RCC Commercial, Inc. was deposited into and appears in the IOLA Account | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶6. |

| | statement activity, dated 4/1/2014 | |
|---|---|---|
| 79. | On February 19, 2016, $5,058,408.81, was transferred out of the Debtor Constellation Healthcare Technologies, Inc, bank account to the IOLA account at the firm of Robinson Brog. | See, Affidavit of Edith Wong ("Affidavit of E. Wong"), ¶5, referencing, February 2016 M&T Bank Statement, attached as Exhibit A to the Affidavit. |
| 80. | On August 10, 2016, $12,740,000 was transferred out of the Debtor Constellation Healthcare Technologies, Inc, bank account to the IOLA account at the firm of Robinson Brog. | See, Affidavit of E. Wong, ¶5, referencing, August 2016 M&T Bank Statement, attached as Exhibit B to the Affidavit. |
| 81. | On March 10, 2017, $5,590,000 was transferred out of the Debtor Orion HealthCorp. Inc., bank account to the IOLA account at the firm of Robinson Brog. | See, Affidavit of E. Wong, ¶6, referencing March 2017, JP Morgan Chase Bank Statement, attached as Exhibit C to the Affidavit. |
| 82. | On February 3, 2017, approximately $46,000,000 that resulted from the CHT Go-Private transaction was transferred into the Debtors' IOLA account at the firm of Robinson Brog. | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶7 |
| 83. | Based off a review of the IOLA Account, no Debtor other than CHT and Orion deposited monies into the IOLA Account. | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶7 |
| 84. | On December 1, 2014, Parmar characterized Porteck as "a joke" as it acquired PCA only one month prior and a portion of the PCA billing revenue was Telecom revenue from India. | See email, Ehren-Walia 005138-5140, attached to Decl. of J. Nolan, as Exhibit D) |
| 85. | On March 2, 2015, the day prior to the March 3, 2015 disbursement for the sale of Porteck Corporation to Physician Practice Plus, LLC. the IOLA Account records memorialize Constellation Healthcare Technologies "wire in" for $9,800,000. | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶8, referencing Exhibits 1 and 3. |
| 86. | $3,000,000 of the $9,800,000 went to First United Health and 6.8MM was disbursed to Walia in accordance with the Disbursement Authorization and Itemization Form. | See Affidavit of Frank Lazzara, ¶8, referencing Ex. 4. |

| 87. | First United Health, LLC or FUH is an investment entity conrolled by Paul Parmar. | See Request For Judicial Notice, Ex. 1, CHT Application for Admission to AIM, page 10. |
|---|---|---|
| 88. | At year-end, December 31, 2015, the Debtors' books and records do not evidence a 2.5 MM antecedent debt owed to any of the Sellers of Porteck. | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶9. |
| 89. | In 2016, the Debtors' books and records do not evidence a 2.5 MM antecedent debt owed to any of the Sellers of Porteck or the satisfaction of an antecedent debt as a result of the Debtors' payment of $2,500,000 to Defendants on April 15, 2016. | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶9. |
| 90. | On April 15, 2016, Parmar relayed to Walia, "I am willing to give you 3.5 MM in return for you to allow me to structure it properly internally which requires I close the file with a 2M payment." | See April 15, 2016, 12:37 pm email, attached to Declaration of J. Nolan, as Ex. 4. |
| 91. | As part of the forensic analysis of the Debtors' books and records between January 1, 2017 and December 31, 2017, no entry was made recording a 1.52 MM debt owed to any of the Sellers of Objecttech including Walia, NIKNIM. | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶10. |
| 92. | In 2017, the Debtor's books and records do not evidence the satisfaction of any antecedent debt or increase in net assets through the acquisition of an asset such as Objecttech Holdings LLC, Allrad or PHNMS for $1,520,000 | See Affidavit of Frank Lazzara ("Affid. of F. Lazzara"), ¶10. |
| 93. | On May 31, 2017, Parmar reached out to the law firm of Robinson Brog and directed they create a shell company, PHNMS, quickly so I can get it going. | See, Affidavit of E. Wong, ¶5, referencing, See May 31, 2017, email, Ehren –Walia 004032, attached hereto as Exhibit "L". |
| 94. | Plaintiff requested the tax returns of both Objecttech and AllRad | See Affidavit of J. Nolan, Exhibit 2, Plaintiff's First Set of Request To Produce Documents, Nos. 31 & 35. |

| 95. | Walia was the owner and President of both entities and has not produced tax returns for Objecttech or AllRad. | Depo of Walia, pg. 352-354, lines 7-20, attached Affidavit of J. Nolan as Ex. 1; See Defendants' First Set of Responses to Req. To Produce Documents, Affidavit of J. Nolan, Ex. 3; Depo of Walia, pg 352-353, Ex 1 to Affidavit of J. Nolan. |
|---|---|---|
| 96. | Walia filed a proof of claim, Claim No. 10141, in the amount of $1,150,947, in case no. 18-71, asserting monies the Debtor owed him personally under the Asset Purchase Agreement dated March 2015. | See Request For Judicial Notice; Exhibit 2, proof of claim. |
| 97. | In 2016 and 2017, Walia utilized the NIKNIM bank account to pay his personal expenses. | See Decl. of J. Nolan, ¶7, JP Morgan Chase cancelled bank checks. |

Dated:  January 18, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By: _____

Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:     (212) 561-7700
Facsimile:      (212) 561-7777

Counsel for the Plaintiff,
Howard M. Ehrenberg in his capacity as
Liquidating Trustee of Orion Healthcorp, Inc., *et al.*

Dated:  January 18, 2023

ROSEN & ASSOCIATES, P.C.

By: _____

Attorneys at Law
747 Third Avenue
New York, NY 10017
Tel: (212) 223-1100
srosen@rosenpc.com

The Law Office of Eugene R. Scheiman, PLLC
570 Lexington Ave
Suite 1600
New York, NY 10022
Phone: 646-280-9000
eugene.scheiman@scheimanlaw.com

Counsel for the Defendants, Arvind Walia and
NIKNIM Management

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ORION HEALTHCORP, INC[1]. | : Case No. 18-71748 (AST) |
| | : |
| Debtors. | : (Jointly Administered) |
| ------------------------------------ | : |
| HOWARD M. EHRENBERG IN HIS CAPACITY | : |
| AS LIQUIDATING TRUSTEE OF ORION | : Adv. Pro. No. 20-08049 (AST) |
| HEALTHCORP, INC., ET AL., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ARVIND WALIA; NIKNIM MANAGEMENT, | : |
| INC., | : |
| | : |
| Defendants. | : |
| | : |
| ------------------------------------ | : |

## AFFIDAVIT OF JEFFREY P. NOLAN
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE
## ALTERNATIVE, SUMMARY ADJUDICATION AGAINST DEFENDANTS
## ARVIND WALIA; NIKNIM MANAGEMENT, INC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

STATE OF CALIFORNIA      )
                            )    ss.:
COUNTY OF LOS ANGELES   )

JEFFREY P. NOLAN, being duly sworn, deposes and says:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California. I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al., for the estates of the above-captioned debtors, counsel of record in this adversary proceeding. The facts stated herein are of my own personal knowledge, or made known to me from a review of the files and pleadings in this action which are maintained in the ordinary course of business. If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.      Attached hereto as **Exhibit 1** are true and correct copies of excerpts of the deposition of Arvind Walia taken on October 28, 2021, pages 352-354, in the above referenced adversary.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's First Request For the Production of Documents.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of Defendants' Responses, as was marked Exhibit 30 at the deposition of Arvind Walia.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of the email bate-stamped AWNK003013-3014 as labelled by Defendant and produced to this office and the undersigned in response to Plaintiff's Request For the Production of Documents.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of Membership Interests Purchase Agreement ("MIPA") Exhibit 15, from the deposition of Defendant Walia,